UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE,<br><br>        Plaintiff,<br>v.<br><br>OLAYINKA ADEBOYEKU,<br>a/k/a YINKA ADEBOYEKU,<br><br>And<br><br>ANTHONY B. WOOD,<br>a/k/a WILLIE JOYNER, JR.,<br><br>        Defendants. | Case No. 1:05-CV-01274 RCL |

### DEFENDANT OLAYINKA ADEBOYEKU'S MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT AND FOR AN ENLARGEMENT OF TIME TO INVESTIGATE AND PLEAD COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, defendant Olayinka Adeboyeku, by undersigned counsel, hereby moves this Court for an Order vacating the Clerk's entry of default and for an enlargement of time to investigate and plead compulsory and permissive counterclaims and/or third-party claims. The basis for this motion is set forth in detail in the Memorandum of Points and Authorities and the declaration of Mr. Olayinka Adeboyeku filed herewith.

DATED: November 1, 2005

                                                           _____
                                                           Daniel E. Loeb (DC Bar # 386098)
                                                           Douglas W. Baruch (DC Bar # 414354)
                                                           Wendy Fischman (DC Bar # 468458)
                                                           Fried, Frank, Harris, Shriver & Jacobson LLP
                                                           1001 Pennsylvania Ave., NW, Suite 800
                                                           Washington, DC  20004
                                                           (202) 639-7000
                                                           (202) 639-7003, Fax

                                                           Attorneys for Olayinka Adeboyeku

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, </br></br>           Plaintiff,</br>   v.</br></br>OLAYINKA ADEBOYEKU,</br>a/k/a YINKA ADEBOYEKU,</br></br>And</br></br>ANTHONY B. WOOD,</br>a/k/a WILLIE JOYNER, JR.,</br></br>           Defendants. | Case No. 1:05-CV-01274 RCL |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT OLAYINKA ADEBOYEKU'S MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT AND FOR AN ENLARGEMENT OF TIME TO INVESTIGATE AND PLEAD COUNTERCLAIMS AND THIRD-PARTY CLAIMS

This Court may exercise discretion to set aside an entry for default for "good cause shown." *See* Fed. R. Civil P. 55(c). In this case, Defendant Adeboyeku, a twenty-three-year-old full-time student, attempted to seek legal counsel promptly upon receiving service of the Complaint. Mr. Adeboyeku's recent defense of a criminal trial arising out of precisely the same false allegations by plaintiff underlying the current Complaint – in which he was acquitted of all charges – left Mr. Adeboyeku with the mistaken impression that he was required to hire a lawyer in order to respond to the legal papers served on him in this matter. Mr. Adeboyeku also did not fully comprehend the time frame within which he was obligated to respond to the Complaint. Despite diligent efforts to obtain representation, Mr. Adeboyeku, a scholarship student with limited financial means, was unable to do so in time to avoid entry of default. Mr. Adeboyeku finally retained undersigned counsel on October 27, 2005, and thereafter moved promptly to file

the accompanying verified answer and the instant motion. Given the circumstances, Mr. Adeboyeku respectfully requests that the Court vacate the entry of default and permit him to defend against Plaintiff's allegations.

In addition, in light of the lengthy factual history related to Plaintiff's claims and the prior criminal trial resulting in Mr. Adeboyeku's acquittal, his recently retained counsel requires additional time to gather and study the facts before determining whether Mr. Adeboyeku has and should assert compulsory or permissive counterclaims against the Plaintiff and/or third-party claims against others arising out of these incidents. Thus, although Mr. Adeboyeku files his verified Answer herewith, he respectfully requests that the Court permit him an additional 45 days in which to plead any compulsory or permissive counterclaims and/or third-party claims.

In accordance with Rule 7(m) of this Court's Local Rules of Procedure, undersigned counsel contacted Rick Rude, Plaintiff's attorney and father, to inform him that Mr. Adeboyeku is now represented by counsel, and to request that he stipulate to Mr. Adeboyeku's request that entry of default be vacated (and his motion for additional time be granted), as Mr. Rude had readily agreed to do for the Defendants in a related case. *See* Consent Mot. To Vacate Entry of Default, *Jonathan W. Rude v. The Dancing Crab at Washington Harbour, LP*, Case No. 1:05CV01278 (Oct. 20, 2005). Mr. Rude acknowledged that he had agreed to stipulate to an identical motion by counsel for The Dancing Crab and Dean Cibel, yet he flatly refused undersigned counsel's request to resolve this issue without requiring intervention by this Court. Mr. Rude informed undersigned counsel: "As a general rule, I extend all professional courtesies. That has been my practice for the last thirty years." When asked why he would not extend a similar courtesy to the recently retained counsel for a formerly *pro se* twenty-three-year-old student, Mr. Rude responded that "this is not someone I'm inclined to extend courtesies to" and said he did not feel he could stipulate to this Motion because of his strong feelings about "this character." Apparently, counsel's personal animus towards Mr. Adeboyeku overrides his willingness to extend the professional courtesies he otherwise has freely extended for the past 30 years.

## **Background**

Early in the morning of June 27, 2004, Plaintiff and several of his friends accosted Mr. Adeboyeku as he was leaving work at his summer job in the Georgetown area of Washington, D.C. This was the culmination of several weeks of verbal and physical intimidation against Mr. Adeboyeku by Plaintiff, who, on information and belief, is a former Georgetown University football player, and one or more of his friends, who, also on information and belief, are current or former football players. Mr. Adeboyeku repelled Plaintiff and his friends, but was later arrested based, on information and belief, upon false statements made to the police by his assailants. Because of this incident, Mr. Adeboyeku was wrongfully arrested and wrongfully charged with several felonies, including assault and assault with a deadly weapon. Following his arrest Mr. Adeboyeku, who has no criminal record, was forced to spend several days in jail before being released on his own recognizance. After a jury trial in March of 2005, Mr. Adeboyeku was acquitted of all charges wrongfully brought against him. Despite Mr. Adeboyeku's complete acquittal of charges stemming from the same accusations made in this case, Plaintiff, represented by his father, a Virginia attorney, apparently filed the instant action on June 24, 2005. Mr. Adeboyeku, however, was not served with the Complaint until September 19, 2005.[1]

Having just gone through an arduous and unnecessary criminal trial, Mr. Adeboyeku was surprised, distressed and ill-prepared to confront the prospect of yet another court proceeding arising out of these identical facts. Mr. Adeboyeku mistakenly believed that he had to hire a lawyer in order to respond to Rude's Complaint and did not fully comprehend the importance of the strict time limits within which he was required to file a response to the Complaint. *See* Declaration of Olayinka Adeboyeku attached hereto.

---

[1] Proof of service was filed with this court 10 days later on September 29, 2005. Plaintiff's assertion, in his response to this Court's September 12, 2005 Order, that Mr. Adeboyeku sought to avoid service of the Complaint and summons is both unfounded and irrelevant to the present motion. *See* Plaintiff's Status Rep. Filed in Response to Sept. 12, 2005 Order.

After being served Mr. Adeboyeku made efforts to find a lawyer, contacting a family friend who is a corporate attorney to seek advice and suggestions, as well as his former criminal counsel at the D.C. Public Defender's Office. *Id.* at ¶ 3. Not surprisingly, Mr. Adeboyeku's lack of financial resources was a significant impediment to retaining counsel. Moreover, unlike Plaintiff Jonathan Rude, Mr. Adeboyeku does not have family resources to fall back on. *Id.* at ¶ 4. Unfortunately, it was not until last week that Mr. Adeboyeku was put in touch with undersigned counsel who agreed to represent him notwithstanding his limited financial means. *Id.* at ¶ 5.

## Argument

### I. THE CLERK'S ENTRY OF DEFAULT SHOULD BE VACATED

Fed. R. Civ. Pro. 55(c) provides that a court may set aside an entry of default for "good cause shown." While it is within the court's discretion to decide whether to set aside an entry of default,[2] "exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice [the] plaintiff, and (3) the alleged defense was meritorious."[3] Each of these elements is resolved in favor of vacating the entry of default in this case.

*First*, Mr. Adeboyeku's default was not willful. He had every intention of complying with the Court's summons and wanted to reply to Plaintiff's complaint, but mistakenly believed that he had to do so through a lawyer, as in his criminal trial. Adeboyeku Decl. at ¶ 3.

---

[2] *See, e.g., Harris v. District of Columbia*, 159 F.R.D. 315, 316 (D.D.C. 1995) (In the trial court's discretion, "an entry of default may be vacated upon a showing of good cause..."); *Erick Rios Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954) ("[A]n application to vacate a judgment is addressed to the sound discretion of the trial court....").

[3] *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.D.C. 1980); *See also Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976) ("...a district court cannot rest its denial of a motion to set aside [an entry of default] on the defendant's negligent failure to timely plead to a complaint, without determining whether prejudice would accrue to the plaintiff if the motion were granted, and whether a meritorious defense has been presented in support of the set aside motion."), *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) ("The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful.").

Mr. Adeboyeku was unprepared for the prospect of another trial and promptly sought guidance and assistance in retaining counsel to help him respond to the Complaint and Summons. *Id.* Despite his efforts, however, Mr. Adeboyeku was unable to obtain counsel in time to avoid entry of default. *Id.* at ¶ 5. As soon as he secured representation, Mr. Adeboyeku moved promptly to respond both to the Complaint and to Plaintiff's motion for entry of default. Mr. Adeboyeku's default was not willful.

*Second*, Plaintiff will not be prejudiced if the Court grants this Motion. Mr. Adeboyeku's co-defendant, Anthony Wood, has filed an answer to Plaintiff's complaint. Thus, even if a default judgment was entered against Mr. Adeboyeku, Plaintiff still must litigate the merits of his allegations against Defendant Wood. Additionally, as noted above, Plaintiff has filed a closely related action against Defendant's employer, The Dancing Crab, arising out of similar alleged facts, and assigned to this Court. Both that action and this action are in the initial stages of litigation. Furthermore, as this Court is no doubt aware, it is not uncommon in civil cases for the parties to mutually agree to extend the date by which an answer is due. The 20 day response deadline is therefore typically not a firm deadline wherein the Plaintiff would be automatically prejudiced if Defendant did not respond. Thus, allowing Mr. Adeboyeku to present his defenses would not prejudice the Plaintiff at this early stage.

*Third*, Mr. Adeboyeku has alleged a meritorious defense. A defense is meritorious if it "contain[s] 'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374. Here, not only has Mr. Adeboyeku previously been acquitted of the baseless charges alleged in Plaintiff's Complaint, but Mr. Adeboyeku denies Plaintiff's allegations and asserts, among others, a claim of self-defense on the basis that Plaintiff was the initial aggressor. If proven at trial, these claims would serve as a complete defense to Plaintiff's allegations.

In addition to the foregoing reasons supporting vacation of the Clerk's entry of default, this Court should vacate the default due to apparent inadequacies of the Plaintiff's motion for entry of default and due process concerns arising from deficiencies in Plaintiff's service. First,

Plaintiff's counsel avers that he served a copy of Plaintiff's motion for entry of default on Mr. Adeboyeku via first class mail. The certificate of service filed with the Court specifically states "[a] copy of this document has been served, by first class mail, postage prepaid, upon *the defendant* at the address at which he was served on September 19, 2005...."[4] This statement appears to be inaccurate. A copy of the motion was sent to the Mr. Adeboyeku's football coach, and not to him personally.[5] Plaintiff's counsel therefore appears to have filed an inaccurate certificate of service with the Court. Moreover, Plaintiff has failed to satisfy Fed. R. Civil Proc. 5(a), which requires: "Except as otherwise provided in these rules, ... every pleading subsequent to the original complaint ... shall be served upon each of the parties." Although Rule 5 states that "[n]o service need be made on parties in default for failure to appear ...," no default had been entered against Mr. Adeboyeku at the time his motion for entry of default was filed.

Furthermore, Plaintiff's motion was not procedurally correct. Because "service was effected outside the District of Columbia, pursuant to the Long-Arm Statute, D.C., the subsection that applies to this case, must be cited along with the cite for the Long-Arm Statute" in an Affidavit in support of default.[6] Plaintiff failed to comply with this requirement by not including any such citations in his motion for entry of default.

For these reasons, and in the interest of equity, Mr. Adeboyeku asks that this Court vacate the Clerk's entry of default.

---

[4] *See* Plaintiff's Motion for Entry of Default (filed Oct. 13, 2005) (emphasis added).

[5] Plaintiff cannot properly assert that his previous attempts to serve Mr. Adeboyeku had failed. Despite knowing that a previous address for Mr. Adeboyeku in Bethesda was incorrect (*see* Plaintiff's Status Rep. Filed in Response to Sept. 12, 2005 Order), Plaintiff continued to attempt service at that address. Plaintiff evidently knew how to locate Mr. Adeboyeku, as evidenced by his eventual service of Mr. Adeboyeku at the stadium where Mr. Adeboyeku plays football for Bowie State University. Plaintiff improperly attempted to "serve" a copy of his motion for entry of default by a letter addressed not to Mr. Adeboyeku, but to his football coach.

[6] Court Form CO-538 at General Information (Mar. 1987). D.C. Code § 13-423 contains the bases for asserting personal jurisdiction over persons located outside the District of Columbia. Plaintiff has, however, failed to indicate in any of his pleadings which provision of this code he has relied upon.

## II. DEFENDANT RESPECTFULLY REQUESTS ADDITIONAL TIME TO PLEAD PERMISSIVE OR COMPULSORY COUNTERCLAIMS AND/OR THIRD-PARTY CLAIMS

As set forth above, undersigned counsel were retained less than a week ago. As a result, counsel has not yet had sufficient time to investigate the lengthy factual history underlying both the allegations in Plaintiff's Complaint and the record of those facts in the earlier trial of criminal charges arising out of the same incident, which, notwithstanding the testimony of Plaintiff and others, resulted in Mr. Adeboyeku's acquittal on all charges. Counsel requires additional time to gather and study the relevant facts before determining whether Mr. Adeboyeku has and should assert counterclaims against Plaintiff, and/or third-party claims against others that arise out of the facts underlying or relating to Plaintiff's allegations or other recent events. Accordingly, Mr. Adeboyeku respectfully requests that the Court grant him an additional 45 days to investigate and plead any compulsory or permissive counterclaims and/or any third-party claims that may be warranted.

### Conclusion

For the foregoing reasons, Defendant Adeboyeku respectfully requests that the Court vacate the entry of default of October 13, 2005, enlarge Defendant's time to investigate and plead compulsory or permissive counterclaims, and/or third-party claims, and order any other appropriate relief.

DATED: November 1, 2005

Respectfully Submitted,

_____
Daniel E. Loeb (DC Bar # 386098)
Douglas W. Baruch (DC Bar # 414354)
Wendy Fischman (DC Bar # 468458)
Fried, Frank, Harris, Shriver &
Jacobson LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 639-7000
(202) 639-7003, Fax

Attorneys for Olayinka Adeboyeku 273027

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE,<br><br>        Plaintiff,<br>v.<br><br>OLAYINKA ADEBOYEKU,<br>a/k/a YINKA ADEBOYEKU,<br><br>And<br><br>ANTHONY B. WOOD,<br>a/k/a WILLIE JOYNER, JR.,<br><br>        Defendants. | Case No. 1:05-CV-01274 RCL |

## [PROPOSED] ORDER

The Court having reviewed the motion of the Defendant and the other pleadings filed in this matter, and for good cause shown, it is hereby ORDERED that

Defendant Olayinka Adeboyeku's Motion to Vacate the Entry of Default and for Enlargement of Time to Investigate and Plead Counterclaims and Third Party Claims, hereby is GRANTED.


Date: _____                    _____
                                          JUDGE ROYCE C. LAMBERTH