UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                           Civil No. 05-01274-RCL

OLAYINKA ADEBOYEKU, et al.

    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR ENLARGEMENT OF TIME TO
PLEAD COUNTERCLAIMS, CROSS-CLAIMS
OR THIRD PARTY COMPLAINT**

Comes Now, Plaintiff, by and through his counsel, and submits this Opposition to the motion of Defendant Olayinka Adeboyeku ("Adeboyeku") for an extension of time in which to plead counterclaims, cross-claims or third party complaint. Plaintiff will submit a separate response in Opposition to Defendant Adeboyeku's request to vacate a default entered by the Clerk of the Court[1].

<u>Opposition Statement of Facts</u>

Defendant's motion contains a rather 'slanted' and incomplete view of the underlying facts. Plaintiff's statement of relevant facts related to the issue of vacating the involved default will be set forth in his Opposition to that request. The facts relevant to Adeboyeku's demand to "consent" to a 45 day extension and "consent" to the

---

[1] Defendant Adeboyeku filed a consolidated motion on or about November 1, 2005 seeking relief from the entry of default and an extension of time in which to "investigate" and plead counterclaims and third party claims. The court, by electronic notice issued November 1st and 2nd appears to have 'split' defendant's motion. Accordingly, to maintain the distinction between the relief sought, plaintiff is submitting a separate response to defendant's request to vacate the default.

1

investigation and filing of counterclaims, cross-claims, and third party complaint are set forth herein.

The complaint in this proceeding was filed June 24, 2005. The facts set forth in the complaint are specific and reflect the narrow scope of this proceeding. On June 27, 2004 the named defendants are alleged to have attacked and injured plaintiff. The injuries were extreme in nature and severity. The defendants were identified and arrested by the District of Columbia Metropolitan Police Department ("MPD"). In fact, an off-duty MPD officer witnessed a substantial portion of the attack. Defendants, however, escaped before that officer was able to intervene. Defendant Wood was immediately identified and arrested within a short time after the attack. Defendant Adeboyeku, on the other hand, was not immediately identified. Adeboyeku was later identified and arrested in Maryland on July 8, 2004 as a Fugitive From Justice. Adeboyeku, after his return to the District of Columbia and arraignment, sought out a witness to the June 27, 2004 and threatened that witness with serious harm. Adeboyeku was then re-arrested for these threats. On November 2, 2004 Adeboyeku was indicted. The indictment, brought by the United States of America, included charges of aggravated assault, felony threats and obstruction of justice. Adeboyeku's motion contains the allegation that plaintiff and other witnesses engaged in 'false allegations'. (Defendant Memorandum at pages 1, 3) Such a spurious contention, which forms the "factual basis" for his defense in the present proceeding, fails to reflect that defendant's criminal charges were the result of an extensive investigation by the MPD, and based upon the findings of a Grand Jury.[2]

---

[2] The position of defendant Adeboyeku has been that "everyone is lying about him" and his conduct. That would include the police officers and witnesses in the criminal proceedings. This explanation does not however square with his flight to avoid arrest, his arrest as a fugitive in Maryland, and his subsequent threats and attempts at intimidation of witnesses.

2

The complaint alleges assault and intentional infliction of emotional distress. The complaint was filed in the U.S. District Court based upon Diversity jurisdiction. Plaintiff obtained personal service upon Adeboyeku and he then failed to appear and defend the claims. Default was entered on or about October 14, 2005.

Counsel for Adeboyeku contacted Plaintiff and requested that Plaintiff consent to a request that the default be summarily vacated AND that Plaintiff agree to a 45 day period for which defense counsel could "investigate" and then file counterclaims, cross-claims and possibly third party complaints. The request carried with it the point that unless Plaintiff agreed, defense counsel would "get what they were requesting anyway" and in the future Plaintiff could expect no cooperation from defense counsel in this proceeding.

Counsel for Adeboyeku, at page 7 of his memorandum of points and authorities, states as follows:

> "...Counsel requires additional time to gather and study the relevant facts before determining whether Mr. Adeboyeku has or should assert counter-claims against Plaintiff, and/or third-party claims against others that 'ARISE OUT OF THE FACTS UNDERLYING OR RELATING TO PLAINTIFF'S ALLEGATIONS' or other recent events".

Defense counsel appears to be unaware that any and all claims which Adeboyeku had which "arise out of" the June 27, 2004 incident are barred.

## ARGUMENT IN OPPOSITION

The United States District Court is a court of limited jurisdiction. The court, under diversity jurisdiction, applies local law. In this case, the court will be applying the law of the District of Columbia. Any claims which Adeboyeku may seek to assert are controlled by the laws of the District of Columbia—including the applicable statutes of limitations set forth in Chapter 3 of Title 12 of the DC Code. Section 12-301(4) states as follows:

3

> "12-301. Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:
> (4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment—1 year;"

The above statute of limitation applies not only to direct claims by a plaintiff, but further applies to counterclaims as well as any potential third party complaint. See; *Sears, Roebuck And Company v. Goudie*, 290 A.2d. 826, 831 (App.D.C. 1972), cert. Denied, 93 S.Ct. 523, 409 U.S. 1049, 34 L.Ed.2d. 501. The Goudie decision is the law in the District of Columbia regarding the application of statutes of limitations to counterclaims. The rule, more recently stated by the United States Court of Appeals for the District of Columbia Circuit is that the filing of a complaint by a plaintiff does not toll the running of the District of Columbia statutes of limitation in regard to any defendant counterclaims. See; *Hartford Accident & Indemnity Company v. Pro-Football, Inc.*, 127 F.3d. 1111, 1119 (D.C. Cir. 1997). In the *Pro-Football* case the defendant filed an answer and a counterclaim after the statute of limitations had run in regard to the underlying fact dispute. The trial court dismissed the counterclaim as time barred. The appellate court, noting the controlling District of Columbia precedent, affirmed the trial court's dismissal of the involved counterclaim. The same situation exists in the present case. Adeboyeku seeks the court to provide an extension of time to file a counterclaim, etc. The court has no power to rewrite the statute of limitation in regard to the June 27, 2004 incident. Any claim which Adeboyeku might have had is now barred and extinguished as a matter of law on June 28, 2005.

Counsel for Adeboyeku sought from Plaintiff consent not only for an extension of time, but for what amounted to a waiver of the one year statute of limitations contained in

4

section 12-301(4). Counsel for Adeboyeku is either unaware of this basic legal point, or believed that they could bully Plaintiff into some kind of agreement.

The cases under Diversity jurisdiction further note permissive counterclaims (this would naturally include third party complaints) require an independent showing of court jurisdiction. See; <u>Owner-Operator Independent Drivers Association, Inc. v. Artic Express, Inc.</u>, 238 F.Supp.2d. 963, 968-69 (S.D. Ohio 2003). Federal Rule 13(a), Fed.R.Civ.Proc. 13(a), involves "opposing parties" (FRCP 13(a)&13(b)). There are presently only three parties to this case—(1) Rude, (2) Wood and (3) Adeboyeku. So far as Adeboyeku is concerned, plaintiff is the only "opposing party" in this case.[3] Federal Rule 14(a) speaks to other persons not party to the proceeding. There is no need for an extension of time to "investigate" such third party causes of action. Such actions, if they have any connection to the averments of the complaint in this case, are likewise barred.

## CONCLUSION

The request for extension of time to investigate and develop claims that would be barred by District of Columbia statutory law raises the question of Defendant's true intentions. What was obvious to Plaintiff was that counsel for Adeboyeku were not properly disclosing the actual reason for which they were seeking the involved extension of time. First, because claims against Plaintiff, or any other person for that matter, arising out of the June 27, 2004 incident were already barred. Secondly, Adeboyeku and Wood were both arrested and are joint tortfeasors. A cross-claim between them would be

---

[3] It is also relevant to note that any claim as to any other person which involves the incident of June 27, 2004 is likewise time barred. It is basic law that trial courts do not permit claims that are "futile" and which cannot withstand a motion to dismiss. Cf. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Glick v. Koenig</u>, 766 F.2d. 265, 268 (7th Cir. 1985). Even though these cases arose under Federal Rule 15, the legal principle remains the same. A claim which is barred by an applicable statute of limitation is not only futile; but is likewise considered an abuse of process. Any purported third party complaints would be barred and Adeboyeku should not be permitted to 'muddy the waters' of this proceeding with baseless claims..

5

ludicrous and more than likely subject to estoppel. Thirdly, Rule 14(a) is permissive in nature and does not contain any requirement of immediate filing. Lastly, counsel for Plaintiff is not aware of any facts that could give rise to any claim by Adeboyeku as to any third party.

It is hereby respectfully requested that Defendant's motion to extension of time to plead be denied.

Respectfully submitted,

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(703) 536-3063 Tele.
(703) 536-4841 Fax.

Counsel For Plaintiff

Dated: 11 November 2005