UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                      Civil No. 05-01274-RCL

OLAYINKA ADEBOYEKU, et al.,

    Defendants.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO VACATE ENTRY OF DEFAULT

Comes Now, Plaintiff, by and through his counsel, and submits this Opposition to the Motion of Defendant Olayinka Adeboeyku (hereinafter "Adeboyeku") for an order vacating the entry of default by the Clerk of the Court on October 14, 2005.[1]

### PRELIMINARY MATTERS

It is not often that a party submits a pleading that is defective on its face. Defendant Adeboyeku has filed such a pleading in this case. The Court may summarily deny Defendant's Motion to Vacate on the grounds set forth below. If the Court decided to dispose of Defendant's Motion to Vacate on these grounds, there is no reason for the Court to further consider the judicial standards under Fed.R.Civ.Proc. 55(c) (or Defendant's contemporaneous request for extension of time to plead).

The pleading filed by Adeboyeku is deficient in that it violates Local Court Rule 10-I(b) in that all three "documents" lack the proper disclosure of Adeboyeku's "full residence

---

[1] Plaintiff has submitted herewith a separate response to Defendant Adeboyeku's request for extension of time to plead counter-claims, cross-claims or third party complaint. The Defendant incorporated that request within the motion to vacate entry of default. The court has forwarded separate electronic notices and appears to have thereby 'split' Defendant's motion. Hence, plaintiff's separate responses. In addition, Plaintiff hereby incorporates his Opposition to Defendant's Motion For Enlargement of Time To Plead in this motion as if set forth in full.

1

address".[2] It has been the contention of Plaintiff, and which was fully communicated to counsel for Adeboyeku, that defendant "hides", affirmatively acts to obscure his true whereabouts, and has a history of evasion of authority. While counsel for Adeboyeku ridiculed Plaintiff for taking such a position, it is worthy to note that NONE of the pleadings by Adeboyeku comply with this mandatory requirement. The purpose of this Rule serves to identify to the other parties and to the court "WHERE" a party may be found, reached, or served with an Order by the Court. Defendant Adeboyeku, at page 1 of his Declaration, states: "I reside in Upper Marlboro, Maryland." He also states that he is married.[3] Defendant's own pleading provides confirmation of Plaintiff's contentions regarding Adeboeyku's pattern of evasion.

### Summary of Opposition

Plaintiff contends that Adeboyeku's failure to timely answer was knowing and willful. Secondly, the only factual contention advanced by Mr. Adeboyeku in his Declaration is that he was acquitted of criminal charges. There are no factual averments in the Adeboyeku Declaration which would independently support his alternative claim of self defense. The Adeboyeku motion, on the other hand, alleges what amounts to a conspiracy of witnesses to engage in "false allegations" about Adeboyeku. Such representations, which are in and of themselves objectionable, are prohibited in trial presentations. Adeboyeku presents absolutely no evidence to support such contentions. The court may

---

[2] Local Rule 10-I(b) requires that the first pleading filed by or on behalf of a party "shall set forth in the caption the party's name, full residence address, and unless the party is represented by counsel, the party's telephone number, if any".

[3] Mr. Adeboyeku says that he lives in Upper Marlboro. His wife, on the other hand, was located at an address in Silver Spring, Maryland. If we believe the various court records, Mr. Adeboyeku lives in four locations—three of which he can not be found at and a four which he clearly declines to disclose to this court. This situation simply screams "evasion" and the Court must therefore consider the averments in Adeboyeku's motion with a high degree of skepticism. Compare Adeboyeku's addresses contained in Exhibits 5 and 4-B which were provided on July 7 and 8, 2004. As will be later noted, the motion and Declaration is defective on substantive grounds as well.

2

not consider such allegations of false statements, absent substantial factual specificity as required by Federal Rule 9.

Counsel for Adeboyeku requests a 45 day extension of time "to explore" the existence of the facts. Defense counsel's request shows and amounts to an admission of the absence of facts to support the instant motion. This includes the allegations of conspiracy, perjury and self defense. Adeboyeku has no "meritorious defense" to the involved tag team attack.

## STANDARD FOR REVIEW

Adeboyeku's motion to vacate default is controlled by the good cause standard contained in Federal Rule 55(c), Fed.R.Civ.Proc. 55(c). Under this Rule the courts have applied three criteria. While the courts have been lenient in their approach, the courts do not rubber stamp requests but engage in a proper analysis. The analysis is as follows:

> "...(1) Whether the (movant) engaged in culpable conduct that lead to the default; (2) Whether the (movant) had a meritorious defense; OR (3) Whether reopening the default ... would prejudice the plaintiff."[4]

Whether movant has a "meritorious defense" requires the court to review the fact contentions contained in any affidavits submitted with the motion to vacate. The courts have made it clear that "general denials" are not sufficient to raise a meritorious defense and that such denials MUST be supported with "underlying facts". _Sony Corporation v.Elm State Electronics, Inc._, 800 F.2d. 317, 320-21 (2nd Cir. 1986); _Wainwright's vacations v. Pan American Airways Corp._,130 F.Supp.2d. 712, 718 (D.Md. 2001)("...a

---

[4] See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d. 923, 926 (9th Cir. 2004). These three tests are in the disjunctive and are the same criteria applied by this court. See; Keegel v. Key West & Caribbean Trading Company, Inc., 627 F.2d. 372, 373 (D.C. Cir. 1980). Courts do not set aside defaults in the absence of a meritorious defense, nor in situations where the non-moving party is subject to prejudice, nor when the moving party has been engage din conduct from which the court may infer culpable conduct. The evasion of process and hiding practiced by Adeboyeku supports a culpable conduct finding by the court.

3

meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party"; ... Although conclusive proof is not required, neither is 'a bare allegation of a meritorious defense (citation omitted) defendant did no more than state that plaintiff breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense"). The decision in *Keegel* adds the requirement that the meritorious defense "...which if proven at trial, would constitute a COMPLETE defense". Id.

Opposition Statement of Relevant Facts

A. The Facts Related to the Motion to Vacate.

A reading of Adeboyeku's memorandum fails to reflect that counsel for Plaintiff indicated a belief that Adeboyeku practiced evasion of authority and was intentionally obscuring his actual whereabouts. Adeboyeku disappeared in March 2005 and reappeared at Bowie State University at the end of August 2005. Adeboyeku was personally served in the offices of the athletic department. (See Docket #5). Adeboyeku's Declaration acknowledges this fact. (See Docket #11, Att.#2, para. 2). On October 13, 2005 Plaintiff noticed the Clerk as to Adeboyeku's default. (See Docket #7, #9). The Clerk entered the default on October 14, 2005, (See Docket #10).

Counsel for Adeboyeku appears to make much of Plaintiff's declining to agree to summarily consent to vacation of the involved default. (See Docket #11, memo, pg. 2). Counsel for Adeboyeku likewise does not disclose that he was told that Plaintiff also did not believe that Adeboyeku had a defense to the double-team attack. It is not necessary

4

to extend a courtesy to an opposing party when the opposing counsel makes unreasonable requests under both the facts and the controlling law.[5]

The Declaration of Adeboyeku states that he was provided a copy of the motion for entry of default by his coach—Michael Lynn. (Docket #11, Att.#2, pg. 3 para. 7). Adeboyeku claims not to have received any other copies of the involved document. Attached hereto and identified as Exhibit 1 are copies of the cover letter to Mr. Lynn as well as the Postal Receipts for proof of service and return receipt. Attached hereto and identified as Exhibit 2 is a copy of the first page of the involved motion with the Certified Mail Receipt for service on Mr. Adeboyeku. There is a legal presumption that a document was delivered if proof of tender to the Postal Service is produced. Mr. Adeboyeku did in fact receive copies of the motion both by mail from Plaintiff and as admitted from Mr. Lynn[6].

B. The Facts of The Complaint and Alleged Defense.

It is important to note that allegations contained in Adeboyeku's motion ARE NOT FACTS. The court is required to look to Adeboyeku's Declaration and cannot utilize nor rely on arguments advocated by defense counsel's own interpretation or conclusions. The contents of Adeboyeku's motion and memorandumm cannot substitute for the factual requirements applicable to Adeboyeku's Declaration.

---

[5] Adeboyeku's improper request for extension of time to "investigate" and plead counterclaims, etc is explained and addressed in Plaintiff's Opposition to Adeboyeku's Motion For Extension of Time to Investigate and Plead Counterclaims, Cross Claims and Third Party Complaint.

[6] The process service company employed by Plaintiff expressed real concerns for the personal safety of their employees and thereby arranged the service of the complaint through the offices of the Bowie State Athletic Department and that of Coach Lynn. The defendant and his associates were aggressive toward plaintiff and his family at the criminal trial of Mr. Adeboyeku. This situation became such as officers of the Metropolitan Police Department provided protection to plaintiff to and from the courthouse during the involved trial.

5

The District Court has held that "default establishes the defaulting party's liability for well-plead allegations of the complaint". See: *Adkins v. Teseo*, 180 F.Supp.2d. 15, 17 (D.D.C. 2001). The basic allegations of the complaint are:

a) that Plaintiff was walking on the 3100 hundred block of K Street (Para 7);

b) that Defendants attacked plaintiff from behind and jointly engaged in an unprovoked and vicious 'tag-team' assault and battery on plaintiff (Para. 8);

c) that Defendants jointly punched and beat Plaintiff about the head and body, physically threw Plaintiff against parked vehicles and to a cement sidewalk, kicked Plaintiff in the head while Plaintiff was on the side walk causing sever injuries to Plaintiff's face, eyes, head, leg and shoulder which required three reconstructive surgeries and require future medical treatment (Para. 12); and

d) that Plaintiff was seriously injured by Defendants' conduct (Para. 11, 13).

The Declaration of Adeboyeku states:

a) admits personal service in "mid-September" (Para. 2);

b) states that he was acquitted of all charges that arose out of the same incident which is the basis for Rude's complaint (Para. 2);

c) denies that he willfully or intentionally ignored the complaint (Para. 6); and

d) admits Michael Lynn gave him a copy of the motion for entry of default, but denies receiving a copy of the motion himself (Para. 7).

The Declaration of Mr. Adeboyeku does not set forth any facts that contradict the allegations of the Complaint—much less the basic averments set forth above.

6

C. Facts Subject to Judicial Notice Pursuant to Federal Rule of Evidence 201(b).

The court is entitled to take judicial notice of facts of public record, which are not subject to dispute. Plaintiff specifically requests the court to do so in this proceeding. Cf; *Commonwealth of Massachusetts v. Westcott*, (1977) 431 U.S. 322, 323 n.2 (court may take judicial notice of the contents of public records; Judicially noticed facts are those which are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned"). Plaintiff, in support of this request for judicial notice has likewise provided copies of the records the contents of which are to be noticed[7]. These facts are as follows:

1) On June 28, 2004 a criminal complaint was sworn out and filed by an officer of the Metropolitan Police Department for the arrest of Anthony B. Wood on the Charge of Aggravated Assault in Violation of 22 D.C. Code, Section 404.01 (2001 ed.) alleging that on June 27, 2004 Anthony B. Wood did "knowingly and purposefully cause serious bodily injury to John Rude". (Exhibit 3).

2) On July 8, 2004 Officer Nicholas Picerno, an officer for the Montgomery County Police Department, sworn out a warrant for the arrest of "Adeboyeku Olayinka" as a "Fugitive" from the District of Columbia and further alleged that Adeboyeku Olayinka committed the crime of "Strong Arm—Aggravated Assault" (Exhibit 4-A).

---

[7] The facts and attached documents are contained in the criminal docket files of the Superior Court of the District of Columbia. The criminal docket files are further identified in footnote 9 infra. These are public records, not subject to dispute and the source cannot be questioned. Judicial Notice is appropriate for the disposition of defendant's motion and plaintiff's opposition.

7

*3)* On July 8, 2004 "Adeboyeku, Olayinka" was arrested by the Montgomery County Police and presented in the District Court of Maryland For Montgomery County, Case No. 006D00148819, charged as a "Fugitive From Justice—District of Columbia" and committed to the Montgomery County Detention Center, Rockville, Maryland. (Exhibit 4-B).

*4)* On July 7, 2004 a criminal complaint was sworn out and filed by an officer of the Metropolitan Police Department for the arrest of Olayinka Adeboyeku on the Charge of Aggravated Assault on Violation of 22 D.C. code, Section 404.01 (2001 ed.) alleging that on June 27, 2004 Olayinka Adeboyeku did 'knowingly and purposefully cause serious bodily injury to Jonathan Rude". (Exhibit 5).

*5)* On November 2, 2004 Olayinka Adeboyeku was indicted on six Felony counts that involved Felony Threats, Obstruction of Justice and specifically included Aggravated Assault in violation of 22 D.C. Code Section 404.01(Count 2) on Jonathan Rude; Assault with a Deadly Weapon in violation of 22 D.C. Code Section 402 (Count 3) on Jonathan Rude. (Exhibit 6).[8]

The above facts are the facts relevant to the consideration of Adeboyeku's motion to vacate default and request for extension of time.

---

[8] Section 404.01, Title 22 D.C. Code states as follows:
"Aggravated assault—(a) A person commits the offense of aggravated assault if: (1) by any means, that person knowingly or purposely causes serious bodily injury to another person; or (2) Under circumstances manifesting extreme indifference to human life, that person intentionally or knowingly engages in conduct which creates a grave risk of serious bodily injury to another person, and thereby causes serious bodily injury. (b) Any person convicted of aggravated assault shall be fined not more than $10,000 or be imprisoned for not more than 5 years, or both. Kicking a person has been found to constitute assault with a deadly weapon. Medlin v. United States, 207 F.2d. 33 (D.C. Cir. 1953).

## ARGUMENT IN OPPOSITION

This proceeding represents that situation wherein a victim of a crime brings a civil suit for damages against the perpetrators of that crime. Plaintiff may bring such suit even though defendants were also the subject of criminal prosecution by the United States.[9] The Declaration of Adeboyeku invokes "acquittal" as a defense. This is an affirmative legal defense more commonly known a "Res Judicata". Adeboyeku's verified Answer, on the other hand, does not contain the affirmative defense of "Res Judicata". On the other hand, the verified Answer contains the "affirmative defense" of self-defense (Third Defense)(Docket#11, Att.#1, pg. 3) which is NOT reflected in nor supported by the factual Declaration of Mr. Adeboyeku. The Motion by Adeboyeku is therefore internally inconsistent and factually inadequate to support either alleged "defense".

If the court were permitted to consider the allegations of conspiracy and perjury as contained in Adeboyeku's memorandum, again there is a failure of factual substance and compliance with the specificity requirements both of Rule 55(c) and Rule 9(b).

### A. ACQUITTAL IN A CRIMINAL PROCEEDING IS NOT RES JUDICATA OF A RELATED CIVIL ACTION.

Adeboyeku raises the legal defense of Res Judicata. Adeboyeku does not however provide the necessary factual predicate for such a defense. Adeboeyku was prosecuted by the United States for his attack on Plaintiff (See Exhibits 5 & 6). Res Judicata requires that there by a final judgment on the merits of a claim. The final judgment precludes the parties and their privies from relitigation of the issues raised in the prior action. Cf. *Allen*

---

[9] These criminal actions were brought by the United States in the Superior Court of the District of Columbia and were docketed as United States v. Anthony B. Wood, Crim. Case No.F-04083-04; and United States v. Olayinka Adeboyeku, Crim. Case Nos. F- 04460-04 and F-04895-04 (See Exhibits 3, 5 and 6 hereto).

9

*v. McCurry*, (1980) 449 U.S. 90, 94. This legal doctrine requires that the issues must be the same. Cf. *Doko Farms et al. v. United States*, 956 F.2d. 1136, 1139, 1142 (Fed. Cir. 1992). A comparison of the parties, legal issues, burdens of proof in a criminal proceeding versus a civil action demonstrate that an acquittal in a criminal prosecution does not act as Res Judicata in civil suit for damages. First, the parties are different in that the plaintiff in the criminal proceeding was the United States of America; here we have the victim, Jonathan Rude. There is no privity between these parties. Second, in the criminal proceeding, the United States had 100% of the burden of proof and such proof had to be "beyond a reasonable doubt". Adeboyeku had no burden of proof in the criminal case. In a civil suit, on the other hand, the burden of proof is by a preponderance of the evidence.[10] The United States was obligated to meet the evidentiary requirements of Section 404.01 22 D.C. Code—Aggravated assault. Plaintiff in this proceeding need only establish assault and battery at common law which is an attempt with force or violence to do an injury to another. Cf. *Guarro v. United States*, 237 F.2d. 578, 580 (D.C. Cir. 1956). Simply, the contention that an acquittal in a criminal proceeding acts as Res Judicata, or any type of legal bar to a civil suit, cannot withstand legal scrutiny.

B. <u>THE ALLEGED 'DEFENSE' OF SELF DEFENSE HAS NO FACTUAL PREDICATE OR SUPPORT AS REQUIRED BY FED.R.CIV.PROC .55(C).</u>

The motion to vacate the entry of default is internally inconsistent. The motion is also shown to be unsubstantiated by virtue of (1) the lack of a factual predicate for the

---

[10] See Instruction 2-8 Burden of Proof, Standardized Civil Jury Instructions for the District of Columbia, Young Lawyers Section, The Bar Association of the District of Columbia, 1998 Edition. That instruction reads: "The term 'preponderance of the evidence' does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as required in criminal cases". The level of proof alone would preclude the application of the doctrine of Res Judicata.

10

allegations contained in Defendant's memorandum, (2) the absence of any factual predicate in Mr. Adeboyeku's Declaration, and (3) the generalized denial and assertion of self defense as an affirmative defense in the verified Answer. Defendant is required to show that he had a 'meritorious defense' which if proven at trial would be a "complete" defense. The law in the District of Columbia is that the aggressor in an altercation may not rely upon a claim of self defense. _Martin v. United States_, 452 A.2d. 360, 363 (D.C.App. 1982). The holding in _Adkins v. Tesio_, supra, requires the court to find that Adeboyeku was the aggressor and would not be entitled to any claim of self defense.

The complaint contains the allegation of serious bodily injury as well as permanent disfigurement. (Docket #1, Para. 8, 10,11,12,13). In fact, it is alleged that Adeboyeku continued his attack on plaintiff while plaintiff lay "unconscious on the sidewalk after having been rendered unconscious having sustained a concussion and dislocated shoulder from defendants' joint attack". (Docket #1, para. 14). Defendants were charged with Aggravated assault which involves serious bodily injury—including the loss of consciousness. The defense of such actions, in order to come within the basic ambit of "self defense", involves the use of "deadly force" by defendants. Deadly force requires a showing of reasonable grounds that the defendant was "in imminent danger of death or serious bodily harm".[11] As noted there is an absence of factual averments of such facts in Adeboyeku's Declaration. The Third Affirmative Defense is likewise devoid of any factual averment. The only averment made in any of the documents is at page 2, paragraph 11 of the Answer which merely states "any injuries suffered by plaintiff were the direct and proximate result of his own illegal, aggressive and physically abusive

---

[11] See Instruction 5.15 Criminal Jury Instructions, Third Edition, Young Lawyers Section of the Bar Association of the District of Columbia (1978 ed.).

11

behavior". This statement is a legal conclusion and not a statement of fact. The case law reflects that legal conclusions cannot substitute for the presentation of facts necessary to show a "complete defense". Cf. *Sony Corporation v. Elm State Electronics*, supra; *Wainwright's Vacations v. Pan American Airways Corp.*, supra; *Keegel v. Key West & Caribbean Trading Company*, supra. The reasoning behind this requirement of facts necessary to support an alleged defense is clear. As noted above, upon default all well plead facts of a complaint are taken as established. This is based upon Fed.R.Civ.Proc. 8(d) which states that "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of the damage, are admitted when not denied in the responsive pleading". A defendant movant must show more than an alleged "defense". There must be some "facts" presented which would show that such a defense is actually true, applicable and not barred. This concept is consistent with the rule that no party may obtain leave to file a claim which claim could not withstand a motion to dismiss. Defendant Adeboyeku has alleged a defense but has provided no factual support to enable the court to consider and evaluate such defense.

C. <u>ADEBOYEKU'S ALLEGATION OF CONSPIRACY AND PERJURY ARE GROUNDLESS, LACK MERIT AND OBJECTIONABLE ON ITS FACE.</u>

It not required for the court to address the unfounded allegations of false allegations and therefore perjury by the witnesses against Adeboyeku. However, these represent the manner in which defendant chooses to litigate this case. There is an absence of facts to support such claims. Such representations, if made to a jury, are precluded as highly

inappropriate.[12] Perhaps the most troubling of these allegations is that plaintiff made false accusations in regard to Adeboyeku. (Docket#11, Memorandum at pg 3). The complaint notes that plaintiff sustained a severe concussion. A known side effect of such an event is the loss of memory. Defendant knows of the concussion. Further, plaintiff's testimony as well as that of a medical doctor that treated plaintiff sustained the existence of such serious injury. Plaintiff was unconscious when taken to the hospital on June 27, 2004 and was placed in intensive care and was hospitalized for several days. These facts are also known to defendant. Counsel for Adeboyeku's unfounded assertions of false accusations and perjury are reprehensible at best and sanctionable. The court should not permit a continuation of this type of scurrilous practice and tactic.

### D. DEFENDANT'S ASSERTION OF FAILURE OF SERVICE IS CONTRARY TO THE EVIDENCE AND SERVICE WAS NOT REQUIRED UNDER FED.R.CIV.PROC. 5(A).

Adeboyeku contends that he did not receive a copy of the involved motion from plaintiff. Plaintiff has produced a certified mail receipt reflecting the mailing of the document. Defendant's argument regarding notice is incorrect. Adeboyeku was a defaulting party. Federal Rule 5(a) specifically states that no service is required to be made on defaulting parties—"No service need by made on parties in default for failure to appear ...". Plaintiff went the extra mile to afford Adeboyeku notice. The Exhibits attached to this Opposition show delivery to Mr. Lynn on October 14, 2005 and it is reasonable to conclude that Adeboyeku received his copy the same day. A party may not be faulted for failure to perform an act that is not required under the court's rules.

---

[12] See; Psychiatric Institute of Washington v. Allen, 509 A.2d. 619, 628 (D.C.App. 1986) attorneys are not permitted to accuse witnesses of "lying on the witness stand" and the court condemned the allegations of fraud, deceit and lying "in the strongest possible terms". Id.

13

Further, Adeboyeku did receive a copy and actual notice by way of Mr. Lynn. Any vacation of the default order on the grounds of failure of notice would not be supported by the facts of this case[13].

## CONCLUSION

Plaintiff has shown that Adeboyeku engaged in evasion of service and use of multiple addresses to obscure his true whereabouts. Plaintiff has shown that the legal defense of "acquittal-res judicata" is inapplicable to this case. Thirdly, plaintiff has shown that the pleadings submitted by Adeboyeku fail to contain the necessary facts to support the claim of self defense and purported false allegations by witnesses. Lastly, plaintiff has shown actual notice of the entry of default by Adeboyeku.

Adeboyeku has not met the minimum legal and factual requirements to vacate the entry of default. The motion clearly seeks to play on the sympathies of the court and generalized assertions of a defense. The court must not be persuaded to act on such things but must instead look to the record established. Aside from the practical aspect that two men would claim 'self defense' after attacking a third person is patently unbelievable; it is an affront to common sense and sensibilities. The court need not turn a blind eye to such outlandish contentions.

In consideration of the above and foregoing, it is hereby respectfully requested that Defendant's motion to vacate default and for extension of time to plead counterclaims, cross claims or third party complaint be DENIED.

---

[13] This does not begin to address the fact that the Summons issued to Adeboyeku states on its face that an answer must be made within 20 days. The Summons also states "If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint". (Docket #5).

14

Dated: 13 November 2005

Respectfully submitted,

/s/ Rick Rude
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff


Certificate of Service

This proceeding has been designated for filing under the court's electronic filing system. Notice of such filing will be provided to the defendants pursuant to that system. Additional service by plaintiff is not required.

15