UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN W. RUDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| OLAYINKA ADEBOYEKU, | ) | |
| a/k/a YINKA ADEBOYEKU, | ) | **Civil Action No. 1:05-CV-01274 RCL** |
| 11106 Bennington Drive | ) | |
| Upper Marlboro, MD  20774 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ANTHONY B. WOOD, | ) | |
| a/k/a WILLIE JOYNER, JR., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OLAYINKA ADEBOYEKU'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT

Defendant Olayinka Adeboyeku, by undersigned counsel, respectfully submits this reply brief in further support of his Motion to Vacate the Clerk's Entry of Default and in response to Plaintiff's Opposition to Defendant's Motion to Vacate Entry of Default ("Opposition Brief" or "Opp. Br.").[1]

### INTRODUCTION

Recognizing strong policies favoring the resolution of genuine disputes on their merits, the courts in this Circuit are extraordinarily reluctant to allow defaults to stand against defendants. In furtherance of these policies, the courts apply a three-part test, resolving all

---

[1] Mr. Adeboyeku responds to Plaintiff's Opposition to Defendant's Motion for Enlargement of Time to Plead Counterclaims, Cross-Claims or Third-Party Claims under separate cover, but incorporates that response as if fully set forth herein.

1

doubts on any of the three elements in favor of the party seeking relief from the default. That test poses three questions: Was the conduct giving rise to the default willful? Will plaintiff be prejudiced if the default is set aside? Has the defendant alleged a meritorious defense? Here, the answers to these questions are an obvious "No," "No," and "Yes." These answers were clear when defense counsel sought Plaintiff's counsel's consent to set aside the default, and these answers are all the more obvious after reading Plaintiff's misguided and mean-spirited Opposition Brief. Defendant's Motion should be granted.

## ARGUMENT

### I. The Court Should Exercise Its Discretion To Vacate The Prior Entry Of Default

Federal Rule of Civil Procedure 55(c) provides, in relevant part: "For good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. Proc. 55(c). In interpreting Rule 55(c), the Court of Appeals for the District of Columbia Circuit has long recognized that "strong policies favor the resolution of genuine disputes on their merits," *Jackson v. Beech*, 636 F.2d 831, 832 (D.C. Cir. 1980), and therefore, courts are loathe to allow a default to stand unless the defendant has been "totally unresponsive." *Id.* at 836; s*ee also Harris v. District of Columbia*, 159 F.R.D. 315, 317 (D.D.C. 1995) (vacating default even when defendants "repeatedly missed deadlines and failed to file appropriate papers" because the Court was "reluctant to decide this case on procedural grounds rather than on the substance of the allegations" given the strong policy concerns announced in *Jackson v. Beech*).

Instead, courts liberally find "good cause" upon consideration of the following factors: (1) whether the default was willful; (2) whether vacating the default would prejudice the plaintiff; and (3) whether the defendant alleges a meritorious defense. *Id.* at 316. (internal citations omitted). Importantly, in resolving a motion for relief from the entry of a default, "all doubts are resolved in favor of the party seeking relief." *Jackson*, 636 F.2d at 836 (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)); *see also Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393 (D.D.C. 2005) (courts should consider the three-part test, "resolving all doubts

in favor of the party seeking relief from the default."). Thus, in analyzing whether Mr. Adeboyeku has shown good cause to set aside the clerk's entry of default, this Court should "construe[] all ambiguous or disputed facts in the light most favorable to [him]." *Jackson*, 636 F.2d at 837-838.

In this case, without any stretching or straining on the Court's part, each element of the "good cause" test is easily resolved in Defendant's favor. Defendant's failure to file a timely answer certainly was not willful. Plaintiff will not suffer – nor has he alleged that he would suffer – any prejudice if the default is vacated. And, Mr. Adeboyeku has advanced a meritorious defense, one which, if proven, will operate as a complete defense to Plaintiff's allegations. Under these circumstances, vacatur of the default is entirely appropriate.

### a.  The Default Was Not Willful

Plaintiff offers no relevant facts suggesting that Mr. Adeboyeku's default was "willful" or in "bad faith." Indeed, Plaintiff has not contested Mr. Adeboyeku's sworn statement that his default arose out of a mistaken understanding of his obligations under the pleading rules and his inability to secure counsel prior to the deadline for responding to the Complaint. Adeboyeku Decl. at ¶¶ 3, 5. Instead, Plaintiff seeks to shift the Court's attention away from the clear absence of any willfulness by resort to a bizarre diatribe accusing Mr. Adeboyeku of attempting to evade service of the Complaint. *See* Opp. at 4-5. Of course, Plaintiff offers no facts to support this assertion. Indeed, what facts we do know completely undermine plaintiff's ridiculous assertion. In March of 2005 Mr. Adeboyeku was acquitted of all criminal charges arising from the same incident. Plaintiff purposely delayed filing his Complaint until June 24, 2005 in an apparent attempt to foreclose counterclaims by Mr. Adeboyeku. *See* Plaintiff's Opposition to Defendant's Motion for Enlargement of Time to Plead Counterclaims, Cross-Claims or Third Party Complaint at 3-4 (wherein Mr. Rude claims the statute of limitations on all counterclaims expired just four days after the filing of the Complaint). Nothing suggests that Defendant had any reason to suspect that a civil lawsuit was in the offing prior to June of this year. Thus, Plaintiff's statement that Defendant "disappeared in March 2005, and reappeared at

Bowie State University at the end of August 2005," *see* Opp. at 4, is just plain silly. Plaintiff further contends that Defendant had several addresses during the time period in question. *See* Opp. at 2 n.3. But what 23-year-old student has not moved around frequently while in school?[2]

In any event, even if Mr. Adeboyeku *had* been attempting to evade service – which he was not – that "fact" would be irrelevant in determining whether his default was willful. In his Opposition, Plaintiff repeatedly cites the D.C. Circuit Court's decision in *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372 (D.C. Cir. 1980). *See* Opp. at 3 n.4, 12. However, as *Keegel* makes clear: "[Plaintiff's] suggestion that [Defendant] intentionally evaded service of process, even if true, is insufficient to make defendant's failure to answer willful. No obligation to answer arose until after service was effected." *Id.* at 374. Plaintiff's unfounded and irrelevant accusations regarding Mr. Adeboyeku's activities prior to service appear to be part of a rather transparent and inartful attempt to cast Mr. Adeboyeku in a bad light before the Court.

Mr. Adeboyeku's default otherwise was not willful. At worst, Mr. Adeboyeku's failure to timely respond to the Complaint was *negligent*, which is "a degree of culpability generally considered lower than the required threshold of 'willfulness.'" *Butler v. Steele*, No. 87-1331, 1987 WL 17855 at *1 (D.D.C. Sept. 25, 1987) (citations omitted). *See also Farmland Indus., Inc. v. Grain Bd. of Iraq*, No. 86-3298, 1987 WL 19222 at *1 (D.D.C. Oct. 16, 1987) (vacating default where "defendant's failure to answer the complaint may have resulted from neglect and not a willful disregard of process"). In *Butler*, this Court noted that "at the time the default was entered defendant was not represented by counsel, and this court recognizes the difficulty confronting one not learned in the law seeking to discern the nuances of modern pleading rules."

---

[2]   Curiously, Plaintiff has never indicated how long it took him to locate Mr. Adeboyeku or what steps he undertook to do so. In fact, there is reason to believe that he did not even attempt service until September 2005, which is when Plaintiff first got around to serving Mr. Adeboyeku's co-defendant, Anthony Woods (September 27, 2005, *after* Mr. Adeboyeku was served). (*See* Affidavit of Service for Anthony Woods, Tab 6 of Docket Sheet of Rude v. Adeboyeku, Civil Action No. 1:05-CV-01274 RCL). Unless Mr. Woods was similarly engaged in a "pattern of evasion," it seems likely that Plaintiff was to blame for the delay in service, not Mr. Adeboyeku.

1987 WL 19222 at *1. Accordingly, the Court determined that the defendant's default was not willful. *Id.* *Butler* is particularly relevant to the case at bar, as Mr. Adeboyeku is a young student who was not represented at the time his default occurred. He has described his good-faith efforts to secure counsel and his innocent misapprehension of the pleading requirements. *See* Adeboyeku Decl. at ¶¶ 3-6. Immediately after retaining undersigned counsel, Mr. Adeboyeku set out to cure his default.

Courts have set aside entries of default despite far more egregious conduct than Mr. Adeboyeku's 22-day delay in responding to Plaintiff's Complaint. In *Harris*, for example, this Court vacated entry of default even after finding that "Defendants did not narrowly miss one deadline" but failed to file a timely response to the complaint, to respond to plaintiff's request for entry of default, or to file a verified answer with their motion to vacate entry of the default. 159 F.R.D. at 317. Although the Court determined that "defendants *[sic]* failure to respond to the complaint was not simple negligence[,]" the Court held that vacatur was appropriate in light of the "'strong policies favoring the resolution of genuine disputes on their merits.'" *Id.*, quoting *Beech*, 636 F.2d at 835.

In this case, Mr. Adeboyeku has provided a good-faith and perfectly understandable explanation for his failure to file a timely response to Plaintiff's Complaint. Plaintiff has not disputed this explanation. Immediately after securing counsel and within a short period of time after the deadline for his response had passed, Mr. Adeboyeku filed his motion to vacate entry of the default and filed a verified answer to the Complaint. Mr. Adeboyeku's current vigorous pursuit of a defense "cuts strongly against any willfulness of the defendant's previous delay." *United States v. Schofield*, 197 F.R.D. 6, 8 (D.D.C. 2000) (resolving motion for default judgment in favor of defendant, even though she previously had been dilatory in her filings, when she filed briefs after service of the motion for default judgment). In this case, it can hardly be said that Mr. Adeboyeku's default was "willful" or that he is a "totally unresponsive" party.

### b. Plaintiff Will Not Be Prejudiced By Setting Aside The Default

Plaintiff has not alleged that he will suffer any prejudice if the default is set aside. Particularly because this matter is in the earliest stages of litigation, no harm will come to Plaintiff if the default is vacated and Mr. Adeboyeku is permitted to defend against Plaintiff's allegations on their merits. *See Jackson*, 636 F.2d at 837 (finding that delay of twenty-four days in answering complaint "would not have injured the plaintiff in any way"). In fact, Plaintiff will have to litigate these exact same allegations against Defendant Woods.

### c. Defendant Adeboyeku Has Asserted A Meritorious Defense

Mr. Adeboyeku has asserted a meritorious defense sufficient to warrant setting aside the default. Nevertheless, Plaintiff insists that Mr. Adeboyeku has not satisfied this prong of the inquiry, apparently because Defendant has not submitted an affidavit containing a detailed description of the facts supporting his defense. *See* Opp. at 10-12. Plaintiff is wrong. First, Mr. Adeboyeku has submitted a sworn statement supporting his defense: his verified answer. Second, Plaintiff relies upon the wrong legal standard. This Circuit has made clear, time and again, that "the movant is not required to *prove* a defense, but only to *assert* a defense that it may prove at trial." *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995) (emphasis added). Indeed, as the D.C. Circuit stated in a case referenced throughout Plaintiff's Opposition Brief, "Defendants' allegations are meritorious if they contain *'even a hint of a suggestion'* which, proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374, (emphasis added; citation omitted). Third, Plaintiff's argument that "general denials" are not sufficient to raise a meritorious defense is based on case law from other circuits that is at odds with binding precedent here.

A recurrent theme in Plaintiff's Opposition is that Mr. Adeboyeku's assertion of a meritorious defense is not supported by a declaration or affidavit. But Plaintiff fails to recognize that Defendant's verified answer has the same force and effect as a declaration.[3] This appears to

---

[3]  LCvR 5.1(h) (which is identical in all relevant respects to LCvR 11.2) states as follows:

**Footnote continued**

be the very purpose behind the Local Rule requiring that motions to vacate entry of default be "accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part." LCvR 7(g). Mr. Adeboyeku's verified answer expressly states that "defendant Adeboyeku was acting in self-defense at all times relevant to the allegations contained in the Complaint." Verified Answer, Third Defense. Moreover, as Plaintiff points out, Mr. Adeboyeku further alleges in his Verified Answer that "any injuries suffered by plaintiff were the direct and proximate result of his own illegal, aggressive, and physically abusive behavior." Verified Answer at ¶11. Finally, Plaintiff's suggestion that Mr. Adeboyeku cannot claim self-defense "after attacking a third person" is absurd. In his sworn statement, Mr. Adeboyeku unequivocally denies Plaintiff's false and self-serving accusations that Mr. Adeboyeku was the initial aggressor. Rather, Mr. Adeboyeku's verified answer makes clear that at all times relevant to the allegations contained in the Complaint, Mr. Adeboyeku acted in self-defense.[4]

---

**Footnote continued from previous page**

> Verification. Whenever any matter is required or permitted by law or by rule to be supported by the sworn written statement of a person . . ., the matter may, with the same force and effect, be supported by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed as true under penalty of perjury, and dated, in substantially the following form….

LCvR 5.1(h). Mr. Adeboyeku verified his answer in accordance with these requirements.

[4]  Plaintiff's statement that "[t]he holding in *Adkins v. Teseo*, supra, requires the court to find that Adeboyeku was the aggressor and would not be entitled to any claim of self defense" (Opp. Br. at 11), is simply errant nonsense. In *Adkins*, the Court entered a default judgment when defendants failed to make a single appearance and failed to challenge entry of default. 180 F. Supp. 2d 15 (D.D.C.. 2001). Because the Court found that that "[a]t no point in the course of this litigation has either defendant filed responsive pleadings or otherwise appeared before the court" it held that the defaulting defendants had been "deemed to admit every well-pleaded allegation in the complaint" and made a finding of liability against the defendants. *Id.* at 17. *Adkins* has no bearing here. The Court in *Adkins* was faced with an entirely different calculus when it considered entry of a default *judgment* against an absent party than the analysis this Court must undertake to evaluate Mr. Adeboyeku's motion to vacate entry of default. The *Adkins* Court's decision to accept the plaintiff's allegations as true was not in the context of evaluating whether the defendant had proffered a meritorious defense – in *Adkins*, the defendants failed to proffer *any* defense. To suggest that, in evaluating the merits of the defense proffered in Mr. Adeboyeku's verified answer, the Court should accept the allegations in Plaintiff's Complaint as true would nullify Fed R. Civ. P. Rule 55(c) and a multitude of cases in this Circuit applying that rule.

In addition to the facts contained in Mr. Adeboyeku's verified answer, in his declaration Mr. Adeboyeku states that, in the only judicial proceeding that has addressed these very allegations, Mr. Adeboyeku was acquitted of all charges. (Adeboyeku Decl. at ¶2.) Indeed, Plaintiff himself acknowledges the same. *See* Opp. at 10. Apart from any legal impact that the acquittal may have in this case, the *fact* that a jury heard Mr. Adeboyeku's testimony supporting his version of the events in question and acquitted him of all charges is certainly a *fact* worthy of this Court's consideration in determining whether Mr. Adeboyeku has set forth "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374.[5]

Furthermore, Plaintiff's insistence that a "meritorious defense" must be based on facts set forth in an affidavit or declaration does not reflect the law in this Circuit. For example, in *Keegel*, the Court of Appeals accepted defendants' "somewhat broad and conclusory" denials of any misrepresentations, fraudulent acts, or securities laws, as set forth in defendants' *proposed answer* as a basis for finding a meritorious defense. These general denials were not contained in a verified answer as the Local Rule requires, yet the Court of Appeals determined that they satisfied the meritorious defense criterion for setting aside the default. 627 F.2d at 374 and n.4. Similarly, in *Harris*, this Court based its finding of a meritorious defense on arguments made in the defendants' motion to dismiss. 159 F.R.D. at 317. There too, the Court overlooked the defendants' failure to submit a verified answer with their motion to vacate entry of default. *Id.*[6]

---

[5] Plaintiff has urged the Court to take judicial notice of a laundry list of documents – all of which preceded the jury's verdict in the criminal case. (Opp. Br. at 7-8.) Because Plaintiff nowhere states the purpose for his request, one can only surmise that he hopes the Court will consider their contents as true in evaluating the merits of Mr. Adeboyeku's defense. If, in fact, that is Plaintiff's objective, it is wholly improper. Although the Court may or may not be permitted to take judicial notice of the existence of some of the documents proffered by Plaintiff, there is certainly no basis for the Court to accept their contents as true. Certainly counsel is well aware of the basic provisions of the hearsay rule, not to mention other impediments to his gambit. *See* e.g. FRE 801, 802. Thus, the only way to view counsel's rather desperate effort to put these documents before the Court is as simply another step in his effort to condition the Court against Mr. Adeboyeku before he ever sets foot in the courtroom.

[6] No doubt because the law in this Circuit is unfavorable to his position, Plaintiff relies heavily on cases decided by courts outside this Circuit. Not only do these decisions fail to reflect the law in this Circuit,

**Footnote continued**

In light of the clear precedents from this Circuit, Mr. Adeboyeku's sworn claim of self-defense, coupled with the undisputed fact that he was previously acquitted of all charges stemming from these very same allegations, surely provide the Court with far more than "'a hint of a suggestion'" that Mr. Adeboyeku has a meritorious defense to Plaintiff's allegations. For this reason, and because Mr. Adeboyeku's default was not willful and because Plaintiff will otherwise suffer no prejudice if the default is lifted, Mr. Adeboyeku asks the Court to allow him to defend Plaintiff's allegations on their merits.

## II. Defense Counsel's Failure To Include Defendant's Address In The Caption Of His Initial Motion Provides No Basis To Deny The Relief Requested

About the only correct assertion Plaintiff makes in his entire 15-page Opposition is to point out that undersigned counsel apparently neglected to comply with the Court's Local Rules requiring that the first filing by a party contain the party's address in the caption.[7] *See* Opp. at 1-2; LCvR 5.1(e); 11.1 – although counsel refers the Court to a non-existent Rule in raising the violation. *See* Opp. at 1; 2, n.2. (There is no Local Rule "10-I(b)").

---

**Footnote continued from previous page**

Plaintiff's description of them typically is misleading. For example, Plaintiff points to *Wainright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712 (D. Md. 2001) to support his contention that a defendant must file an affidavit containing facts supporting a meritorious defense. (Opp. Br. at 3.) In *Wainright's*, however, the court found for the defendant, holding that a meritorious defense had been set forth even when the proffered allegations did not address the merits of the plaintiff's claim. 130 F. Supp. 2d at 719. Similarly, Plaintiff's reliance upon *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986) for the proposition that a defendant "could not present such a defense by mere conclusory statements" is directly at odds with *Keegel*, 627 F.2d 372, which is binding authority here. In fact, *Keegel* is one of the only cases from this Circuit that Plaintiff relies upon and, incredibly, Plaintiff cites *Keegel* to support the same general point for which he cites *Sony*. *See* Opp. at 12. Yet in *Keegel*, the Court of Appeals vacated a default based on general denials found in an unverified answer, even though the court found them to be "somewhat broad and conclusory." *Id.* at 374. This holding is precisely the opposite of that in *Sony*.

[7]  From the language of the Rules, it is not entirely clear that a defendant has any obligation, as the Rules provide only that "[f]ailure to provide the address information within 30 days upon filing may result in the *dismissal* of the case against the defendant." LCvR 5.1(e)(1); 11.1 (emphasis added). In any event, the penalty set forth in the Rules is permissive ("*may* result"), not mandatory.

While undersigned counsel acknowledges his apparent error, counsel's foot fault, if any, should not be attributed to Mr. Adeboyeku. Nor can it possibly affect the outcome of Defendant's Motion. Although Plaintiff understandably does not mention it, the Local Rules in question make clear that if any violation is corrected within 30 days after the initial filing there is no penalty. This 30-day grace period in LCvR 5.1(e)(1) and 11.1 likely reflects the drafter's understanding that this is a somewhat common oversight. Nevertheless, undersigned counsel should have paid closer attention to the Local Rules and has included Mr. Adeboyedu's complete address in the caption of this Reply.

## CONCLUSION

For all the foregoing reasons, Mr. Adeboyeku respectfully requests that the Court vacate the entry of default against him and order any other relief that may be appropriate.

DATED: November 21, 2005              Respectfully Submitted,

                                                            /s/ Daniel E. Loeb

Daniel E. Loeb (DC Bar # 386098)
Douglas W. Baruch (DC Bar # 414354)
Wendy Fischman (DC Bar # 468458)
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 639-7000
(202) 639-7003, Fax

Attorneys for Olayinka Adeboyeku

*273544*