UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                          Case No. 1:05cv1274RCL

OLYAINKA ADEBOYEKU
And ANTHONY B. WOOD,

    Defendants.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, Plaintiff, Jonathan W. Rude, by and through his counsel, and submits this Memorandum of Points and Authorities In Support of Plaintiff's Motion to Strike Affirmative Defenses. In support of Plaintiff's Motion, plaintiff states as follows.

#### Statement of Facts

Plaintiff has brought an action for personal injuries and monetary damages as against defendants. Plaintiff is not seeking any form of equitable relief. The defendants have denied liability and have submitted affirmative defenses (Wood, Answer, page 1; Adeboyeku, Answer, pages 2-3). Adeboyeku submitted the Fourth Affirmative Defense of "Unclean Hands" (Doc. #20, page 3). Adeboyeku further submitted a Fifth Affirmative Defense (Id.) in which Adeboyeku seeks to "incorporate any and all other defenses raised by any other defendant" and to "reserved his right to assert any additional defenses that may become apparent during discovery"(Id.).

1

ARGUMENT

The complaint seeks monetary damages for assault, battery and intentional infliction of emotional distress. The Court's jurisdiction is based upon diversity of the parties and the Court is to apply the law of the District of Columbia in this matter. The Court, pursuant to Rule 12(f) may strike any affirmative defense which is "legally insufficient" under any "state of facts" to be inferred from the well-plead allegations of the answer. Cf. *In Re Zenith Industrial Corporation*, 319 B.R. 810, 813 (D. Del. 2005). The Answer of Adeboyeku is deficient as to the controlling law and as to the facts.

A. THE EQUITABLE DOCTRINE OF UNCLEAN HANDS IS INAPPLICABLE TO AN ACTION FOR DAMAGES UNDER THE LAWS OF THE DISTRICT OF COLUMBIA.

The District of Columbia Court of Appeals has specifically held that the equitable doctrine of unclean hands "has no applicability in an action for damages". *Truitt v. Miller*, 407 A.2d. 1073, 1080 (D.C.App. 1979); cited with approval and adopted by the District Court in *Johns v. Rozet*, 141 F.R.D. 211, 220 (Judge Richey, U.S. D.DC. 1992). The Court, pursuant to the provisions of Rule 12(f) upon the motion of a party, or "upon the court's own initiative" may order stricken from any pleading "any insufficient defense". Adeboyeku's Fourth Affirmative Defense (as well as the Fifth Affirmative Defense of Defendant Anthony B. Wood) is insufficient under controlling law. Plaintiff requests that the defense of unclean hands be stricken.

B. THE FIFTH AFFIRMATIVE DEFENSE OF ADEBOYEKU SEEKS TO INCORPORATE THE WOOD DEFENSE OF RES JUDICATA AND COLLATERAL ESTOPPEL.

Adeboyeku, by incorporating the defenses of co-defendant Wood, essentially reasserts those defenses. Wood's Third Affirmative Defense is that the complaint is barred by the

2

doctrine of "res judicata and collateral estoppel". Plaintiff has previously presented to the court plaintiff's reasoning regarding the inapplicability of res judicata to this proceeding.[1] The asserted defense is insufficient as a matter of law and likewise does not comply with the requirements of Rule 8(b) "A party shall state in short and plain terms the party's defenses to each claim". The court in <u>Qarbon.Com, Inc. v. Ehelp Corp.</u>, 315 F.Supp.2d. 1046 (N.D. Cal. 2004) noted that the invocation of a legal 'doctrine' is not sufficient notice under Rule 8(b). 315 F.Supp.2d. at 1049. A party in order to plead a legal doctrine must also assert the essential legal and factual elements in order to meet the requirements of Rule 8(b).

Under these "legal doctrines" the parties and their "privies" must be the same. See; <u>Montana v. United States</u>, 440 U.S. 147, 153-154 (1979; <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980); <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 (1979). There are no facts stated which could support any contention that there has been any prior litigation between either of these defendants and the plaintiff—nor could there be. No such prior litigation exists. The affirmative defense of Res Judicata and Collateral Estoppel must be stricken.

C. ADEBOYEKU'S ATTEMPT TO RESERVE UNDISCLOSED DEFENSES IS NOT CONSISTENT WITH THE REQUIREMENTS OF FEDERAL CIVIL RULE 8(b) AND MUST BE STRICKEN.

Adeboyeku seeks to reserve any defenses which "may become apparent during discovery". The Court in <u>Qarbon.com, Inc. v. Ehelp Corp.</u>, supra, noted that Federal Rule 8(b) required that a defendant give a plaintiff "fair notice" of the defenses being raised. 315 F.Supp. 2d. at 1049. The "reservation" of undisclosed defenses violates this fair notice requirement. Plaintiff cannot engage in discovery regarding defenses of which he has no notice. Further, the court likewise may not review the sufficiency of a defense

---

[1] See Plaintiff's Opposition to Defendant's Motion to Vacate Default at pages 9-10.

3

when that defense is not appropriately disclosed to the Court. This amounts to "sand bagging" of both plaintiff and the Court and is plainly contrary to the basic purposes of the Rules of Civil Procedure. This "reservation" is not consistent with the notice requirements that are inherent in the Court's Rules of Civil Procedure and such "reservation" must be stricken.

## CONCLUSION

In consideration of the above and foregoing, it is hereby respectfully requested that the affirmative defenses of "unclean hands", "res judicata and collateral estoppel" and the "reservation of undisclosed defenses" be stricken from defendant's Answer in this proceeding. It is hereby further requested that the court enter such other and further order for relief as the court deems just and appropriate in the circumstances.

Respectfully submitted,

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063  Tele.
(AC 703) 536-4841  Fax.

Counsel For Plaintiff

Dated: 20 February 2006

4