UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                           )
JONATHAN W. RUDE,                        )
                                                           )
            Plaintiff,                                )
                                                           )
    v.                                                   )
                                                           )   Civil Action No. 1:05-CV-01274 RCL
OLAYINKA ADEBOYEKU,         )
                                                           )
And                                                   )
                                                           )
ANTHONY B. WOOD,                      )
                                                           )
            Defendants.                          )
_____)

**DEFENDANT OLAYINKA ADEBOYEKU'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Olayinka Adeboyeku, by undersigned counsel, respectfully submits this Opposition to Plaintiff's Motion to Strike Afffirmative Defenses.

**INTRODUCTION**

Plaintiff's motion to strike Mr. Adeboyeku's Fourth and Fifth Affirmative Defenses is a waste of the Court's time and resources. Plaintiff has proffered nothing to satisfy the substantial burden demanded by Federal Rule of Civil Procedure 12(f). To prevail on his motion to strike, Plaintiff must prove that the challenged defenses present no substantial question of fact or law. *See Sweeney v. American Reg. of Pathology*, 287 F. Supp. 2d 1, 5 (D.D.C. 2003). This is true particularly where, as here, the affirmative defenses pose no prejudice to the plaintiff. Indeed, "'[m]otions to strike a defense as insufficient are not favored by the courts because of their dilatory character. Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.'" *Mills Corp. v. Miller*, No. Civ. A. 97-219(TAF), 1997 WL 280599 *3 (D.D.C. May 20, 1997) (quoting 5A Charles Alan Wright and Arthur Miller *Federal Practice and Procedure*, § 1381 at 672).

Plaintiff has utterly failed to meet the "'sizeable burden'" that he faces as a movant under Rule 12(f).  *See American Chiropractic Assoc. v. Trigon Healthcare, Inc.*, No. 1:00CV00113, 2001 WL 1180469 * 1 (W.D. Va. Oct. 3, 2001).  His arguments are inappropriate for a motion to strike and he fails to allege that the challenged defenses will prejudice his client in any way.  For these reasons and for those stated below, Plaintiff's Motion to Strike should be denied.

## ARGUMENT

Plaintiff argues that Mr. Adeboyeku's Fourth and Fifth Affirmative Defenses should be stricken.  His arguments in support of that request are unavailing.

*First*, Plaintiff asks the Court to strike Mr. Adeboyeku's Fourth Affirmative Defense because "unclean hands" is an equitable defense that is not available in an action at law.  It is not clear from the face of the Complaint, however, that Plaintiff is proceeding exclusively at law.

Plaintiff's Complaint does request monetary damages, but also twice asks the Court "for such other and further relief as the court deems just and appropriate [or proper] in the circumstances."  Compl. at 4.  On its face, this broad prayer for relief does not exclude equitable relief.  Thus, unless Plaintiff affirmatively elects to limit his requested relief to monetary damages, there is no basis for striking Mr. Adeboyeku's "unclean hands" defense.

*Second*, Plaintiff improperly seeks to strike the "res judicata and collateral estoppel" defense that appears in the Answer of Mr. Adeboyeku's co-defendant, Mr. Wood.[1]  As an initial matter, Plaintiff has already waived any objection to this defense.  Mr. Wood asserted this defense in October 2005, and Plaintiff never objected to it.  There is no apparent reason why the defense would be "insufficient" as to Mr. Adeboyeku, but unobjectionable as to Mr. Wood.

Moreover, consideration of the applicability of the res judicata and collateral estoppel defense is premature at this stage in the proceedings.  "'If an affirmative defense presents substantial questions of fact or law, the motion to strike should be denied.'"  *Sweeney*, 287 F.

---

[1]   In his Answer, Mr. Adeboyeku "specifically reserves the right to incorporate any and all defenses raised by any other defendant."  Adeboyeku Answer (Fifth Aff. Defense).

Supp. 2d at 5 (quoting *SEC v. Gulf & Western Indus.*, 502 F. Supp. 343, 345 (D.D.C. 1980)).[2] Whether this action is barred by the doctrines of res judicata or collateral estoppel is a "substantial question of law," which cannot be dispensed with on a simple motion to strike. "Any doubt as to the striking of matters in a pleading should be resolved in favor of the pleading." *Vernon J. Rockler and Co., Inc. v. Minneapolis Shareholders Co.*, 69 F.R.D. 1, 5 (D. Minn. 1975) (citation omitted).

*Finally*, Plaintiff's argument that Mr. Adeboyeku's Fifth Affirmative Defense fails to comply with Rule 8(b) is at odds with the law.[3] As an initial matter, Federal Rule 8(b) is not the appropriate standard for evaluating the sufficiency of an affirmative defense. Rule 8(b) applies to "the party's defenses to each claim asserted" in the Complaint. Fed. Rule Civ. Proc. 8(b). Affirmative defenses are governed instead by Federal Rules 8(c) and (e). The latter Rule requires only that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. Rule Civ. Proc. 8(e).

This pleading requirement is exceedingly liberal. Indeed, "'[a]n affirmative defense may be pleaded in general terms and will be held as sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defenses.'" *American Chiropractic*, 2001 WL 1180469 at *2 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (2d ed. 1990)).

It is for this reason that the *American Chiropractic* court denied a motion to strike a defense nearly identical to Mr. Adeboyeku's Fifth Affirmative Defense. In that case, the

---

[2] The Plaintiff's Status Report and Memorandum in response to the Order of the Court entered September 12, 2005 specifically mentions a prior proceeding relating to this case but fails to disclose that a jury, in that prior proceeding, completely exonerated Mr. Adeboyeku. Thus, the prospects for collateral estoppel and res judicata under these circumstances are not remote and should await the completion of discovery.

[3] Mr. Adeboyeku's Fifth Defense includes the aforementioned reservation of the right to incorporate defenses raised by other defendants. It addition, it states: "Defendant Adeboyeku also specifically reserves his right to assert any additional defenses that may become apparent during discovery." Adeboyeku Answer (Fifth Aff. Defense).

defendant's fourteenth affirmative defense stated that defendant "intends to rely on all other properly provable defenses and reserves the right to amend its Answer to and through the time of trial." *Id.* at *3. The court denied the motion to strike, stating:

> Courts are reluctant to grant motions to strike merely to 'prune' the pleadings, especially when no prejudice has been shown by the movant.
>
>> [B]ecause motions to strike . . . are not favored, often being considered "time wasters," they usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Thus, a motion to strike frequently has been denied when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f).
>
> Wright & Miller, *supra*, § 1382 (*quoting Pessin v. Keeneland Ass'n*, 45 F.R.D. 10, 13 (E.D. Ky.)). Here, the defendants' affirmative defense adds little, if anything to their pleading and therefore it is immaterial or redundant under Rule 12(f). However, it also does not harm the plaintiffs. In accordance with the general disfavor of motions to strike in the absence of prejudice to the movant, the plaintiffs' motion to strike the defendants' fourteenth affirmative defense is denied.

*Id.* In the instant case, Plaintiff's misplaced "Rule 8(b)" argument similarly should be disregarded by the Court.

Plaintiffs' attempt to strike Mr. Adeboyeku's Fourth and Fifth Affirmative Defenses does nothing to advance the prompt or just resolution of this case. Plaintiff has not shown that these defenses are "insufficient" or that they pose any prejudice to Plaintiff. He therefore has offered no sound reason for the Court to strike these defenses.

## **CONCLUSION**

For these reasons, Mr. Adeboyeku respectfully requests that the Court deny Plaintiff's Motion to Strike Affirmative Defenses and order any other relief that may be appropriate.

DATED:  March 3, 2006                                  Respectfully Submitted,

/s/ Daniel E. Loeb

Daniel E. Loeb (DC Bar # 386098)
Douglas W. Baruch (DC Bar # 414354)
Wendy Fischman (DC Bar # 468458)
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
(202) 639-7000
(202) 639-7003, Fax

Attorneys for Olayinka Adeboyeku

*275866*