## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUBMIA

JONATHAN W. RUDE,

      Plaintiff,

v.                                 Case No. 1:05cv1274RCL

OLAYINKA ADEBOYEKU
And ANTHONY B. WOOD,

      Defendants.

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
### TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, Plaintiff, Jonathan W. Rude, by and through his counsel, and submits This Reply to the Opposition of Defendant Olayinka Adeboyeku to Plaintiff's Motion to Strike Affirmative Defenses (Doc. #24). In reply, plaintiff states as follows:

**(I)**
### Reply Statement of Facts

Defendant has misstated the relief sought by the complaint. Defendant, at page 2 of his Opposition Memorandum, states that plaintiff's claims "do not exclude equitable relief". A review of the Civil Cover Sheet, paragraph IV(B) notes this is a personal injury complaint. Paragraph IV(D), which would reflect a claim for equitable relief, does not reflect that any form of equitable relief is sought. Defendant's "inverted" concept of what constitutes a claim fails the 'laugh test'. To apply Defendant's analysis would theoretically include and permit plaintiff to argue medical malpractice "because it is not excluded". This court's review of the matter is to be based upon the claims asserted—not based upon the concept that a claim may include any and all things unless specifically "excluded".

1

**(II)**
<u>REPLY ARGUMENT</u>

Plaintiff moved to strike certain affirmative defenses because those defenses are insufficient as a matter of law. Secondly, the identified defenses failed to meet the miminum requirement of "fair notice" under the Federal Rules of Civil Procedure.

Defendant does not dispute that an Affirmative Defense must provide a plaintiff "fair notice of the nature of the defenses" (Opposition Memorandum at page 3). Defendant does not however, provide a complete recitation to the controlling standards under Federal Rule 12(f). Lastly, defendant incorrectly argues that 'waiver' is applicable to the question of an insufficient defense under Federal Rule 12.

A. THE APPLICABLE RULE 12(f) STANDARDS REQUIRE
   THE STRIKING OF AFFIRMATIVE DEFENSES THAT
   ARE INSUFFICIENT AS A MATTER OF LAW.

Defendant provides a partial citation to the decision of the court in *Securities and Exchange Commission v. Gulf & Western Industries*, 502 F.Supp. 343 (D.DC. 1980) for the principle that motions to strike that involve substantial questions of law should be resolved in favor of the pleadings. (Opp. At page 3). Defendant is apparently unfamiliar with the *Gulf & Western* decision. Judge Parker's decision contains a statement of "standards" which are to be employed by the District Court in evaluation of motions to strike insufficient affirmative defenses. Judge Parker noted that motions to strike are 'not favored' and that if the affirmative defense "is sufficient as a matter of law or if it presents a substantial questions(sic) of fact or law" the motion should be denied. However, Judge Parker then goes on to provide the following guidance:

"The motion should be GRANTED where it is clear that the affirmative
defense is irrelevant and frivolous and its removal from the case would
avoid wasting unnecessary time and money litigating an invalid defense.
(citations omitted). Additionally, defenses which would tend to significantly
complicate the litigation are particularly vulnerable to a motion to strike.
(citations omitted)."
(502 F.Supp. at 345)

The defendant asserted the affirmative defenses of "unclean hands" as well as

"estoppel". Judge Parker noted that such defenses were not legally available against the

claims raised by the plaintiff and he therefore granted the motion to strike. In granting the

motion he reasoned that

"To allow these three defenses to stand would only complicate the case
and waste valuable litigating time".
(502 F.Supp. at 348).

In addition to the striking of affirmative defenses that were legally insufficient, Judge

Parker further noted the defendant had provided the underlying factual circumstances to

support the alleged affirmative defenses (See 502 F.Supp. at 344-345). Defendants

seeking to advance affirmative defenses are in fact required to do more than merely cite a

legal doctrine and expect a plaintiff to guess as to the doctrine's factual application.

Defendant Adeboyeku's affirmative defenses do not meet the legal nor factual

requirements reflected in the *Gulf & Western* decision.

B. DEFENDANT CONCEDES THE AFFIRMATIVE DEFENSES
ARE REQUIRED TO PROVIDE A PLAINTIFF FAIR NOTICE
OF THE NATURE AND SCOPE OF THE DEFENSE.

Plaintiff, at pages 3-4 of his Memorandum in support of the motion to strike, noted

that court precedent had interpreted Federal Rule 8 to require that affirmative defenses

must provide "fair notice" to a plaintiff of the nature of the defense. Defendant, at page 3

of his Opposition agrees. Defendant cites the court to the decision in *American*

3

*Chiropractic Association v. Trigon Healthcare, Inc.*, 51 F.R.Serv.3d. 21 (WD. Va. 2001)

for the proposition that a plaintiff must establish "prejudice". A review of that decision

finds that the court actually held that

> "The Federal Rules of Civil Procedure only require that an affirmative
> defense be definite enough to put the plaintiff on fair notice of its
> nature. (citation omitted).
> Despite the leniency under the rules, courts do strike affirmative
> Defenses in appropriate situations. A court may 'strike defenses
> When they are clearly legally insufficient, such as when there is
> No bona fide issue of fact or law' (citation omitted) A defense
> That might confuse the issues in the case and would not, under
> the facts alleged, constitute a valid defense to the action can
> and SHOULD BE DELETED".
> (51 F.R.Serv.3d at 23).

The court further noted that an alleged defense which purposed to rely on any other

provable defenses would be "immaterial and redundant under Rule 12(f)". 51

F.R.Serv.3d. at 24. Under such circumstances, Rule 12(f) still requires that "redundant

and immaterial" matters be stricken. The court's decision in *American Chirporactic*

*Association* does not support nor sustain the validity of this "reservation" defense.

Federal Rule 12(b), F.R.Civ.Prc. 12(b), requires that 'EVERY DEFENSE IN LAW

OR FACT" "SHALL BE ASSERTED". The attempt to reserve undisclosed affirmative

defenses violates Rule 12(b) and no prejudice on behalf of a plaintiff is required.

C. FEDERAL RULE 12(h)(2) PRESERVES THE OBJECTION
   OF INSUFFICIENCY OF AN AFFIRMATIVE DEFENSE.

Defendant incorrectly alleges that plaintiff has waived any objection to the

involved affirmative defenses by not objection to the Wood's Answer. Defendant simply

does not understand the rules. Rule 12(h)(2) preserves the objection to the sufficiency

of a legal defense. There is no waiver involved. In fact, under Rule 12(f) the court has the

ability to strike a defense "upon the court's own initiative".

## D. DEFENDANT'S CONTENTION THAT STRIKING THE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL WOULD BE PREMATURE REFLECTS A DISREGARD OF RULE 11(b).

Defendant, at page 2 of his Opposition, contends that striking the legal doctrine defenses of Res Judicata and Collateral Estoppel would be "premature" as such defenses involve substantial questions of fact and law. Defendant at page 3, footnote 2, makes reference to a "prior proceeding" which "completely exonerated" defendant.  The court in *Qarbon.com, Inc. v. Ehelp Corporation*, 315 F.Supp.2d. 1046, 1049 (N.D. Ca. 2004), held that reference to "doctrine" was "insufficient notice". Defendant has already acknowledged that plaintiff is entitled to proper notice. The Honorable Judge Ware granted the motion to strike with leave to amend to meet the requirements of the Rule. 315 F.Supp.2d. at page 1050.

Defendant obtained 90 days in which to "investigate" the case. Rule 11(b) notes that by submitting a pleading to the court, counsel for defendant certifies that a reasonable inquiry has been made and that the defense is "warranted by existing law". Plaintiff has pointed out that there was no prior litigation between the plaintiff and these defendants. Defendant Adeboyeku, by the submission of this affirmative defense, now represents otherwise. As Judge Ware held, when asserting a legal doctrine, the defense must include the underlying factual elements necessary to show the theory. Defendant Adeboyeku has not done so in this case.

## CONCLUSION

Plaintiff has established that the identified affirmative defenses are insufficient as a matter of law or fail to provide the required fair notice.  Under such circumstances, the court, in the interests of judicial economy and the preservation of the time and resources

5

of both the court and the plaintiff, must strike the affirmative defenses of unclean hand; res judicata/collateral estoppel; and the reservation of undisclosed defenses. Defendant will continue to attempt to make this proceeding as protracted and expensive as possible to pursue. It is within the power and the duty of the court to require this defendant to properly comply with Rules 8, 11 and 12 of the Federal Rules of Civil Procedure.

It is hereby respectfully requested that the court enter an order striking the aforementioned defenses and for such other and further relief as the court deems just and appropriate in the circumstances.

Dated: 7 March 2006

RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff