**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN W. RUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-01274 RCL |
| ) | |
| OLAYINKA ADEBOYEKU, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO COMPEL

Defendant Olayinka Adeboyeku, through his undersigned counsel and pursuant to Fed. R. Civ. P. 37, hereby moves for an Order to compel Plaintiff Jonathan W. Rude to provide full and complete disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Under this Court's March 1, 2006 Scheduling Order, Plaintiff was required to serve his initial disclosures within 10 days but has failed to so. Moreover, notwithstanding that Mr. Adeboyeku served his initial disclosures in accordance with the Order, notified Plaintiff that his disclosures were overdue, and sought Plaintiff's compliance with the Order, Plaintiff has not made the requisite disclosures.

For all these reasons, and as more fully set forth in the accompanying memorandum, Mr. Adeboyeku requests the Court to grant this Motion and any such other relief as may be necessary, including an award of motion costs and fees.

DATED: March 29, 2006                              Respectfully Submitted,


                                                   /s/ Daniel E. Loeb

                                                   Daniel E. Loeb (DC Bar # 386098)
                                                   Douglas W. Baruch (DC Bar # 414354)
                                                   Wendy P. Fischman (DC Bar # 468458)
                                                   Kerry Hotopp (DC Bar # 483747)
                                                   Fried, Frank, Harris, Shriver & Jacobson, LLP
                                                   1001 Pennsylvania Ave., NW, Suite 800
                                                   Washington, DC  20004
                                                   (202) 639-7000
                                                   (202) 639-7003, Fax

                                                   *Attorneys for Olayinka Adeboyeku*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN W. RUDE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 1:05-CV-01274 RCL |
| **OLAYINKA ADEBOYEKU,** *et al.*, | ) |
| **Defendants.** | ) |

**PROPOSED ORDER**

Upon consideration of Olayinka Adeboyeku's Motion to Compel, and all responses thereto, this Court determines that the Motion to Compel is **GRANTED.** Plaintiff Jonathan Rude is hereby **ORDERED** to:

(i) Serve his initial disclosures on Defendants within three (3) days of this Order or face dismissal of the action; and

(ii) Reimburse Defendant Adeboyeku for all reasonable attorneys' fees and costs associated with filing the present motion, not to exceed $5,000.

So ORDERED this __ day of April, 2006.

_____
United States District Judge Royce C. Lambert

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN W. RUDE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-01274 RCL |
| ) | |
| **OLAYINKA ADEBOYEKU,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL**

Defendant Olayinka Adeboyeku moves this Court pursuant to Fed. R. Civ. P. 37 for an Order to compel Plaintiff Jonathan W. Rude to provide full and complete Rule 26(a)(1) initial disclosures. Plaintiff has so far refused to provide these disclosures, in disregard of this Court's March 1 Scheduling Order ("the Order").

In accordance with Rule 37(a)(2)(A), counsel for Mr. Adeboyeku has attempted without success to obtain Plaintiff's compliance with the Order. Plaintiff's response has been consistent. He contends that the Court revoked or revised this portion of the Order when the Clerk entered it onto the electronic docket. Rather than seek clarification from the Court, Plaintiff proposes to wait until the end of the discovery period to make his initial disclosures. Mr. Adeboyeku brings this Motion to compel Plaintiff to comply with the clear requirements of the Order and for an award of attorneys fees incurred for having to do so.

**BACKGROUND**

On February 27, 2006, the parties agreed in their proposed scheduling orders that the required Rule 26(a)(1) initial disclosures should be "due fifteen days after entry of this

1

Scheduling Order." February 27, 2006 Joint Report of Results of Rule 26(f) Conference and Proposed Scheduling Order (Docket #22). This agreement was consistent with Federal Rule 26(a)(1), which encourages the speedy and early disclosure of certain discovery information.[1] This Court then adopted the proposed language in its March 1 Order, in addition to ordering Plaintiff to disclose any Rule 26(a)(2) expert testimony by November 1 and Defendants to disclose expert testimony by December 1. March 1, 2006 Order (Docket #23).

Defendant Adeboyeku served his initial disclosures on March 16, in accordance with the Scheduling Order. That afternoon, Rick Rude, counsel for Plaintiff, called Doug Baruch, counsel for Mr. Adeboyeku, claiming that the Court's March 1 signed order was superseded by a March 2 entry in the Clerk's docket that sets Plaintiff's Rule 26(a)(1) initial disclosures due on November 1. Mr. Baruch agreed that the Clerk's entry was confusing but expressed his position that the Clerk's notation did not supersede the Order signed by the Judge and noted that it simply appeared that the Clerk had misread the Order. Mr. Rude indicated that it was his experience that the Court's practice was to postpone initial disclosures until the end of the discovery period. Nevertheless, Mr. Rude stated that he would contact the Clerk within the next day to obtain clarification.

After five days without any contact from Mr. Rude, counsel for Mr. Adeboyeku wrote Mr. Rude, explaining that we had seen nothing that would reflect any attempt on his part to resolve the issue. *See* Att. 1 (March 22 Letter from W. Fischman to R. Rude). Two days later, Mr. Rude replied that he had decided neither to contact the Court, nor to make any disclosures, instead, demanding that it was Mr. Adeboyeku's duty to "contact the court for clarification." *See*

---

[1] Specifically, the rule states that initial disclosures "must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1).

Att. 2 (March 24 Letter from R. Rude to W. Fischman). Mr. Rude further repeated his view that this Court "sets Rule 26(a)(1) disclosures at or near the end of the discovery phase." *Id*. After giving Plaintiff until March 27 to provide full and complete Rule 26(a) disclosures, Defendant Adeboyeku filed the instant motion.

## ARGUMENT

**I.    Plaintiff Has No Substantial Justification for Failing to Provide Initial Disclosures**

Under Rule 37(c), a party must have "substantial justification" for its failure to meet the disclosure requirements of Rule 26(a). "Substantial justification" is met only where there is either a "genuine dispute" or if "reasonable people could differ" about the validity of the failure to disclose. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A party's position is not substantially justified if there is no legal support for it." *Cobell v. Norton*, 226 F.R.D. 67, 91 (D.D.C. 2005) (Lamberth, J.) (citations omitted).

Plaintiff's assertion that the Clerk's docket entry overrules a signed order of this Court does not meet the substantial justification standard of Rule 37. A docket entry simply does not preempt a Court Order.[2] This is particularly true where the docket entry appears to be the result of a simple clerical error: the Clerk merely conflated the dates required for the Rule 26(a)(1) and Rule 26(a)(2) disclosures.

Plaintiff's assertion that this Court somehow modified its March 1 Order runs contrary to the plain language of Rule 26(a)(1). Plaintiff's claim that this Court "sets Rule 26(a)(1)

---

[2] The comments to Local Rule 5.4(c)(3) explain that an order "entered on the docket *without an attached document* is official and binding" (emphasis added). Here, the Clerk's docket has an attached document -- the Court's Scheduling Order. The Court's Order, docket #23, appears immediately before the Clerk's entry and is on the same date. Thus, the docket entry is *not* a separate order, as Plaintiff posits; rather, it is purely explanatory in nature, and fulfills the Clerk's obligations to include the "substance of each order" as required by Fed. R. Civ. P. 79. Because it is purely descriptive, the docket entry cannot modify the Order.

disclosures at or near the end of the discovery phase" is totally inconsistent with the speedy disclosures required under Rule 26(a)(1). Initial disclosures are just that -- initial. As such, they are designed to encourage the early exchange of information. *See, e.g.*, Fed. R. Civ. P. 26, 1993 Advisory Notes (explaining that Rule 26(a)(1) disclosures are a "*pre-discovery* exchange of core information") (emphasis added). Under the circumstances, Plaintiff's professed reliance on the Clerk's docket entry instead of the Order does not reflect a defensible legal position.

## II.    Attorneys Fees are Proper

Under Rule 37, a court must award attorneys' fees and costs associated with a successful motion, unless the court finds that the opposing party's nondisclosure was substantially justified or that an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(4)(A). Here, neither of these exceptions apply.

As already explained, Plaintiff's position was not substantially justified. Similarly, an award would not be unjust. First, an award would send a clear signal at the outset of discovery that this Court will not tolerate delay tactics. Second, Defendant Adeboyeku, a working student, should not be made to shoulder the costs of this motion compelling Plaintiff to comply with his discovery obligations. Third, Plaintiff was given numerous opportunities to provide the disclosures without any involvement from the Court; but each time, Plaintiff's counsel refused.

## CONCLUSION

Plaintiff has failed, without justification, to comply with the March 1 Order of this Court requiring the parties to make their Rule 26(a)(1) initial disclosures by March 16. Notwithstanding Mr. Adeboyeku's timely compliance with the Order and his repeated attempts to gain Plaintiff's compliance, Plaintiff has refused to comply. This Motion to Compel unfortunately is necessary to obtain compliance and other appropriate relief.

4

**CERTIFICATION**

Pursuant to Local Rule 7(m), on the morning of March 29, counsel for Mr. Adeboyeku yet again contacted Plaintiff's counsel to ask him to reconsider filing his initial disclosures, telling him that he would force us to file this Motion if he did not reconsider. Plaintiff's counsel steadfastly refused, relying on the same argument that he has argued since March 16, that the Clerk's docket entry supersedes the Court's Order and his disclosures are due on November 1. Plaintiff's counsel will therefore oppose this Motion.

DATED: March 29, 2006                                Respectfully Submitted,


                                                     /s/ Daniel E. Loeb

                                                     Daniel E. Loeb (DC Bar # 386098)
                                                     Douglas W. Baruch (DC Bar # 414354)
                                                     Wendy P. Fischman (DC Bar # 468458)
                                                     Kerry Hotopp (DC Bar # 483747)
                                                     Fried, Frank, Harris, Shriver & Jacobson, LLP
                                                     1001 Pennsylvania Ave., NW, Suite 800
                                                     Washington, DC  20004
                                                     (202) 639-7000
                                                     (202) 639-7003, Fax

                                                     *Attorneys for Olayinka Adeboyeku*