UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                    Case No. 1:05cv1274RCL

OLAYINKA ADEBOYEKU
And ANTHONY B. WOOD,

    Defendants.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH RULE 26(A)(1) INITIAL DISCLOSURES

COMES NOW, Plaintiff, by and through his counsel, and submits this Memorandum of Points and Authorities in Opposition to Defendant Olayinka Adeboyeku's Motion to Compel Compliance with Rule 26(a)(1) Initial Disclosures. In opposition to Defendant's motion, plaintiff states as follows:

SUMMARY OF OPPOSITION

Defendant's motion is **PATENTLY FRIVOLOUS.** The underlying premise of the motion is that an Order entered by the Clerk of the Court has no legal effect. Such a concept is as astonishing as it is bizarre. The Clerk of the Court provided electronic notice on March 2, 2006, effective and filed as of March 1, 2006, of the Court's Order setting the due date for Plaintiff's initial discovery as November 1, 2006. A motion to compel compliance with a requirement that is not due for seven months requires the conclusion that opposing defense counsel is seeking to harass plaintiff. The Court should take what steps the Court deems necessary to require defense counsel to cease such filings.

1

## OPPOSITION STATEMENT OF FACTS

The Court entered a Scheduling Order (Doc. #23) on March 1, 2006. The Court further entered a "Notice" on March 2, 2006 (at 4:52 PM) "filed on 3/1/2006" which states as follows:

"Set Deadlines/Hearings: Amended Pleadings due by 4/15/2006. Discovery due by 1/1/2007. Dispositive Motions due by 2/1/2007. Plaintiff Rule 26a1 due by 11/1/2006. Defendant Rule 26a1 due by 12/1/2006. Status Conference set for 3/1/2007 09:30 AM in Courtroom 22A before Judge Royce C. Lamberth".

The Notice clearly shows that it was electronically "mailed" to counsel for plaintiff and defendants. Defendant does not represent nor can his multiple counsel deny having received the involved Notice. The Notice was filed on the same day as the Scheduling Order. The Scheduling Order directs Rule 26a1 initial disclosures in 15 days. (Doc. #23, pg. 1, para. 2). The Notice clearly modified the deadlines contained in the Scheduling Order. Defendant has been informed of this fact no less than six or seven times.

## OPPOSITION ARGUMENT

The gist of defendant's motion is contained at page 3 of defendant's Memorandum at which it is stated:

"A docket entry simply does not preempt a Court Order. This is particularly true where the docket entry appears to be the result of a simple clerical error: the Clerk merely conflated the dates required for the Rule 26(a)(1) and Rule 26(a)(2) disclosures".

Defendant, by this admission, concedes that under the Notice issued by the Court, Plaintiff's Rule 26(a)(1) Initial Disclosure compliance date was changed. Defendant's complaint should have been more properly addressed to the court—not to counsel for plaintiff. Defendant's attempt to bully opposing counsel is reflective of a lack of respect both for opposing counsel and for the Orders of the Court.

Local Rule LCvR 16.1(c) provides that the "Clerk shall give notice to counsel of every matter set by the court, …". Local Rule LCvR5.4( c)(3) provides that any Notice issued electronically or "by the Clerk" "shall have" …"binding authority". Counsel admitted to practice before the District Court are obligated to "pay attention" to the Orders of the Court. If one were to take the position of "devil's advocate", it is appropriate to note that a conflict could be said to exist between the requirements of the Scheduling Order and the Notice. Defendant now claims "clerical error". Plaintiff would refer the Court to the provisions of Rule 60(a), Fed.R.Civ.P. 60(a), which provides the proper procedure by which "clerical mistakes" are addressed and corrected.[1]

Defendant's demand for $5,000 in attorney's fees is likewise without merit. If one were to take defendant's motion seriously, which plaintiff does not, then the court should award attorney's fees to counsel for plaintiff based upon the frivolous nature of defendant's motion. Federal Rule 37(a)(4), Fed.R.Civ.P. 37(a)(4), permits an award of fees "unless the court finds … that the opposing party's nondisclosure … was substantially justified, or that other circumstances make an aware of expenses unjust". In the instant motion, defendant is seeking attorney's fees from plaintiff based upon plaintiff's refusal to concede that the Court has made a "clerical error". This is pure folly by defendant. The Federal Rules of Civil Procedure contain a specific rule to address perceived clerical error—it is Rule 60(a), NOT Rule 37(a). Defendant has not followed the correct rule nor correct procedure and is wasting both the court and opposing counsel's time and resources in the process.

---

[1] Plaintiff does not believe, based upon observation of the orders of the court in other proceedings, that there is any clerical mistake involved. The Notice was issued at the direction of Judge Lamberth. If defendant had some objection, he could have further filed a motion for reconsideration. Such a motion is now untimely and would be without merit in any circumstance.

## CONCLUSION

The defendant's motion is actually attacking an alleged "clerical mistake" purportedly made by the Clerk of the Court. Plaintiff does not believe any such mistake occurred. A motion to compel compliance with an Order, which the movant concedes conflicts with another Order of the Court, is patently frivolous.

The Court should deny the instant motion and include within the Court's Order an admonishment to cease and desist from such frivolous pleadings in the future. It is further hereby requested that the Court enter an Order for such other and further relief as the Court deems just and appropriate in the circumstances.

Dated: 30 March 2006

Respectfully submitted,

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff