UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN W. RUDE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-01274 RCL |
| ) | |
| **OLAYINKA ADEBOYEKU,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO COMPEL

Defendant Adeboyeku reluctantly filed this Motion to Compel only after exhausting other efforts to seek Plaintiff's compliance with this Court's March 1 Scheduling Order which required the parties to exchange Rule 26(a)(1) initial disclosures by March 16, 2006. Mr. Adeboyeku complied. Plaintiff did not and, via his opposition, persists in his position that his *initial* disclosures are not due until November 1, near the end of the discovery period. Indeed, Plaintiff has now served discovery seeking details regarding Mr. Adeboyeku's initial disclosures notwithstanding Plaintiff's failure to make his own disclosures. Mr. Adeboyeku requests the Court's intervention through this Motion.

Plaintiff's opposition rests on the untenable premise that the Clerk's docket entry of the March 1 Order rendered the Order itself — and particularly the portion of the Order requiring initial disclosures within 15 days — a nullity. Plaintiff is incorrect. The Clerk's docket entry is not an Order; rather, it is a purely descriptive entry under Fed. R. Civ. P. 79, which requires the Clerk to "show. . . the substance of each order.". In describing "the substance" of the Court's Order, the docket entry simply misstated the contents of the Order by confusing the dates for

1

Rule 26(a)(1) and (a)(2) disclosures. If the Clerk's entry is indeed a separate order, as Plaintiff contends, then where on the docket is the Clerk's Rule 79 descriptive entry of the Court's Scheduling Order?

Plaintiff could have easily resolved this discrepancy by simply contacting the Court to seek clarification, under the very same Rule 60(a) Plaintiff cites in his brief. But Plaintiff opted to exploit the clerical error in a docket entry description, for the purpose of significantly delaying a discovery obligation. Under the circumstances, the onus should have been on Plaintiff to seek some validation under Rule 60(a) that his reliance on the docket entry was permissible, due to the many and obvious factors that indicated the docket entry was wrong, as outlined in Mr. Adeboyeku's motion papers. When Plaintiff insisted on shifting that burden to Defendant Adeboyeku, he, of necessity, brought this Motion to Compel.

Mr. Adeboyeku requests the Court to grant this Motion and direct Plaintiff to comply with the March 1 Order by promptly serving his Rule 26(a)(1) disclosures as mandated under that Order.

DATED: April 4, 2006                                    Respectfully Submitted,


                                                        /s/ Daniel E. Loeb

                                                        Daniel E. Loeb (DC Bar # 386098)
                                                        Douglas W. Baruch (DC Bar # 414354)
                                                        Wendy P. Fischman (DC Bar # 468458)
                                                        Kerry Hotopp (DC Bar # 483747)
                                                        Fried, Frank, Harris, Shriver & Jacobson, LLP
                                                        1001 Pennsylvania Ave., NW, Suite 800
                                                        Washington, DC  20004
                                                        (202) 639-7000
                                                        (202) 639-7003, Fax

                                                        *Attorneys for Olayinka Adeboyeku*