UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                   Case No. 1:05cv1274RCL

OLAYINKA ADEBOYEKU, et al.,

    Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RECONSIDERATION
OF AWARD OF ATTORNEYS FEES ON MOTION TO COMPEL

COMES NOW, Plaintiff, by and through his counsel, and submits this Memorandum of Points and Authorities in support of Plaintiff's Motion For Reconsideration of the Court's Order dated May 15, 2006 (Doc. #32) which authorizes an award of attorneys' fees against counsel for plaintiff. An award of attorneys' fees is simply not merited based upon a complete statement of the facts. The Clerk of the Court, pursuant to Local Rule 5.4(c)(3), LCvR 5.4(c)(3), has issued two (2) separate and distinct "Notices" which represent that the Court has reset dates contained in Scheduling Orders.

The Local Rules of this Court (Commentary at page 30, LCvR 5.4(c)(3)) specifically state that an order or "notice" entered on the docket "without an attached document is **official and binding**". Secondly, the Clerk of the Court actually issued a formal Notice of Electronic Filing under the Court ECF Document System. This fact further elevates the involved filing and transformed the "docket entry" into a formal "Notice" issued by the Court. The fact discussion in the involved Order does not reflect that the Court was

1

aware of the issuance of this Electronic Notice.[1] This situation represents a omission of relevant fact which is subject to reconsideration as a mistake of fact.

The legal issue for resolution is therefore whether or not a party is "substantially justified" in relying upon a duly issued Notice and the strictures of Local Rule 5.4(c)(3). As will be more fully set forth below, the decision of the Court, as presently articulated, would establish a standard of conduct that places all counsel in the untenable position of deciding whether or not to comply with a Notice issued by the Clerk of the Court based upon the subjective standard of whether or not counsel believed the involved Notice was "correct or erroneous". That standard is also inconsistent with the requirements of the Court's Local Rule.

The Notice which is the subject of the instant motion was likewise the second Notice issued by the Clerk of the Court to counsel for Plaintiff which represented that the Notice was "Reset(ting)" deadlines. In addition, there has been no entry of any "Notice of Corrected Docket Entry" in either of the involved cases. Counsel for Plaintiff was justified in engaging in the belief that the involved Notices were entered with the authority of the Court and correct as entered.

### STATEMENT OF FACTS

The involved proceeding was assigned to the Court's Electronic Case Filing System. The result is that all pleadings are submitted through that Case Management device and all Order, Notices or directives of the Court are communicated to the parties through that same system. On March 1, 2006 a Scheduling Order was entered which reflected a

---

[1] The Court discussed a 'clearly erroneous' docket entry. However, the involved docket entry was recorded and issued as a formal "electronic filing" by the Court. The formal filing was identical to an electronic filing served on February 2, 2006 which reflected a change to a Scheduling Order entered February 1, 2006 in Docket 05cv1278RCL, Rude v. Dancing Crab et al.

2

proposed order from the parties. (Doc. #23). On March 2, 2006 at 5:52 PM counsel for plaintiff received a "Notice of Electronic Filing" which represented that a filing had been made in Case Number 1:05-cv-1274. The Notice contained the specific "docket text" that was "Set Deadlines/Hearings". (A copy of this Notice and prior Scheduling Order are attached hereto as Exhibit No. 1). A review of the Notice reflected that it contained changes from the Scheduling Order. It is also relevant to note that the March 2, 2006 "Notice" almost indistinguishable from and utilizes the same format as the March 1, 2006 Notice. The Court's May 15th Order, on the other hand, stated indicates that so far as the Court is concerned there was only a "clearly erroneous entry" and that there was "SIMPLY AN ERROR MADE ON THE COURT'S DOCKET"(Doc. #32). The Court states "there was no Court Order entered on March 2;" the Court does not however address the fact that a formal Notice was indeed issued on March 2, 2006.

It appears that it is fortunate that counsel for Plaintiff kept a copy of the involved March 2, 2006 Notice. That Notice is not identified nor indicated on the Court's Docket Report. Likewise, counsel cannot "recreate" or "revive" these Notices with the access that the ECF Document System provides. The omission of this Notice from the Docket Report may have contributed to the conclusion reached by the Court in its May 15th Order that only a docket entry was involved. Counsel for defendant, on the other hand, was a named recipient of the involved Notice and was more than aware that such Notice of Electronic Filing had been issued on March 2, 2006.

On February 1, 2006 the Court entered a Scheduling Order in Docket No. 1:05cv1278RCL, *Rude v. Dancing Crab at Washington Harbour et al.* On February 2, 2006, Counsel for Plaintiff received a "Notice of Electronic Filing" from the Clerk of the

3

Court which represented that it "Set/Reset Deadlines". (A copy of this Notice and the prior Scheduling Order are attached hereto as Exhibit No. 2).

A comparison of the Clerk's Notices of February 2, 2006 and March 2, 2006 reflects that each electronic Notice CONTAINED CHANGES TO THE DATES FOR COMPLIANCE with Rule 26(a)(1). The March 2, 2006 electronic Notice was therefore properly concluded by counsel for plaintiff to be a repetitive action by the Court that included changing the dates of issuance of initial disclosures under Rule 26(a)(1). These Notices are literally identical to the Notices regularly issued by the Court.

It is noted that the Court dismisses Plaintiff's contentions as "ridiculous". However, it begs the question as to "how" the same "clearly erroneous entry" can be made in two different cases and over one month apart.[2] In each case, the time for compliance with the requirements of Rule 26(a)(1) were changed by the formal "Notice". It must also be recognized that the Court has the power to change a Scheduling Order at any time, with or without the participation of the parties in that decision. The Notices are deemed "Official and Binding" on all parties pursuant to the Court's Local Rule. It is highly reasonable for counsel for plaintiff to conclude that the Court had summarily changed the March 1, 2006 Scheduling Order in the same manner that the Court appeared to have summarily changed the February 1, 2006 Scheduling Order in a related case.

## ARGUMENT

The Court's Order states that Plaintiff's position was ridiculous and therefore sanctionable. (Doc.#32). The controlling provision is Rule 37(a)(4)(A), F.R.Civ.P. 37(a)(4)(A). That provision does not permit an award of attorneys' fees if the opposing

---

[2] The situation may only be an extraordinary coincidence. However, plaintiff's counsel should not be sanctioned for relying upon the duly issued Notices of the Clerk of the Court. This is especially true when there is a pattern of Notices that change dates in Scheduling Orders.

party's objection was "substantially justified" or "that other circumstances make an award of expenses unjust". Plaintiff has established that counsel's position was not only justified but that an award of attorneys' fee would be unjust under the facts.

It is a common circumstance that the Clerk of the Court will issue notices or orders in a proceeding. The Court's Local Rules and Federal Civil Rules 77(c) and 77(d) contemplate this activity. The Court's Local Rules specifically and intentionally establish that the Notices and issuances of the Office of the Clerk of the Court are as important, official and binding as that issued by a Judge. LcvR 5.4(c)(3). There is no requirement that any signature be reflected on any document issued by the Court. The Electronic Case Management User's Manual (Revision 5, November 2003) notes that a "Notice of Electronic Filing" reflects that a document has been filed with the Court and represents a "Certificate of Service". (Manual at pages 21-22). The March 2, 2006 Notice was in fact identified as a document having been filed with the Court. It is submitted that attorneys should not be imputed with knowledge of the inner workings of the Court's software programs and should be entitled to rely upon the Notices and information issued by the Court. The Court's May 15th Order denies to counsel for plaintiff that benefit.

As noted above, the legal question is whether or not the opposition was "substantially justified". That term was defined by the Supreme Court in *Pierce v. Underwood*, (1988) 487 U.S. 552, 565. The Court noted that a position was substantially justified is there was a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action". This court, in *National Association of Manufacturers v. U.S. Department of Labor*, (J. Lamberth) 962 F.Supp. 191, 196 (D.DC. 1992), noted that a

position was substantially justified if "there is a good reason for the action and a good reason for fighting about it". The facts in this case demonstrate that the Clerk of the Court issued a formal Notice subsequent to the Scheduling Order that appeared to change the terms of the Scheduling Order. The facts likewise demonstrate that the March 2, 2006 Notice was not an isolated event but appeared to be a repetitive practice. The Court's Rules make such Notices binding irrespective of the intent or the internal knowledge of the Court. To shift to counsel the requirement to decide whether or not a formal Notice or Order should be disregarded is not consistent with the Court's Rules of Procedure nor with the concept that parties and counsel are permitted to rely upon the representations of and the contents of the Court's Notices and Orders.

### PLAINTIFF HAS ALREADY COMPLIED WITH THE COURT'S ORDER

Plaintiff, upon receipt of the May 15th Order, did immediately forward to counsel for defendant the involved initial disclosures. There has been no prejudice to defendant and defendant has already issued interrogatories and document production requests to plaintiff which substantially supercede the initial disclosures.

Plaintiff has shown that a Notice was in fact issued which, by means of timing and contents, appeared to modify and change the prior Scheduling Order. Plaintiff has also shown that the same type of Notice, which now presumably contains the identical errors, was issued one month earlier. Plaintiff has likewise shown that the Court employs the same format, terms and verbage in each electronic Notice. Plaintiff's position was not only reasonable under the extraordinary facts of this matter but also within the zone of reasonableness of actions which are substantially justified.

Under the above circumstances, it is hereby submitted that the Court must reconsider its Order of May 15th (Doc. #32) and vacate that Order as not being supported by the facts. Further, that under the circumstances, that the entire matter should be dismissed as moot. Plaintiff having complied with the involved directive of the Court and further having established that a contradiction existed between the Scheduling Order and the subsequently issued Notice by the Clerk.

## CONCLUSION

It is hereby respectfully requested that Plaintiff's Motion For Reconsideration be granted and that an Order be entered as consistent with the facts and for such other and further relief as the Court deems just and appropriate in the circumstances.

Plaintiff has further enclosed a proposed Order for the convenience of the Court.

Dated: 16 May 2006

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff