UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-01274 RCL |
| ) | |
| OLAYINKA ADEBOYEKU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OLAYINKA ADEBOYEKU'S
OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>RECONSIDERATION OF AWARD OF FEES</u>**

Defendant Olayinka Adeboyeku, by and through his counsel, respectfully submits this opposition to Plaintiff's Motion For Reconsideration of Award of Fees. In asking for this Court to rescind its award of attorneys fees to Defendant Adeboyeku, Plaintiff has ignored the obvious impact of this Court's Order and has repackaged and rehashed arguments previously rejected by the Court as "offensive." (Docket No. 32). In addition to trotting out the same mistaken arguments, Plaintiff's Motion fails to raise any new legal issues, making the Motion improper. Plaintiff's Motion should therefore be denied.

**BACKGROUND**

On March 1, 2006, the Court issued a Scheduling Order that set the due date of the initial disclosures for March 16, 2006. (Docket No. 23). One day later, the Court Clerk docketed the Scheduling Order and accidentally conflated the dates required for the Rule 26(a)(1) and Rule 26(a)(2) disclosures. The Clerk's docket entry, therefore, mistakenly stated that Plaintiff's initial disclosures were due on November 1, 2006, at the tail-end of the discovery period.

Relying on this obvious error, Plaintiff refused to make his initial disclosures by the March 16 due date. Moreover, he rebuffed all of Defendant Abeboyeku's attempts to resolve the matter without the intervention of the Court, claiming that it was Defendant's responsibility to correct any perceived mistake on the docket. Only after exhausting all other options to obtain compliance, Defendant Adeboyeku filed his Motion to Compel the required initial disclosures. (Docket No. 28). The Court granted the Motion and awarded Mr. Adeboyeku reasonable attorneys' fees in connection with the Motion, explaining that Plaintiff's reliance on the "clearly erroneous entry on the Court's docket . . . is so ridiculous it is sanctionable." (Docket No. 32). Plaintiff now seeks reconsideration of that Order.

## ARGUMENT

Plaintiff argues that he was "substantially justified" in relying on the mistaken Clerk's entry and that, for a variety of reasons, it was "highly reasonable" for him to conclude that the Clerk's docket entry had modified the Court's Scheduling Order. However, Plaintiff's argument merely repackages his previous argument that the docket entry in fact modified the Court's Scheduling Order.[1] To request the Court to reconsider its decision based on the same argument is improper. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citations omitted), *cert. denied*, 476 U.S. 1171, (1986). Such motions seek an extraordinary remedy that should not be invoked when a party merely re-styles or rehashes issues previously presented. *McConccha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp.

---

[1] Plaintiff's previous argument was that the docket entry did in fact modify the Court's Scheduling Order. *See* Plaintiff's Opposition to Defendant's Motion to Compal, p. 3, note 1 (Docket No. 29). Plaintiff's current argument is that it was reasonable for him to conclude that the entry modified the Court's Scheduling Order.

2

1182, 1184 (N.D. Ohio 1996).  Moreover, even though Plaintiff presents the arguments in a new and different light, a motion for reconsideration is not proper where "new" evidence or legal theories *could have been presented* in the original motion.  *McConccha,* 930 F. Supp. at 1184.  Mere disagreement is not grounds for a motion for reconsideration.  *Id*.  Under this standard, Plaintiff's Motion likewise is improper.  Plaintiff could have made his arguments in his opposition to Defendant's Motion to Compel, and to a large extent, he did.  There is no reason why Plaintiff should now have a second bite at the apple, simply because he still believes he was right.

      Even if the Court decides to consider Plaintiff's Motion, Plaintiff's position was not "substantially justified."  Plaintiff is not correct that docket entries electronically distributed to counsel with the title "Notice of Electronic Filing" have the same effect of a Court Order.  The notice of electronic filing sent to counsel based on the March 2, 2006 docket entry was simply docketing the Court's March 1 order signed by Judge Lamberth.  The entry contains no indication that it is an order from the Court, and unlike the Scheduling Order, contains no notation that it is "Signed by Judge Royce C. Lamberth."  The docket entry is explanatory in nature, and fulfills the Clerk's obligations to include the "substance of each order" as required by Fed. R. Civ. P. 79.  Moreover, Plaintiff had a multitude of other common-sense indicators that belie his position that he was substantially justified in relying on the Clerk's docket, including the most obvious ones that initial disclosures placed at the end of discovery are not "initial" and that the docket entry clearly conflates the various dates.

      In explaining the term "substantially justified," Plaintiff cites to this Court's decision in *National Association of Manufacturers v. U.S. Department of Labor*, 962 F.Supp. 191 (D.D.C. 1992) (Lamberth, J.).  But Plaintiff should have heeded this Court's words better: in order to be

3

substantially justified, there must be "a good reason for the action *and a good reason for fighting about it*." *National Association of Manufacturers*, 962 F.Supp. at 196 (emphasis added). Here, there was no "good reason to fight[]" about this obvious error. This is the sort of dispute that should have, and could have, been worked out by the parties. But after exhausting all attempts to reason with Plaintiff, including sending multiple letters and e-mails to, and holding various conversations with Plaintiff, Defendant Adeboyeku was left with no alternative but to file the Motion to Compel. Therefore, despite Plaintiff's proclamations to the contrary, Defendant Adeboyeku was prejudiced by having to file the original Motion to Compel, as well as this reply to Plaintiff's present motion. This is time that should be compensated, over this "ridiculous" dispute.

**CONCLUSION**

Apparently, Plaintiff's counsel still does not get it. The Court's March 1 order was clear and unambiguous. Just as clear was the obvious clerical error made by the clerk a day later. Yet Plaintiff insists on burdening the Court and Defendant with further arguments and pleadings that simply defy common sense. Whether he again is "trifling" with the Court, someone else must determine. However, there can be no doubt that Plaintiff's unjustified failure to comply with the plain language of the March 1 Order continues to cause needless litigation. For the reasons set forth above, Defendant Adeboyeku respectfully requests that the Court deny Plaintiff's most recent motion.

DATED:  May 18, 2006                                /s/ Daniel E. Loeb
                                                    Daniel E. Loeb (DC Bar # 386098)
                                                    Douglas W. Baruch (DC Bar # 414354)
                                                    Wendy P. Fischman (DC Bar # 468458)
                                                    Kerry Hotopp (DC Bar # 483747)
                                                    Fried, Frank, Harris, Shriver & Jacobson, LLP
                                                    1001 Pennsylvania Ave., NW, Suite 800
                                                    Washington, DC  20004
                                                    (202) 639-7000
                                                    (202) 639-7003, Fax

                                                    *Attorneys for Olayinka Adeboyeku*