UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                      Case No. 1:05cv1274RCL

OLAYINKA ADEBOYEKU et al.,

    Defendants.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR RECONSIDERATION

Comes now, Plaintiff, by and through his counsel, and submits the Reply to the Opposition of Defendant's to Plaintiff's Motion For Reconsideration of Award of Fees.

REPLY STATEMENT OF FACTS

In reply, Plaintiff notes as follows:

1. The use of Rule 26(a)(1) Initial Disclosures varies not only from judge to judge, but from court to court. There is no uniformity regarding initial disclosures. Trial judges have virtually absolute discretion regarding scheduling orders, including timing and sequence of discovery, including initial disclosures.

2. The defendant admits that a "Notice of Electronic Filing" was in fact issued to counsel through the Court's electronic filing system. The Manual associated with the Court's electronic system identifies such a Notice as evidence that a "document filing" has been made in the case identified. This is significantly different than a 'docket entry'. A docket entry would not have generated a certificate of service and "notice of document filing".

1

3. The Notice of Electronic Filing issued in Case No. 05cv1274 on March 2, 2006 is identical to an earlier Notice issued in a related case. The contents of each Notice appears to the reader as changing/resetting dates.

4. Defendant was informed that Mr. Tapp, counsel for Mr. Wood, interpreted the March 2, 2006 Notice in the same manner as counsel for Plaintiff.

5. Defendant was further informed that it was the observation of counsel for Plaintiff that some trial courts chose to use Rule 26(a)(1) initial disclosures close to the end of discovery so that the parties would in effect be exchanging better and more complete information. That the purpose of such a delay was to facilitate what amounted to a Joint Pre-trial Statement. Such Joint Pre-trial Statements have been encouraged in other forums for the reason that (i) reduce the number of facts that are considered disputed, (ii) identify overlap of witnesses and facilitate the elimination of duplications, and (iii) narrow both the factual and legal issues for trial.

6. Defendant Wood's counsel has not in fact produced an Initial Disclosure to either Plaintiff nor presumably to Co-Defendant Adeboyeku.

## REPLY ARGUMENT

Defendant belatedly acknowledges that a Court "Notice" was in fact issued. (Opposition Memorandum at page 3). Plaintiff pointed out that under the Court's Local Rules, such Notices are "official and binding". Defendant does not dispute Plaintiff's interpretation of Local Rule LCvR 5.4(c)(3). Plaintiff provided the Court with not one, but two instances of Court Notices that appeared to change or modify Scheduling Orders. The Court is thusly presented with the question of whether or not

2

plaintiff's counsel was reasonably entitled to rely upon (1) the Notice involved and Local Rule 5.4(c)(3), and (2) the prior issuance of an Notice which made the same type of change to the Scheduling Order in a related case and (3) the awareness of counsel that trial judges have and often make unilateral changes in such Orders.

It is respectfully submitted that Plaintiff has established that reasonable grounds existed for the position taken in this matter. Secondly, defendant has previously observed the trial testimony of the primary witnesses and has copies of all pre-trial statements. Thirdly, Plaintiff's medical records from the intensive care unit at George Washington University Hospital were a trial exhibit and likewise provided to defendant. Fourthly, upon receipt of the Court's May 15th Order, Plaintiff did forward to defendant Plaintiff's initial disclosures. Fifthly, on May 19th, Plaintiff likewise forwarded extensive documents and answers to interrogatories which not only duplicated but superceded the involved initial disclosures. Defendant has therefore incurred no prejudice by Plaintiff's good faith reliance upon a duly issued Notice of this Court.

## CONCLUSION

Plaintiff hereby prays that in consideration of the above and foregoing, it is hereby respectfully requested that Plaintiff's Motion For Reconsideration of Award of Fees be granted.

Dated: 22 May 2006

_____
RICK A. RUDE, Esq. #244897
207 Park Avenue, Suite 103
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.