UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                Case No. 1:05cv1274(RCL)

OLAYINKA ADEBOYEKU
And ANTHONY B. WOOD,

    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR TELEPHONE DEPOSITION**

COMES NOW, Plaintiff by and through his counsel, pursuant to Rule 30(b)(7), Fed.R.Civ.Proc. 30(b)(7), and Local Rules 7(a), 7(b) and 7(m), LCvR 7(a), 7(b) and 7(m), and pursuant to Rules 26(f) and 26(g), and moves this court for an Order permitting the deposition of Mr. James Sylvester by telephone.

STATEMENT OF FACTS

This proceeding is the civil side of a criminal proceeding that was held in the Superior Court of the District of Columbia in March 2005. Cf. *United States v. Olayinka Adeboyeku*, Case Nos. F-04-4460 and F-04-4895. The Superior Court trial was scheduled to commence on or about March 1, 2005 and to last for 2-3 days[1]. The United States Attorney brought witnesses from foreign countries and from locations outside the Washington, D.C. area for the Government's case. Mr. James Sylvester was a witness to events surrounding defendants' attack of June 27, 2004 upon plaintiff. Mr. Sylvester was also a victim identified in the six count criminal indictment of Mr. Adeboyeku involving

---

[1] The Superior Court case was continued and the trial was allowed to drag on for over two weeks. The result was the loss of witnesses by the Government disabling the Government's rebuttal case.

1

felony threats and obstruction of justice. Counsel for Adeboyeku questioned Mr. Sylvester at length in the criminal proceeding.

Mr. Sylvester is now a member of the United States Navy having recently completed his advanced training at Camp Pendleton, California. Mr. Sylvester is awaiting orders for deployment outside the continental United States. Mr. Sylvester was deposed in a related case.[2] On September 18, 2006 counsel for Plaintiff provided to counsel for defendant Adeboyeku the deposition of transcripts of Mr. Anthony Wood and Mr. Oluwatosin Adeboyeku. Counsel for plaintiff specifically noted to defendant:

> "I have the deposition transcripts for Mr. Gillman and Mr. Sylvester (sic) which you are free to review if you so wish".[3]

Counsel for plaintiff has made every reasonable effort to work with counsel for defendant. Plaintiff has continually provided supplementary materials and updates of any relevant information. In early November plaintiff sought to obtain the agreement of counsel for defendants to a telephone deposition of Mr. Sylvester. After delays, counsel for defendant Anthony Wood indicated no objection. Counsel for defendant Adeboyeku, on the other hand, appeared to agree to plaintiff counsel's appearance by telephone for the involved deposition. When clarification was requested, defendant stated as follows:

> "We do not agree or consent to your request to take Mr. Sylvester's deposition pursuant to Rule 30(b)(7). Moreover, we will NOT AGREE to any date for Mr. Sylvester's deposition, whether in person or by telephone, until we have received and reviewed his prior testimony, which so far you have REFUSED TO PROVIDE US. Once we have his testimony, either in response to our document request or if necessary a motion to compel, we will advise you what date are available for us to participate in person in Mr. Sylvester's deposition."[4]

---

[2] Rude v. Dancing Crab at Washington Harbour, et al., US DC Case No. 05cv1278(RCL). The parties in that proceeding had no problem in appearance by telephone by counsel for defendants.
[3] See Exhibit No. 2 to this Memorandum.
[4] See Exhibit No. 1, page 1, to this Memorandum.

2

The attitude of counsel for defendant Adeboyeku shows through quite clearly. There is a callous disregard for the facts, for the requirements of this Court's Rules of Practice, and for their obligatory requirements to adhere to and participate in the discovery process as reflected in the Scheduling Orders of this Court.

Counsel for defendant asserts (1) that they will not provide any date nor agree to any date for the involved deposition, (2) that they condition any possible response upon being first provided discovery from plaintiff, and (3) that they will only participate in an in-person deposition. Obviously, by the time defendant's concept of participation in discovery is completed—Mr. Sylvester will be GONE.

It is highly problematic when opposing counsel makes fact representations that are clearly incorrect. Counsel for defendant Adeboyeku was OFFERED inspection and review of Mr. Sylvester's prior deposition OVER TWO MONTHS AGO. Secondly, defendant Adeboyeku has the advantage of personal observation of Mr. Sylvester's criminal trial testimony.[5] Thirdly, the pendency of any discovery as to one party does not work to insulate or protect another party from complying with legitimate discovery. Rule 26(d) is very clear about that point.

## ARGUMENT

Defendant Adeboyeku has an obligation to participate in the discovery process as set forth and reflected in the Rules of Civil Procedure and the Scheduling Order. Local Rule 7(m) requires that parties confer before any non-dispositive motion is filed. Defendant Adeboyeku is in patent violation of their duty to opposing counsel and to the Court. Rule

---

[5] Plaintiff has learned that defendant has copies of prior testimony and statements by all witnesses in the defendant's criminal trial in the Superior Court. While these documents were requested in discovery by plaintiff, these documents have not been provided. For defendant Adeboycku discovery appears to be a "one-way street".

26(d) Fed.R.Civ.Proc. 26(d), plainly states that the pendency of any discovery "does not operate to delay any other party's discovery". Rule 26(g), Fed.R.Civ.Proc. 26(g), notes that counsel are NOT to make objections that are to cause unnecessary delay, needless increase in the cost of litigation, or not warranted by existing law. The outright REFUSAL of defendant to participate in discovery is sanctionable under Rule 26(g) (A), (B), and (C).

Defendant has plainly misstated the facts in his message to counsel. There was no "refusal" to provide any deposition transcript. What is occurring is a continuing pattern that has become all to familiar with "mega-firm" practice. That is the plain disregard of the facts in an intentionally designed effort to cast opposing counsel in a bad light vis-à-vis a trial court. Again, we have a breach of duty of fair treatment to opposing counsel as well as misrepresentation of fact to the court.[6]

### The Merits Of The Telephone Deposition Request

The controlling provision is Rule 30(b)(7) of the Rules of Civil Procedure. It is now well established that the purpose of that Rule is to reduce the costs of litigation by making alternative methods of deposition available. Cf. *Moore's Federal Practice 3rd Ed.*, Section 30.24(1); *Jahr v. IU International Corporation*, 109 F.R.D. 429, 431 (M.D. N.C. 1986). Rule 30(b)(7) is to be liberally construed and granted in appropriate cases.[7]

Mr. Sylvester has already testified twice. The costs of going to California to re-affirm his prior testimony are estimated at approximately $1,000 to $1,200.00. The avoidance

---

[6] Counsel for plaintiff initially objected to the vacation of defendant's default as it was surmised that this type of questionable litigation practices would be employed. The original allegation was a 'conspiracy' against defendant. The facts on the other hand, show a chasing and attack on plaintiff. The facts are also defendant Adeboyeku kicked plaintiff in the head while plaintiff was being held on the ground by Wood.

[7] The court in that case cited a D.C. Circuit decision noting the only concerns should be of "accuracy and trustworthiness". Cf. Colonial times, Inc. v. Gasch, 509 F.2d. 517 (D.C. Cir. 1975).

of such travel costs is a legitimate reason to permit a telephone deposition. Cf. *Cressler v. Neuenschwander, M.D.*, 170 F.R.D. 20, 21 (D. Kan. 1996)("saving money constitutes a legitimate reason to conduct the depositions telephonically"); *Rehau, Inc. v. Colotech, Inc. et al.*, 145 F.R.D. 444, 446-47 (W.D. Mich. 1993).

Defendant Adeboyeku has not advanced to plaintiff any reason within the scope of permissible 'excuses' permitted under Rule 30(b)(7). Defendant, in order to require plaintiff's counsel to physically return to California to 're-take' the same deposition, must show that the deposition would not be accurate or would result in a transcript that would be untrustworthy. In addition, defendant must show how defendant would be "prejudiced" by the participation of counsel by telephone. *Rehau*, at page 446; *Jahr*, at 432.

What is really involved is a tactic of obstruction and delay. Mr. Sylvester witnessed defendant's statement that he intended to attack and injure plaintiff. Defendant Adeboyeku further undertook to threaten physical injury to Mr. Sylvester regarding Mr. Sylvester's participation in *United States v. Adeboyeku*, DC Sup. Ct. Case Nos. F-04-4460 and 04-4895. If defendant can delay Mr. Sylvester's telephone deposition there is a good chance Mr. Sylvester will be outside the United States at the potential trial of this proceeding.

### REQUEST FOR FIVE DAY OPPOSITION

Defendant has delayed and obstructed discovery in this proceeding. Discovery in this case was obtained from November 2005 through December 31, 2006. The deposition of Mr. Sylvester is now set for December 11, 2006 in Carlsbad, California. It is respectfully

requested that defendant be ordered to provide an immediate response to this motion. Defendant's position lacks merit and is clearly intended for delay.

## CONCLUSION

It is hereby respectfully requested that the Court grant the involved motion permitting the telephone deposition of Mr. Sylvester and that the Court further provide any further and other relief as the court deems just and appropriate in the circumstances.

Dated:  19 November 2006

_____/S/_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA.  22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff
