UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE,            ) | |
| )  | |
| Plaintiff,       ) | |
| )  | |
| v.                    ) | Civil Action No. 05-01274 (RCL) |
| )  | |
| OLAYINKA ADEBOYEKU, *et al.*,  ) | |
| )  | |
| Defendants.     ) | |

### DEFENDANT ADEBOYEKU'S MOTION TO
### EXTEND DISCOVERY DEADLINE

Defendant Olayinka Adeboyeku, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 7, 16(b), and 26 and the Local Rules of the District of Columbia, hereby moves this Court to extend the time permitted for discovery under the Court's March 1, 2006 Scheduling Order by 120 days, until May 1, 2007, and to modify the dates set forth in the Scheduling Order accordingly. The basis for this motion is set forth in detail in the Memorandum of Points and Authorities filed herewith.

DATED: November 20, 2006        /s/ Daniel E. Loeb
                                                               Daniel E. Loeb (DC Bar # 386098)
                                                               Douglas W. Baruch (DC Bar # 414354)
                                                               Kerry Hotopp (DC Bar # 483747)
                                                               Fried, Frank, Harris, Shriver & Jacobson, LLP
                                                               1001 Pennsylvania Ave., NW, Suite 800
                                                               Washington, DC  20004
                                                               (202) 639-7000
                                                               (202) 639-7003, Fax

                                                               *Attorneys for Olayinka Adeboyeku*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-01274 (RCL) |
| ) | |
| OLAYINKA ADEBOYEKU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT
ADEBOYEKU'S MOTION TO EXTEND
DISCOVERY DEADLINE

Pursuant to Fed. R. Civ. P. 7, 16(b), and 26 and the Local Rules of the District of Columbia, Defendant Olayinka Adeboyeku ("Adeboyeku") respectfully moves this Court to extend the time permitted for discovery under the Court's March 1, 2006 Scheduling Order (Docket No. 23) ("Scheduling Order") by 120 days, until May 1, 2007 and to modify the dates set forth in the Scheduling Order accordingly.

Mr. Adeboyeku makes this request because, for a variety of reasons, it is not possible to complete discovery by the current January 1, 2007 deadline. First, lead counsel for Mr. Adeboyeku recently accepted new employment shortly after returning from maternity leave and is no longer involved in the case. In part because defense counsel is handling this case *pro bono*, the departure of lead counsel could not be addressed as promptly as might otherwise be the case, and delays ensued. Second, much of this case is based on eye-witness accounts, not on documentary evidence. While the parties have engaged in extensive document discovery, *neither* side has taken any depositions in this matter. Several witnesses live out-of-state and at least one witness resides in a different country, which will make taking depositions difficult and time consuming. Third, deposing witnesses between now and January 1, 2007 will be difficult

and maybe even impossible, since people are unavailable because of Thanksgiving, Hanukah, and Christmas.  Further, as set for the Motion to Strike "Expert Witnesses," filed with this Motion, Plaintiff's failure to comply with the federal rules governing expert reports has also contributed to the delays in this matter.  Finally, had Plaintiff been more cooperative, and provided him with copies of key deposition transcripts that Plaintiff has already taken in a separate case, the delays would have been reduced.  For all these reasons, Defendant Adeboyeku therefore requests that this Court grant a 120 day extension to all Discovery in this matter.

## BACKGROUND

In the early morning of June 27, 2004, Plaintiff and his friend assaulted Defendant Mr. Adeboyeku, a student of limited means with no prior criminal record, as he walked to his car in the Georgetown area of Washington, D.C.  Plaintiff later falsely accused Mr. Adeboyeku of assault, but a jury agreed with Mr. Adeboyeku that he was falsely accused and acquitted him of all charges.  Plaintiff, represented by his father, now seeks civil damages up to $500,000.[1]

On March 1, 2006, this Court issued a Scheduling Order that established a December 1, 2006 deadline for written discovery, a January 15, 2007 deadline for the depositions of expert witnesses, and a January 1, 2007 deadline for all other discovery.  As set out in the parties' Report on the Rule 26(f) Conference, these deadlines were designed to accommodate then-lead defense counsel's expected maternity leave, which would cause her to be unavailable between June and October.  *See* Joint Report of Results of Rule 26(f) Conference (Docket No. 22).

---

[1] Although Plaintiff fully understands Defendant's financial situation, he has continued to act like Mr. Adeboyeku is a high net worth individual.  Plaintiff recently made a six figure settlement demand, knowing full well that such demand was far in excess of anything that Defendant could realistically pay, even assuming Defendant was prepared to pay anything to settle Plaintiff's baseless claims.

2

The same month that the Court issued the Scheduling Order, the parties commenced discovery. Plaintiff was first to issue discovery requests, issuing 11 interrogatories and requesting 17 separately numbered categories of documents on March 29. In mid-April, Defendant Adeboyeku issued his own set of document requests and interrogatories, which he later followed up with a second set of document requests and interrogatories at the end of October. All told, Mr. Adeboyeku's discovery efforts resulted in 27 separate document requests and 17 interrogatories. In addition to seeking information, Mr. Adeboyeku provided timely and detailed responses to Plaintiff's interrogatories, supplied Plaintiff with all appropriate documents pursuant to his document request, and responded to each of Plaintiff's 47 requests for admissions. As expected, because of lead defense counsel's maternity absence, very little discovery occurred between June and October. What did occur, was limited to responding to Plaintiff.[2] Shortly after lead defense counsel was scheduled to return from her maternity leave, she accepted new employment and could no longer continue representing Mr. Adeboyeku.

Despite the active documentary discovery, neither party has yet taken any depositions. However, in *Jonathan Rude v. Dancing Crab at Washington Harbour, LP et al*., Case No. 05-1278 (RCL) ("*Dancing Crab*"), a case involving some of the same events at issue here, Plaintiff has taken as many as ten depositions and has traveled as far as Florida and California to depose witnesses. Although Plaintiff's counsel has, on several occasions, stated that he intends to retake all necessary depositions in this case, he has in fact taken none.

---

[2] Between June and October, Defendant answered two of Plaintiff's discovery requests, responding in mid-June to Plaintiff's interrogatories and document requests and again in mid-September to Plaintiff's requests for admission.

3

**ARGUMENT**

Local Rule 16.4 provides that the "court may modify the scheduling order at any time upon a showing of good cause." *See also* Fed. R. Civ. P. 16(b). Good cause "is demonstrated if a party seeking to extend a deadline demonstrates that a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). In deciding whether to grant an extension to a discovery deadline, this court has "broad discretion in structuring discovery." *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 426 (D.C. Cir. 1991). *See also City of Rome v. United States*, 450 F. Supp. 378, 384 (D.D.C. 1978) (granting motion for extension of time until completion of all discovery and resolution of all discovery disputes).

Although Defendant has moved expeditiously to seek documentary discovery, it is unlikely that Defendant will be able to complete the outstanding depositions that remain to be taken in this case by the current January 1, 2007 deadline.

In part, this is due to lead defense counsel's unexpected departure. Shortly after returning from maternity leave, Ms. Wendy Fischman, Mr. Adeboyeku's then-lead counsel, accepted new employment and could not continue to represent Mr. Adeboyeku. This has caused unexpected delays, because the discovery in this case was originally scheduled around Ms. Fischman's maternity leave. Indeed, in the Rule 26(f) Conference Report, Defendant explained that "[i]n light of defense counsel's anticipated maternity leave during the months of June through October, Defendants request that the deadline for completing discovery be January 1, 2007." Although Plaintiff sought an October 1, 2007 deadline, the Court instead opted for Defendant's suggested date of January 1, 2007 as the discovery cut-off. This gave the parties three additional months to conduct discovery. These additional three months corresponded exactly with Ms.

Fischman's return from maternity leave. In other words, the final three months of discovery allowed Ms. Fischman time to work actively on the case after she returned from maternity leave.

But Ms. Fischman's sudden and unanticipated departure on October 2 kept an experienced attorney who was knowledgeable about the case from focusing on the remaining discovery issues. Nevertheless, defense counsel has been active since lead counsel's departure. Defendant issued a second set of interrogatories and document requests to Plaintiff on October 31 and served a subpoena *duces tecum* on Mr. Adeboyeku's former employer on November 7. But now, without the assistance of the former lead counsel and as the deadline approaches, counsel for Mr. Adeboyeku do not have sufficient time to come up to speed on the case and to complete document as well as expert and fact discovery before the current January 1 deadline.

Despite Defendant's diligence in seeking documentary discovery, the parties have roughly a dozen individuals to depose before the deadline. Complicating matters is the fact that the witnesses, many of whom were college-aged men at the time of the assault, are now living throughout the country. For instance, Plaintiff's counsel today filed a motion with this Court, asking for a telephone deposition of Mr. Jay Sylvester, an employee at the bar the night of the assault. *See* Motion for Order Permitting Telephone Deposition (Docket No. 38). Plaintiff's counsel has also stated that he wishes to depose Mr. Michael Gillman, a close friend of Plaintiff and one of the people who assaulted Mr. Adeboyeku. Both of these individuals currently live out-of-state. While Plaintiff is satisfied with telephone depositions -- Plaintiff has already deposed these individuals in person in the related *Dancing Crab* case -- Mr. Adeboyeku's counsel will or may need to travel to California and Florida, the homes of Messr. Sylvester and Gillman respectively, in order to take their depositions in person. Moreover, Mr. Adeboyeku has a list of seven witnesses he would like to depose, some of whom live out-of-state; one is even

5

believed to reside in England. Finally, although Plaintiff's four putative "expert" witnesses are all local, those witnesses add substantially to the number of people Mr. Adeboyeku has to depose. And while Mr. Adeboyeku is moving concurrently with the present Motion to strike these "expert" witnesses because of Plaintiff's wholesale failure to comply with the requirements of Fed. R. Civ. P. 26, if the Court for some reason denies Defendant's motion, Mr. Adeboyeku will also need to depose these individuals and perhaps consider retaining his own experts.

The problem of scheduling these depositions is compounded by the fact that the depositions must be taken during November and December. These months are traditionally difficult months to schedule depositions, since Thanksgiving, Hanukah, and Christmas (among other holidays) make witnesses unavailable and challenge even the most adept travelers. Moreover, travel during this time is typically far more expensive, and inexpensive fares are more difficult to obtain, particularly where tickets are not purchased far in advance. The issue of expense is of particular concern to Mr. Adeboyeku who, as indicated, has very limited means. Given all these considerations, Defense counsel does not believe that a month and a half during these months is sufficient time to complete the depositions of thirteen or more witnesses.

Further, the need for additional time has been compounded by Plaintiff's uncooperativeness. Defendant believes that the ten depositions that Plaintiff's counsel has professed to having taken in the *Dancing Crab* litigation may help narrow the issues in this case, because they would help determine which depositions in this case are, in fact, necessary and what questions need to be posed. At first, Plaintiff expressed a willingness to cooperate, agreeing to provide Defendant with some of the *Dancing Crab* depositions. But when Mr. Adeboyeku actually requested copies of all such depositions so that he could review them, Plaintiff's counsel reversed his position, conditioning his cooperation on Defendant's agreement

that (1) the depositions could be used in this case (even though defense counsel did not participate in the depositions) and (2) Mr. Adeboyeku share all the costs associated with these depositions. To ask that depositions taken in a separate case be used in this case when Defendant's counsel was not even present during the examination is simply absurd. Moreover, Plaintiff knows that Mr. Adeboyeku, an unemployed student, is unable to share the costs associated with the depositions. Despite the possibility that these deposition transcripts could significantly narrow or focus future depositions, Plaintiff has dodged Defendant's repeated requests to provide them. Until Defendant has reviewed the *Dancing Crab* depositions, Defendant Adeboyeku cannot determine which depositions in his case are even necessary. Thus, Plaintiff's own obstructionist tactics have, in part, caused this Motion to be filed.

Moreover, at the same time that Plaintiff insists that this Court hold to its scheduling order deadline, he himself has sought to modify deadlines when it serves his purposes. The most blatant example occurred just a few short weeks ago, when Plaintiff asked Defendant for an extension of time to respond to Defendant's second set of document requests seeking copies of the *Dancing Crab* depositions. Rather than provide the transcripts to Defendant as requested and in a timely manner, Plaintiff sought, and received from Defendant, a two week extension.[3] After seeking this extension of time for himself, Plaintiff tried to reduce Defendant's deadlines, asking for a shortened five-day reply to his Motion for Order Permitting Telephone Deposition that he filed November 20. *See* Motion for Order Permitting Telephone Deposition (Docket No. 38).

Further, while insisting on the existing deadlines, Plaintiff has provided Defendant with what he characterizes as "reports" of four supposed experts which are woefully non-compliant

---

[3] Defense counsel granted Plaintiff more time before he learned that Plaintiff's counsel would not agree to any extension of the deadlines in this case.

7

with Fed. R. Civ. P. 26(a)(2)(B). Until the accompanying Motion to Strike Expert Witnesses is resolved, discovery with respect to these "experts" cannot be commenced.

Finally, Mr. Adeboyeku notes that he has not previously sought any extension on discovery deadlines from the Court.[4] Given the unusual confluence of events here, he does not believe that any future extensions will be necessary.

## CONCLUSION

For the foregoing reasons, Defendant Adeboyeku respectfully requests that the Court extend the time permitted for discovery by 120 days, until May 1, 2007, and to modify the dates set forth in the Scheduling Order accordingly.

---

[4] On one occasion, Mr. Adeboyeku has requested an enlargement of time. At the outset of this case, Plaintiff sought an entry of default (Docket No. 7), even though Defendant, a *pro se* twenty-three-year-old student, had recently obtained counsel and sought additional time to answer the complaint. Although counsel for Plaintiff stated that he, "[a]s a general rule, [] extend[s] all professional courtesies," counsel was disinclined to do so for Mr. Adeboyeku, since "this is not someone I'm included to extend courtesies to." Defendant's Motion to Vacate (Docket No. 11).

**CERTIFICATION**

Pursuant to Local Rule 7(m), counsel for Mr. Adeboyeku has conferred with Plaintiff's counsel, who refused to consent to this Motion. Plaintiff's counsel stated that he was unwilling to agree to any extension because he could not "afford" to let this "smaller case" interfere with two large cases he has scheduled in the beginning of 2007.[5] He also asserted that the case has been going on for too long, and will therefore oppose this Motion.

Counsel for co-defendant Tony Wood concurs in this motion.

DATED: November 20, 2006           /s/ Daniel E. Loeb
                                   Daniel E. Loeb (DC Bar # 386098)
                                   Douglas W. Baruch (DC Bar # 414354)
                                   Kerry Hotopp (DC Bar # 483747)
                                   Fried, Frank, Harris, Shriver & Jacobson, LLP
                                   1001 Pennsylvania Ave., NW, Suite 800
                                   Washington, DC  20004
                                   (202) 639-7000
                                   (202) 639-7003, Fax

                                   *Attorneys for Olayinka Adeboyeku*

---

[5] Mr. Adeboyeku does not believe an extension would prejudice Plaintiff's counsel. If the Court declines to grant this extension, all dispositive motions and the trial date would fall in the beginning of 2007, precisely when counsel has stated he has two large cases scheduled. This would not be true if the Court grants this Motion.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JONATHAN W. RUDE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**OLAYINKA ADEBOYEKU,** *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 05-01274 (RCL) |

**PROPOSED ORDER**

Upon consideration of Defendant Adeboyeku's Motion to Extend Discovery Deadline and all responses thereto, and for good cause shown, this Court determines that the Motion is **GRANTED**. It is hereby **ORDERED** that the Court's March 1, 2006 Scheduling Order be amended as follows:

(i) All discovery in this matter, including all written discovery, depositions, and depositions of expert witnesses, shall be concluded by May 1, 2007.

(ii) All dispositive motions shall be filed by June 1, 2007.

(iii) The pretrial conference will be set by the Court following disposition of any dispositive motions. In the event no dispositive motion if filed, the Clerk's office shall set a status conference for July 1, 2007. The pretrial and trial dates will be set at the status conference.

So ORDERED this __ day of November, 2006.

_____
United States District Judge Royce C. Lambert