UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-01274 (RCL) |
| ) | |
| OLAYINKA ADEBOYEKU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ADEBOYEKU'S OPPOSITION TO
PLAINTIFF'S MOTION FOR TELEPHONE DEPOSITION**

Defendant Adeboyeku, by and through his counsel, respectfully submits this opposition to Plaintiff's Motion for Telephone Deposition.

Plaintiff seeks to set the telephonic deposition of Mr. Sylvester, a witness currently residing in California, for December 11. Plaintiff set this date three days before he is scheduled to produce certain documents, including deposition transcripts and other statements for Mr. Sylvester and other witnesses from another case that may significantly narrow and focus the proposed December 11 deposition. Importantly, Plaintiff has repeatedly failed to produce these important documents for five months, even though he is under a continuing obligation to produce them pursuant to both of Defendant's two document requests. Plaintiff should not be rewarded now with a December 11 deposition date when he has failed to provide documents that could be helpful during that deposition.

Moreover, after reviewing Mr. Sylvester's prior testimony, Defendant may want to cross-notice Mr. Sylvester's deposition, subpoena him if necessary, and take his testimony in person. However, because of Plaintiff's refusal to cooperate in providing the documents requested, defense counsel cannot make that determination and make travel arrangements in a cost conscious manner prior to December 11, 2006.

Further, Plaintiff has established no urgent need to take the deposition by December 11, particularly in light of the fact that Plaintiff recently sought a two-week extension from Defendant to respond to a discovery request.[1]  The professed "urgent" need to depose Mr. Sylvester stems solely from Plaintiff's bald assertion that Mr. Sylvester, who apparently is now a U.S. marine, will soon be shipped overseas.  But Plaintiff offers no statement, no order, and no other evidence to substantiate this assertion.  He similarly has supplied no date by which Mr. Sylvester supposedly will be "gone."  Moreover, Plaintiff's urgency is of his own making, a result of him waiting until mid-December to schedule a deposition for which he has repeatedly failed to produce relevant documents.  For these reasons, this Court should deny the December 11 telephonic deposition.

## BACKGROUND

In the early morning of June 27, 2004, Plaintiff and his friend assaulted Defendant Mr. Adeboyeku, a student of limited means with no prior criminal record, as he walked to his car in the Georgetown area of Washington, D.C.  Plaintiff later falsely accused Mr. Adeboyeku of assault, but a jury agreed with Mr. Adeboyeku that he was falsely accused and acquitted him of all charges.  Plaintiff now has brought two suits, one seeking $5 million in damages from Defendant Adeboyeku and the other seeking another $5 million in damages from Mr. Adeboyeku's employer in *Jonathan Rude v. Dancing Crab at Washington Harbour, LP et al.*, Case No. 05-1278 (RCL) ("*Dancing Crab*").  Although neither Plaintiff nor Defendant has taken any depositions in this case, Plaintiff has taken ten depositions in *Dancing Crab*, including an in-person deposition of Mr. Sylvester in California on June 27, 2006.

---

[1] Defendant has also moved this Court for an enlargement of the discovery deadline by four months.  *See* Motion to Extend Discovery Deadline, Docket No. 39.

Ten weeks after having taken the deposition of Mr. Sylvester, counsel for Plaintiff called defense counsel on September 18 and, for the first time, informed him that he had deposed Mr. Sylvester. He further "offered" to provide the deposition transcript of Mr. Sylvester to Defendant, an "offer" he followed up with via e-mail. *See* Declaration of Kerry Hotopp (attached hereto as Exhibit 1), ¶ 2; and Exhibit No. 2 (Plaintiff's Motion, Docket No. 38). Although Plaintiff did not state the reason for his "offer," it may have been compelled by Defendant's First Request for Production of Documents, dated April 17 (the "First Request"). Under the First Request, Plaintiff was required to produce all documents that related to "the facts or circumstances alleged in the Complaint" or to "Mr. Adeboyeku or his co-defendant Anthony Wood in any way." *See* Defendant's First Request for Production of Documents (attached hereto as Exhibit 2), p. 8, ¶¶ 1-2.

After a month went by without having received this and other transcripts, counsel for Mr. Adeboyeku specifically requested the transcript by phone on October 23. Declaration of Kerry Hotopp (Ex. 1), ¶ 4. Plaintiff's counsel initially said that he would be willing to provide copies of this and other relevant deposition transcripts. *Id.*, ¶ 5. But shortly before the conversation ended, he suddenly conditioned his cooperation on Defendant's agreement that the depositions could be used in this case (even though defense counsel did not participate in the depositions and had no prior notice as to any of them). *Id.*, ¶ 6. The following week, Plaintiff's counsel added another condition to providing the transcripts: that Mr. Adeboyeku should share all the costs associated with the depositions. *Id.*, ¶ 8.

In response, Mr. Adeboyeku issued a second document request on October 31 (the "Second Request") that specifically requested the transcripts of all depositions or witness

3

interviews in the *Dancing Crab*.[2]  Although Plaintiff's original return date was November 30, Plaintiff's counsel sought, and was granted, a two-week extension because certain unrelated documents in the possession of Georgetown Hospital could not be retrieved by the November 30 deadline.[3]  Thus, Plaintiff was scheduled to produce all documents pursuant to the Second Request on December 14.  Eleven days later, Plaintiff noticed Mr. Sylvester's deposition for December 11, three days before he was scheduled to produce Mr. Sylvester's deposition transcript.

## ARGUMENT

Although caselaw concerning Fed. R. Civ. P. 30(b)(7) in the District of Columbia is sparse, other courts have required the party seeking the telephone deposition to show a legitimate reason why the deposition must be taken telephonically.  *See Jahr v. IU Int'l. Corp.*, 109 F.R.D. 429, 431 (MD N.C. 1986).  Once a legitimate reason is shown, the burden shifts to the opposing party to show why the deposition should not be conducted telephonically.  *Id*.  In deciding whether to allow a telephone deposition, a court should "appropriately exercise its discretion with caution to. . . assure that no one is truly prejudiced" by the telephonic nature of the deposition.  *Id*.

Plaintiff seeks to set the telephonic deposition of Mr. Sylvester, a witness currently residing in California, for December 11, three days before he will produce Mr. Sylvester's

---

[2] The document request sought "all audio or video records and transcripts of all depositions of individuals, including all exhibits used or marked during those depositions, taken in *Rude v. Dancing Crab at Washington Harbour, LP et al.*, Case No. 05-1278 in the District Court for the District of Columbia."  *See* Defendant's Second Request for the Production of Documents (attached hereto as Exhibit 3), p. 4, ¶ 1.  A second request sought "all Documents that constitute or relate to any witness interviews, including all witness interview summaries created, used, or relied upon in *Rude v. Dancing Crab*."  *See* Second Request (Ex. 3), p. 5, ¶ 2.

[3] Defendant agreed to this extension before realizing that Plaintiff 1) would not agree to a modest extension of the discovery deadlines and 2) intended to attempt to take Mr. Sylvester's deposition before producing his and other witnesses' prior testimony.

4

deposition transcript from the *Dancing Crab*. Plaintiff asserts that the $1,000 to $1,200 cost for him to travel to California to take the deposition is sufficiently great to justify a deposition by telephone. While Defendant does not believe that the cost of a plane ticket and hotel is a sufficient reason to allow a telephone deposition, even if Plaintiff is correct, a December 11 telephonic deposition unfairly prejudices Defendant Adeboyeku for several reasons.

First, Plaintiff should not be able to depose Mr. Sylvester until he has provided all the relevant prior sworn testimony and other statements of Mr. Sylvester and other witnesses that Defendant has repeatedly requested and that Plaintiff has had an obligation to provide. To allow Plaintiff to depose Mr. Sylvester in such circumstances would unfairly prejudice Defendant, since defense counsel does not currently have relevant documents that would help them prepare for Mr. Sylvester's deposition and help them determine whether to issue a cross-notice or subpoena. For five months, Plaintiff has ignored his continuing obligation under Defendant's First Request to produce a transcript of Mr. Sylvester's June 27 deposition, in addition to any other statement or transcript from any other witness. Plaintiff did not even inform Defendant Adeboyeku that he had in fact deposed Mr. Sylvester until ten weeks after the fact, when in September, he "offered" to let Mr. Adeboyeku inspect the transcript. But when Mr. Adeboyeku tried to take him up on that "offer," Plaintiff attached two conditions that were so arduous and burdensome, they effectively prevented Defendant from obtaining the transcript. Those conditions -- that depositions taken in a separate case be used in this case when Defendant's counsel was not even present during the examination and that Mr. Adeboyeku, an unemployed student, share the costs associated with depositions -- wholly contradict the purpose of open discovery.

5

Defendant has now been forced to issue a second document request specifically seeking transcripts of the deposition and other statements of Mr. Sylvester and others.  But Plaintiff has managed to schedule the production of those documents for December 14, three days *after* the December 11 deposition date.[4]  Plaintiff should not be allowed to move forward with a deposition while withholding key documents -- such as Mr. Sylvester's transcript -- that could significantly narrow and focus Mr. Sylvester's deposition.

Second, once Defendant receives the relevant transcripts and other documents that are currently in Plaintiff's possession, Defendant needs time to arrange to cross notice, subpoena, and take Mr. Sylvester's deposition in person, regardless of whether Plaintiff decides to depose Mr. Sylvester telephonically.  Indeed, while Plaintiff has already had the advantage of deposing Mr. Sylvester in person, since he deposed Mr. Sylvester in *Dancing Crab*, Defendant has had no such opportunity to observe and assess Mr. Sylvester to determine his demeanor and credibility as a witness.  Thus, defense counsel cannot make the needed determinations about Mr. Sylvester's deposition and make travel arrangements in a cost conscious manner prior to December 11, 2006.[5]

Third, there is no urgent need for Plaintiff's request, despite his contentions to the otherwise.  To support his claim of urgency, Plaintiff offers nothing but his counsel's bald

---

[4] On November 22, Mr. Adeboyeku received a copy of Mr. Sylvester's deposition transcript through a subpoena *duces tecum* from his former employer, The Dancing Crab.  Were it not for this fortuitous production, Mr. Adeboyeku would have no access to Mr. Sylvester's former deposition until after the deposition Plaintiff wishes to schedule for December 11.  While Defendant has the deposition of Mr. Sylvester, defense counsel does not know what additional documents including transcripts, witness statements, and the like Plaintiff is withholding until he makes his production on December 14.

[5] As Defendant has stated in prior motions (*See* Motion to Extend Discovery Deadline, Docket No. 39, p. 6), Defendant Adeboyeku is an unemployed student with limited financial resources.  A December 11 deposition requiring travel on short notice during the heavily traveled holiday season will act as a significant financial hardship for Mr. Adeboyeku.

assertion that Mr. Sylvester will be deployed outside the country shortly.  He provides no evidence that Mr. Sylvester's departure is imminent and does not even indicate a date on which Mr. Sylvester will supposedly be deployed overseas.  There is neither a declaration from Mr. Sylvester nor any documentary evidence about Mr. Sylvester's departure.  Moreover, even if Mr. Sylvester were outside the country, Plaintiff does not indicate why a telephonic deposition would not be possible from wherever Mr. Sylvester might be deployed.

Instead, any problem that may arise because of Mr. Sylvester's potential overseas deployment on some unknown future date is of plaintiff's own making.  Plaintiff 1) delayed in seeking to take Mr. Sylvester's deposition in this case, 2) refused, and continues to refuse, to provide Defendant with the other relevant deposition transcripts and/or other witness statements, and 3) never even gave Defendant notice of, and an opportunity to participate in, Mr. Sylvester's deposition in the *Dancing Crab* case.

## CONCLUSION

For the reasons set forth above, a December 11 telephonic deposition would prejudice Defendant Adeboyeku and would reward Plaintiff's failure to cooperate during discovery. Defendant Adeboyeku therefore respectfully requests that the Court deny Plaintiff's motion.

DATED:  November 28, 2006        /s/ Daniel E. Loeb
                                                  Daniel E. Loeb (DC Bar # 386098)
                                                  Douglas W. Baruch (DC Bar # 414354)
                                                  Kerry Hotopp (DC Bar # 483747)
                                                  Fried, Frank, Harris, Shriver & Jacobson, LLP
                                                  1001 Pennsylvania Ave., NW, Suite 800
                                                  Washington, DC  20004
                                                  (202) 639-7000
                                                  (202) 639-7003, Fax

                                                  *Attorneys for Olayinka Adeboyeku*