# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01274 (RCL) |
| | ) |
| OLAYINKA ADEBOYEKU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF KERRY HOTOPP IN SUPPORT OF
DEFENDANT ADEBOYEKU'S OPPOSITION TO
PLAINTIFF'S MOTION FOR TELEPHONE DEPOSITION**

I, Kerry Hotopp, declare and state as follows:

1. I am an attorney with the law firm Fried, Frank, Harris, Shriver & Jacobson, LLP, counsel to Defendant Olayinka Adeboyeku. I have personal knowledge of the facts set forth herein and if called upon, I could and would testify competently hereto.

2. On September 18, 2006, Mr. Rick Rude, counsel for Plaintiff, called me. Among other things, Mr. Rude told me that he had taken the deposition of Mr. Sylvester and he offered to provide me with the deposition transcript. Thereafter, Mr. Rude followed up our conversation with an e-mail message repeating the same offer.

3. For the next several weeks after this conversation, defense counsel focused on reviewing and assessing the phone records of several key witnesses.

4. On October 23, 2006, I called Mr. Rude to ask about obtaining transcript copies of all depositions taken in *Rude v. Dancing Crab at Washington Harbour, LP et al*., Case No. 05-1278 (RCL) ("*Dancing Crab*"). He told me that while the Defendant in that case took no depositions, he named 10 individuals whom he deposed. James Sylvester was one of the people deposed.

5. When I told Mr. Rude that Defendant would like copies of the depositions, he told me that he was willing to make copies of the transcripts and provide them to defense counsel.

6.	Shortly before the conversation ended, however, Mr. Rude changed his position and stated that if he were to produce the transcripts to defense counsel, we would have to agree that the depositions would be admissible in this case.  I told him I didn't think that defense counsel would agree to that condition, but that I would think about his demand and get back to him.

7.	Because Mr. Rude was busy working on another case, we agreed that I would call him early the following week to discuss the issue further.

8.	When Mr. Rude and I spoke by telephone the following week, I told him that defense counsel could not agree that depositions taken in the *Dancing Crab* case could be used in this case.  I explained to him that it would be improper to allow the use of such depositions in this case, since defense counsel had not been present during the actual depositions.  At the end of the conversation, Mr. Rude reiterated his condition and also added that if we wanted copies of the transcripts, he expected Mr. Adeboyeku to share all the costs associated with the depositions.

*	*	*

I declare under penalty of perjury that the foregoing is true and correct, to the best of my ability.

Date: November 28, 2006	/s/ Kerry Hotopp
	Kerry Hotopp (DC Bar # 483747)