# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OLAYINKA ADEBOYEKU, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:05-CV-01274 RCL |

### DEFENDANT OLAYINKA ADEBOYEKU'S FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Olayinka Adeboyeku, through his undersigned counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of the District of Columbia, and in accordance with the Definitions and Instructions herein, hereby requests that Plaintiff Jonathan Rude serve a written response to this request (the "Request") and produce all the documents specified herein to the offices of Fried, Frank, Harris, Shriver & Jacobson, 1001 Pennsylvania Avenue, NW, Suite 800, Washington, D.C. 20004, within 30 days of service of this request or at a place and time mutually agreed upon by the parties.

### DEFINITIONS

As used herein:

1. "**You**," "**Your**," and "**Plaintiff**" refer to Plaintiff Jonathan Rude, his agents, and his attorney.

2. "**Defendant**" shall mean Mr. Olayinka Adeboyeku.

3. "**Dancing Crab**" refers to the Dancing Crab at Washington Harbour, L.P., 3000-3050 K Street, N.W., Washington, DC, and includes any and all locations, buildings, restaurants,

businesses, facilities, offices, or headquarters that it controls, manages, or operates, including Tony & Joes and Nick's Riverside Grille.

4. **"Tony & Joes"** refers to Tony & Joes Seafood Place at 3000 K Street, N.W., Washington, DC.

5. **"Action"** or **"proceeding"** shall mean the above-captioned case.

6. **"Complaint"** shall mean the Complaint you filed in this action on June 24, 2005 (Docket #1).

7. **"Third party"** or **"Third parties"** shall mean any individual or entity not a party to this proceeding.

8. **"Documents"** as used in this Request is coextensive with the meaning and equal in scope to the usage of the terms "Documents" and "tangible things" in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. Consistent with the above definition, the term "Document" shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, electronic signals or impulses, systems or any combination thereof including, without limitation, all memoranda, emails, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or

communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, and all other compiled data that can be obtained (translated, if necessary, through intermediary or other devices into usable forms). Documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or Documents of whatever description or kind are also included in this definition. A draft or non-identical copy is a separate Document within the meaning of this term. If any Document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate Document.

9. **"Relate to"** means relating to, referring to, describing, evidencing, or constituting, and is meant to include, among other things, Documents underlying, supporting, now or previously attached or appended to, or used in preparation of any Document called for by any of the requests listed below.

10. **"Explain"** or **"Describe"** when used with respect to a fact, event, communication, conversation, process, or allegation means to provide the full and complete details concerning such a fact, event, communication, conversation, process, or allegation, including but not limited to when it occurred, where it occurred, how it occurred, the identity of all Persons involved, and the identity of all Documents that reflect, refer, relate to, evidence, or pertain in any way to such a fact, event, communication, conversation, process, or allegation.

11. **"Identify"** when used in reference to a Document, shall mean to describe the Document with sufficient particularity so as to allow Defendant to adequately specify it in a

3

request for production of Documents pursuant to Fed. R. Civ. P. 34. The identification of each Document shall include, but not be limited to:

    (a) the name and business address of the Person who has possession, custody, or control over the Document;

    (b) the name and business address of the Document's author or the Person who is responsible for the entries thereon;

    (c) the name of the Person who signed it or in whose name it was issued;

    (d) the name of the Person to whom it was addressed and/or distributed;

    (e) a concise statement of the nature and substance of the Document;

    (f) a concise statement of the Document's subject matter, including all information contained on the Document; and

    (g) a statement as to the time period covered by the Document, including its date (day, month, and year), and if it bears no date, the date (day, month, and year) when it was prepared.

12. **"Person"** means any natural person or any business, legal, or governmental entity or association.

13. **"Identify"** or **"Identity"** when used in reference to a Person shall mean to state said Person's full name and last known business address, and, if a natural person, his or her date of birth, employment position, title, job description, and, present residence address.

14. **"Statement"** and **"Communication"** means any oral or written intercourse by words.

15. **"Identify"** when used in reference to a Statement or Communication, oral or written, shall include but not be limited to:

(a) the name of each Person who participated in the Statement or Communication and the name of each Person who was present at the time it was made;

(b) by whom each Person was employed and whom each Person represented and purported to represent in making such Statement or Communication;

(c) when (day, month, and year) and where the Statement or Communication was made;

(d) the means of the Statement or Communication;

(e) the nature and substance (*i.e.*, the contents) of the Statement or Communication;

(f) the nature and substance of each Document recording or pertaining to such Statement or Communication with sufficient particularity to enable it to be described in a request for production of documents; and

(g) the physical location of each Document and the name and business address of the Person who has possession, custody, or control over the Document.

16. "**Each**" includes the word "every" and "**every**" includes the word "each," "**any**" includes the word "all" and "**all**" includes the word "any," "**and**" includes the word "or" and "**or**" includes the word "and," as necessary to bring within the scope of the request information which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. In each of Your responses to these Requests, You should provide not only such Documents as are in Your custody, control, or possession, but also all Documents that are available to the United States, and any other Person employed by or acting on the United States' behalf.

2. Produce the responsive Documents in Your possession, custody, or control, including, without limitation, Documents in the possession or custody of Your agents, representatives, and consultants, and any other Documents that You have the power to obtain. If You have reason to believe a responsive Document is in the possession of a third party, state:

> (a) the basis for this belief;
>
> (b) the party believed to be in possession of the responsive Document(s);
>
> (c) where Relator believes the responsive Document(s) may be located; and
>
> (d) any other information as is sufficient to identify the Document(s) in a Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3. If any portion of a Document is responsive to any Request, then the entire Document must be produced. If the Document contains privileged material or attorney-work product that You claim is protected from disclosure, the entire Document must be produced with only the privilege or protected portions redacted.

4. If any Document responsive to any Request is withheld on the basis of privilege, work-product, or other exception, produce a log to Defendants sufficient to establish the basis for the assertion of privilege, in accordance with the Rules.

5. In accordance with the Rules, these Requests are continuing in character, so as to require You to promptly provide supplemental documents without request if further or different information responsive to any Request is discovered, created, obtained, or otherwise comes to Your attention at any time prior to any hearing, in addition to all of the information provided in Your initial response.

6. Unless otherwise specified, the time period covered by these Requests includes all time periods alleged in the Amended Complaint.

7. Where the singular is used with reference to any Person, Document, or item, it shall include the plural if, in fact, there are more than one.

8. Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

9. The specificity of any individual Request should not be construed to limit the generality or reach of any other Request.

10. If You are unable to comply fully with any of the preceding Requests, You shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any Documents called for by the Request were formerly in Your possession, custody, or control, or have been lost or destroyed, those Documents are to be identified in writing with the following information:

    (a) Persons who prepared or authorized the Documents;

    (b) all Persons to whom distributed, shown or explained;

    (c) dates of preparation or transmittal;

    (d) subject matter;

    (e) number of pages, attachments, or appendices; and

    (f) date or dates of loss or destruction, and, if destroyed, the manner of destruction, reason for destruction, Persons authorizing destruction, and Persons destroying the Documents.

11. Defendants reserve the right to propound additional Requests as allowed by the applicable rules of procedure.

12. Unless otherwise specified, the time period covered by these requests are the time periods alleged in the Amended Complaint

## **DOCUMENT REQUESTS**

You are requested to produce the following Documents:

1. All Documents that relate to the facts or circumstances alleged in the Complaint.

2. All Documents that relate to Mr. Adeboyeku or his co-defendant Anthony Wood in any way.

3. All Documents that relate to any communication between you and any other individual -- including but not limited to John Cummings, Samir Michael Zarkosh, Matthew Zarkosh, Michael Gillman, or James Sylvester -- discussing Mr. Adeboyeku or the allegations in the Complaint.

4. All Documents that relate to an incident between John Cummings, Jonathan Rude, and Mr. Adeboyeku on or around June 20, 2004.

5. All Documents that relate to your injuries suffered on June 27, 2004, including but not limited to all medical and/or insurance Documents and bills.

6. All Documents that relate to any medical conditions and/or injuries of yours that existed at any time between May 1, 2004 and June 26, 2004.

7. All Documents that relate to your level of fitness between June 27, 2003 and June 27, 2004, including but not limited to any records concerning exercise and/or strength-training regimens, records from Planet Fitness, and/or records from Georgetown University Football.

8. All Documents that relate to your employment at Tony & Joes or the Dancing Crab.

9. All Documents that relate to your disciplinary records at Georgetown University, including but not limited to any such records concerning his involvement with Georgetown University Football.

10. All Documents that relate to any actual or alleged criminal behavior by you, regardless of whether that behavior resulted in the filing of charges in a court of law.

11. All Documents that relate to any civil or criminal case in which you have taken part or been involved in, except for the above-captioned case.

12. All Documents you relied on in drafting the responses to Defendant Adeboyeku's First Interrogatories.

13. All Documents you intend to use or rely on at trial.

14. All Documents received from any Third Party or from Defendant Anthony Wood, either through a document request or otherwise, that relate to any of the categories requested above, to any other request made pursuant to this case, or to any request made in *Rude v. The Dancing Crab at Washington Harbour, L.P., et al.*, case no. 1:05CV01278 in the District Court for the District of Columbia.

15. All electronic or other communications by or between you and John Cummings between May 1, 2004 and the present.

DATED: April 19, 2006

_____
Daniel E. Loeb (DC Bar # 386098)
Douglas W. Baruch (DC Bar # 414354)
Wendy P. Fischman (DC Bar # 468458)
Kerry Hotopp (DC Bar # 483747)
Fried, Frank, Harris, Shriver & Jacobson, LLP
1001 Pennsylvania Ave., NW, Suite 800
Washington, DC  20004
(202) 639-7000
(202) 639-7003, Fax

*Attorneys for Olayinka Adeboyeku*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 19, 2006, I caused a true and complete copy of the Defendant Olayinka Adeboyeku's First Request for Production of Documents and Defendant Olayinka Adeboyeku's First Interrogatories to be sent by U.S. Mail to the following individual:

Rick A. Rude
Suite 103
207 Park Avenue
Falls Church, VA  22046
*Counsel for Plaintiff*

Signed on April 27, 2006

Kerry Hotopp