# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, </br></br>Plaintiff, </br></br>v. </br></br>OLAYINKA ADEBOYEKU, *et al.*, </br></br>Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 05-01274 (RCL) </br> ) </br> ) </br> ) </br> ) |

## DEFENDANT OLAYINKA ADEBOYEKU'S SECOND
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Olayinka Adeboyeku, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 34 and the Local Rules of the District of Columbia, and in accordance with the Definitions and Instructions herein, requests that Plaintiff Jonathan Rude serve a written response to this request (the "Request") and produce all the documents specified herein to the offices of Fried, Frank, Harris, Shriver & Jacobson, LLP, 1001 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20004, no later than November 30, 2006.

## DEFINITIONS

As used herein:

1. "**You**," "**Your**," and "**Plaintiff**" refer to Plaintiff Jonathan Rude, his parents or agents, and his attorney.

2. "**Action**" or "**proceeding**" shall mean the above-captioned case.

3. "**Complaint**" shall mean the complaint you filed in this Action on June 24, 2005 (Docket #1).

4. "**Any**" includes the word "all" and "all" includes the word "any"; "**each**" includes the word "every" and "**every**" includes the word "each."

5. **"Documents"** as used in this Request is coextensive with the meaning and equal in scope to the usage of the terms "Documents" and "tangible things" in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. Consistent with the above definition, the term "Document" shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, electronic signals or impulses, systems or any combination thereof including, without limitation, all memoranda, emails, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, and all other compiled data that can be obtained (translated, if necessary, through intermediary or other devices into usable forms). Documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or Documents of whatever description or kind are also included in this definition. A draft or non-identical copy is a separate Document within the meaning of this term. If any Document has been modified by the addition of notations

2

or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate Document.

6. **"Relate to"** means relating to, referring to, describing, evidencing, or constituting, and is meant to include, among other things, Documents underlying, supporting, now or previously attached or appended to, or used in preparation of any Document called for by any of the requests listed below.

## INSTRUCTIONS

1. Unless otherwise specified, the time period covered by this Request includes all time periods alleged in the Complaint up to and including the time of Your full physical and mental recovery from the events alleged in the Complaint.

2. Produce the responsive Documents in Your possession, custody, or control, including, without limitation, Documents in the possession or custody of Your agents, representatives, and consultants, and any other Documents that You have the power to obtain. If You have reason to believe a responsive Document is in the possession of a third party, state:

   (a) the basis for this belief;

   (b) the party believed to be in possession of the responsive Document(s);

   (c) where Relator believes the responsive Document(s) may be located; and

   (d) any other information as is sufficient to identify the Document(s) in a Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3. If any portion of a Document is responsive to any request, then the entire Document must be produced. If the Document contains privileged material or attorney-work product that

3

You claim is protected from disclosure, the entire Document must be produced with only the privilege or protected portions redacted.

4. If any Document responsive to any request is withheld on the basis of privilege, work-product, or other exception, produce a log to Defendants sufficient to establish the basis for the assertion of privilege, in accordance with the Rules.

5. Where the singular is used with reference to any Person, Document, or item, it shall include the plural if, in fact, there are more than one.

6. The specificity of any individual request should not be construed to limit the generality or reach of any other request.

7. If you are unable to comply fully with any portion of this Request, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.

8. Defendant reserves the right to propound additional Requests for the Production of Documents as allowed by the applicable Federal Rules of Civil Procedure.

9. This Request is continuing in character and requires you to provide supplemental responses without request if further or different information responsive to this Request is discovered, created, obtained, or otherwise comes to your attention at any time prior to any hearing, in addition to all of the information provided in your initial answers.

## DOCUMENT REQUESTS

You are requested to produce the following Documents:

1. all audio or video recordings and transcripts of all depositions of individuals, including all exhibits used or marked during those depositions, taken in *Rude v. The Dancing Crab at Washington Harbour, L.P., et al.*, Case No. 05-1278 in the District Court for the District of Columbia.

4

2. all Documents that constitute or relate to any witness interviews, including all witness interview summaries, created, used, or relied upon in *Rude v. The Dancing Crab at Washington Harbour, L.P., et al.*, Case No. 05-1278 in the District Court for the District of Columbia.

3. all interrogatories and interrogatory responses in *Rude v. The Dancing Crab at Washington Harbour, L.P., et al.*, Case No. 05-1278 in the District Court for the District of Columbia.

4. all medical, disability, or other insurance policies that covered or provided coverage or benefits to Jon Rude from January 1, 2000 to present.

5. all Documents that relate to any insurance submission or claim made in connection with the events described in the Complaint.

6. all Documents that relate to any insurance payments, proceeds, or settlements in connection with the events described in the Complaint, paid either to You or to any healthcare provider, physician, or hospital facility, including without limitation the George Washington University Hospital.

7. all hospital, physician, therapist, rehabilitation bills, or any other bills, that relate to Your injuries as a result of the events described in the Complaint, including but not limited to all bills or statements received for the services provided by Dr. Benjamin Shaffer, Dr. Stephen Wall, Dr. Craig Geist, Dr. Juliet Lee, the George Washington University Hospital, or any associated hospital or group.

8. all hospital, physician, therapist, rehabilitation bills, or any other medical bills, paid by, or on behalf of, Jon Rude in connection with the events described in the Complaint.

9. all Documents that relate to the reconstructive surgery of Jon Rude's right shoulder in 1999, 2000, or 2001, including any medical or insurance Documents received, processed, or paid by or on behalf of Jon Rude.

10. all Documents that relate to any of Jon Rude's injuries between age 18 to June 27, 2004, including any medical or insurance Documents received, processed, or paid by or on behalf of Jon Rude.

11. all Documents provided by You, Your agents, or Your attorneys to Dr. Benjamin Shaffer, Dr. Stephen Wall, Dr. Craig Geist, and/or Dr. Juliet Lee.

12. all Documents constituting or reflecting any correspondence or communications between You, Your agents, or Your attorneys either to or from Dr. Benjamin Shaffer, Dr. Stephen Wall, Dr. Craig Geist, and/or Dr. Juliet Lee.

13. all Documents used by Dr. Benjamin Shaffer, Dr. Stephen Wall, Dr. Craig Geist, and/or Dr. Juliet Lee in preparing the reports You provided to defense counsel on October 27, 2006.

DATED: October 31, 2006

Daniel E. Loeb (DC Bar # 386098)
Douglas W. Baruch (DC Bar # 414354)
Kerry Hotopp (DC Bar # 483747)
Fried, Frank, Harris, Shriver & Jacobson, LLP
1001 Pennsylvania Ave., NW, Suite 800
Washington, DC 20004
(202) 639-7000
(202) 639-7003, Fax

*Attorneys for Olayinka Adeboyeku*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on October 31, 2006, I caused a true and complete copy of the Defendant Olayinka Adeboyeku's Second Request for Production of Documents to be served by hand on the following individual:

Rick A. Rude  
Suite 103  
207 Park Avenue  
Falls Church, VA  22046  
*Counsel for Plaintiff*

_____  
Kerry Hotopp