**PLAINTIFF'S OPPOSITION TO MOTION TO
EXTEND DISCOVERY DEADLINE**

**<u>EXHIBIT NO. 17</u>**

In the alternative, if the reports are not stricken and the witnesses barred from testifying, Defendant Adeboyeku requests that, after proper reports that comply fully with Rule 26(a)(2)(B) have been provided, he be allowed to depose the expert witnesses without having to pay their fees. Mr. Adeboyeku is currently unemployed and has no source of income; absent the ability to pay to depose Plaintiff's experts, Mr. Adeboyeku otherwise will be barred from seeking discovery from them. Because Mr. Adeboyeku's financial status acts as a bar to the depositions of Plaintiff's experts, applying the fee-shifting provision under Rule 26(b)(4)(C) to Defendant would be a manifest injustice and should not be applied in this case.

## BACKGROUND

In the early morning of June 27, 2004, Plaintiff and his friend assaulted Defendant Mr. Adeboyeku, a student of limited means with no prior criminal record, as he walked to his car in the Georgetown area of Washington, D.C. Incredibly, Plaintiff later falsely accused Mr. Adeboyeku of assault, but the jury agreed with Mr. Adeboyeku and acquitted him of all charges. Plaintiff, represented by his father, now seeks civil damages of $500,000 from a defendant who is currently unemployed and has no significant financial resources. *See* Motion to Vacate Clerk's Entry of Default, Affidavit of Olayinka Adeboyeku (Docket No. 11). Neither his parents, a cab driver and a nanny, nor his wife, are in a position to assist him financially. *Id.* Because of his financial situation, Mr. Adeboyeku was *pro se* for a period of time before retaining counsel, who accepted his case *pro bono*.

On October 26, 2006, three days prior to the deadline established by the Court's March 1, 2006 Scheduling Order, Plaintiff purported to designate four doctors as his expert witnesses and to provide their "expert reports" pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B): Juliet Lee's report (attached hereto as Exhibit 1), Benjamin S. Shaffer's report (attached hereto as Exhibit 2),

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-01274 (RCL) |
| ) | |
| OLAYINKA ADEBOYEKU, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT ADEBOYEKU'S MOTION TO STRIKE EXPERT WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(2)(B) and 26(b)(4)(C),[1] and the Local Rules of the District of Columbia, Defendant Olayinka Adeboyeku ("Adeboyeku") respectfully moves this Court to exclude the "expert" reports of Drs. Juliet Lee, Benjamin S. Shaffer, Stephen J. Wall, and Craig E. Geist and bar their testimony or, in the alternative, to allow Defendant Adeboyeku to depose these putative "experts" without having to pay their fees.

Plaintiff has proffered the reports of four expert witnesses under Fed. R. Civ. P. Rule 26(a)(2)(B) that are so deficient in terms of the requirements of Rule 26 that they should be stricken and the "experts" barred from testifying. As a threshold matter, nowhere in any of the reports has Plaintiff shown that he has actually retained these experts for this case. More importantly, none of the reports meet other minimum standards set out in Rule 26(a)(2)(B). For instance, they are missing information such as the foundation for the doctors' statements, citations to documents, whether the doctors intend to use any exhibits during their testimony, signatures, and fee schedules.

---

[1] Defendant Adeboyeku reserves his right to move *in limine* under Fed. R. Evidence 702, 703, and 705 to exclude the reports and testimony of Plaintiff's proffered "expert" witnesses.