UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                              Case No. 1:05CV1274(RCL)

OLAYINKA ADEBOYEKU
And ANTHONY B. WOOD,

    Defendants.

### PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO TELEPHONE DEPOSITION

COMES NOW, Plaintiff, by and through his counsel, and submits Reply Memorandum to the Opposition of defendant Olayinka Adeboyeku to Plaintiff's Motion to Take the Telephone Deposition of Mr. James Sylvester. In reply to defendant's Opposition Memorandum, plaintiff hereby states as follows:

### REPLY STATEMENT OF FACTS

Defendant submits a Memorandum and a Declaration from Mr. Kerry Hotopp. Plaintiff's counsel has attached hereto and submits herewith the Declaration of Plaintiff's Counsel in this matter. Plaintiff has also documented and has attached hereto the messages noted in the Declaration of Plaintiff's Counsel.

### Preliminary Matter

Defendant attempts to inject issues relating to Defendant's Second Request For Production of Documents. Such discovery is NOT even due until December 14, 2006 and has absolutely no relevance to the sought telephone deposition. The vast preponderance of defendant's "factual presentation" is premised upon the concept that

1

defendant may preclude discovery by Plaintiff until AFTER defendant obtains responses to Defendant's Second Request For Production of Documents. Defendant's position is in blatant violation of Rule 26(d), Fed.R.Civ.Proc. 26(d).

## REPLY FACTS

Plaintiff, on November 8, 2006, raised the question of the telephone depositions of Mr. James Sylvester and Mr. Michael Gillman. (See Exhibit No. 3 hereto).[1] Defendant as of November 16, 2006, has no objection to plaintiff taking Mr. Sylvester's deposition by telephone. (See Exhibit No. 4; 12:31 message). Defendant subsequently repudiated his agreement. The 'reason' for the repudiation has "morphed" from the alleged refusal to provide a copy of the prior deposition of Mr. Sylvester into defendant's demand that plaintiff provide "key depositions" (these remain unidentified) and now "all" depositions before defendant will "consider" agreeing to any kind of deposition of Mr. Sylvester.

Defendant, on November 20, 2006, filed a memorandum in support of a motion to strike plaintiff's expert witnesses. Defendant is represented as "unemployed and has no source of income" and that unless plaintiff pays the required expert witness fees "Mr. Adeboyeku ... will be barred from seeking discovery from them". (See Exhibit No. 5). Defendant, by Memorandum filed November 28, 2006 identified as defendant's Opposition to Plaintiff's Motion For Telephone Deposition states:

> "...Defendant may want to cross-notice Mr. Sylvester's deposition, subpoena him if necessary, and take his testimony in person. ... defense counsel cannot make that determination and make travel arrangements in a cost conscious manner prior to December 11, 2006." (Memorandum at page 1).

Defendant's contentions in these Memoranda are inconsistent and therefore disingenuous.

---

[1] Plaintiff attached Exhibits 1 and 2 to Plaintiff's Opening Memorandum. Plaintiff will continue the numbering herein with Exhibit No. 3.

It has become plain that Defendant is trying to 'run out the clock' to avoid the recording of Mr. Sylvester's testimony in Case No. 05CV1274 and further to avoid his own deposition. The "alternative" is to attempt to force Plaintiff to accept an extension of discovery.

Defendant has been on notice since August 30, 2006 that co-defendant Wood's videotape has been uncovered. On September 18, 2006 plaintiff had a telephone conversation with and forwarded a message to defendant's counsel in which plaintiff stated:

> "I have the deposition transcripts for Mr. Gillman and Mr. Sylvester
> which you are free to review if you so wish.
> AS I indicated, I will be conducting a review of the discovery materials
> In case No. 05cv1278 but would not expect to use that material without
> 'reconducting' the discovery in case 1274 in order to provide you the
> chance to review of (sic) take your own depositions".

Defendant, had notice of Mr. Sylvester as a witness since defendant's criminal trial. Defendant has NOTICE and OPPORTUNITY TO REVIEW Mr. Sylvester's June 27, 2006 deposition AND TO SCHEDULE HIS OWN DEPOSITION OF MR. SYLVESTER. That message and offer was 73 days ago.---**DEFENDANT DID NOTHING.**[2] In addition, defendant has had **395 DAYS** for discovery (11/1/05 – 12/1/06).

It is noted that there was no "problem" with telephone depositions as of November 8, 2004. (See Exhibit No. 3, message at 11:48 AM). Defendant implies misconduct by plaintiff. Plaintiff plainly rejects such improper and spurious contentions. The record reflects that the exact contrary. Defendant and Plaintiff were in the process of reviewing

---

[2] The September 18, 2006 message was included in Plaintiff's Opening Memorandum as Exhibit 2.

and updating any prior discovery when defendant suddenly expanded his demands. The photocopy of a document or a deposition is one thing—the demand to produce multiple documents and transcripts, with no offer of compensation, even for copy costs, is another thing.[3] The situation is confounded by a party that refuses or fails to (1) inspect any documents or records sought; (2) refuses to explain the relationship of the broad range of documents to the issues in the case; (3) refuses to recognize the judicial interpretations of actual and "common sense" application of the discovery rules.

Defendant's contentions are **MOOT** in any event. Defendant has admitted that he has copies of deposition transcripts—including that of Mr. James Sylvester. (See Exhibit No. 6 hereto).

## REPLY ARGUMENT

The question of approving a telephone deposition, once a movant has established grounds such as 'costs', involves the defendant establishing 'why' the telephone deposition should not be had. Defendant, on November 20th, claimed lack of funds but his counsel is now demanding to travel to Camp Pendleton, California for an in-person deposition.

Defendant's Opposition memorandum reflects a plain violation of Rule 26(d), Fed.R.Civ.Proc. 26(d) (the existence of one party's discovery does not work to prevent or preclude the discovery of another party). That is defendant's entire argument and justification. Defendant claims the need of Mr. Sylvester's June 27, 2006 deposition

---

[3] The Court has the power under Rule 26© to protect parties from undue burden, oppression and expense. While it may not be 'technically' a violation of the Court's Rules of Procedure to demand a deposition transcript from another party; it depends on the circumstances. The Court may enter such order as is "just" under the circumstances. Rule 34 requires production for "inspection". The Rule does not require a party expend substantial sums in copy costs without compensation.

Defendant's objection to the sought telephone deposition is (1) contrary to the mandate of Rule 26(d), (2) contradictory to defense counsel's fact representations in other recent pleadings, and (3) the contention that no deposition be had for lack of a transcript is incorrect as well as MOOT.

## CONCLUSION

WHEREFORE, in consideration of the above and foregoing, it is hereby respectfully requested that Plaintiff's Motion For Leave to Take a Telephone Deposition be GRANTED as filed; and that the Court enter an Order for such other and further relief as the Court deems just in the circumstances.

Dated: 3 December 2006

/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA.  22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff