UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                           Case No. 1:05cv1274(RCL)

OLAYINKA ADEBOYEKU
And ANTHONY B. WOOD,

    Defendants.

PLAINTIFF'S OPPOSITION MEMORANDUM TO
DEFENDANT'S MOTION TO TAKE DEPOSITIONS

COMES NOW, Plaintiff, by and through his counsel, and submits this Memorandum in Opposition to Defendant Olayinka Adeboyeku's Motion to Take Depositions. Plaintiff hereinafter states as follows:

OPPOSITION STATEMENT OF FACTS

Background Facts

This proceeding is a personal injury action alleging that the defendants jointly and severally engaged in a common law assault, battery and intentional infliction of emotional distress in regard to plaintiff. The defendants were apprehended by the Metropolitan Police Department (Anthony B. Wood) and by the Montgomery County Police Department (Olayinka Adeboyeku, interstate Flight and Fugitive from the District of Columbia). Defendant Anthony B. Wood was charged with aggravated assault. Defendant Olayinka Adeboyeku was ultimately indicted for aggravated assault, assault with a deadly weapon, felony threats (three counts) and obstruction of justice.

The underlying facts of the case are relatively clear. Adeboyeku threatened plaintiff while at a restaurant in the Washington Harbor Complex. Adeboyeku then followed

plaintiff from the restaurant accompanied by Anthony Wood. The depositions and witness statements, including a post-arrest interview of Anthony Wood, disclosed that Adeboyeku attacked plaintiff from behind and further repeatedly kicked plaintiff in the head including as plaintiff lay unconscious. Defendant Wood admitted to tackling plaintiff. Witnesses further described Wood as engaged in preventing witnesses from intervening to stop the involved assault and battery. Plaintiff sustained severe injuries as a result of the attack.

## Facts Particular To Defendant's Motion

Defendant, on January 11, 2007, filed a motion requesting that the Court permit depositions of five named individuals as well as "other individuals who have bearing on this matter" (Motion at pg. 1, Memo in support at pg. 1, para. 1). The motion of defendant is therefore not limited to the named individuals but would include unidentified individuals up to a total of ten (10) depositions as authorized by the Scheduling Order entered March 1, 2006 (Document No. 23).

The Court, pursuant to a filing by the parties, set a discovery schedule. The Scheduling Order (Document No. 23) provided that all discovery was to be concluded by January 1, 2007 and expert witness depositions concluded by January 15, 2007. The Scheduling Order set February 1, 2007 as the date for filing of dispositive motions.

On November 20, 2006 Defendant submitted to the court an earlier motion identified as "Motion To Extend Discovery Deadline" (Document No. 39). Plaintiff timely replied to that motion and provided an extensive procedural history and reasoning in opposition to defendant's earlier motion. Plaintiff responded to defendant's unfounded contentions as contained in defendant's earlier motion. Defendant makes no new factual

representations in defendant's January 11, 2007 motion. The motion is repetitious and duplicative of the previous motion to extend discovery deadlines.

The motion is misleading. Defendant, although he styles the motion to appear as a request to take the depositions of five (5) named individuals, does not limit his request to those specifically named individuals. It is noted that four (4) of those named persons were witnesses in the criminal trial of defendant. Defendant already has their police witness statements; their grand jury testimony and their criminal trial testimony. The fifth individual, "James Luckett", is unknown and more than likely mis-identifies Officer Glenn Luckett. Officer Luckett accompanied Officer Robert Owen on the evening in question. Defendant likewise has Officer Owen's statements and trial testimony.[1]

OPPOSIITON ARGUMENT

I.     DEFENDANT MAY NOT SUBMIT DUPLICATIVE AND REPETITIVE MOTIONS TO THE COURT.

Defendant does not clearly inform the court that the January 11, 2007 motion is duplicative of and a repetition of defendant's November 20, 2006 motion. Defendant styles the January 11, 2007 motion to appear to be a reduced request without clearly and properly informing the court of what is involved. This 'sleigh of hand' procedure is inappropriate and underscores the lack of merit in defendant's contentions. There is little difference between the taking of depositions under the purported 'extension of discovery deadline' and the taking of depositions of five named individuals and 'other individuals who have bearing on this matter' under the instant motion. It is fundamental that duplicative and repetitive motions and pleadings are not permitted. Defendant seeks to circumvent this basic rule by mislabeling his motion.

---

[1] Plaintiff served defendant with the criminal trial testimony of Officer Owen as well as other witnesses in August and September 2006.

II.  DEFENDANT HAS NOT SHOWN THE NECESSARY
"GOOD CAUSE" TO MODIFY THE SCHEDULING ORDER.

The modification of a Scheduling Order requires a showing of Good Cause. Defendant filed the January 11, 2007 motion premised upon plaintiff's purported "obstinate refusal to make any effort to reach a mutually acceptable resolution" of these scheduling disputes. (Def, Memo. at pg. 2). Plaintiff has set forth his position on the extension of discovery deadlines, and hence this new motion, in his prior pleading (Docket No. 42).

It would be relatively easy to slip into the proposition that defendant delayed and obstructed plaintiff's discovery. The fact is correct. However, what is most significant is that defendant does not admit to the Court that his co-defendant implicated defendant in great detail in the involved assault and battery. Mr. Wood has described in a video tape interview, how defendant Adeboyeku followed plaintiff and engaged in an attack on plaintiff, including kicking plaintiff in the head. The witnesses identified in the motion are secondary to Mr. Wood's testimony. This case is no more remarkable than any other proceeding wherein multiple defendants blame criminal conduct upon one another.

**PLAINTIFF'S LOCAL RULE 7(m) STATEMENT**

On January 4, 2007 defendant telefaxed a letter to counsel for plaintiff. Plaintiff provided a response that same day. (See Exhibit No. 1 hereto). Counsel for plaintiff further engaged in several long distance telephone discussions with counsel for defendant explaining in detail the reasons for plaintiff's position.[2] It is noteworthy that defendant has omitted from his Rule 7(m) Statement, the pertinent facts relating to plaintiff's

---

[2] Plaintiff's counsel was away from his office on an extended business trip. Plaintiff has bent over backwards to accommodate defendant despite the clear lack of respect and consideration required between counsel. Attached hereto, and identified as exhibit no. 1, is a copy of the message returned to counsel for defendant. The substance of this message was restated in several telephone conversations on January 11th.

4

position. Plaintiff declined to make a commitment of time based upon speculation and further based upon a motion which counsel believes to lack merit. It likewise appears that defendant does not consider counsel's obligations to other clients to have any value nor merit as well. Plaintiff further pointed out that the proposed motion was duplicative and repetitive of defendant's November 20, 2006 motion. This is highly material to the Local Rule 7(m) Statement requirements. Defendant's statement that plaintiff counsel does not concur in defendant's new motion is not in conformance with the basic requirements of Local Rule 7(m) to identify the points at which the parties disagree.

## CONCLUSION

Wherefore, in consideration of the above and foregoing, it is hereby respectfully requested that defendant's renewed motion to extend discovery deadlines/motion to take depositions be DENIED.

Dated: 22 January 2007

Respectfully submitted,

/S/

RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff