UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01274 (RCL) |
| | ) |
| OLAYINKA ADEBOYEKU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
ADEBOYEKU'S MOTION TO TAKE DEPOSITIONS**

In the Motion to Extend Discovery Deadline (Docket No. 39), Defendant set out the grounds for granting an extension to the discovery period. With his present Motion to Take Depositions (Docket No. 49) ("Defendant's Motion"), Defendant seeks to depose five, and possibly other, individuals. The relationship between these two motions is clear and obvious.

Despite Plaintiff's argument that Defendant has certain prior statements for some of the individuals he seeks to depose,[1] none of these statements can replace the need for depositions. Depositions would allow defense counsel to ask questions, seek clarifications, and address topics not discussed in other statements, during which Defendant's counsel was not present. By way of example only, neither Plaintiff's police statement nor his criminal trial testimony explores the relationship between him and Defendant or between Plaintiff and other witnesses, topics that Defendant needs to address. Depositions are also more valuable than previous statements because they are under oath (unlike police statements) and would be much closer in time to the actual trial testimony.

---

[1] Defendant has no testimony or documents detailing the statements of Officer Glenn Luckett.

Although Plaintiff believes that Defendant's Rule 7(m) statement is somehow deficient because it fails to "identify the points at which the parties disagree" (Plaintiff's Opposition at 5 (Docket No. 50)), the rule contains no such requirement. Defendant's Rule 7(m) disclosure fully complies with the rule's requirement that a party shall include in its motion "a statement *that the required discussion occurred*, and a statement as to *whether the motion is opposed.*" Local Rule 7(m) (emphasis added). In any event, as explained in Defendant's Motion, on January 4, 2007, Defendant faxed a letter to Plaintiff's counsel, informing him that Defendant wished to take the depositions of five individuals. Over the next two days, defense counsel spoke to Plaintiff's counsel twice by phone. During both of these conversation, defense counsel explained that if the parties were able to work out a mutually acceptable resolution to the discovery and scheduling disputes, that resolution could then be presented to the Court for approval. Plaintiff rejected Defendant's overtures to resolve the disputes and present a unified resolution to the Court, therefore making this motion necessary.

For the reasons stated in Defendant's Motion to Extend Discovery Deadline and Motion to Take Depositions, Defendant requests that this Court allow him to proceed with the depositions requested.

DATED: January 29, 2007

/s/ Daniel E. Loeb
Daniel E. Loeb (DC Bar # 386098)
Douglas W. Baruch (DC Bar # 414354)
Kerry Hotopp (DC Bar # 483747)
Fried, Frank, Harris, Shriver & Jacobson, LLP
1001 Pennsylvania Ave., NW, Suite 800
Washington, DC 20004
(202) 639-7000
(202) 639-7003, Fax

*Attorneys for Olayinka Adeboyeku*