## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

_____

**JONATHAN W, RUDE,**

    **Plaintiff,**      )

    **v.**      )

**OLAYINKA ADEBOYEKU**
    **and**      )
**ANTHONY B. WOOD,**

    **Defendants.**      )

_____

    **CASE No. 1:05CV01274**
    **Judge Royce C. Lamberth**

### DEFENDANT ANTHONY WOOD'S OPPOSITION
### TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the defendant, Anthony B. Wood, by and through counsel, Barry M. Tapp, Esq., and states the following in opposition to the plaintiff's Motion for Summary Judgment as to Defendant Anthony B. Wood:

1. This action is before the Court on the plaintiff's complaint alleging that the defendants engaged in an assault upon him, without legal excuse and generally acted in concert and are thus jointly and severally liable for any injuries he sustained on June 27, 2004.

2. The injuries sustained by the plaintiff were the consequence of an physical altercation he provoked and was involved in with co-defendant Adeboyeku. Wood's presence was occasioned by his efforts to prevent a group attack upon co-defendant Adeboyeku and/or to ensure that the fight was going to be one on one.

3. The plaintiff moves for Summary Judgment alleging that there are no genuine issues of dispute as to material facts and that he the plaintiff is entitled to Summary Judgment as a matter of law against Wood.

4. Wood opposes the Motion for Summary Judgment and offers the accompanying Memorandum of Points and Authorizes and Statement of Material Facts

as to Which There is a Genuine Dispute.

**WHEREFORE**, for the reasons set forth above and as set forth in the

accompanying and incorporated Memorandum of Point and Authorities, defendant

Wood respectfully requests that this Court enter an Order denying Summary Judgment

for the plaintiff and provide any further relief that this Court deems appropriate.


Respectfully submitted,


_____/s/ Barry M. Tapp_____
Barry M. Tapp
14662 Cambridge Circle
Laurel, MD 20707
Bar #209395
301-725-6030
*Suwon4@aol.com*

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

_____

**JONATHAN W, RUDE,**
        **)**
  **Plaintiff,**
        **)**  **CASE No. 1:05CV01274**
  **v.**       **Judge Royce C. Lamberth**
        **)**
**OLAYINKA ADEBOYEKU**
  **and**      **)**
**ANTHONY B. WOOD,**
        **)**
  **Defendants.**

_____

# ORDER DENYING MOTION FOR SUMMARY JUDGMENT

    **UPON CONSIDEATION** of the plaintiff's Motion For Summary Judgment,

the defendant Anthony B. Wood's Opposition thereto, and the files herein, it is

this ____day of _____, 2007,by the United States District

Court for the District of Columbia**,**

    **ORDERED**, that the Motion be, and hereby is, **DENIED.**


          _____
          **UNITED STATES DISTRICT COURT JDUGE**

cc:

Barry M. Tapp, Esq.
14662  Cambridge Circle
Laurel, MD 20707

Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, VA 22046

Kerry Hotopp
Fried, Fran, Harris, Shriver
& Jacobson LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004-2505

THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

JONATHAN W, RUDE,
                                    )
        Plaintiff,
                                    )        CASE No. 1:05CV01274
        v.                                   Judge Royce C. Lamberth
                                    )
OLAYINKA ADEBOYEKU
    and                             )
ANTHONY B. WOOD,
                                    )
        Defendants.
_____

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

        Anthony Wood, by and through his attorney, Barry Tapp, offers this

Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, pursuant to

Rule 56 of the Federal Rules of Civil Procedure , and in support thereof states:

### I.  Relevant Factual Background

        1.  On the night of June 26 and the early morning of June 7th, 2004,  defendant

Wood was working at "Tony & Joe's" Seafood Restaurant  as a doorman/security along

with co-defendant Adeboyeku ("hereinafter referred to as "Adeboyeku" or "Yinka") and

several others, on the Potomac waterfront near the 3000 block of K St., NW.  See

Statement of Material Facts, Exhibit's A-1 thru A-4; A-6).

        2.  Between 1:00 am and 2:00 a.m., the plaintiff and several friends came to the

outdoor patio area of Tony & Joe's minutes before closing.  Because of an incident that

had occurred a week earlier with Adeboydku and plaintiff (and plaintiff's friend Gillman),

the plaintiff and his party of three were escorted out of the side door of the restaurant

and onto the boardwalk leading to the 3000 block of K  Street by officer

1

Owen,  a metropolitan police officer who worked part-time at Tony & Joe's.  *See* Statement of Material Facts, Exhibits  A-1 thru A-4; A-6).

3.  Moments later Yinka left and was walking behind the plaintiff, Gillman, Michael Zarkhosh and Samir Zarkhosh, when plaintiff and Yinka lunged toward one another and began throwing punches.  During the altercation, one of the plaintiff's friends, Michael Gillman, grabbed Yinka and held him as plaintiff continued punching. Moments later Wood arrived, tackled Rude, fell to the ground with him and then released him.  Wood then stated to all present that the if the plaintiff and Yinka were going to fight, it had to be fair and one on one.  *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6).

4.  The plaintiff and the co-defendant continued fighting and at some point during the altercation Wood pulled Yinka up and stopped the fight.  Thereafter, the plaintiff got up and walked away with his three companions and Adeboyeku and Wood returned to Tony & Joe's.  *See* Statement of Material Facts, Exhibits A-1 thru A-4; A-6).

5.  Defendant Wood was arrested and charged with assault that was later dismissed by the United States Attorney's Office.

## II. Standard of Review

Summary judgment is appropriate where "there is no genuine issue as to any material fact", and "the moving party is entitled to a judgment as a matter of law".  Fed. R. Civ. P 56(c).  "Upon such a motion, the function of the district court is to determine whether any pertinent factual controversy exists, and in reviewing the record before it, the district court *must give the party against whom the motion is made the most favorable view of the record if there is doubt as to the sufficient of a factual showing.*" Exxon Corp. v. Federal Trade Comm., 663 F.2d, 120, 213 U.S. App. DC 356 (1990)

(*emphasis supplied*).  A judgment may be rendered if the pleadings, depositions, answer to interrogatories and admissions[1] as well as affidavits show that there is no genuine issue.  Fed. R. Civ. P 56(c).  Obviously, the district court must consider the entire record and not just an isolated submission.  Because summary judgment is a drastic remedy and should be used sparingly, it should not be granted unless it is *clear beyond controversy* that the moving party is entitled to judgment as a matter of law.  U.S. v. Porter, 581 F.2d 698 (1978).  In Ozark Milling Co., Inc. v. Allied Mills, Inc., 480 F.2d 1014 (1973) the court held that summary judgment is not to be entered unless the movant has established his right to judgment with such clarity as to leave no room for controversy and that that the other party is not entitled to recover under any discernable circumstances.  *See* Jacobson v. Maryland Cas. Co., 336 F.2d 72, *cert denied*,. 379

3

---

[1]    The plaintiff asserts that because Wood did not respond to Plaintiff's First Request For Admissions they are conclusively established in regard to Wood.  (*See* Wood's Motion to Withdraw Admissions).  In viewing the purported admissions, the most they establish as operative material facts is that Wood tackled plaintiff to the sidewalk; Wood lay on top of the plaintiff, he prevented plaintiff from being kicked by Yinka, he prevented Michael Gillman from stopping the altercation and  Wood pulled Adeboyeku off plaintiff stating to Adeboyeku that's enough**.** *See* pp 5-6.  None of the purported admissions establish a reasonable inference that Wood committed an intentional assault or battery or that he intentionally inflicted emotional distress.  Plaintiff fails to prove, for Summary Judgment, operative dispositive facts of intent to warrant Summary Judgment.  A review of all submissions, even by plaintiff, leaves room for differing inferences and doubt as to Wood's intent.  Even assuming that Fed. R. 36(b) is controlling regarding the Request For Admissions, a reasonable person could conclude that a genuine issue exists as to whether Wood was attempting to prevent a fight between plaintiff and Yinka and did not intentionally commit an assault and battery or intentionally inflict emotional distress.  It is also reasonable to conclude that Wood intervened to prevent what he reasonably believed to be a gang attack on Yinka*, i.e.,* defense of another.  In fact, the alleged admissions at best show conclusively that defendant Wood's conduct is inconsistent with an act of aggression.  He protected plaintiff from an alleged kick, pulled Yinka off him and also stopped the fight.  Consequently, even the plaintiff's Statement of Material Facts led to conclusions wholly inconsistent with his theory of assault, battery and intentional infliction of emotional distress.  *See* U.S. v. Porter, *supra.*

U.S. 964 (1964).

To survive a summary judgment motion, the opposing party need only show that there is sufficient evidence supporting a claimed factual dispute to require a judge or jury to resolve the parties' differing versions of the truth. Nader v. de Toledano, 408 A.2d 31 (D.C. App 1979, *cert. denied*, 444 U.S. 1078 (1980). Only if the moving party demonstrates the *absence of any genuine dispute* as to a material fact, then the burden shifts to the non-moving party to identify the existence of such a genuine factual dispute.

Whether a factual dispute exists in a diversity matter is based upon an application of the substantive law of the forum state. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc. 669 F.2d 1026 (1982). In the instant case, the plaintiff alleges that the defendants jointly committed an assault and battery and intentionally inflicted emotion distress. Thus, under the substantive law of the District of Columbia, the plaintiff must prove:

Assault:

An assault occurs when one person *intentionally* [and unlawfully] *threatens or attempts to cause physical harm or offensive contact* with another person. An assault can also occur when one person intentionally causes an apprehension of imminent physical harm or offensive contact with another person. It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact. An assault can occur by words or acts, and actual physical contact is not necessary.

Battery

A battery occurs when one person [unlawfully and] *intentionally* touches or uses force on another person in a *harmful, offensive, or insulting wa*y. The term "touching" includes direct contact. "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person. If plaintiff consented the defendant cannot

4

be liable for the touching.[2]

Standardized Civil Jury Instructions, for the District of Columbia (1998), 19-1; 19-3

> Intentional Infliction of Emotional Distress
>
> Intentional infliction of emotional distress requires (1) *extreme and outrageous* conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff extreme emotional distress. (*emphasis added*).

D.C. v. Thompson, 570 A.2d 277, 289-90 (D.C. 1990), *vacated on other grounds*,

593 A.2d 621 (D.C.) *cert. denied*, 112 S. Ct. 380 (1991); s*ee* Brown v. Hamilton, 601

A.2d 1074, 1079 (D.C.1992)(conduct must be so outrageous and extreme as to go

beyond all possible bounds of decency and regarded as atrocious and utterly

intolerable in a civilized community); Anderson, MD. v. Prease, 445 A.2d 612, 613

(D.C. 1982).

Because the plaintiff's submissions demonstrate fail to show

such clarity of fact, the predicate for summary judgment is lacking. *See* Jacobson v.

Maryland Cas. Co., *supra.*

## III.  ARGUMENT

Summary Judgment is not appropriate here with respect to plaintiff's theory of

joint and several liability because there are disputed material facts at bar that present a

genuine issue of fact as to whether defendant Wood was engaged in an assault and

battery or intervened to stop the fight.  In order to prevail, the plaintiff must "clearly show"

that under the substantive law (assault, battery and intentional infliction of emotional distress) of the District of Columbia he would prevail based on his submissions, *i.e.*, deposition testimony, pleadings, affidavits, trial transcripts, interview of defendant Wood and purported admissions attached to his Statement of Material Facts for Summary Judgment. Exxon Corp. v. Federal Trade Comm., *supra*. This he has failed to do.

The plaintiff cannot succeed on his motion because the trial transcripts, deposition testimony all support a reasonable conclusion that a material factual dispute exists as to whether or not a reasonable person could find that Wood's involvement was *de minimus* and not an intentional assault and battery. A fair reading of the plaintiff's exhibits in support of his Statement of Material Facts are inconclusive of intent, a critical element of each of his theories of recovery. *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6). A reasonable inference in this case can be made that Wood's tackling of the plaintiff may be excused because he was entitled to use force in an amount reasonably necessary to carry out the lawful act of ending a fight. *See*, Mattocks v. Bell, 194 A.2d 307, 308 (D.C. 1963); Johnson v. Jackson, 178 A.2d 327 (D.C. 1962).

It is settled that in order to defeat the plaintiff's summary judgment motion, defendant Wood need only show that there is sufficient evidence supporting a claimed factual dispute to require a judge or jury to resolve the parties' differing versions of the truth. Nader v. de Toledano, *supra*. Not only does an objective reading of the plaintiff's own submissions support a reasonable inference of Wood's claim of intervention to stop the fight or reasonable belief that Yinka was being attacked by the group, (defense of another) but an inference that he did not act intentionally as required under the substantive law of the District of Columbia. Anderson v. Liberty Lobby, Inc., 477 U.S.

6

242 (1986). To draw the conclusion that the plaintiff seeks as the only legal one is legally naïve. The evidence at this posture is in *equipoise* as to whether the tackling of the plaintiff was unlawful and intentional or reasonably perceived as a defense of another. *See* Frost v. United States, 618 A.2d 653, 661 (D.C. 1992).

The criminal trial transcripts support a reasonable inference that defendant Wood merely interceded to ensure that the fight was "fair" and not with the specific intent to commit an assault and battery. *See* Statement of Material Facts in Dispute exhibits, incorporated herein by reference. Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial Transcript.. of M. Gillman dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial Transcript. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71. This court cannot rely alone upon the purported admissions as controlling. And, even if the court considers the admissions as conclusive, the additional evidence of record does not "clearly show" that plaintiff is entitled to such a drastic remedy as summary judgment because as has been held, it should be used sparingly, and should not be granted unless it is *clear beyond controversy* that the moving party is entitled to judgment as a matter of law. U.S. Porter, *supra*. Clear inferences devoid of legal fact on the part of Wood are equally apparent on this record.

Plaintiff claims that defendant Wood committed an assault and battery by 1) leaving the restaurant with Yinka, 2) tackling the plaintiff and 3) admitted that Yinka kicked the plaintiff. He ignores that fact that defendant Wood tackled the plaintiff when he realized that Gillman was holding Yinka while the plaintiff was striking Yinka with his

7

fists.  *See* Defendant Wood's Statement of Material Facts, Exhibit A-1 & A-2).  Plaintiff

fails to realize that the district court must view **all the evidence** of record and

not ignore reasonable inferences that can be drawn.  *See* Plaintiff's Motion For

Summary Judgment at 8.  Plaintiff's misreading of the record and short-sighted view of

the legal principles for enter of Summary Judgment is misplaced.  Reasonable

inferences based upon all the evidence of record support the conclusion that defendant

Wood either acted to prevent a gang attack on Yinka or to stop the fight and was not

acting in concert with Yinka.  Since, the evidence is wholly inconclusive of an assault or

battery and an intentional infliction of emotional distress, the plaintiff's Motion for

Summary Judgment must be denied.  *See* Defendant's Statements of Material Fact in

Dispute, incorporated herein by reference.

## IV.  CONCLUSION

    For the foregoing reasons, a grant of Summary Judgment is not warranted under

the "record" because there are disputed material issues of fact.

    **WHEREEFORE**, it is respectfully requested that the plaintiff's Motion For

Summary Judgment be denied..


                              Respectfully submitted,


                              __ /s/ Barry M. Tapp____
                              Barry M. Tapp
                              14662 Cambridge Circle
                              Laurel, MD 20707
                              Bar 209395
                              301-725-6030

*8*

THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

JONATHAN W, RUDE,

      Plaintiff,

      v.

OLAYINKA ADEBOYEKU
   and
ANTHONY B. WOOD,

      Defendants.
_____

CASE No. 1:05CV01274
Judge Royce C. Lamberth

### DEFENDANT WOOD'S STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS A GENUINE ISSUE
### (IN SUPPORT OF OPPOSITON TO MOTION FOR SUMMARY JUDGMENT)

Defendant Wood, by and though his attorney, Barry M. Tapp, Esq., and pursuant to Fed. R. Civ. Proc. 56, offer this following Statement of Material Facts as to which he contends there is a genuine dispute as material facts*, i.e.,* whether he was involved in an assault and battery on the plaintiff and intentionally inflicted emotional distress when he attempted to intervene to stop the fight or defend co-defendant Adeboyeku to prevent when he reasonably believed was a a gang assault upon Adeboyeku:

1. That on June 27, 2004, defendant Wood did not engaged in physical or verbal acts with the plaintiff that would constitute an intentional assault and battery on the plaintiff when he tackled the plaintiff to end the fight. *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial Transcript.. of M. Gillman dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial Transcript. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367;  *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at

1

48-71; see Exhibit B,  Depo. A. Wood at.72--84; *see* Exhibit C, Interview of Tony Wood, 2-11; *see* Exhibit D, defendant Wood's Answers to Interrogatories.

2.  On June 27, 2004, defendant Wood did not engaged in conduct which resulted in the intentional infliction of emotional distress on the plaintiff because he intervened to end the fight and assault on the co-defendant.  *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Zarhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zardkosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71; *see* Exhibit B Depo A. Wood at.72--84.

3. Defendant Wood did not encouraged, assist, aid or participate in the physical altercation between the plaintiff and co-defendant by following the co-defendant to 30th Street, tackling the plaintiff in an effort to end the fight and/or to defend co-defendant Adeboyeku from what appeared to be an unfair, group assault by plaintiff and his friends. *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Arches at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367;  *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71; see Exhibit B Depo A. Wood at.72--84.

4.  Defendant Wood is not responsible for any injuries sustained by the plaintiff during his fight with the co-defendant merely because Wood's attempted to prevent the fight by tackling the plaintiff.  *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M.

2

Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyeku, at 48-71; see Exhibit B Depo. A. Wood at.72--84.

    5.  The injuries sustained by the plaintiff were the consequences of a fight between the plaintiff and co-defendant Adeboyeku.  *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyeku, at 48-71; *see* Exhibit B Depo. A. Wood at 72--84.

.                                                                Respectfully submitted,

                                               _/s/ Barry M. Tapp_
                                               Barry M. Tapp
                                               14662 Cambridge Circle
                                               Laurel, MD 20707
                                               301-725-6030
                                               Suwon4@aol.com
                                               Bar 209395

**I HEREBY CERTIFY** that I have, this _12th___day of March 2007, I electronically and by mail served all parties in this matter with a copy of the foregoing:


Rick A. Rude, Esq.
Suite 104
207 Park Avenue
Falls Church, VA 22046
Counsel for the Plaintiff

Daniel E. Loeb, Esq.
Kerry Hotopp
Fried, Fran, Harris, Shriver
& Jacobson LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004-2505




 /s/  Barry M. Tapp
Barry M. Tapp