UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN W. RUDE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 05-01274 (RCL) |
| ) | |
| **OLAYINKA ADEBOYEKU,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT WOOD'S MOTION TO
WITHDRAW AND/OR AMEND ADMISSIONS**

Defendant Anthony Wood, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 16, 36(b), and the Local Rules of the District of Columbia, hereby moves this Court to allow him to withdraw his admissions to Plaintiff's First Request for Admissions to Anthony B. Wood ("Request for Admissions") and amend them in accordance with his response, which is filed herewith. The basis for this motion is set forth in the accompanying Memorandum of Points and Authorities.


DATED:  March 12, 2007         /s/ Barry M. Tapp
                               Barry M. Tapp
                               14662 Cambridge Circle
                               Laurel, MD  20707
                               (301) 725-6030

                               *Attorney for Anthony Wood*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JONATHAN W. RUDE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 05-01274 (RCL) |
| | ) |
| **OLAYINKA ADEBOYEKU,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT WOOD'S MOTION TO
WITHDRAW AND/OR AMEND ADMISSIONS**

Defendant Anthony Wood, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 16, 36(b), and the Local Rules of the District of Columbia, hereby moves this Court to allow him to withdraw his admissions to Plaintiff's First Request for Admissions to Anthony B. Wood ("Request for Admissions") and amend them in accordance with his response, attached hereto as Exhibit 2 (the "Response").

In a conversation on July 11, 2006 between Plaintiff's and Defendant's counsel, defendant Wood and Mr. Wood's wife, Plaintiff's counsel represented that he would settle the case against Mr. Wood for a nominal fee because he was not "interested in Wood". Consequently, Mr. Wood's counsel made an offer of settlement the same day and awaited a good faith reply. On August 3, 2006, Plaintiff issued his Request for Admissions to Mr. Wood and in a conversation that followed counsel for Mr. Wood was led to believe that Mr. Wood need not respond to the Request for Admissions because of a repetition of Plaintiff's lack of interest in Mr. Wood. *See* Declaration of Barry M. Tapp, attached hereto as Exhibit 1. Despite this, six months later, on February 1, Plaintiff filed a Motion for Summary Judgment as to Defendant Anthony B. Wood (the "Summary Judgment Motion") (Docket No 53). Shockingly, Plaintiff's

Motion relied almost wholly on the facts that Plaintiff claimed were "conclusively established" when Mr. Wood "did not respond" to the Request for Admissions.

Plaintiff is trying to introduce the Request for Admissions as conclusive evidence about Mr. Wood's liability, effectively preventing Mr. Wood from presenting the merits of his case. Defendant Wood therefore moves this Court to withdraw his "admissions" to Plaintiff's Request for Admissions and amend them in accordance with Defendant Wood's Response, as attached as Exhibit 2.

## ARGUMENT

Although a failure to answer a request for admissions within the specified time frame results in automatic admission, Rule 36(b) allows a party to withdraw or amend those admissions. The rule establishes a two-part test. *See* Fed. R. Civ. P. 36(b). First, the moving party must show that withdrawal or amendment will serve "the presentation of the merits of the action." Fed. R. Civ. P. 36(b). *See also Green v. Blazer Diamond Products, Inc.,* 1994 U.S. Dist. LEXIS 21346, *22-23 (D.D.C. 1994) (Lamberth, J.). If this burden is met, the burden then shifts to the opposing party to show that withdrawal or amendment is *not* appropriate. *Id.* In making such a showing, the opposing party must "satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.* Failure to satisfy this burden means the court should allow the admissions to be withdrawn or amended. Importantly, in deciding these issues, the Court should consider the importance of resolving cases on the merits. *See, e.g., Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) (allowing withdraw of admissions because otherwise, it "would block any consideration of the merits"); *see also Perez v. Miami-Dade County*, 297 F.3d 1255, 1265 (11th Cir. 2002) (although

2

"stopping short of holding that movants have an absolute right to have their admissions withdrawn," stressing the importance of resolve cases on the merits under Rule 36(b)).

Amending Mr. Wood's admissions clearly meets Rule 36(b)'s first requirement that the amendment would serve the "presentation of the merits." There is no better proof of this than Plaintiff's own Summary Judgment Motion and Statement of Material Facts ("SMF"). Well over half of the statements in the Statement of Material Facts -- 29 out of 47 -- rely on Mr. Wood's admissions to some extent, and many of the statements rely *exclusively* on his admissions, including many of the critical facts. *See, e.g.,* SMF, ¶¶ 32-34, 36. According to Plaintiff, Mr. Wood's admissions "conclusively establish[]" the battery: that Mr. Wood knew that Defendant Adeboyeku intend to fight Plaintiff (SMF, ¶¶ 12, 13), that Mr. Wood watched as Defendant Adeboyeku attacked Plaintiff without provocation or warning (SMF, ¶ 25), that Mr. Wood entered the fray himself by tackling Plaintiff (SMF, ¶ 27), and that Mr. Wood actively prevented others from stopping the fight (SMF, ¶ 36). Plaintiff also tries to remove the damages issues from contention by arguing that Mr. Wood's admissions prove that Plaintiff was "seriously injured. . . as a direct result" of the attack (SMF, ¶ 45).

These facts -- who attacked whom, how the attack occurred, Mr. Wood's actions, and the damages suffered as a direct consequence of the attack -- are all issues central to this case and reach to the core merits. Indeed, the admission undermines Mr. Wood's prime defense that he was coming to the defense of another. Where an admission bars defendant's prime defense, amendment is proper. *See Green*, 1994 U.S. Dist. LEXIS 21346, at *9 (merits prong met where admissions "would effectively bar [defendant's] presentation of the case on the merits" because the admissions undermined defendant's "prime defense"). Moreover, allowing these admissions to stand would not only undermine the presentation of the merits vis-à-vis Mr. Wood, it would

3

possibly preclude *any* presentation of the merits at all, if Plaintiff's Summary Judgment Motion is granted. In short, Defendant Wood would not have his day in court. Such total preclusion is clear grounds for amendment. *See Davis*, 142 F.R.D. at 259 (merits prong met because defendant's admissions "negated all of [plaintiff's] allegations"); and *Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989) (merits prong met where admissions "would practically eliminate any presentation of the merits").

Second, Plaintiff will not be prejudiced by Mr. Wood's amended admissions. Plaintiff must prove prejudice by showing "the sudden need to obtain evidence to prove the matter [the opposing party] had previously relied upon as answers." *Green*, 1994 U.S. Dist. LEXIS 21346, *24 (Lamberth, J.). Moreover, "the mere fact that the party will have to prove the fact is not necessarily sufficient prejudice; rather the court must look to the difficulty of obtaining the proof." *Id*.

In this case, Plaintiff alleges that he was attacked (through an assault and battery) by Defendant Wood and his codefendant, Mr. Adeboyeku. In fact, the complaint alleges that Mssrs. Wood and Adeboyeku "jointly engaged in an unprovoked and vicious 'tag team' assault and battery on plaintiff." Complaint (Docket No. 1), ¶ 8. Plaintiff's case against Mr. Wood, therefore, is substantially the same as the case against Mr. Adeboyeku and relies on the same evidence. Because of this, allowing Mr. Wood to amend his admissions will not require "the sudden need to obtain evidence;" Plaintiff has already collected this evidence for his case against Mr. Adeboyeku. Moreover, this Court has explained that "where a party all but conceded liability through its admission in a contested case, it is unlikely that the opposing party could have reasonably relied on the truth of the admission." *Green*, 1994 U.S. Dist. LEXIS 21346, *25 (Lamberth, J.), citing *McClanahan v. Aetna Life Insurance Co.,* 144 F.R.D. 316, 320 (W.D. Va.

4

1992). Here, it would have been particularly unreasonable for Plaintiff to rely on these admissions, knowing that he led Mr. Wood to believe that a nominal settlement was imminent and that Mr. Wood was not going to answer the Request for Admissions. For these reasons, therefore, Plaintiff will not be able to show that he will be prejudiced by the withdrawal and amendment of the admissions.

In similar situations, courts in this district have regularly allowed a party to amend or withdraw admissions. In *Rabil*, 128 F.R.D. at 2, the defendant failed to respond to a request for admissions in a timely manner. After plaintiff filed a summary judgment motion based on defendant's failure to respond, defendant moved to amend his admissions. The court explained that the unamended admissions "reach the merits of the case. . . [and] would effectively preclude the defendant's case." Therefore, because the merits of the case would never be presented, defendant had met the first prong of Rule 36(b)'s requirement. The court also found that plaintiff would not be prejudiced by any amendment, even though he had relied on the admissions in filing a summary judgment motion. Thus, defendant was allowed to amend his admissions. Other courts in this district have come to a similar conclusion. *See Green*, 1994 U.S. Dist. LEXIS 21346, at *29 (Lamberth, J.) (allowing company to amend admissions because if the court denied defendant's motion, "this case could feasibly be decided against [defendant] as a matter of law and would bar any presentation on the merits"); and *Davis*, 142 F.R.D. at 259 (allowing amendment of admissions where admissions would "block any consideration of the merits").

## CONCLUSION

For the foregoing reasons Defendant Wood respectfully requests that the Court withdraw his admissions to Plaintiff's Request for Admissions and allow him to respond in accordance with his attached Response.

## CERTIFICATION

Counsel for co-defendant Olayinka Adeboyeku concurs in this motion. Plaintiff's counsel was called on March 12, 2006 and no answer was received. Thus, it is presumed that he does not concur in this motion.

DATED: March 12, 2007        /s/ Barry M. Tapp
                             Barry M. Tapp
                             14662 Cambridge Circle
                             Laurel, MD  20707
                             (301) 725-6030

                             *Attorney for Anthony Wood*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-01274 (RCL) |
| OLAYINKA ADEBOYEKU, *et al.*, | ) |
| Defendants. | ) |

**PROPOSED ORDER**

Upon consideration of Defendant Wood's Motion to Withdraw and/or Amend Admissions, and all responses thereto, this Court determines that the Motion is **GRANTED**. It is hereby **ORDERED** that Defendant's Objections and Responses to Plaintiff's First Request for Admissions (attached as Exhibit 2 to Defendant Wood's Motion to Withdraw and/or Amend Admissions) is Defendant Wood's full response to Plaintiff's First Request for Admissions to Anthony B. Wood.

So ORDERED this __ day of _____, 2007.

_____
United States District Judge Royce C. Lamberth