## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01274 (RCL) |
| | ) |
| OLAYINKA ADEBOYEKU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF BARRY M. TAPP

I, Barry M. Tapp, declare and state as follows:

1. I am an attorney licensed in the state of Maryland and the District of Columbia. I currently represent Anthony Wood, one of the defendants in the above-captioned matter. I have personal knowledge of the facts set forth herein and if called upon, I could and would testify competently hereto.

2. In early August, I received a mailed copy of Plaintiff's First Request for Admissions to Anthony B. Wood (the "Request for Admissions")

3. Shortly thereafter, and before the Request for Admissions was due, I spoke to Plaintiff's counsel Rick A. Rude. I asked Mr. Rude why he sent the Request for Admissions and the need to respond to them. I noted that Plaintiff had already deposed Anthony Wood in *Rude v. Dancing Crab,* Case No. 05-1278. I also explained that Plaintiff had in his possession a copy of Mr. Wood's 1) answers to Plaintiff's interrogatories and 2) a statement that was taken by the Metropolitan Police Department a mere 5 hours after the events described in the Complaint.

4. Plaintiff's counsel replied the he was not interested in pursuing a case against Mr. Wood, but had named him in this case to avoid a "necessary party" problem in the case of *Rude v. Dancing Crab*, Case No. 05-1278. Moreover, he said he was willing to settle the case against Mr. Wood for a nominal fee.

5.  From this conversation, I understood that Plaintiff's counsel was not going to proceed with the case against Mr. Wood, and that even if he did, he would not rely on the Request for Admissions. I therefore did not respond to Plaintiff's Request for Admissions.

6.  Since that conversation, I have had no further discussions with Plaintiff's counsel concerning the Request for Admissions. Until I saw Plaintiff's February 1 Motion for Summary Judgment (Docket No. 53), I believed that Plaintiff would not rely on his Request for Admissions.

*       *       *

I declare under penalty of perjury that the foregoing is true and correct, to the best of my ability.

Date: March 12, 2007

Barry M. Tapp, Esq.