UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 05-01274 (RCL) |
| OLAYINKA ADEBOYEKU, *et al.*, | ) |
|        Defendants. | ) |

**DEFENDANT ANTHONY WOOD'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Defendant Anthony Wood, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 36 and Local Rule 26.2(d), objects, answers, and responds to Plaintiff's First Request for Admissions to Anthony B. Wood ("Request") as set out below.

**GENERAL OBJECTIONS**

Defendant Wood makes the following general objections (the "General Objections") to each of Plaintiff's requests for admission, regardless of whether the objections are separately set forth in response to each individually numbered item:

1.	Defendant Wood objects to the Request to the extent that it could be construed as calling for information protected by the attorney-client privilege, attorney work product doctrine, and/or any other recognized privilege.

2.	Defendant Wood objects to each request for admission to the extent that it seeks to impose requirements or burdens inconsistent with, or beyond those provided for in, the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.	By responding to each of Plaintiff's individually numbered requests, Defendant Wood is not conceding the relevancy or admissibility of the requests or the responses thereto.

**SPECIFIC OBJECTIONS AND RESPONSES**

Incorporating the General Objections stated above and responding specifically to the matters covered by the Request, Defendant Wood states and objects as follows:

1. **On June 27, 2004 Wood was an employee of Tony & Joe's Seafood Place located at 3000 K Street, N.W., Washington, D.C.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

2. **Wood was employed by Tony & Joe's Seafood Place as a member of the door staff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

3. **Attached hereto and identified as exhibit number 1 is a true and authentic copy of Tony & Joe's Seafood Place door staff manual.**

In addition to the General Objections incorporated here by reference, Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to, and without waiving, these objections, Defendant **ADMITS** that Exhibit 1 purports to be a copy of Tony & Joe's seafood Place door staff manual. The remaining averments in this statement are **DENIED**.

4. **Wood's employment by Tony & Joe's Seafood Place included the requirement that Wood abide by the duties and responsibilities set forth in the Tony & Joe's Seafood Place door staff manual.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

5. **On June 27, 2004 Wood was paired with Michael Gillman and assigned to work with Gillman at one of the entrances to Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, he was working at Tony & Joe's Seafood Place. The remaining averments in this statement are **DENIED**.

  6. **On June 27, 2004 Wood was paired with Michael Gillman and assigned to work with Gillman at one of the entrances to Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, an individual by the name of Olayinka Adeboyku was present at Tony & Joe's Seafood Place. The remaining averments in this statement are **DENIED**.

  7. **On June 27, 2004 an individual by the name of Oluwatosin Adeboyeku was an employee of Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, an individual by the name of Oluwatosin Adeboyku was present at Tony & Joe's Seafood Place. The remaining averments in this statement are **DENIED**.

  8. **On June 27, 2004 Olayinka Adeboyeku was a member of the door staff employed by Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, an individual by the name of Olayinka Adeboyku was present at Tony & Joe's Seafood Place. The remaining averments in this statement are **DENIED**.

  9. **On June 27, 2004 at approximately last call, Wood observed plaintiff standing in the main inside bar area of Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, he saw Plaintiff inside Tony & Joe's Seafood Place. The remaining averments in this statement are **DENIED**.

10. **On June 27, 2004, subsequent to last call, Wood, Oluwatosin Adeboyeku and Oluwatosin Adeboyeku stood together outside the main entrance/exit to the main inside bar area of Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004 subsequent to last call, he, Oluwatosin Adeboyeku, and Olayinka Adeboyeku were outside Tony & Joes Seafood Place. The remaining averments in this statement are **DENIED**.

11. **On June 27, 2004, at the time that Wood, Oluwatosin Adeboyeku and Olayinka Adeboyeku were standing outside the main entrance/exit to the main bar area of Tony & Joe's Seafood Place, Oluwatosin Adeboyeku was speaking to Jonathan Eagleton by means of cellular telephone regarding the presence of plaintiff at Ton & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004 subsequent to last call, he, Oluwatosin Adeboyeku, and Olayinka Adeboyeku were outside Tony & Joes Seafood Place. The remaining averments in this statement are **DENIED**.

12. **On June 27, 2004, at the time that Wood, Oluwatosin Adeboyeku and Olayinka Adeboyeku were standing outside the main entrance/exit to the main bar area of Tony & Joe's Seafood Place, Olayinka Adeboyeku indicated that he was upset and furious that plaintiff was being allowed to be at Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004 subsequent to last call, he, Oluwatosin Adeboyeku, and Olayinka Adeboyeku were outside Tony & Joes Seafood Place. The remaining averments in this statement are **DENIED**.

13. **On June 27, 2004, Wood did approach officer Glenn Luckett and officer Robert Owen stating that there was going to be a fight between plaintiff and Olayinka Adeboyeku.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

14. **On June 27, 2004 Wood requested that officers Luckett and Owen 'look the other way' while the proposed fight between plaintiff and Olayinka Adeboyeku occurred.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

15. **On June 27, 2004 officers Luckett and Owen entered the main bar area of Tony & Joe's Seafood Place and officer Owen then walked plaintiff and three other individuals through the main restaurant area and out a back door of Tony & Joe's Seafood Place.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant ADMITS this request.

16. That Olayinka Adeboyeku and Wood observed officer Owen, plaintiff and the three other individuals walk toward the back entrance/exit of the Tony & Joe's Seafood Place.

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

16. **That Olayinka Adeboyeku and Wood, after having observed plaintiff going toward the back entrance/exit did proceed to the outside patio bar area adjacent to the boardwalk following plaintiff, officer Owen and the three other individuals.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, he and Olayinka Adeboyeku left Tony & Joes Seafood Place. The remaining averments in this statement are **DENIED**.

17. **That Olayinka Adeboyeku expressed a desire to engage plaintiff in a physical altercation on June 27, 2004.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

18. **That Olayinka Adeboyeku and Wood followed officer Owen, plaintiff and the other three individuals onto the boardwalk area behind the Washington Harbour Complex toward 30th street, N.W.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

19. **That Olayinka Adeboyeku, on June 27, 2004 while in the outside patio bar area of Tony & Joe's Seafood Place, did strike his hands on tables raising loud noises.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

20. **That Olayinka Adeboyeku, on June 27, 2004 while in the outside patio bar area of Tony & Joe's Seafood Place did begin to tip over tables and chairs, including the throwing of chairs.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

21. **That Olayinka Adeboyeku and Wood then did enter Tony & Joe's Seafood Place and run through the restaurant and main bar area exiting out the main entrance to the restaurant.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, he and Olayinka Adeboyeku left Tony & Joes Seafood Place.

22. **That Olayinka Adeboyeku, during the course of these events, expressed to Wood the desire to engage plaintiff in a physical altercation.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

23. **That on June 27, 2004 Olayinka Adeboyeku and Wood, after leaving the boardwalk area identified in fact point 19 above, went to the parking garage area of the Washington Harbour Complex.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that on June 27, 2004, Olayinka Adeboyeku went to a parking garage. The remaining averments in this statement are **DENIED**.

24. **That on June 27, 2004 Olayinka Adeboyeku went to the parking garage area as described in fact point 24 above, for the purpose of intercepting the departure of plaintiff from the Washington Harbour Complex.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

25. **That on June 27, 2004 while at the fountain level doors connecting the Washington Harbour Complex main fountain area to the parking garage, Wood warned Olayinka Adeboyeku that "if you go out this door you are going to get into trouble."**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

26. **That on June 27, 2004 Olayinka Adeboyeku, after being warned by Wood, did then run up the steps connecting the lower main fountain area to the upper fountain area.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that Olayinka Adeboyeku went up the steps connecting the lower main fountain area to the upper fountain area.

27. **That on June 27, 2004 Olayinka Adeboyeku did chase plaintiff as plaintiff walked away from the Washington Harbour Complex and Tony & Joe's Seafood Place toward the 3100 block of K Street, N.W.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that Olayinka Adeboyeku was walking away from Tony & Joe's Seafood Place toward the 3100 block of K Street, N.W. The remaining averments in this statement are **DENIED**.

28. **That on June 27, 2004 Wood did see Olayinka Adeboyeku catch up to plaintiff on the sidewalk on the 3100 block of K Street, N.W.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that Olayinka Adeboyeku was walking alongside Plaintiff around the 3100 block of K Street, N.W.

29. **That on June 27, 2004 Wood did see Olayinka Adeboyeku lunge at plaintiff and strike plaintiff in the head.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that he saw Olayinka Adeboyeku and Plaintiff lunge at each other. The remaining averments in this statement are **DENIED**.

30. **That on June 27, 2004 an altercation ensued between Olayinka Adeboyeku and Michael Gillman immediately after Olayinka Adeboyeku struck plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that he saw Michael Gillman holding Olayinka Adeboyeku from behind as Plaintiff was punching him. The remaining averments in this statement are **DENIED**.

31. **That on June 27, 2004 in the 3100 block of K Street, N.W. Wood did tackle plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

32. **That Wood did observe Olayinka Adeboyeku striking plaintiff in the head while plaintiff was on his back on the ground and making no effort to defend himself.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that he saw Olayinka Adeboyeku and Plaintiff struggle on the ground and punch Plaintiff.

33. **That Wood did observe Olayinka Adeboyeku holding plaintiff by the neck while plaintiff was laying on his back on the ground with plaintiff's hands by his sides.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

34. **That Wood did pull Olayinka Adeboyeku off plaintiff stating to Olayinka Adeboyeku "that's enough."**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that he pushed Olayinka Adeboyeku away from Plaintiff to end the fight.

35. **That on June 27, 2004 Olayinka Adeboyeku did then threaten to "fuck up" Michael Gillman.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

36. **That on June 27, 2004 Wood returned to the Washington Harbour Complex and told James Sylvester that Olayinka Adeboyeku had "beat up your boy, Jon Rude."**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

37. **That on June 27, 2004 Wood was wearing an orange t-shirt at the time of the incident that occurred on the 3100 block of K Street, N.W. resulting in the injury of plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

38. **That on June 27, 2004 Wood was identified as a participant in an allege assault on plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

39. **That on June 27, 2004 Wood was arrested at the Washington Harbour Complex for the alleged assault on plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

40. **That on June 27, 2004 Wood provided the metropolitan police department a statement in which Wood acknowledged that he had "found himself on top of Jon Rude."**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that he acknowledged in an interview with the Metropolitan Police Department that he "ended up on top of him [Plaintiff]."

41. **That on June 27, 2004 after Wood got off plaintiff, plaintiff remained laying on the sidewalk.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

42. **That on June 27, 2004 Wood intervened between Olayinka Adeboyeku and Michael Gillman preventing Michael Gillman from stopping the alleged altercation between plaintiff and Olayinka Adeboyeku.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant **ADMITS** that he stood between Michael Gillman and the fight between Plaintiff and Defendant and that he said out loud that the fight would be a fair fight. The remaining averments in this statement are **DENIED**.

43. **That on June 28, 2004 Wood was arraigned in the Superior Court of the District of Columbia and changed with aggravated assault on the plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

44. **That, subsequent to June 28, 2004, Olayinka Adeboyeku was arrested and charged with aggravated assault on plaintiff.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

45. **That Olayinka Adeboyeku was indicted on November 2, 2004.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, Defendant lacks sufficient information to admit or deny this request. To the extent that a response is required, this statement is **DENIED**.

46. **That attached hereto and identified as Exhibit number 2 is a true and authentic copy of the November 2, 2004 indictment of Olayinka Adeboyeku.**

In addition to the General Objections incorporated here by reference, Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to, and without waiving, these objections, Defendant **ADMITS** that Exhibit 2 purports to be a copy of an indictment of Olayinka Adeboyeku. The remaining averments in this statement are **DENIED**.

47. **That attached hereto and identified as Exhibit number 3 is a true and authentic copy of the criminal complaint and affidavit in support of the complaint filed on June 28, 2004 in United States v. Anthony B. Wood, Case No. F-04083-04.**

In addition to the General Objections incorporated here by reference, Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to, and without waiving, these objections, Defendant **ADMITS** that Exhibit 3 purports to be a copy of a criminal complaint and affidavit in support of the complaint filed on June 28, 2004 in *United States v. Anthony B. Wood*, Case No. F-04083-04. The remaining averments in this statement are **DENIED**.

48. **That on March 7, 2005 Mr. David L. Carl represented Wood and requested that the Honorable Thomas Motley, Superior Court Judge, order the United States Department of Justice, Office of the United States Attorney, to provide Wood with immunity from criminal prosecution as a condition precedent to Wood's appearance and testimony in United States v. Olayinka Adeboyeku, Case Nos. F-4460-04 and 4895-04.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **ADMITTED**.

49. **That Wood, unless provided with immunity from prosecution, was asserting his rights pursuant to the Fifth Amendment of the United States Constitution so as not to be forced to incriminate himself in regard to the incident that occurred on June 27, 2004 during which plaintiff was injured.**

In addition to the General Objections incorporated here by reference, Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

50. **That attached hereto and identified as Exhibit number 4 is a true and authentic copy of a letter of immunity issued by Kenneth L. Wainstein, United States Attorney by Anthony Asuncion, Assistant United States Attorney.**

In addition to the General Objections incorporated here by reference, Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to, and without waiving, these objections, Defendant **ADMITS** that Exhibit 4 purports to be a copy of letter from Kenneth L. Wainstein. The remaining averments in this statement are **DENIED**.

51. **That the medical records of plaintiff reflect that plaintiff received a concussion, facial fractures, broken eye socket, cuts, abrasions and contusions as a result of the incident which occurred on June 27, 2004.**

In addition to the General Objections incorporated here by reference, Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

52. **That in November 2004 Wood was aware that plaintiff had received a concussion and total loss of memory of the incident that occurred on June 27, 2004.**

Subject to, and without waiving, those objections set forth in Defendant's General Objections above, this statement is **DENIED**.

/s/ Barry M. Tapp
Barry M. Tapp
14662 Cambridge Circle
Laurel, MD  20707
(301) 725-6030

*Attorney for Anthony Wood*

DATED:  March 12, 2007