UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

      Plaintiff,

v.                                          Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU,
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.

      Defendants.

### PLAINTIFF'S REPLY TO DEFENDANT WOOD'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE

COMES NOW, Plaintiff, by and through his counsel, and submits this Reply to Defendant Anthony B. Wood's Statement of Material Facts As To Which There Is A Genuine Issue. Defendant's Statement was not separately submitted but was contained at pages 12-15 of Defendant's March 12, 2007 submission.

Plaintiff has also submitted a Reply Memorandum which discusses Wood's alleged material fact disputes. This document hereby supplements that Reply Memorandum. Plaintiff in reply states as follows:

1. That on June 27, 2004, defendant Wood did not engaged(sic) in physical or verbal Acts with plaintiff that would constitute an intentional assault and battery on the Plaintiff when he tackled the plaintiff to end a fight.

<u>Plaintiff's Reply.</u>

Wood has mis-stated the elements of a civil battery. The question of "intent" by Wood is not relevant nor material to the legal definition of a civil battery. Wood admits to tackling of plaintiff. Wood "intended" to tackle plaintiff. Plaintiff must only show general intent

1

to commit the battery—not specific or hostile intent. The question of 'intent' is not a material fact in this context.

2. On June 27, 2004 defendant Wood did not engaged(sic) in conduct which resulted in the intentional infliction of emotional distress on plaintiff because he intervened to end the fight and assault on the co-defendant.

Plaintiff's Reply.

Plaintiff's motion for summary judgment does not involve the claim of emotional distress and therefore this is an irrelevant "fact" question. This does not create nor establish a question of fact as to Plaintiff's claim for Battery.

3. Defendant Wood did not encouraged(sic), assist, aid, or participate in the physical altercation between the plaintiff and co-defendant by following the co-defendant to 30th Street, tackling the plaintiff in an effort to end the fight and/or to defend co-defendant Adeboyeku from what appeared to be an unfair, group assault by plaintiff and his friends.

Plaintiff's Reply.

Wood has failed to recognize the scope of joint and several liability under the law. Whether Plaintiff established that the actions of defendants were "in concert" or were "concurrent", the liability of Wood is the same pursuant to the Single Injury Rule. Wood admits he tackled plaintiff—this constitutes 'participation' in his own right. Wood's Police Interview Statement revealed that Adeboyeku kicked Plaintiff in the face/head. Under concurrent joint and several liability, there is no need to prove that Wood either aided or assisted Adeboyeku. This is not a fact issue—but an issue of applicable law.

4. Defendant Wood is not responsible for any injuries sustained by the Plaintiff during his fight with the co-defendant merely because Wood's(sic) Attempted to prevent the fight by tackling the plaintiff.

Plaintiff's Reply.

Wood does not recognize the application of the Single Injury Rule. Plaintiff is not obligated to establish which defendant inflicted which of plaintiff's multiple injuries. The law is to the contrary. It is the burden of Wood to establish such facts if he is going to avoid the application of the Single Injury Rule. Wood has not done this and without expert medical testimony, cannot do so. There is no issue of fact.

5. The injuries sustained by the plaintiff were the consequences of a fight Between the plaintiff and co-defendant Adeboyeku.

Plaintiff's Reply.

Plaintiff hereby incorporates his response to points 3 and 4 above. The Single Injury Rule places the burden of allocation of damages upon defendants. Wood cannot establish an issue of material fact by failing to meet his own evidentiary burdens under the controlling law of the District of Columbia—the Single Injury Rule.

Dated: 18 March 2007

Respectfully submitted,

/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff