UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                      Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU,
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.,

    Defendants.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT ANTHONY B. WOOD'S MOTION WITHDRAW AND/OR AMEND ADMISSIONS

COMES NOW, Plaintiff, by and through his counsel, and submits the Memorandum in Opposition to Defendant Anthony B. Wood's Motion to Withdraw and/or Amend Admissions. Plaintiff hereby further submits a Declaration of Counsel in support of Plaintiff's Opposition.

### OPPOSITION STATEMENT OF FACTS

Defendant Anthony B. Wood (hereinafter "WOOD") has submitted to the Court a motion seeking to "withdraw and/or amend admissions". WOOD represents that he did not answer Plaintiff's First Request For Admissions as he was lead to believe that WOOD need not respond to the discovery request. (Wood Motion, Doc. 56, pg. 2). Plaintiff has attached hereto the Declaration of Counsel that reflects that an extension of time was agreed for the specific purpose of affording WOOD additional time to provide Answers to the involved admissions. (See Rude Declaration at para. 2 and Exhibit "A").

There is no doubt that WOOD was a 'secondary' participant in the attack on Plaintiff on June 27, 2004. Plaintiff was attacked twice by Adeboyeku and only once by WOOD. WOOD, through an associate, later conveyed regret to Plaintiff for the incident. A complaining party is certainly entitled to take such things in consideration in settlement discussion. WOOD proposed a settlement that simply was not acceptable (See Rude Declaration, para. 5-6, Exhibit "B").

Plaintiff's First Request For Admissions was served August 3, 2006. This is three weeks after WOOD's proposed settlement—July 12, 2006 (See Exhibit "B" to Declaration). It is not reasonable to contend that there was no need to respond to discovery issued AFTER the date of the proposed settlement. Simply, the involved discovery had not even been issued as of July 12th. WOOD's July 12, 2006 offer has been redacted as Plaintiff does not believe it is appropriate to inject settlement discussions into pleadings—especially when the discussions were agreed settlement negotiations under the Federal Rules of Evidence.

The controlling law holds that both WOOD and co-defendant Adeboyeku are jointly and severally liable. WOOD admitted the underlying battery in his deposition, in his pleadings and in the Admissions (both original and 'amended' admissions). Plaintiff, recognizing the financial situation of WOOD, limited his motion for summary judgment to the recovery of medical expenses. Plaintiff could have sought substantial sums for pain and suffering, permanent injury as well as future medical expenses. WOOD did not dispute the injuries nor that the medical expenses were incurred. But it appears that WOOD's real concern here is the amount of the damage award that may result from Plaintiff's motion for summary judgment. This instant situation is something that WOOD

should have considered before he accompanied Adeboyeku and engaged in a battery of Plaintiff.

Plaintiff's First Request For Admissions was based upon the following evidence: (1) WOOD's deposition statements, (2) WOOD's answers to interrogatories, (3) Plaintiff's medical records and medical bills, (3) trial testimony of various witnesses, (4) the representations of WOOD's counsel, Mr. David Karl in the Superior Court, (5) court records, witness statements and documents from co-defendant's criminal trial, (6) counsel's own observations and counsel's presence during a conversation between WOOD and Mr. Karl during WOOD's own preliminary hearing. WOOD's subsequently obtained Police Interview provided further evidentiary support for the facts points in the involved admissions.

WOOD's proposed Amended Answers are at points inconsistent with WOOD's deposition testimony, his answers to interrogatories as well as available documentary evidence. WOOD now seeks to withdraw fact statements that he made as well as seeking to contradict deposition and trial testimony of other witnesses. WOOD does not indicate, nor can he, that any of the fact statements in Plaintiff's First Request For Admissions are incorrect or untrue.

A review of WOOD's proposed responses reflect that 33 responses are either full or partial admissions. Some of these responses are not consistent with the requirements of Rule 36(a) as they are unresponsive to the facts raised and ambiguous at best. Seven (7) responses are inconsistent and contrary to his prior statements and deposition testimony. The remaining 12 fact points involve either documents or other witness testimony. It has been shown that WOOD obtained an extension to provide answers but failed to provide

those answers. WOOD has a particularly difficult burden to explain that failure to comply with the agreement. WOOD has not done so in this case.

WOOD has made no good faith effort to comply with the mandatory requirements of Local Rule 7(m) which requires that he confer with counsel for Plaintiff before filing the involved motion. WOOD states: "Plaintiff's counsel was called on March 12, 2006 and no answer was received. Thus, it is presumed that he does not concur in this motion". (WOOD motion, Doc. 56, pg. 7).

## ARGUMENT IN OPPOSITION

WOOD submits to the Court an argument pursuant to Rule 36(b), Fed.R.Civ.Proc. 36(b). The court need not reach that argument nor the proposed amended admissions. WOOD's motion is in patent violation of Local Rule 7(m), LCvR 7(m), and therefore must be denied.

WOOD states that he called counsel for Plaintiff on March 12, 2007 and 'no answer was received'. WOOD further states "it is presumed that he does not concur in this motion". (WOOD Motion, Doc. 56, pg. 7). WOOD does not even begin to comply with the mandatory requirements of LCvR 7(m). The Rule requires parties to confer either by telephone or in person "in a good faith effort" to determine any opposition and if there is opposition "to narrow the areas of disagreement". This Honorable Court, in several recent decisions, held that non-compliance with LCvR 7(m) requires DENIAL of the involved motion. See: *Ellipson, Inc. v. John B. Mann et al.* D.DC. Civil Action No. 05-1186 (RCL), Memorandum Opinion, Order at pages 2-3 (Judge Lamberth, November 2, 2006); *United States Of America, ex rel. K&R Limited Partnerhsip v. Massachusetts Housing Finance Agency*, D.DC. Civil Action No. 99-1343(RCL), Memorandum

Opinion, Order at pages 7-9 (Judge Lamberth, October 11, 2006); See Also, *United States ex rel. A. Scott Pogue v. Diabetes Treatment Centers Of America, Inc. et al.*, 235 F.R.D. 521, 529-530 (D.D.C. June 2, 2006, Judge Lamberth) and cases cited therein. Judge Lamberth's discussion in *United States of America ex rel. K&R Limited Partnership*, supra, is on point and instructive. Judge Lamberth stated:

> Local Civil Rule 7(m) requires that "(b)efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." LCvR 7(m). The Rule also requires that a party 'shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed'. Id. A nondispositive motion that does not comply with the Local Rule will be denied. Alexander v. FBI, 186 F.R.D. 185, 187 (D.D.C. 1999). The purpose of the Rule is to facilitate the information resolution of disputes without Court intervention, or 'at least to reduce or narrow the issues the Court will Consider.' United States ex. Rel. Pogue v. Diabetes Treatment Centers of America, 235 F.R.D. 521, 529 (D.D.C. June 2, 2006). Because the Rule seeks to promote the actual resolution of nondispositive disputes, its focus is on substance, not form, and thus '(t)he obligation to confer may not be satified by perfunctory action, but requires a good faith effort to resolve the nondispositive disputes that occur in the course of litigation'. Id.
> . . .
> MHFA failed to put forth such an effort. While the Local Rule would not require that MHFA wait in vain on an evasive party, it at least 'contemplates that counsel will speak to each other'. GFL Advantage Fund, Ltd. v. Colkitt, 216 F.R.D. 189, 194 (D.D.C. 2003). No such conversation occurred, and MHFA made only the most cursory attempt to see that one did. Indeed, the language of MHFA's email suggests that MHFA had already ASSUMED what the outcome of such a discussion would be and viewed a conference as unnecessary. Moreover, the email effectively gave K&R one business day to respond, even though the Ercolini Affidavit had been on the docket for a full month. Had MHFA's counsel taken real steps to confer with K&R's counsel, such as contacting K&R's counsel by telephone or within a reasonable period prior to filing the motion, the parties may have been able to resolve or at least narrow the issues that the motion presents. For instance, a simple phone call, even if made at the last minute, may have revealed what K&R conceded in its opposition to the motion to strike; that certain parts of the affidavit may indeed be inadmissible. Because MHFA merely genuflected to the letter of the Rule instead of trying in good faith to achieve its objectives, its motion to strike is denied."

Plaintiff served WOOD with the Request For Admissions on August 3, 2006. WOOD acknowledges receipt. WOOD had the Request For Admissions for a total of 222 days before proposing Answers (August 3rd to March 13th). The Request For Admissions have been on file with the Court since February 1st. Counsel for WOOD contacted and obtained an extension of time from Plaintiff on February 15, 2007. WOOD did not mention any question or nor issue with the involved Admissions at that time—he could have and the matter might have been addressed; BUT he did not.

As noted above, there is no contention that the involved Admissions are incorrect nor untrue. The Admissions were used as corroboration, albeit solid, of WOOD's own testimonial statements as well as to eliminate the need for requiring Metropolitan Police Officers to appear for depositions. If WOOD had raised the correctness of any of the facts, Plaintiff would have considered that information and taken corrective action as necessary. Again, WOOD did not do that either.

WOOD's March 13, 2006 motion is a classic example of why Local Rule 7(m) was established. WOOD did not comply with the letter, spirit, nor substance of the Rule. Neither "presumptions" nor "assumptions" can supplant the mandatory requirements of the Rule. Cf. *Pogue*, infra. WOOD's Certification states that he 'presumed' that Plaintiff counsel would not agree to anything. There is little functional difference between an inappropriate 'assumption' and an inappropriate 'presumption' here.

## CONCLUSION

The record reflects a gross disregard of the Court's Local Rule by WOOD. Compliance with the Local Rule is a threshold requirement to the Court's consideration

of the motion. WOOD has not met this threshold requirement and the motion must be denied.

Wherefore, in consideration of the above and foregoing, it is hereby respectfully requested that the Court deny the instant motion as filed.

Dated: 20 March 2007

/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff