THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

JONATHAN W, RUDE,

    Plaintiff,

v.

OLAYINKA ADEBOYEKU
    and
ANTHONY B. WOOD,

    Defendants.
_____

CASE No. 1:05CV01274
Judge Royce C. Lamberth.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT WOOD'S
MOTION TO WITHDRAW AND/OR AMEND ADMISSIONS**

Although Plaintiff has filed a 7-page opposition to Defendant Wood's Motion to Withdraw and/or Amend Admissions (the "Motion"), he has virtually conceded the fact that Mr. Wood has met the standard under Rule 36(b) to amend his answers. Nowhere in Plaintiff's submission is there any mention of the applicable two-part legal test detailed by Rule 36(b),[1] much less any lengthy discussion of the facts of the case applied to Rule 36(b)'s requirements.

Instead, Plaintiff half-heartedly asserts that if the Motion is granted, he will not have the opportunity to "take[] corrective action" to dispute Mr. Wood's admissions. Opposition at 6. But Plaintiff cannot be prejudiced by this Motion. First, Plaintiff himself argues that the "Admissions were used as corroboration," meaning Plaintiff believes he already has all the facts in his possession that could be used to counter Mr. Wood's admissions. Second, and more important, Plaintiff readily admits that Mr. Wood's alleged attack of Plaintiff arises from the same set of actions and facts as in Mr. Adeboyeku's alleged attack. In essence, Plaintiff's case against Mr. Wood is the same

---

[1] That test requires first that Defendant Wood show that amending the admissions will serve the "presentation of the merits" and second that Plaintiff fails to show any prejudice in allowing the admissions to go forward. *See* Fed. R. Civ. P. 36(b).

as his case against Defendant Adeboyeku.  Since Plaintiff has already collected the necessary facts against Defendant Adeboyeku,[2] those same facts can also be used against Mr. Wood.  Thus, there is therefore no "sudden need to obtain evidence."  *Green v. Blazer Diamond Products, Inc.*, 1994 U.S. Dist. LEXIS 21346, *24 (D.D.C. 1994) (Lamberth, J.).  As a consequence, Plaintiff is not prejudiced by this Motion.

      For the balance of his opposition, instead of addressing the merits of Defendant's Motion, Plaintiff improvidently chooses to argue that Defendant did not comply with Local Rule 7(m) and that Defendant's Motion should therefore be denied outright.  This argument is misplaced.  As certified in the original Motion, defense counsel attempted to contact Plaintiff's counsel, but was unable to.  This Court has recognized that it is proper under Rule 7(m) for parties to make "a simple phone call, <u>even if made at the last minute</u>."  *United States ex rel. K&R Limited Partnership v. Massachusetts Housing Finance Agency*, 456 F. Supp. 2d 46, 52. (D.D.C. 2006) (Lamberth, J.) (emphasis added).  While defense counsel would ordinarily delay filing a motion in order to reach an incommunicado opposing counsel in such a situation, the fact that this Motion was intrinsically tied to Plaintiff's Motion for Summary Judgment necessitated a more immediate filing.  Defense counsel wished to avoid the possibility that this Court could grant Plaintiff's Motion for Summary Judgment in part based on Defendant's un-amended admissions.

      Moreover, even though defense counsel was not able to reach Plaintiff's counsel, the purpose of the rule is not undermined by defense counsel's actions.  As this Court has explained, the purpose of Rule 7(m) "is to facilitate the informal resolution of disputes without court intervention, or at least to reduce or narrow the issues the Court will consider."  *United States ex rel. K&R Limited Partnership*, 456 F.Supp. 2d at 52.  Importantly, the rule's focus is on "substance, not form."  *Id.*  In this case, it is

---

[2] Were it not so, Defendant Adeboyeku would have filed a motion for summary judgment.
2      DeltaView comparison of file://C:/Documents and Settings/hotopke/My Documents/Original.doc and iManageDeskSite://FFDCDMS1/ffdc01/284760/1. Performed on 3/27/2007.

exceedingly clear from his opposition that Plaintiff actually opposes this Motion on substantive, not just Rule 7(m), grounds.[3]  Therefore, it would have been impossible to resolve or reduce the issues presented in this Motion under Rule 7(m) discussion.  In addition, not only has Plaintiff actually opposed this motion, but he was compelled to oppose the Motion as well.  If granted, this Motion would undermine Plaintiff's Motion for Summary Judgment to the point that Plaintiff motion should be denied.  As a consequence, Plaintiff's interest is best served by opposing this Motion.  Thus, because Plaintiff has actually opposed this Motion, and his interest compel him to oppose this Motion, the Court need only look to Rule 7(m)'s focus on "substance, not form" to determine that defense counsel's actions were sufficient under the Rule.

Finally, it is worth noting that Plaintiff tries to distract from the Rule 36(b) analysis by creating a red herring for the Court, implying that the Motion should be denied because Defendant Wood's reason for failing to answer the request for admissions was somehow lacking.  In so arguing, Plaintiff alleges that there was no "imminent" settlement with Defendant Wood -- even going so far as to include a blank letter "proving" Defendant Wood's understanding of this -- and that Defendant has a "particularly difficult burden" to explain his failure to answer.  Opposition at 3-4.  Quite simply, however, under Rule 36(b)'s clearly enunciated two-part test, these facts are immaterial.  Thus, while defense counsel was certainly led to believe that he need not respond to discovery requests because settlement talks were ongoing and settlement was imminent, this is simply not an issue that need be considered under Rule 36(b).

## **CONCLUSION**

For the forgoing reasons, the Court should grant Defendant Wood's Motion to

---

[3] As explained above, Plaintiff argues that the Motion unfairly prejudices Plaintiff because he will not have the opportunity to "take[] corrective action" if the Motion is granted.  Opposition at 6.
3     DeltaView comparison of file://C:/Documents and Settings/hotopke/My Documents/Original.doc and iManageDeskSite://FFDCDMS1/ffdc01/284760/1. Performed on 3/27/2007.

Withdraw and/or Amend Admissions.

                                    Respectfully submitted,

                                       /s/ Barry M. Tapp

                                  Barry M. Tapp
                                  14662 Cambridge Circle
                                  Laurel, MD 20707
                                  Bar 209395
                                  301-725-6030

---

4    DeltaView comparison of file://C:/Documents and Settings/hotopke/My Documents/Original.doc and iManageDeskSite://FFDCDMS1/ffdc01/284760/1. Performed on 3/27/2007.

THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____
JONATHAN W, RUDE,           )
                            )
    Plaintiff,              )
                            )   CASE No. 1:05CV01274
    v.                      )   Judge Royce C. Lamberth.
                            )
OLAYINKA ADEBOYEKU          )
    and                     )
ANTHONY B. WOOD,            )
                            )
    Defendants.
_____

## ORDER

**UPON CONSIDERATIION** of the plaintiff's Motion and the Opposition thereto, it is by the United States District Court for the District of Columbia, this __day of _____, 2007,

**ORDERED**, that the Plaintiff's Motion is denied.


                                    _____
                                    Judge Lamberth
                                    United States District Court Judge


5    DeltaView comparison of file://C:/Documents and Settings/hotopke/My Documents/Original.doc and iManageDeskSite://FFDCDMS1/ffdc01/284760/1. Performed on 3/27/2007.

6     DeltaView comparison of file://C:/Documents and Settings/hotopke/My Documents/Original.doc and iManageDeskSite://FFDCDMS1/ffdc01/284760/1. Performed on 3/27/2007.

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that I have, this _27th___day of March 2007 electronically served all parties in this matter with a copy of the foregoing:


Rick A. Rude, Esq.
Suite 104
207 Park Avenue
Falls Church, VA 22046
Counsel for the Plaintiff

Kerry Hotopp
Fried, Fran, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Ave., Ste. 800, NW
Washington, DC 20004-2505


             _/s/ Barry M. Tapp_
             Barry M. Tapp