# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| **JONATHAN W. RUDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1274 (RCL)** |
| | ) | |
| **OLAYINKA ADEBOYEKU,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## ORDER

Before the Court is plaintiff's Motion [33] for Reconsideration of the Court's May 15, 2006 Order [32], which granted a motion to compel by defendant Olayinka Adeboyeku and ordered plaintiff's counsel, Rick A. Rude, to reimburse defendant for all reasonable attorney's fees and costs associated with that motion. Plaintiff seeks reconsideration of that portion of the Order awarding fees and costs. For the reasons stated below, the motion is DENIED.

On March 1, 2006 the Court entered a Scheduling Order [23] that gave the parties 15 days to exchange their initial disclosures. The next day the Courtroom Clerk created a ministerial docket entry summarizing the new deadlines, which was entered on the docket as a March 1, 2006 entry. This entry contained an obvious error, confusing the due dates for initial and expert disclosures, thus stating that "Plaintiff Rule 26a1 due by 11/1/2006. Defendant Rule 26a1 due by 12/1/2006." As plaintiff has pointed out, the exact same error was repeated in a docket entry summarizing the scheduling order in the related case brought by plaintiff. When the due date stated in the Scheduling Order came, plaintiff did not submit initial disclosures, and when

1

approached by defendant, took the position that the deadlines had been moved by virtue of the

erroneous docket entry.  The parties considered contacting the Courtroom Clerk to clarify the

matter, but plaintiff then took the position that this was unnecessary.  This necessitated the

motion to compel.  In opposition thereto, plaintiff took the position that the docket entry had the

effect of an order amending the Scheduling Order that was signed by the Court, and that plaintiff

could not be compelled to take an action it was not required to take.  The Court dismissed this

argument as absurd and awarded defendants' their reasonable fees and costs.

A motion for reconsideration "should be granted only if the Court 'finds that there is an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or manifest injustice.'" *Pearson v. Thompson*, 141 F.Supp. 2d 105, 107 (D.D.C. 2001)

(Kessler, J.) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  "A motion

for reconsideration will not be granted if a party is simply attempting to renew factual or legal

arguments that it asserted in its original briefs and that were already rejected by the Court." *Id.*;

*see also McConocha v. Blue Cross & Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.

Ohio 1996) (motions for reconsideration are particularly disfavored where "such motions 'merely

re-style or re-hash the initial issues'") (quoting *In re August, 1993 Regular Grand Jury*, 854

F.Supp. 1403, 1406 (S.D. Ind. 1994)).

A court may award attorney's fees and costs as a sanction for a discovery abuse such as

this unless the party to be sanctioned was "substantially justified" in taking the position it did.

Fed. R. Civ. P. 37(a)(4)A), (b)(2).  As the Supreme Court has explained in construing the term

"substantially justified" in a similar context, its use under the Federal Rules essentially means

that there was a reasonable justification for the party's position when it was taken.  *Pierce v.*

2

*Underwood*, 487 U.S. 552, 565 (1988) (there is substantial justification "if reasonable people could differ as to [the appropriateness of the contested action]") (quoting *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)).

This motion is a complete rehash of an argument that the Court already found to be "so ridiculous it is sanctionable," "offensive," "trifling," and raising "serious question[s]" about counsel's fitness to proceed with this representation. All of those descriptions apply to the instant motion. There are no new facts or evidence to be considered here, nor clear error or manifest injustice to correct. Contrary to plaintiff's counsel's assertion, the Court did not overlook his prior argument that he had relied on the Clerk's erroneous docket entry in refusing to produce his initial disclosures, and on the "Notice of Electronic Filing" that was emailed to the parties when the erroneous docket entry was posted. An email titled "Notice of Electronic Filing" is sent to the parties when virtually any docket event occurs, whether that event is generated by a party or a court employee, and whether that docket event is in error or not. The fact that plaintiff's counsel learned of the clearly erroneous docket entry through an email with the heading "Notice of Electronic Filing" does not somehow imbue the email with unique power.

As defendants point out, the clerk's ministerial docket entry clearly conflicted with the Scheduling Order signed by the Court and entered the day before, and the context made that mistake obvious: the Clerk referred to Rule 26(a)(2) disclosures as 26(a)(1) disclosures, wrote deadlines for (a)(1) disclosures that were actually the deadlines for (a)(2) disclosures, and neglected to type out the actual deadline for (a)(1) disclosures. If the Clerk's docket entry actually had the effect of amending a day-old Order – which it in no way purported to do – the result would be extremely anomalous. First of all, it would mean the Court had done away with

3

expert disclosures all together.  Second, it would mean that the Court had deviated from the deadline for initial disclosures that it and the parties, who had reached agreement on that deadline, had set just one day earlier.  Third, it would mean that initial disclosures were no longer initial, but meant to be served toward the close of discovery, and on different dates.  The disclosures would then be more like pretrial statements, which are provided for under a different rule and which must be submitted to the Court, unlike initial disclosures.

For these and many, many other reasons, plaintiff's counsel was not reasonable in relying on a docket entry that clearly conflicted with an Order signed by the Court, and which made no sense if it was meant to have the effect of a stand-alone order.  Plaintiff's counsel might have been justified in relying on the docket entry if, for instance, he had contacted the Clerk responsible for the entry and had been told that it was correct.  But after counsel for the parties appeared to agree that this was the proper course of action, plaintiff's counsel changed course and refused to pursue any clarification of the issue, thus necessitating the motion to compel. Plaintiff's counsel showed by his own conduct that he recognized the conflict between the Order and the Clerk's docket entry, but chose to take the untenable position, despite repeated prodding by defense counsel, that the Clerk's docket entry had superseded the Court's Order and replaced it with a schedule that made no sense and left out key terms.

For the foregoing reasons, the Motion [33] for Reconsideration is DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, March 30, 2007.