UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

JONATHAN W, RUDE,

    Plaintiff,                                            )

                                            )           CASE No. 1:05CV01274

    v.                                                          Judge Royce C. Lamberth

                                            )

OLAYINKA ADEBOYEKU
    and                                                        )

ANTHONY B. WOOD,

                                            )

    Defendants.
_____

**MOTION AND MEMORANDUM FOR LEAVE
TO AMEND DEFENDANT WOOD'S ANSWER TO PLAINTIFF'S COMPLAINT**

    **COMES NOW** defendant Anthony B. Wood, by and through counsel, Barry Tapp and submits the following in support of his Motion for Leave to Amend Answer to the plaintiff's complaint pursuant to LCvR 7(i) and Fed. R Civ. P 15.

*Background*

    On the night of June 26 and the early morning of June 7th, 2004, defendant Wood was working at "Tony & Joe's" Seafood Restaurant as a doorman/security along with co-defendant Adeboyeku ("hereinafter referred to as "Adeboyeku" or "Yinka") and several others, on the Potomac waterfront near the 3000 block of K St., NW. (See Statement of Material Facts, Exhibit's A-1 thru A-4; A-6 in Opposition to Motion for Summary Judgment, adopted and incorporated herein by reference). Between 1:00 am and 2:00 a.m., the plaintiff and several friends came to the outdoor patio area of Tony & Joe's minutes before closing. Because of an incident that had occurred a week earlier with Adeboydku and plaintiff (and plaintiff's friend Gillman), the plaintiff and his party of three were escorted out of the side door of the restaurant and onto the boardwalk leading to the 3000 block of K Street by officer Owen, a metropolitan police officer who

worked part-time at Tony & Joe's.  *See*  Statement of Material Facts, Exhibits  A-1 thru A-4; A-6, in Opposition to Motion for Summary Judgment, adopted and incorporated herein by reference.

Moments later Yinka left and was walking behind the plaintiff, Gillman, Michael Zarkhosh and Samir Zarkhosh, when plaintiff and Yinka lunged toward one another and began throwing punches.  During the altercation, one of the plaintiff's friends, Michael Gillman, grabbed Yinka and held him as plaintiff continued punching.  Moments later Wood arrived, tackled Rude, fell to the ground with him and then released him.  Wood then stated to all present that the if the plaintiff and Yinka were going to fight, it had to be fair and one on one.  *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6, in Opposition to Motion for Summary Judgment, adopted and incorporated herein by reference.

The plaintiff and the co-defendant continued fighting and at some point during the altercation Wood pulled Yinka up and stopped the fight.  Thereafter, the plaintiff and his friends left.  S*ee* Statement of Material Facts, Exhibits A-1 thru A-4; A-6, in Opposition to Motion for Summary Judgment, adopted and incorporated herein by reference.

### Pleadings

Plaintiff thereafter filed a complaint for assault, battery and intentional infliction of emotional distress against both defendants.  He alleged, *inter alia,* that defendant Wood 'jointly engaged in an unprovoked and vicious tag teams assault and battery" and that Wood acted to prevent others to intervene to stop the fight.  Plaintiff's Complaint at 2-3.  On October 14, 2005, defendant Wood filed his answer and asserted several affirmative defenses.  He did not raise the defense of another at that time, however, following discovery and summary judgment and opposition filings, defendant now seeks to amend his complaint to assert the affirmative defense.  See, Fed. R. Civ. P 15(a).

*Analysis*

Fed. R. Civ. P. 15(a) provides in pertinent part, "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Zenith Radio Corp. v. Hazelline Records, 401 U.S. 321 (1971) (court has wide discretion to allow amendment); *see* Tucker v. Reading Co., 55 F.R. D. (DC. Pa. 1972). An amendment to a pleading such as an answer should be generally allowed even if it adds an entirely new claim to the action. *Tucker v. Reading Co., supra.* Additionally, a party may, pursuant to Fed. R. CIv. P 15 (a) amend his answer to assert an affirmative defense in a responsive pleading provided the opposing party is given a fair chance to answer the newly asserted defense by having an opportunity to gather and purse additional evidence. Menendez v. Perishable Distributors, 736 F.2d (1374 (1985. Albeit delay is a secondary consideration by the court, it should not block amendment to an answer when there has been no prejudice to the opposing party even though defendant's delay may be considered. McDermoth Ltd. v. Mortez, 898 F.2d 418 (1990).

Permitting the defendant to amend his answer to plead defense of another, which is supported by the record, would not require additional preparation for trial by the plaintiff because the defense sought by the defendant is already known to the plaintiff as it had has been argued in the motion for summary judgment, the opposition and the rely memorandum nor would the amendment of the answer delay the proceedings. *See*, Fli-Fab, Inc. v. U.S., 16 F.R.D. 53 (19554); Kennan v. Dow Chemical Co., 717 F. Supp. 799 (D.C. Fla. 1989). All discovery ha been completed and the defense squarely addressed and argued by both parties in papers filed with the Court. Thus, there will be no prejudice to the plaintiff if the amendment is allowed.

Finally, the defense of another would not be futile because it is a recognized affirmative defense under the substantive law of the District of Columbia. See Comment to Standard Civil Jury Instructions for the District of Columbia, p. 330, Instruction 19-6 (1998); Frost v. United States, 618 A.2d. 653, 661 (1992).

<em>Conclusion</em>

**WHERERFORE**, because the amendment would not delay the proceedings, would not prejudice the defendant and is not legally insufficient under the facts of the instant case, it is respectfully requested that the motion for leave to file an amended answer be granted.

Respectfully submitted,

 /s/ Barry M. Tapp
Barry M. Tapp
14662 Cambridge Circle
Laurel, MD 20707
301-725-6030
Bar #209395

UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____
**JONATHAN W, RUDE,**

    **Plaintiff,**

    v.

**OLAYINKA ADEBOYEKU**
    and

**ANTHONY B. WOOD,**

    **Defendants.**
_____

)
)
)
)
)
)

**CASE No. 1:05CV01274**
**Judge Royce C. Lamberth**

## ORDER

**UPON CONSIDERATION** of defendant's Motion to Amend Answer to plaintiff's complaint, any opposition thereto and the files herein, and good cause shown, it is by the United States District Court for the District of Columbia, this ____day of _____, 2007'

**ORDERED**, that the Motion To Amend Answer be, and hereby is, **GRANTED;** and it is further,

**ORDERED,** that the Amended Answer attached hereto is deemed filed.

_____
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

**JONATHAN W, RUDE,**

    **Plaintiff,**    )

                          )    CASE No. 1:05CV01274

    v.                          Judge Royce C. Lamberth

                          )

**OLAYINKA ADEBOYEKU**
    **and**           )

**ANTHONY B. WOOD,**

                          )

    **Defendants.**
_____

## **CERTIFICATION**

    **I HEREBY CERTIFY** that prior to filing the instant Motion to Amend Answer, I discussed the filing with counsel for the plaintiff on March 29, 2007 who indicated that he opposes the Motion.

                                              /s/ Barry M. Tapp
                                              Barry M. Tapp

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that I have, this _31st__day of March 2007, served by electronic transmission a copy of the foregoing Motion To Amend Answer:

Rick A. Rude, Esq.
Suite 104
207 Park Avenue
Falls Church, VA 22046
*Counsel for the Plaintiff*

Kerry Hotopp
Fried, Fran, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Ave., Ste. 800, NW
Washington, DC 20004-2505
*Counsel for Defendant Adeboyeku*

          /s/ Barry M. Tapp
          Barry M. Tapp