CASE NO. 05CV1274(RCL)
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER
# ATTACHMENT NO. 14

a jury could return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. at 249. A jury cannot return a verdict for Wood based upon a waived affirmative defense.

### B. THE RECORD REFLECTS NEITHER DEFENDANT WOULD BE ENTITLED TO ANY CLAIM OF SELF-DEFENSE.

District of Columbia Jury Instruction 19-6 notes that an individual claiming defense of another may only claim such defense if the 'victim' has a right to self defense. The law of Self-defense in the District of Columbia is clear. Simply, if Adeboyeku cannot claim self defense, then neither can Wood--even if Wood had pled the involved affirmative defense.

This Court adheres to the precedent of the United States Court of Appeals For The District of Columbia. The appellate court over 40 years ago held that:

> "Self-defense may **not** be claimed by one who deliberately places himself in a position where he has reason to believe 'his presence *** will provoke trouble."(citation omitted).

*Rowe v. United States*, 370 F.2d. 240, 241 (U.S.App.D.C. 1966).

The District of Columbia Court of Appeals, in *Howard v. United States*, 656 A.2d. 1106, 1111 (App.D.C. 1995) discussed the affirmative defense as follows:

> "Appellants both maintain that the trial judge erred in refusing to instruct the jury on self-defense. When a defendant raises a claim of self-defense, the trial judge must decide, as a matter of law, whether there is record evidence sufficient to support the claim (citation omitted). Here, the trial judge denied the requested instruction on the ground that, in the court's words, the defendants had put themselves 'in a position where violence was likely to result.' We find no error in this ruling. We have repeatedly reaffirmed the principle that '(s)elf-defense may not be claimed by one who deliberately places himself (or herself) in a position where he (or she) has reason to believe his (or her) 'presence would provoke trouble". (citations omitted).

In addition to the above, Self-defense is not permitted to an individual that attacks another person. *Martin v. United States*, 452 A.2d. 360, 363 (App.D.C. 1982).

20

Wood admits that he and Adeboyeku followed the Plaintiff. They went to the Boardwalk, the Harbor Complex garage and then up onto K Street. There is an abundance of testimony and evidence that Adeboyeku ran after, caught up to and then attacked Plaintiff. Wood's deposition, which he cannot repudiate, confirms the "chase". The courts have likewise made it clear that giving chase to or following another party negates and invalidates any claim of Self-defense. See; *Frost v. United States*, 618 A.2d. 653, 662 (App.D.C. 1992) (pursuing another party "up the street" undercuts the right to claim self-defense); *State v. Martinez* 652 A.2d. 958, 961 (S.Ct. RI 1995) (chasing another party "negate(s) any claim of self-defense").

Since Adeboyeku cannot effectively claim self defense, neither can Wood. Wood can not say that he believed that Adeboyeku, after attacking Plaintiff, was then entitled to 'self defense'. Not only did Adeboyeku chase after plaintiff, but Adeboyeku, and Wood, placed themselves in a position where they would provoke trouble. In fact, it was both of these defendants that instigated the situation. Plaintiff had declined to involve himself in a fight with Adeboyeku. Adeboyeku and Wood were determined that a street fight occur. These defendants cannot now claim that either one was acting in self-defense.

## CONCLUSION

Plaintiff has established that Wood engaged in a battery. Plaintiff has established the amount of his medical expenses. Plaintiff is seeking summary judgment on these expenses. Wood did not contest the fact of the battery, the nature of the injuries, nor the amount of the medical expenses.

Plaintiff has met the requirements necessary for the imposition of summary judgment in this case. Defendant did not meet his burden to show that he is entitled to any

21