UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                        Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.

    Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR STAY OF INTERLOCUTORY ORDER

COMES NOW Plaintiff, by and through his counsel, and submits this Memorandum of Points and Authorities in support of Plaintiff's Motion For Stay of Interlocutory Order entered May 15, 2006. In support of his motion, Plaintiff states as follows:

### Statement of Facts

On March 30, 3007 the Court denied Plaintiff's motion for reconsideration of the Order of the Court entered May 15, 2006 (Doc. No. 60). The underlying matter was the result of a motion to compel filed by defendant such motion being granted on May 15, 2006. The court, as part of its May 15th Order awarded defendant reasonable attorneys fees. The court concluded that plaintiff's position in the underlying matter was not substantially justified. The underlying matter was the result of plaintiff counsel's misperception of the effect of an electronic notice.

The instant action is a civil suit from damages by the victim of an assault and battery against the individuals that were arrested and prosecuted from the involved acts. The Plaintiff incurred severe injuries and was therefore unable to testify as to the particular

1

circumstances of the involved attack. The discovery in this proceeding results in one defendant admitting to his own participation in the attack but blaming his co-defendant for plaintiff's injuries. The matter is now pending on a motion for summary judgment.

Plaintiff has attached hereto and identified as Attachment No. 1 the April 4, 2007 correspondence from defendant which contains the demand for fees. The amount of the demand is $17,756.00 dollars. The fee demand has a date and hourly listing but the activities are not described. (See Attachment No. 1, page 5, "Time Detail"). The cover letter notes that claimed time includes time associated with the motion for reconsideration. The hourly rate claimed is represented as defense counsel's commercial rates.

Defense counsel is aware that Rule 37 attorney's fees are not available for opposition to motions for reconsideration—but is demanding the fees anyway. Defense counsel is aware that the 'reasonable fee' provisions of Rule 37 are not necessarily the alleged commercial rate—but is demanding those rates anyway. Defense counsel is aware that they are required to provide a description of the activity associated with the claim time— but have not done so.

Defense counsel has now proposed that plaintiff dismiss his claims against defendant in exchange for the defendant's claimed attorney's fees. Plaintiff's medical expenses total $73,600.00 without consideration of any associated damages. It has been implied that defendant will seek to force this issue with the court and disrupting plaintiff's case unless plaintiff accedes to defendant's demands. Hence, this motion for stay.

## ARGUMENT

The underlying action resulted from a misperception of the effect of an electronic notice. Plaintiff, upon receipt of the court's orders, undertook an attempted informal resolution. Defendant's counsel has presented an excessive demand and has threatened to employ the court's order to fees as a tool to disrupt the prosecution of plaintiff's case. This is not only an improper tactic, but the use of an knowingly inflated fee demand, renders the tactic unethical.

This court has the authority to enter a stay of the involved order. The Supreme Court noted that it is appropriate for a trial court to "reserve until the end of the trial" decisions involving sanctions such as an award of attorney's fees. Cf. *Cunningham v. Hamilton County, Ohio*, **(1999)** 527 U.S. 198, 210. This is especially appropriate when attorney hardship is involved. The amount of the involved fee demand is a clear hardship upon plaintiff's counsel. It is the belief of counsel that this is part of an overall approach taken by defense counsel seeking to make plaintiff's prosecution of his claims too expensive to continue.[1]

A review of the demand letter and "time detail" shows an absence of specificity which is essential to Plaintiff's evaluation of defendant's demand. Defendant is aware that Rule 37 attorney fees are not available nor applicable on motions for reconsideration. Cf. *Telluride Management Solutions v. Telluride Investment Group*, 55 F.3d. 463, 467 (9th Cir. 1995) (Rule 37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration); *Youn v. Track, Inc.*, 324 F.3d. 409, 422 (6th Cir. 2003) (Rule 37 does not authorize sanctions for

---

[1] Defendant's demands that plaintiff pay defendant's expert witness deposition fees is but a second aspect of this inappropriate and unethical legal tactic.

defending a motion for reconsideration). Defendant is aware of that Motions For Reconsideration fall within Rule 59, not Rule 37—but defendant is pressing his demand anyway.

In addition to the above defects, defendant is claiming hourly rates that are at gross variance with the Laffey Matrix. The Matrix established the prevailing market rates for litigation counsel in the Washington D.C. area. See; *Covington v. District of Columbia*, 57 F.3d. 1101, 1105 (D.C. Cir. 1995). Defendant is seeking allegedly commercial rates which are hundreds of dollars per hour in excess of what would be permissible under the Matrix.

Defendant's highly inappropriate fee demand is in fact grounds to deny defendant's claim for attorney fees. See; *Environmental Defense Fund v. Reilly*, 1 F.3d. 1254, 1258 (D.C. Cir. 1993). The court will "deny in its entirety a request for an 'outrageously unreasonable' amount, lest claimants feel free to make 'unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place". The court specifically stated that counsel that intentionally inflate their fee demands should have their fees denied en toto. 1 F.3d. at 1261. Defendant's counsel has knowingly inflated their claimed fees in the attached demand letter.

Defendant is seeking to create 'litigation within litigation' for the purpose of disrupting and attempting to impose an unfair and improper settlement upon plaintiff. The amount of the fee demanded creates a clear hardship. The court may not permit such a situation to continue but is to take such steps as are necessary to preclude such abuse of

the court's rules. Plaintiff's motion to stay this matter until after the trial is fair, just and appropriate under the circumstances.

## CONCLUSION

Wherefore, in consideration of the above and foregoing, it is hereby respectfully requested that the Court enter an Order staying the effectiveness of the Court's May 15, 2006 Order pending completion of any trial in this proceeding.

Dated: 17 April 2007

Respectfully submitted,

/s/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff

5