UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

      Plaintiff,

v.                                            Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.,

      Defendants.

### PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO MOTION FOR STAY OF INTERLOCUTORY ORDER

COMES NOW Plaintiff, by and through his counsel and submits this Reply Memorandum to Defendant Olayinka Adeboyeku's untimely Opposition to Plaintiff's Motion For Stay of Interlocutory Order. The opposition argument was contained within a separately filed Motion For Attorney's Fees (Dkt Doc. #65) filed on May 1, 2007 and Noticed to Plaintiff's counsel on May 2, 2007 (Dkt Doc. #66). Plaintiff hereby states as follows:

### REPLY STATEMENT OF FACTS

On April 13, 2007 counsel for defendant sent a message to plaintiff stating as follows:

> "Our invoiced amount represents our actual fees to respond to your failure to comply with the court's order, despite the clear and obvious evidence that your position was wrong. *The court ordered you to pay this amount. That is the amount we are seeking.*"
> (See Attachment "A" hereto; see also Dkt Doc. 65-5).

Counsel for defendant in his Opposition states that parties were "still discussing the fee award" (Dkt Doc. #65, pg. 2). Defendant then argues that based upon the alleged on-going negotiations; Plaintiff's motion is premature. (Dkt Doc. #65, pg. 2-3).

1

Plaintiff raised a series of relevant facts in his motion and memorandum. Defendant did not dispute the following facts:

1. That defendant was making a demand for fees beyond that permitted by Rule 37(a)(4)(A); including those associated with a motion for reconsideration.

2. That defendant was making a demand for fees based upon a time sheet that did not disclose to plaintiff how the claimed time was actually expended.

3. That defendant refused to disclose to plaintiff the basis for the claimed 'hours' indicating that its was 'privileged'.

4. That defendant was injecting this wholly inappropriate demand into the litigation for purposes of 'settlement discussions'.

It is noteworthy that Defendant has submitted a proposed order to the court which states that unless Plaintiff pays the sought fees within a specific time, Plaintiff's case is to be dismissed. (Dkt Doc.#65, pg. 13). This merely underscores the legal tactic of Defendant requiring the submission of Plaintiff's Motion For Stay.

## REPLY ARGUMENT

A. DEFENDANT'S OPPOSITION IS UNTIMELY.

Plaintiff submitted his motion on April 17, 2007. Defendant's Opposition, if any, was due to be submitted on April 30, 2007. LCvR 7(b). The Motion For Stay was therefore conceded pursuant to the Local Rule. It is also noteworthy that Local Rule 54(a) and 54(c) (LCvR 54(a) and LCvR 54(c)) reflect that attorney's fee disputes should be reserved to the conclusion of a proceeding. Local Rule 54(c) (LCvR 54(c)) provides for interim "applications" and exempts fees under "Rules 11, 16, 26, or 27" from the Local Rule. While counsel for Plaintiff is not relying on the verbage in LCvR 54(a) and (c) for

purposes of the instant Motion For Stay; it is appropriate to note the symmetry. Plaintiff's counsel is not in the position to make the judgment that the reference to Rule "27" is or is not an error. That is, however, how this entire matter began. The Court should take the fact in consideration.

B. THE MERITS OF THE REQUEST FOR STAY.

Plaintiff referenced the court to several appellate court decisions that reflect that Motions For Reconsideration are not subject to the scope of Rule 37(a)(4)(A). Defendant did not dispute the accuracy of those rulings. Plaintiff referred the court to the utilization of the Laffey Matrix as a reasonable and accepted standard for determining the reasonableness of hourly rates in the District of Columbia. The Court, less than three months prior to the involved motion, issued a decision on statutory legal fees which utilized and relied upon the Laffey Matrix. See; <u>Cobell v. Norton</u>, 407 F.Supp.2d. 140, 170-177 (R. Lamberth, USDJ). Defendant did not bring this Order to the attention of the Court even though there is an obligation to do so.

Defendant has demanded the sum of $17,756.00 dollars as a reasonable fee pursuant to Rule 37(a)(4)(A). The cases cited by Defendant are NOT pursuant to that discreet court Rule but are based upon broadly worded legal fee shifting statutes. Defendant has made a fundamental legal error—Rule 37(a)(4)(A) is limited in its application specifically to "reasonable expenses incurred in making the motion, including attorney's fees, …"

Defendant has openly expressed the intent to press a clearly inappropriate demand. The Court, while ruling for Defendant on the underlying issue, does not permit the abuse

Defendant further questions whether or not Plaintiff has established "hardship". Defendant fails to recognize that a demand for an inappropriate and excessive fee is "hardship on its face". It must be remembered that Defendant's demand for $17,756.00 is based upon six (6) pages of legal drafting. The Honorable Magistrate Judge Facciola developed a 'rule of thumb' analysis for Rule 37(a)(4)(A) fees. He noted that permitting an associate more than "one hour per page" would be excessive. He also noted that a senior 'supervising' lawyer should be able to review "ten pages in an hour". See; *Mitchell v. National Railroad Passenger Corporation*, 217 F.R.D. 53, 58-60 (D.D.C. 2003). Judge Facciola also employed the Laffey Matrix as establishing the reasonable hourly rate.

Plaintiff, based upon the four (4) page Memorandum and two (2) page Reply Memorandum submitted by Defendant came to the result that six (6) hours was the maximum time which could be permitted for Mr. Hotopp. Ms. Fischman, the supervising attorney, would have been able to review Mr. Hotopp's work in less than one (1) hour. The records of the District of Columbia Bar revealed Mr. Hotopp was admitted on October 17, 2003 and Ms. Fischman on July 10, 2000. The Laffey Matrix employed by this Court in *Cobell v. Norton*, supra, classifies Mr. Hotopp as a Junior Associate and Ms. Fischman as a Senior Associate. 407 F.Supp.2d. at 170. The opinion, which sets forth the Laffey Matrix Rates (through the end of 2005) sets a rate of $185 for Mr. Hotopp and $225 per hour for Ms. Fischman. The annual increments are at $5.00—thusly the hourly rate for Mr. Hotopp in March 2006 would have been $190.00 per hour and $230.00 for Ms. Fischman. Plaintiff calculated that total fee would thusly be: $1,140 (6x190) for Mr. Hotopp and $230.00 (1x230) for Ms. Fischman equaling the sum of $1,340.00. Plaintiff made an offer to Defendant which was more than 50% greater than that which was

appropriate to conclude the involved matter. Defendant rejected the offer and continued to demand the amount of $17,756.00 (this is an amount which is 13 times greater than what would have been considered the appropriate fee).

The Court must view Defendant's tactics and conduct for what it is—inappropriate and clearly abusive. Defendant has now made a new and separate motion for attorney's fees. Plaintiff will address that motion by way of Opposition Memorandum on May 14th as scheduled. The Court should and must defer any consideration of this attorney's fee matter until the conclusion of the underlying proceeding.

Dated: 6 May 2007

Respectfully submitted,

/S/

---

RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel for Plaintiff