## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

       Plaintiff,

    v.                        Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU,
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.

       Defendants.

### PLAINTIFF'S OPPOSITION MEMORANDUM TO
### DEFENDANT'S MOTION FOR ATTORNEYS' FEES

COMES NOW Plaintiff, by and through his Counsel, and submits this Opposition to

Defendant's Motion For Attorneys' Fees (Dkt Doc. #65). Plaintiff in opposition to

Defendant's motion states as follows:

#### Plaintiff's Local Rule 7(m) Statement

Defendant's Motion and Memorandum do not include the required Rule 7(m) (LCvR

7(m)) Statement. Such an omission would make the motion subject to denial. Plaintiff

would note that on April 13, 2007, Defendant indicated that there was no room for

negotiation on their fee demand. Plaintiff then researched, drafted and submitted a

Motion For Stay of Interlocutory Order (Dkt Doc. #64, filed 5:13 PM, April 17, 2007).

Plaintiff's counsel subsequently checked his e-mail finding a message from defendant's

counsel sent at 2:47 PM. Plaintiff replied noting the Motion For Stay and Plaintiff's

interpretation of Defendant's April 13, 2007 ultimatum.  (See Attachment No. 1 hereto).

Defendant intimates that somehow Plaintiff researched, drafted and filed a Motion For

Stay between 2:47 PM and 5:13 PM on April 17th (See Doc.# 65, pgs. 3 "just two and

1

one-half hours later …Plaintiff filed his motion to stay…"). Defendant's contention is incorrect and simply baseless.

Defendant is continuing to make improper and excessive demands. Plaintiff has moved the Court to consider this fee issue at the conclusion of any trial in this proceeding. Defendant's counsel, having submitted their motion, it is appropriate for the Court to consider the matter at the conclusion of any trial in this proceeding.

<u>Summary of Opposition</u>

Defendant's motion is legally and factually deficient. Defendant has made the following errors:

- Interpreted Rule 37(a)(4)(A) as a general fee shifting statute.
- Knowingly sought compensation for pleadings associated with Rule 59(e).
- Refused to provide the court and counsel for plaintiff with any itemization and factual details to support the number of hours claimed.
- Sought to use a December 2006 periodical article as a substitute for the required independent counsel affidavit necessary for claiming hourly rates higher than Laffey Matrix rates.

Defendant's decision to withhold an essential element of their burden of proof renders the Court unable to make a ruling with the required "high degree of certainty" necessary to support or sustain a ruling. Lastly, Defendant's decision to deny Plaintiff access to the information necessary to fully oppose this motion constitutes a denial of due process. In the event that the Court concludes that Defendant's evidentiary submission supports any award, that award must be discounted substantially to reflect Defendant's decision to

2

withhold the necessary hourly information from Plaintiff and the resultant otherwise

unnecessary pleadings Defendant's decision generated.

OPPOSITION STATEMENT OF FACTS

Defendant's Memorandum presents a "background" statement (Dkt Doc. #65, pgs 2-

3) that is incomplete and misleading. Defendant may not present an ultimatum and then

claim 'negotiations are ongoing'. (See Attachment No. 1 hereto). Defendant presented

Plaintiff with an invoice for $17,756.00 and represented such as a reasonable fee for the

prosecution of a simple motion. The invoice contained a gross statement of hours (38.3

hours) but omitted any details regarding the time. The invoice cover letter noted the

invoice included time spent on an Opposition Memorandum to Plaintiff's Motion For

Reconsideration. Again, no details were provided.

Defendant did not confine their factual representations to this "background" statement

but has made certain representations making aspersions regarding counsel's motivations

and the instant proceeding. (See; Dkt Doc. #65, pgs. 5-6 "plaintiff's counsel is clearly

attempting to use the federal courts to carry out his own personal vendetta .." "plaintiff's

counsel has continued to use this Court to vent his personal antipathy toward

defendant")[1] Again, Defendant's allegations are incorrect.

Plaintiff's perceptions of Defendant's questionable tactics were confirmed on May 8,

2007. On May 8th Plaintiff discovered the existence of parallel criminal proceedings

involving Olayinka Adeboyeku in the District Court and Circuit Court for Prince

George's County. The existence of these proceedings was not adduced by defendant in

---

[1] Such unfounded accusations are contrary to the standards of conduct set forth in the Court's Principles of Conduct and Lawyer's Duties to Other Counsel, points 2, 3 and 5 (Local Rules, page 134). While these inappropriate comments could be stricken pursuant to Rule 12(f) Fed.R.Civ.Proc. 12(f), Plaintiff trusts the Court will recognize Defendant's 'fact' representations as inappropriate.

3

the discovery phase of this case. The existence of these criminal proceedings likewise explains the pattern of stalling and then Defendant's out right refusal to agree to or establish any deposition dates for Olayinka Adeboyeku.

Plaintiff has now formally noticed counsel for Defendant regarding these criminal proceedings as a Supplemental Discovery response under Rule 26(e). (See Attachment No. 2). Simply, in the Maryland criminal proceedings, Defendant and his brother attacked an older man and woman from behind in a Giant Food Store. Defendant and his brother were apprehended fleeing the scene. Defendant and his brother beat up this couple and injured the man so severely that he suffered a concussion and brain seizure from the assault. That is very similar to what occurred in the Idrissi Badr case as well as what was done to Plaintiff.[2] The information to be obtained from those criminal proceedings, including witnesses to the defendant's conduct, is admissible in the present case. Defendant' counsel had every reason to attempt to use this relatively small matter as a tool to force an inappropriate settlement and avoid any trial.

Plaintiff's initial investigation of both defendants in Case 05cv1274 reflected the appearance of an ability to pay any subsequent judgment over a reasonable period of time. That remains correct for Mr. Wood. Mr. Adeboyeku's alleged insolvency is 100% premised upon the representation of his counsel and not on any agreement or concurrence of Plaintiff's counsel. Mr. Adeboyeku appears to have substantial funds available to him while denying any sources of income. Mr. Wood and Mr. Adeboyeku have a pattern of employment for "cash" which is then presumably undeclared income. Defendant's counsel ignores this fact as well as Mr. Adeboyeku's future earnings.

---

[2] Olayinka Adeboyeku and his brother, Oluwatosin Adeboyeku, were also the individuals involved in the July 2001 incident that led to Badr v. Dancing Crab at Washington Harbour, DC Sup.Ct. Case No. 5275-02.

OPPOSITION ARGUMENT

I.    RULE 37(a)(4)(A) IS NOT THE EQUIVALENT OF A
      GENERAL FEE SHIFTING STATUTE.

Defendants acknowledge that they are claiming fees beyond that involved in the preparation of the motion to compel. Defendant represents that the involved time represents all of the time associated with the "initial disclosure dispute" (Dkt Doc. #65, pg 6). Defendant cited the Court to the order in *Cobell v. Norton,* 231 F.Supp. 295 (D.D.C. 2001). The *Cobell v. Norton* proceeding did not involve an award of fees under Rule 37(a)(4)(A). That case involved a federal general fee shifting statute. See the discussion in *Cobell v. Norton,* 407 F.Supp.140, 169-170 (D.D.C. 2005, Judge Lamberth). While the *Cobell* decision is pertinent to the establishment of "hourly rates", it is not applicable to scope of legal fees permitted by Rule 37.

The Supreme Court in *Bank of Nova Scotia v. United States,* **(1988)** 487 U.S. 250, 254-255, held that the language of a specific court rule took precedent over the general supervisor powers of a trial court. Simply, the scope of any fee award is delimited by Rule 37. Rule 37(a)(4)(A), in pertinent part, states: "…reasonable expenses incurred in making the motion, including reasonable attorney's fees, …" The involved attorney's fees are only those attributable to making the involved motion to compel. This interpretation of Rule 37(a)(4)(A) has been adopted in a number of federal courts. In *Foxley Cattle Company v. Grain Dealers Mutual Insurance Company,* 142 F.R.D. 677, 680-681 (S.D. Ia. 1992) the court held "tasks unrelated to the actual preparation of the motion to compel is(sic) not compensable". The court in *In Re: Hunter Outdoor Products,* 21 B.R. 188, 193 (D. Mass. 1982) noted that Rule 37(a)(4) provides an award "only as to those fees incurred" in regard to a motion to compel "and NOT as to all fees

5

incurred with discovery in general". Defendant's attempt to expand the scope of fees permitted pursuant to Rule 37(a)(4)(A) has in fact unnecessarily multiplied the litigation and costs of litigation in this proceeding.

## II.    RULE 37(a)(4)(A) DOES NOT PERMIT AN AWARD OF ATTORNEY'S FEES ON A MOTION FOR RECONSIDERATION.

Plaintiff provided Defendant with case citations to the effect that motions for and oppositions to Rule 59(e) Reconsideration requests are not compensable under Rule 37. See: *Telluride Management Solutions, Inc. v. Telluride Investment Group*, 55 F.3d. 463, 467 (9th Cir. 1995)("Rule 37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration"); *Youn v. Track, Inc.*, 324 F.3d. 409, 422 (6th Cir. 2003) ("Rule 37 allows courts to impose the fees and costs incurred in making a motion to compel as a discovery sanction, but it does not authorize sanctions for other expenses, including expenses related to defending a motion for reconsideration"; "there is no legal basis for the imposition of additional sanctions related to the motion to reconsider").

This Court cited the decision of *Pearson v. Thompson*, 141 F.Supp.2d. 105 (D.D.C. 2001) in its order on reconsideration. The opinion notes motions for reconsideration are made and governed by Rule 59(e), Fed.R.Civ.Proc. 59(e). 141 F.Supp.2d. at 107. Defendant's position is simply that there is no case "in this Circuit" to support plaintiff's legal assertion. (See; Doc. #65, pg. 9, fn. 5). Defendant would have this Court create a separate and different interpretation of Rule 37(a)(4)(A) in the District of Columbia Circuit. It should not matter what appellate circuit is involved, the Rules of Procedure should be and must be interpreted in a consistent fashion.

6

Defendant's assertion that they are entitled to, but 'waived', legal fees associated with Plaintiff's Motion For Stay (See Memorandum, Doc. #65, pg. 10) is equally misplaced. The citation provided is again that for a general fee shifting statute. Defendant plainly misunderstands or intentionally misstates the scope and application of Rule 37(a)(4)(A). Rule 37(a)(4)(A) does not permit nor support a claim for legal fees on a motion for stay.

III.    DEFENDANT HAS KNOWINGLY AND INTENTIONALLY
        DEFEATED HIS OWN MOTION AND FAILED TO MEET
        AN ESSENTIAL ELEMENT OF ITS BURDEN OF PROOF
        TO SUPPORT A CLAIM FOR ATTORNEY'S FEES.

It is well established that a party claiming attorney's fees from an opposing party "bears the burden of demonstrating the reasonableness of each element of their fee request". Cf. *American Petroleum Institute v. United States Environmental Protection Agency*, 72 F.3d. 907, 912, 915-916 (D.C. Cir. 1996).  This burden includes a showing of the hours that were reasonably expended. The fee request must contain "sufficiently detailed information about the hours logged and the work done". 72 F.3d. at 915. The court held that it was "insufficient" to provide "broad summaries of work done and hours logged". *Id.*

Defendant's motion admits to the withholding of any descriptions of the actual activities which the claimed hours represent. In fact, they have claimed the information is "privileged". (Memorandum Doc. #65, pg. 10, fn. 4). Defendant makes broad statements about the hours spent but this information is not confirmed by the "blank" time sheet. (See; Attachment No. 3 hereto) Defendant has made the decision to withhold this information from Plaintiff and to only produce this information for "in camera" inspection by the court. *Id.*

7

The United States Court of Appeals for the District of Columbia has held that a party seeking an award of attorney's fees cannot rely upon work descriptions that are "vague" or that contain "no useful breakdown of professional time by task". The Court held that such descriptions "fail to provide the court with ANY basis to determine WITH A HIGH DEGREE OF CERTAINTY, THAT THE HOURS BILLED WERE REASONABLE". *Michigan v. United States Environmental Protection Agency*, 254 F.3d. 1087, 1093-94 (D.C. Cir. 2001). The Court directed that the court "MUST DEDUCT THE FULL AMOUNT OF SUCH ENTRIES" from such attorney's fee requests. *Id.* Cf, *In re: Oliver North*, 32 F.3d. 607, 608 (D.C. Cir. 1994)(insufficient time records preclude the court from evaluating the reasonableness of the attorney time expended—petition for fees to be denied "in toto"). This is the proper and correct manner in which to approach this patent and intentional defect in Defendant's motion for attorney's fees. See: *Corbell v. Norton*, 407 F.Supp.2d. at 158-159 (J. Lamberth) (entries that provide no description of the services are to be deducted "in their entirety").

IV.    ANY AWARD OF FEES TO DEFENDANT BASED ON INFORMATION WITHHELD FROM PLAINTIFF'S COUNSEL WOULD CONSTITUTE A DENIAL OF DUE PROCESS.

The courts have consistently denied any award of attorney's fees based upon vague, incomplete or absent detailed submissions. The reasoning is clear. The courts have construed Rule 37 sanctions as requiring a hearing and opportunity to present evidence opposing the amount of the expenses and fee sought. Cf. *In re: Hunter Outdoor Products*, 21 B.R. at 193, n.1. When a party is deprived of a meaningful opportunity to confront the evidence, that is a denial of due process plain and simple. The intentional withholding of the details of the time claimed deprives Plaintiff's counsel of any meaningful opposition.

Plaintiff provided counsel for Defendant with several opportunities to provide this information and make a proper request (See Attachment No. 1 hereto). Defendant refused to do so. Any award of attorney's fees based upon Defendant's motion would be arbitrary and unjust as to Plaintiff.

V.    DEFENDANT MAY NOT USE PERIODICALS TO MEET HIS BURDEN TO ESTABLISH 'MARKET RATES' AS REASONABLE RATES FOR HIS MOTION.

This Court recently had occasion to discuss what constitutes a 'reasonable rate' and the evidentiary burden necessary to establish an alleged 'market rate' higher than the rates set forth in the Laffey Matrix. _Cobell v. Norton_, 407 F.Supp.2d. 169-171 (Dec. 2005, J. Lamberth). This Court stated that a fee applicant's burden in establishing a reasonable hourly rate entailed a showing of at least three elements: "the attorney's billing practices; the attorney's skill, experience and reputation; and the prevailing market rates in the relevant community". 407 F.Supp.2d. at 170. The Court's opinion includes a copy of the June 2004-May 31, 2005 Laffey Matrix. The Matrix is updated in $5.00 increments each year.[3] Defendant has not presented evidence as to the actual billing practices of either attorney for which Defendant is claiming fees. In addition, Defendant has not shown the skill level, experience nor reputation for "litigation in a federal court" for either of these two attorneys. This is required. See; _Abraham v. District of Columbia_, 338 F.Supp.2d. 113, 123-124 (D.D.C. 2004) (applicant burden to show "like experience doing the same sort of work in the same area" which translates into "relevant practice experience" in the subject matter and litigation involved.

---

[3] The Laffey Matrix is prepared by the United States Attorney's Office and is evidence of "prevailing market rates for litigation counsel in the Washington, D.C. area". Whatley v. District of Columbia, 224 F.Supp.2d. 62, 66 n.2 (D.D.C. 2002); Lopez v. District of Columbia, 383 F.Supp. 18, 24 (D.D.C. 2005); Martini v. Federal National Mortgage Association, 977 F.Supp. 482, 485 (D.D.C. 1997)(the Laffey Matrix "provides the most generally accepted hourly rates for attorneys in this jurisdiction").

Defendant having failed to meet those evidentiary thresholds has likewise failed to establish any right or claim to "market rates". This Court in *Corbell* noted that a fee applicant must provide "supporting affidavits by an attorney or law firm knowledgeable in the activities litigated". 407 F.Supp.2d. at 170. This requires an independent attorney not employed by the petitioner. See; *In re Donolvan*, 877 F.2d. 982, 993 (D.C. Cir. 1989) (supporting affidavits 'by independent and well qualified counsel assert(ing) that these rates are within the range of rate usually charged'); and *Jordan v. United States Department of Justice*, 691 F.2d. 514, 517 (D.C. Cir. 1982) ("affidavit of a local law firm attesting, on the basis of personal knowledge, to the reasonableness of the hourly rates claimed"). This Court cited *Jordan* in *Corbell v. Norton* in holding that the failure to submit such affidavit is grounds for rejection a claim for "market rates". 407 F.Supp.2d. at 170.  Defendants filed an article from the National Law Journal in December 2006 in lieu of the required affidavit. This periodical article is not only non-specific regarding these matters but dated months after the involved motion. The article contains references to numerous "discount" arrangements which are less than clear.

Defendant submitted an Declaration by Mr. Daniel E. Loeb as to the claimed rates—Mr. Hotopp at $445 per hour and Ms. Fischman at $540 per hour. Mr. Hotopp is an admitted "Junior Associate" and Ms. Fischman would apparently qualify for the next higher level on the Matrix scale (See 407 F.Supp.2d at 170). Mr. Loeb, who is clearly a biased and interested individual, does not provide any information on either attorney's actual experience. Mr. Loeb does not even provide the date of admission to practice in the United States District Court. The rates claimed for these associates are greater than

that the Court awards for counsel with 20+ years of experience. (See 407 F.Supp.2d. at 170).[4]

VI.  **DEFENDANT HAS NOT PRESENTED HIS CLAIM IN GOOD FAITH BUT HAS ENGAGED IN IMPROPER MULTIPLICATION OF LITIGATION AND SHOULD BE PROPERLY PENALIZED FOR SUCH ACTIONS.**

This matter has taken on far too great weight in this proceeding. The litigation is a simple assault and battery case where Plaintiff is seeking to hold defendants responsible for the injuries they inflicted. The case is nothing more and nothing less. The record reflects that Plaintiff repeatedly referred to Defendant to the Laffey Matrix as well as giving Defendant the opportunity to properly document the claimed hours. Defendant rejected all efforts at reasonable resolution without involvement of the Court.

The recent decisions of Magistrate Judge Facciola illustrate 'how' attorney's fee requests under Rule 37 are documented, analyzed and ruled upon. See; *Mitchell v. National Railroad Passenger Corporation*, 217 F.R.D. 53 (D.D.C. 2003) and *Vigilant Insurance Co. v.EEMAX,, Inc. et al.* 362 F.Supp.2d. 225 (D.D.C. 2005). Judge Facciola compares the size of the pleadings to the size of the fee demand. He also reviewed the legal issues and factual analysis involved to determine the degree of difficulty. See; 217 F.R.D. at 59, 362 F.Supp.2d. at 227. Judge Facciola, after a number of years addressing this type of issue, has developed the fact that one page of a pleading by an associate should take no more than "one hour". 217 F.R.D. at pg. 60. He regularly applies this simple standard. In *Vigilant* he permitted a claim for six (6) hours for a six (6) page

---

[4] A proper analysis of the National Law Journal article reflects entries for 7 large law firms in the District of Columbia. Aside from the fact that the larger the law firm, the 'higher' the hourly rates, if one were to average the starting associate rates (which is 'where' Mr. Hotopp actually belongs), it is clear that the average rate is $206 per hour as the "end of 2006". To do a proper average, plaintiff discarded the highest and the lowest claimed rate from the calculation. The result amount is within ten (10%) of the Laffey Matrix rate for June 2005-May 31, 2006 ($190/hour versus $206/hour).

opposition memorandum, a three page motion and two affidavits. 362 F.Supp.2d. at pg. 227. In *Mitchell*, Judge Facciola permitted one (1) page per hour for a 44 page document and held that a reviewing lawyer would be permitted time at "ten pages per hour for review".

Defendant submitted to the Court a four (4) page memorandum and a two (2) page reply memorandum for a total of six (6) pages of material. Defendant is claiming $2,959.00 dollars PER PAGE of work. This amount is patently improper under any standard. The appellate court specifically held that requests for "outrageously unreasonable" fee demands should be denied. See; *Environmental Defense Fund v. Reilly,* 1 F.3d. 1254, 1258 (D.C. Cir. 1993). The Court termed such excessive demands unreasonable and a form of "misconduct". Magistrate Judge Bennett stated that fee demands under Rule 37 "should be made in good faith and not as an opening gambit in negotiations". 142 F.R.D. at pg. 681.

Plaintiff utilizing the Laffey Matrix rates and Judge Facciola's 'one page per hour' rule made a good faith and legitimate offer to resolve this matter. Instead of following established precedent, Defendant has forced Plaintiff and this Court to expend time and resources addressing their patently improper demand. Defendant should be denied any fees based upon their tactics and knowingly demanding an improper fee.

This matter does not involve a case where the petitioning attorney has lost or failed to keep appropriate records. Under that circumstance, the Court deducts seventy five percent (75%) of the claimed fee. See; *Heard v. District of Columbia,* Case NO. 02-296 (CKK), Memorandum Opinion September 5,. 2006, at pages 14-18, 20. Defendant has intentionally withheld the required evidentiary submission. Should this Court conclude

12

that Defendant remains entitled to any legal fee, such fee should be based upon the

Laffey Matrix and Judge Facciola's standard hourly calculation. The Court then should

substantially reduce any award, even below that permitted in *Heard*, in recognition of the

unnecessary litigation that Defendant's improper demand has generated.

<u>CONCLUSION</u>

WHEREFORE, in consideration of the above and foregoing, it is hereby respectfully

requested that Defendant's motion for attorney's fees be denied in toto; and in the

alternative that the Court enter such Order as the Court deems just and appropriate under

the circumstances at the conclusion of any trial in this proceeding.


Respectfully submitted,


/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff

Dated: 11 May 2007