# Attachment 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, ex rel.<br>SCOTT POGUE<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DIABETES TREATMENT CENTERS OF<br>AMERICA, et al.<br><br>　　　　　Defendants. | Civil No. 99-3298<br>(related to 01-MS-50)<br>(MDL)<br>(RCL) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Relator Pogue's Submission of Legal Fees and Expenses in Accord with the Sanctions Orders (Docs. 714 and 733) of this Court [758].

Upon review of the submission papers, the applicable law and the record in this case, the Court will grant the costs and expenses as requested in the fee petition.

## BACKGROUND

After resolving several discovery disputes in Relator Pogue's favor, on December 18, 2002, this Court entered two orders [documents 714 and 733], granting Realtor Pogue's motion for sanctions. Specifically, the Court ordered that: (1) each of the three groups of defendants pay 100% of the costs incurred by Relator Pogue in litigating the motion to compel the Atlanta Physicians to resume their depositions ("Motion I"); (2) defendant DTCA pay 50% of the expenses incurred by Relator Pogue in preparing the motion to compel DTCA to produce a witness ("Motion II"); (3) defendant DTCA pay 50% of the expenses incurred by Relator Pogue

1

95

in responding to DTCA's motion for protective order ("Motion III"); and (4) defendant West Paces pay 25% of the expenses incurred by Relator Pogue in preparing the motion to compel West Paces to produce witnesses ("Motion IV"). Relator Pogue was ordered to submit this instant petition for fees, which is supported by the declaration and attached exhibits of James B. Helmer, Jr., one of Relator Pogue's counsel in the instant action.

In the instant fee petition, Realtor Pogue maintains that his counsel expended $41,638.50 in attorney time and $996.39 in expenses for Motion I, and that each group of defendants is liable for $14,211.63. Realtor Pogue maintains that his counsel expended $21,741.25 in attorney time and $555.98 in expenses for Motion II, and that DTCA is liable for $11,148.61. Realtor Pogue also maintains that his counsel expended $5,293.50 for Motion III, and that DTCA is liable for $2,764.37. Finally, Relator Pogue maintains that his counsel expended $19,804.00 in attorney time and $369.93 in expenses for Motion IV, and that West Paces is liable for $5,043.48. The total resulting asserted liability for each group of defendants is as follows: DTCA, $28,124.61; West Paces, $19.255.11; the Atlanta Physicians, $14,211.63.

Also, before the Court is a fee request for the expenses and costs incurred while litigating the fee petition itself.[1] Realtor Pogue's counsel requests $21,167.75 in attorney time and $356.91 in expenses, with $7,174.89 (1/3 of total) in liability for each defendant.

## LEGAL STANDARD

Costs and expenses for Rule 37 violations are calculated using the lodestar method,

---

[1] As noted by Realtor's counsel in the petition [758], Realtor's counsel could not itemize and the Court could not properly consider the time expended litigating the instant motion in the current fee award until briefing of the fee petition concluded. Therefore, the fees requested for litigating the instant fee petition were not a part of initial fee petition, but were reserved for and presented in Relator Pogue's Reply [788], which ended the briefing of the instant petition.

which reaches a result by multiplying a reasonable hourly rate by a reasonable number of hours expended. See Cobell v. Norton, 231 F. Supp. 2d 295, 300 (D.D.C. 2002) (citing Weisberg v. FBI, 749 F.2d 864, 872-73 (D.C. Cir. 1984) (internal citation omitted); Cobell v. Babbitt, 188 F.R.D. 122, 125 (D.D.C. 1999); Hensley v. Eckerhart, 461 U.S. 424 (1983). Reasonableness is determined by consideration of an attorney's billing practices, skill level, experience, reputation and the prevailing market rate in the attorney's respective community. See Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995); Lebron v. Washington Metropolitan Area Transit Authority, 665 F. Supp. 923, 924 (D.D.C. 1987) ("The Court should attempt to fix the 'reasonable hourly rate' as close as possible to 'the prevailing market rates in the relevant community.'"). An attorney's regular billing rate may be presented as presumptive evidence of the reasonable rate to be applied in the lodestar calculation. Lebron, 665 F.Supp. at 924. (holding that "In determining the market rate for the services of an attorney in private practice, the attorney's customary billing rate will provide a presumptive measure.") (citing Laffey v. Northwest Airlines, Inc., 746 F.2d 4, 18-25 (D.C. Cir. 1984) and National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1325 (D.C. Cir. 1982)).

A movant may also recover costs and expenses incurred in preparing and litigating a fee petition. See Noxell Corporation et al. v. Firehouse No. Bar-B-Que Restaurant et al., 771 F.2d 521, 528 (D.C. Cir. 1985); Sierra Club v. EPA et al., 769 F.2d 796, 811 (D.C. Cir. 1985). The same reasonableness inquiry applies. See Noxell, 771 F.2d at 528.

ANALYSIS

Based upon the declaration and exhibits submitted by Realtor Pogue, which establish his counsels' experience in False Claims Act cases, standard hourly rates in False Claims Act cases,

and prevailing market rate for like cases, the Court finds that the hourly rates, hours expended and resulting expenses are reasonable and fairly recoverable.

The submitted hourly rates are reasonable, and indeed, are uncontested by any defendant. Realtor Pogue's counsel, James B. Helmer, Jr., is a nationally recognized practitioner in the particular field of False Claims Act litigation. Mr. Helmer's experience includes 27 years as an attorney and 20 years as a lecturer, author, and litigator of False Claim Act cases. Mr. Helmer has testified before the Congress regarding the 1986 Amendments to the False Claims Act, and has been lead counsel in dozens of False Claim Act cases. He has been opposed by respected white collar law attorneys and law firms in this and other False Claims Act cases. Quite notably, Mr. Helmer's hourly rate of $420.00 is below the market rate,[2] charged by other white collar litigators of comparable experience, skill, and practice area. Thus, the Court finds that Mr. Helmer's hourly rate is reasonable in light of his billing practices, skill level, experience, reputation and the prevailing market rate in the attorney's respective community.

The hourly rates charged by the other attorneys, which are well below Mr. Helmer's rate, and personnel who worked on the instant motions are also reasonable,[3] and again, are uncontested by defendants.

The Court has also found that the number of hours expended by the counsel and legal

---

[2] See Ruth Singleton, Billing; Rates Stay High Despite Recession, N.L.J., December 9, 2002, at B10 (reporting prevailing market rates between $600.00 - $800.00 an hour for billing partners).

[3] Paul B. Martins, Esq., $375.00; Jennifer M. Verkamp, Esq., $255.00; Keith E. Syler, Esq., $210.00; Frederick M. Morgan, Esq., $375.00; Julie W. Popham, Esq., $275.00; ; Katherine S. Carmody, Esq., $210.00; Jennifer Pomerantz, $90.00; Angela Cottrill, $90.00. Cf. Ruth Singleton, Billing; Rates Stay High Despite Recession, N.L.J., December 9, 2002, at B 12- B 15.

4

personnel while litigating the motions at issue are reasonable. In considering the reasonableness of the purported hours expended, the Court considers the complexity of the litigation, the time spent attempting to resolve these issue prior to litigation, the time spent in litigation preparation, and the time spent preparing the instant petition for fees. See Fed. R. Civ. P. 37(a)(2)(A), (B); Copeland v. Marshall, 641 F.2d 880, 896 (D.C. Cir. 1980); Noxell, 771 F.2d at 528. Having reviewed the Exhibits, which present an itemized breakdown of the time expended by each attorney and paralegal who worked on the motions at issue in light of the aforementioned factors, the Court is satisfied that the purported expended hours are reasonable. The Court finds no merit in defendants' oppositions to the Relator's fee petition for there in no indication that 315.6[4] hours of total time expended on litigating four separate motions, all of which this Court determined to be sanctionable against the defendants was "duplicative," "nonproductive," or "unreasonable." Much to the contrary, the Court notes that the hours expended attempting to resolve these issues without resort to litigation and the time spent in preparation and litigation of the four motions and the instant fee petition are reasonable.

Therefore, the Court finds the following fees reasonable and orders the defendants to pay the following fees to the petitioners as stated herein:

| Motion | DTCA | West Paces | Atlanta Physicians |
|--------|------|------------|--------------------|
| I | $14,211.63 | $14,211.63 | $14,211.63 |
| II | $11,148.61 | | |
| III | $2,764.37 | | |

---

[4] Motion I, 138.85 hours; Motion II, 77.60 hours; Motion III, 22.75; Motion IV 22.75 hours.

|          |            |            |            |
|----------|------------|------------|------------|
| IV       |            | $5,043.48  |            |
| Fee Pet. | $7,174.89  | $7,174.89  | $7,174.89  |
|          | $35,299.50 | $26,430.00 | $21,386.52 |

SO ORDERED.

_____/signed/_____
The Honorable Royce C. Lamberth
United States District Court Judge

Date: May 17, 2004

6