# Attachment 2

**Hotopp, Kerry**

---

| | |
|---|---|
| **From:** | Hotopp, Kerry |
| **Sent:** | Tuesday, May 08, 2007 5:42 PM |
| **To:** | 'Rick Rude' |
| **Subject:** | RE: Rude v. Adeboyeku: Reply to Motion for Stay of Interlocutory Order |

I'm not looking for advice. I'm explaining how the electronic filing rules operate and it's not like personal service. Rule 5(b)(2) clearly distinguishes between personal service and electronic service. Rule 6(e) further distinguishes them.

The reason I'm telling you this is that you made a mistake -- I believe unintential -- in your motion. It's not a problem, but you do need to correct the error. You can simply file a notice to amend/correct. If you need a sample, use the one we filed on Jan. 30 (Docket No. 52).

-----Original Message-----
From: Rick Rude [mailto:rick_rude@msn.com]
Sent: Tuesday, May 08, 2007 5:31 PM
To: Hotopp, Kerry
Subject: RE: Rude v. Adeboyeku: Reply to Motion for Stay of Interlocutory Order

Dear Kerry:
I am not sure 'where' you are going with this; but I think your issue is with the Court Rules.
Since I did not write the electronic rules, I cannot offer you advise on them. You might raise this query with the ECF office.
My layman's understanding of ECF is that it is supposed to be the same a personal service.

regards.
Rick Rude


>From: "Hotopp, Kerry" <hotopke@friedfrank.com>
>To: "Rick Rude" <rick_rude@msn.com>
>Subject: RE: Rude v. Adeboyeku: Reply to Motion for Stay of
>Interlocutory Order
>Date: Tue, 8 May 2007 17:25:48 -0400
>
>Local Rule 7(b) provides the amount of time a party has to oppose a
>motion (11 days). Once you have that time, you then have to determine
>whether you get any extra time, depending on how the motion was served.
>
>The "extra time" is a matter of fairness. Compare the following two
>situations.
>

>If a party is served through personal service, that party has the
>motion in its hand the day it was filed. The party can immediately
>begin responding to the motion.
>
>When the party is mailed a copy of the motion, however, the party can't
>begin responding until it actually receives the motion, presumably a
>few days later. Therefore, it's only fair that the party should receive
>extra time to respond to account for the extra days it takes to deliver
>the motion.
>
>The question, then, is whether the rules treat electronic filings the
>same as personal service or mail filings. In this case, the rules treat
>it like mailing through the USPS. I'm guessing this was done, in part,
>because the recipient of electronic service might not "receive" the
>filing for several days (maybe they don't use their computers much).
>Regardless of the reasons why, Rule 6(e) categorizes service by mail (R.
>5(b)(2)(B)) with service by electronic filing (R. 5(b)(2)(D)). You will
>note that Rule 6(e) does not include personal service under Rule
>5(b)(2)(A), so personal service does not get the 3 extra days (for the
>reasons explained above).
>
>Finally, Local Rule 5.4(d)(1) does not resolve the issue the way you
>think it does. That rule states (not very clearly) that service is
>complete when you file the document electronically. This is actually
>the same as service by mail, which is "complete on mailing" (meaning it
>is complete when you drop the motion in the mailbox) (R. 5(b)(2)(B)).
>Even though service is complete when you make the electronic filing,
>your opponent nevertheless gets 3 extra days (R. 6(e)), just as your
>opponent gets 3 extra days from the date you drop the motion in the mailbox.
>
>-----Original Message-----
>From: Rick Rude [mailto:rick_rude@msn.com]
>Sent: Tuesday, May 08, 2007 5:18 PM
>To: Hotopp, Kerry
>Subject: RE: Rude v. Adeboyeku: Reply to Motion for Stay of
>Interlocutory Order
>
>Dear Kerry;
>This is a follow up to my earlier Reply.
>
>You have raised an interesting question regarding the interplay of the
>ECF system and Rule 6.
>I pulled the original ECF Order to see if it answers your query.
>It invokes Local Rule 5.4.

>Local Rule 5.4(d)(1) appears to answer your question. It represents
>immediate and effective service on any counsel who has obtained a
>CM/ECF password.
>
>You have interpreted Rule 5(b)(2)(D) in the abstract. The Rule plainly
>states that "Service by electronic means is complete on transmission".
>The conclusion is that you cannot invoke a mail rule for an electronic
>service.
>
>Regards.
>Rick Rude
>
>
> >From: "Hotopp, Kerry" <hotopke@friedfrank.com>
> >To: "Rick Rude" <rick_rude@msn.com>
> >CC: "Hotopp, Kerry" <hotopke@friedfrank.com>
> >Subject: RE: Rude v. Adeboyeku: Reply to Motion for Stay of
> >Interlocutory Order
> >Date: Tue, 8 May 2007 16:37:59 -0400
> >
> >Mr. Rude:
> >
> >My message was not a "query." It was a notification that your
> >calculation was wrong and that you need to explain that to the court.
> >I
>
> >do not see anything in the local rules stating that FRCP Rule 6(e)
> >does
>
> >not apply, even after examining the ECF manual pages you cite.
> >
> >Rule 6(e) allows three extra days when service is made pursuant to
> >Rule
>
> >5(b)(2)(D). Rule 5(b)(2)(D) states that you can make service by
> >"electronic means. . . [including] through the court's transmission
> >facilities." When you file pursuant to the court's ECF system, you
> >are filing pursuant to Rule 5(b)(2)(D).
> >
> >Accordingly, unless you have a specific local rule that states Rule
> >6(e) does not apply, you have an obligation to rectify your
> >misstatement to the court.
> >
> >-----Original Message-----

> >From: Rick Rude [mailto:rick_rude@msn.com]
> >Sent: Tuesday, May 08, 2007 3:49 PM
> >To: Hotopp, Kerry
> >Subject: RE: Rude v. Adeboyeku: Reply to Motion for Stay of
> >Interlocutory Order
> >
> >Dear Kerry:
> >I find your query unusual. As you are aware, this particular case has
> >been assigned for filing using the ECF system. The Court's Local
> >Rules take precedent over the general rules; and more importantly, a
> >specific
> >
> >rule take precedent over a general rule. This is the basic structure.
> >
> >With that said; I took a look at Rule 6(e) as well as taking a look
> >at both the Local Rules (Oct. 2006 ed.) and the ECF Manual. I did so
> >to give you the benefit of the doubt.
> >The motion for stay was submitted April 17th. The required 11 days
> >ran to April 28th which was a Saturday. Under the Rules, the time for
> >filing of the Opposition Memorandum was continued to the next
> >business day--in this case, Monday April 30, 2007.
> >
> >If you review Rule 6(e) you will find it is limited to situations
> >involving "paper" not electronic service---Rule 5(b)(2)(B),(C) 0r (D).
> >Simply; Rule
> >6(e) does not apply. See pages 21-22 of the ECF User's Manual. That
> >will further clarify this for you.
> >
> >I have provided the above explanation even though I am not required
> >to do so. However, I am putting you on notice that while attorneys
> >disagree on many things--accusing me of making false representations
> >to
> >
> >the court will not be tolerated in the future.
> >
> >Sincerely,
> >
> >Rick Rude
> >
> >
> > >From: "Hotopp, Kerry" <hotopke@friedfrank.com>
> > >To: "Rick Rude" <rick_rude@msn.com>
> > >CC: "Hotopp, Kerry" <hotopke@friedfrank.com>
> > >Subject: Rude v. Adeboyeku: Reply to Motion for Stay of

> > >Interlocutory

>

> > >Order

> > >Date: Tue, 8 May 2007 13:05:29 -0400

> > >

> > >Dear Mr. Rude,

> > >

> > >In your May 6 reply to your motion for a stay (Court No. 67), you

> > >misstate the court's rules. Specifically, on pages 2 and 3, you

> > >argue

>

> > >that "Defendant's Opposition is Untimely." But in calculating the

> > >due

>

> > >date for Defendant's opposition, you did not include the additional

> > >three days under Fed. R. Civ. P. 6(e) for electronic service.

> > >Therefore, even though the due date was May 1, you stated, falsely,

> > >that it was April 30.

> > >

> > >You have an obligation to correct such clear mistakes for the record.

> > >Please correct the record.

> > >

> > >Kerry Hotopp

> > >Fried, Frank, Harris, Shriver & Jacobson LLP

> > >1001 Pennsylvania Avenue, NW, Suite 800 Washington, DC 20004-2505

> > >Tel: (202) 639-7298

> > >Fax: (202) 639-7003

> > >

> > >_____

> > >Confidentiality Notice: The information contained in this e-mail

> > >and any attachments may be legally privileged and confidential. If

> > >you are not an intended recipient, you are hereby notified that any

> > >dissemination, distribution or copying of this e-mail is strictly

> > >prohibited. If you have received this e-mail in error, please

> > >notify the sender and permanently delete the e-mail and any

> > >attachments immediately. You should not retain, copy or use this

> > >e-mail or any attachment for any purpose, nor disclose all or any

> > >part of the

> >contents to any other person. Thank you .

> >

> >

> >

> >_____

> >Confidentiality Notice: The information contained in this e-mail and