UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                      )
**JONATHAN W. RUDE,**         )
                      )
     **Plaintiff,**        )
                      )
     **v.**               )     **Civil Action No. 05-1274 (RCL)**
                      )
**OLAYINKA ADEBOYEKU, *et al.*,**  )
                      )
     **Defendants.**       )
_____)

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

This matter comes before the Court on defendant Olayinka Adeboyeku's ("defendant") Motion [39] to Extend the Discovery, defendant's Motion [40] to Strike Expert Witnesses, and defendant's Motion [49] to Take Depositions. Also before the Court are plaintiff's Motion [64] for Stay of Interlocutory Order and defendant's Motion [65] for Attorney's Fees. For the reasons set forth below, the Court GRANTS the motions [39], [49], and [65] and DENIES the motions [40] and [64].

**II.    BACKGROUND**

This case involves plaintiff's personal injury claim for common law assault and battery. (Compl. ¶¶ 6-15.) Plaintiff alleges that defendant and co-defendant Anthony Wood ("Wood") jointly assaulted plaintiff on June 27, 2004. (*Id.* ¶ 8.) As a result of the alleged assault, plaintiff seeks damages to be awarded in the sum of five million dollars for medical damages, pain and suffering, mental anguish, permanent injury and disfigurement, and such other relief as the court

1

deems appropriate.  (*Id.* at 4.)

On March 1, 2006, the Court issued a scheduling order that established the deadlines for discovery.  (Ct. Order [23].)  The Order stated that initial disclosures were to be due within fifteen days of the Order and that all remaining discovery was to be completed by January 1, 2007.  (*Id.* ¶¶ 1, 2.)  Plaintiff failed to produce his initial disclosures within fifteen days, and defendant filed a motion to compel.  (*See* Def.'s Mot. to Compel.)  The Court granted the motion to compel and awarded defendant all reasonable attorney's fees associated with the motion.  (Ct. Order [32].)  Plaintiff now moves this Court to stay the Court's May, 2006 Order for attorney's fees.  In response, defendant moves this Court for attorney's fees totaling $17,756.

Unable to complete discovery by the January 1, 2007 deadline, defendant also moves this Court to extend the discovery deadline by 120 days.  In addition, defendant seeks leave to take depositions and an order to strike plaintiff's expert witnesses.  The Court will first address the pending discovery motions [39, 40, 49] and will then discuss plaintiff's motion [64] to stay and defendant's motion [65] for attorney's fees..

## III.     DISCUSSION

### 1.     Motion to Extend Discovery and Motion to Depose

In his motion [39], defendant seeks to extend discovery pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  Rule 16(b) provides that a scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b); *see also* LCvR 16.4 (stating that the "court may modify the scheduling order at any time upon a showing of good cause").  Good cause is demonstrated if the moving party cannot reasonably meet the scheduling order despite the moving party's diligence.  *See DAG Enters v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (2005);

*see also Moore's Federal Practice* § 16.14[b] (2003) ("'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party"). If the moving party was not diligent, the inquiry of good cause should end. *DAG Enters*, 226 F.R.D. at 105.

Here, the Court finds that defendant has diligently conducted discovery and has shown good cause to extend the discovery deadline. During the discovery period, defendant issued 27 separate document requests, 16 interrogatories, and a subpoena *duces tecum*. (Def.'s Reply Mem. at 3.) In addition, he promptly responded to plaintiff's interrogatories, document requests, and requests for admissions. (Def.'s Mem. in Supp. of Mot. to Extend Disc. at 3. [hereinafter "Mem. to Extend Disc."]) Defendant admits that little discovery occurred between June and October. This lack of discovery, however, was expected because defendant's counsel was out on maternity leave. Plaintiff knew that defendant's counsel was taking maternity leave. (*See* Def.'s Reply Mem. at 4.) Moreover, the Court set the January 1, 2007 deadline because of the defense counsel's maternity leave. (Mem. to Extend Disc. at 4.)

Upon returning from maternity leave, defendant's lead counsel unexpectedly accepted a new job and could not represent defendant. (*Id.*) Defendant's remaining counsel continued with discovery, but were unable to complete discovery by the January 1st deadline. Specifically, despite their diligence, defendant's counsel could not conduct depositions before the deadline. Several of the individuals which defendant wishes to depose live in Florida and California, and one may reside in England. (*See id.* at 5.) On account of the winter holidays, defendant was unable to take depositions of those individuals and several individuals that reside in the

3

Washington metropolitan area by the discovery deadline. Thus, the unexpected departure of defendant's lead counsel and the resulting inability to conduct depositions before the deadline is goof cause to extend discovery.

Furthermore, defendant has not engaged in improper "piggy-back" discovery by seeking discovery from *Rude v. Dancing Crab*, 05-1278. Plaintiff's argument to deny the motion [39] for seeking such discovery is without merit. *Dancing Crab* directly relates to this case and involves the same witnesses. Review of the *Dancing Crab* materials will determine which depositions are necessary and will focus or narrow those depositions that defendant takes. Thus, seeking discovery of materials from a related case is proper. Accordingly, the Court finds that defendant's request to seek discovery of the Dancing Crab materials does not undermine defendant's showing of good cause.

Defendant has been diligent in conducting discovery and has not conducted improper "piggy-back" discovery as plaintiff contends. As a result, the Court finds that defendant has demonstrated good cause to extend the discovery deadline. Therefore, the Court GRANTS defendant's motion [39] to extend discovery by 120 days *nunc pro tunc*.

By granting the motion [39], the Court also resolves defendant's motion [49] to take depositions. With the discovery deadlines extended, defendant now has the time necessary to conduct his remaining depositions. Accordingly, the Court GRANTS defendant's motion [49] to take depositions.

### 2.    Motion to Strike Expert Witnesses

On October 26, 2007, plaintiff designated Drs. Wall, Geist, Shaffer, and Lee as expert witnesses. (*See* Def.'s Reply Mem. in Supp. of Mot. to Strike Ex. 2.) In his motion [40],

defendant moves this Court to strike plaintiff's expert reports for failure to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.[1]  Rule 26(a)(2)(B) provides that expert witnesses shall provide an expert report signed by the witness.  Fed. R. Civ. P. 26(a)(2)(B).  The report shall meet the specific requirements set forth in the Rule 26(a)(2)(B).[2]  *See id.*  If an expert report fails to meet the requirements of Rule 26(a)(2)(B), the court may strike the report.  *See United States ex rel. Mossey v. Pal-Tech Inc.*, 231 F. Supp. 2d 94, 97-98 (D.D.C. 2002).  For the reasons set forth below, the Court DENIES defendant's motion [40] to strike and orders plaintiff to provide expert reports that comply with Rule 26(a)(2)(B).

### A.     Drs. Lee, Shaffer, and Geist

Plaintiff does not dispute that the reports from Drs. Lee, Shaffer, and Geist are not in compliance with Rule 26(a)(2)(B).  He contends that they are treating physicians who are not subject to the requirements of Rule 26(a)(2)(B).  *See Riddick v. Wash. Hosp. Ctr.*, 183 F.R.D. 327, 330 (D.D.C. 1998) (stating that treating physicians are exempt from the Rule 26(a)(2)(B) requirement because the report requirement applies only to experts retained to provide expert testimony).  The treating physician exception, however, does not extend to opinions developed close in time to the litigation at the request of counsel, or to opinions formed upon the review of

---

[1] Defendant reserves his right to move *in limine* under Rules 702, 703, and 705 of the Federal Rules of Evidence to exclude the reports and testimony of plaintiff's expert witnesses.

[2] Rule 26(a)(2)(B) provides that all expert reports shall include:
[A] complete statement of all opinions to be expressed and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or in support of those opinions; the qualifications of the witness . . . ; the compensation to be paid for the study and the testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.
Fed. R. Civ. P. 26(a)(2)(B).

medical records of another physician. *See id.* Furthermore, a treating physician may not testify

concerning issues of "causation, foreseeability, prognosis, or permanency" without an expert

report. *Anthony v. Wash. Metro. Transit Auth.*, 2005 WL 5329516 *3 (D.D.C. 2005). Thus, the

treating physician exception applies only to those opinions derived from a doctors treatment of

the patient. *Riddick*, 183 F.R.D. at 230.

       An examination of the expert reports of Drs. Lee, Shaffer, and Geist demonstrates that

each doctor intends to proffer opinions on causation and prognosis. In addition, Drs. Lee and

Geist form their opinions in part on the records of other physicians. Such testimony does not fall

within the treating physician exception to Rule 26(a)(2)(B). Therefore, the Court finds that

plaintiff must provide expert reports that comply fully with the requirements of Rule 26(a)(2)(B)

for Drs. Lee, Shaffer, and Geist. If, however, plaintiff does not intend to have Drs. Lee, Shaffer,

and Geist testify as to the issues of causation, foreseeability, prognosis, or permanency, plaintiff

is not required to submit expert reports. Any testimony of the doctors would then be limited to

the opinions they formed during their actual treatment of plaintiff.

       Since the Court granted defendant's motion [39] to extend discovery, defendant does not

suffer any harm as a result of plaintiff's failure to comply with Rule 26(a)(2)(B). Defendant will

be entitled to proper expert reports and will be able to depose Drs. Lee, Shaffer, and Geist if

plaintiff intends to use them as witnesses beyond the treating physician exception. Accordingly,

the Court DENIES defendant's motion [40] to strike plaintiff's expert reports with respect to Drs.

Lee, Shaffer, and Geist.

### B.     Dr. Wall

       Plaintiff contends that Dr. Wall's report meets the requirements of Rule 26(a)(2)(B). An

inspection of the report, however, demonstrates that the report does not meet all of Rule 26(a)(2)(B)'s requirements. The report lacks Dr. Wall's signature and fails to include whether any exhibits would be used during trial. In addition, it fails to reference the information Dr. Wall considered when he formulated his opinions. Accordingly, the Court finds that Dr. Wall's report does not meet the requirements of Rule 26(a)(2)(B). Therefore, the Court orders plaintiff to submit a new report for Dr. Wall that complies with Rule 26(a)(2)(B).

As stated above, plaintiff's failure to comply with Rule 26(a)(2)(B) does not prejudice defendant because the Court has extended discovery. Upon receipt of Dr. Wall's complete expert report, Yinka will be able to depose Dr. Wall. Thus, the Court DENIES defendant's motion [40] to strike plaintiff's expert witnesses.

### C.    Costs to Depose Expert Witnesses

In the alternative to striking plaintiff's experts, defendant requests to depose plaintiff's expert witnesses without having to pay their fees.[3] Typically, a party seeking to depose an expert must pay the expert a reasonable fee for responding to discovery. *See* Fed. R. Civ. P. 26(b)(4)(C). However, in circumstances where manifest injustice would result, the Court  may preclude such fees. *Id.* Manifest injustice allows a court to "protect, when necessary and appropriate, the interests of an indigent party." Fed. R. Civ. P. 26, 1970 Advisory Committee Notes.

Here, defendant contends that manifest injustice will result if he is forced to pay the expert's fee because he lacks the financial resources to depose the experts. *See* Fed. R. Civ. P.

---

[3] In seeking this relief, defendant fails to articulate who should pay to depose plaintiff's experts. The Court is unsure whether defendant seeks an order to depose the experts for free or for an order requiring plaintiff to pay for defendant's depositions.

26(b)(4)(C). Defendant does not question the reasonableness of the fee. Rather, he contends that his financial situation prohibits him from paying *any* expert fee. In support of this argument, defendant relies on his 2005 Declaration in which he declares that neither he nor his family has the financial resources to assist him. (*See* Adeboyeku Decl. ¶ 4.) Defendant's declaration, however, is almost two years old and fails to provide yearly or even weekly income for defendant or his wife. To demonstrate that defendant is in fact indigent, defendant must proffer some evidence of his family income. *See Reed v. Binder*, 165 F.R.D. 424, 426 (D.N.J. 1996) (using evidence of plaintiffs' monthly and weekly incomes to demonstrate that they could not afford the experts fees). Thus, defendant has not made a showing that manifest injustice requires the Court to protect his interests. Accordingly, the Court DENIES defendant's motion [40] in the alternative to preclude defendant's payment of expert fees.

### 3.     Motion to Stay

In his motion [64], plaintiff moves this Court to stay an award of attorney's fees pursuant to the Court's May 15, 2006 Order. Plaintiff alleges that he faces attorney hardship as a result of defendant's fee request. As a result, he argues that the Court should stay the order of attorney's fees until the conclusion of this matter, at which point the Court shall determine how great a sanction to impose. The Court is unpersuaded by plaintiff's argument.

Plaintiff correctly demonstrates that if an attorney will face significant hardship by paying a sanction of attorney's fees, a district court can reserve the matter of sanction until the end of the trial. *See Cunningham v. Hamilton*, 527 U.S. 198, 210 (1999). Plaintiff, however, has not met the burden of establishing that he will face hardship by paying the Court awarded sanction. He does not provide any financial disclosures which show that he has an inability to pay such an

award.  Rather, plaintiff's argument centers on the contention that the amount requested is

unreasonable. Simply disagreeing with the amount sought is not grounds for staying an award of

attorney's fees.  The purpose of such a sanction is to provide punishment that is just and to deter

future misconduct by the parties.  *See Atkins v. Fischer*, 232 F.R.D. 116, 126 (D.D.C. 2005).

Staying the award of attorney's fees would not be just and proportionate to plaintiff's violation

and would defeat the purpose of the sanction.  Accordingly, the Court DENIES plaintiff's motion

[64] to stay.

### 4.    Motion for Attorney's Fees

Pursuant to the Court's May 15, 2006 Order and Fed. R. Civ. P. 37, defendant moves the

Court to award reasonable attorney's fees for litigating defendant's motion [28] to compel and

defendant's opposition [34] to plaintiff's motion for reconsideration.  Rule 37(a)(2)(4) provides

that a party is entitled to reasonable attorney's fees associated with filing a motion to compel if

the party is victorious on the motion.  Fed. R. Civ. P. 37(a)(2)(4).  If a party fails to provide

initial disclosures as required by a court order, Rule 37(c) provides that a court may award all

reasonable attorney's fees caused by such a failure.  Fed. R. Civ. P. 37(c).

The Court finds that under Rule 37(a)(2)(4), defendant is entitled to receive reasonable

attorney's fees for his motion to compel because defendant was victorious on his motion to

compel.  Moreover, the Court finds that defendant is entitled to recover reasonable attorney's

fees for his opposition to plaintiff's motion for reconsideration.  Rule 37(c) grants the court

authority to award reasonable fees for all actions caused by a party's failure to produce initial

disclosures.  Plaintiff's motion for reconsideration was caused by his failure to produce initial

disclosures.  As a result, defendant's opposition to that motion was caused by plaintiff's failure

to comply with the Court's May 15, 2006 Order.  Accordingly, the Court holds that defendant is entitled to attorney's fees for his motion to compel and his opposition to plaintiff's motion for reconsideration.

Having established that defendant is entitled reasonable attorney's fees for the costs associated with both filings, the Court must determine the amount to which defendant is entitled. Because the parties dispute what constitutes defendant's reasonable attorney's fees, defendant requests the Court to determine an appropriate amount.  (Def.'s Mot. for Att'y's Fees at 11.) Defendant's proposed order accompanying the motion to compel requests $5,000 in reasonable attorney's fees and costs.  (*See* Def.'s Mot. to Compel, Proposed Order.)  Defendant has provided sufficient evidence that the billing rates for attorneys Fischman ($540 an hour) and Hotopp ($445) are the rates regularly billed to other clients for similar services, so these rates are deemed reasonable and the *Laffy* matrix does not apply since these attorneys have established billing rates.  No partner time was sought; one associate billed 7.5 hours and another 30.8 hours.  At their normal billing rates, this would amount to $4,050 for Fischman's time and $13,706 for Hotopp's time, or $17,756.  The $8,000 awarded is less than one-half of that, and for the effort they were required to expend, $8,000 is clearly reasonable.  This grants defendant the $5,000 reasonably sought at the time the motion to compel was filed, and an additional $3,000 for the time since then.  The Court finds $8,000 to be reasonable fees and costs for litigating plaintiff's failure to produce initial discovery.  Plaintiff's counsel has only himself to blame for his sanctionable conduct, and the time has come to pay the penalty and cease such conduct. Accordingly, the Court GRANTS defendant's motion for attorney's fees and awards defendant $8,000 in reasonable attorney's fees.

IV.    **CONCLUSION**

For the reasons stated above, it is hereby

ORDERED that defendant's Motion [39] to Extend Discovery is GRANTED *nunc pro tunc*. Discovery shall be extended 120 days from the date of this order. Any dispositive motions shall be filed no later than twenty days after the close of discovery; opposition memoranda shall be filed within two weeks of a dispositive motion; and reply memoranda shall be filed within one week of a memorandum in opposition; it is further

ORDERED that defendant's Motion [40] to Strike plaintiff's Expert Witnesses or in the Alternative to Allow defendant to Depose plaintiff's Experts without Payment is DENIED; it is further

ORDERED that defendant's Motion [49] to Take Depositions is GRANTED. Defendant may depose Jonathan Rude, Michael Gillman, Samir Zarkhosh, Officer Glenn Luckett, and Officer Edwin Kennedy, and other individuals who have bearing on this matter; it is further

ORDERED that plaintiff must provide an expert report that satisfies all of Rule 26(a)(2)(B)'s requirements for Dr. Wall. If Drs. Lee, Shaffer, and Geist intend to testify as to the issues of causation, foreseeability, prognosis, or permanency of plaintiff's injuries, plaintiff must also submit expert reports fo them that comply with Rule 26(a)(2)(B); it is further

ORDERED that plaintiff's Motion [64] to Stay the Award of Sanctions is DENIED; it is further

ORDERED that defendant's Motion [65] for Attorney's Fees is GRANTED. Plaintiff must pay defendant a total of $8,000 in reasonable attorney's fees.

SO ORDERED.

11

Signed by Royce C. Lamberth, United States District Judge, August 31, 2007.