UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN W. RUDE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1274 (RCL) |
| OLAYINKA ADEBOYEKU, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Before the Court are plaintiff's Motion [53] for Summary Judgment as to defendant Anthony Wood, defendant's Motion [56] to Withdraw and/or Amend Admissions, and defendant's Motion [62] for Leave to Amend defendant's Answer to plaintiff's Complaint.  For the reasons set forth below, the Court GRANTS defendant's motions [56] and [62] and DENIES plaintiff's motion [53].

**II.   BACKGROUND**

On June 24, 2005, plaintiff filed a complaint against defendant Wood ("defendant") and defendant Olayinka Adeboyeku ("Adeboyeku").  In his complaint, plaintiff alleges that defendant and Adeboyeku engaged in a tag team assault and battery on plaintiff on June 27, 2004.  (Compl. ¶ 8.)  Plaintiff seeks damages in the amount of $5,000,000 for his medical damages, pain and suffering, mental anguish, and permanent injury and disfigurement that resulted from the alleged assault.  (*Id.* at 4.)

1

Plaintiff's motion [53] for summary judgment as to defendant seeks to hold defendant liable for $73,600.00, which represents the medical expenses incurred by plaintiff as a result of the alleged assault. (Pl.'s Mem. in Supp. of Summ. J. at 12.) Plaintiff's motion relies heavily on defendant's admissions, which plaintiff took as conclusively established because defendant failed to answer plaintiff's request for admissions within the specified time frame. (*Id.* at 2 n.1) Due to plaintiff's reliance on these admissions, defendant filed his motion [56] to withdraw and/or amend admissions pursuant to Fed. R. Civ. P. 36(b). Defendant also filed his motion [62] to amend his answer to plaintiff's complaint pursuant to Fed. R. Civ. P. 15(a). Defendant's motions [56, 62] have a direct affect on plaintiff's motion [53] and must be resolved before the Court can address the motion [53].

## II.     DISCUSSION

### 1.     Motion to Withdraw and/or Amend Admissions

Defendant moves pursuant to Rule 36(b) of the Federal Rules of Civil Procedure to withdraw or amend his admissions to plaintiff's request for admissions. Under Rule 36(a), if a party's failure to respond to admissions in a timely manner, the matter is deemed admitted. Fed. R. Civ. P. 36(a); *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992). A court, however, may allow a party to amend or withdraw his or her admissions if the moving party satisfies a two part test. *See* Fed. R. Civ. P. 36(b). First, the moving party must demonstrate that amendment or withdrawal of the admissions will subserve the "presentation of the merits of the action." *Id.* Second, if the moving party satisfies this burden, the burden shifts to the opposing party to show "that withdrawal or amendment will prejudice that party in maintaining the action." *Id.* If the opposing party fails to meet this burden, the court will allow amendment or withdrawal of the

admissions. *Davis*, 142 F.R.D. at 259.

Here, the Court finds that the two part test set forth in Rule 36(b) is satisfied. First, allowing defendant to amend his admissions will serve the presentation of the merits of this case. Twenty-nine of forty-seven of plaintiff's statements of material facts rely on defendant's admissions. (*See e.g.* Pl.'s Statement of Material Facts ¶¶ 2, 3, 6, 12, 21, 26.) Plaintiff uses these admissions to conclusively establish the key allegations in the complaint, including defendant's involvement and the damages plaintiff suffered. (*Id.* ¶¶ 12, 13, 27, 36, 45.) Allowing these admissions to stand would prevent the presentation of the merits of plaintiff's case against defendant. Thus, defendant demonstrates that amending his admissions would preserve the merits of the case. *See Davis*, 142 F.R.D. at 259 (finding that a party demonstrates that amendment of admissions would preserve the merits of the case where the admissions, absent amendment, "would block any consideration of the merits").

Second, plaintiff has not demonstrated that he would be prejudiced by amending the admissions. Prejudice arises out of the difficulty plaintiff will endure to obtain evidence that will prove the previously relied upon admissions. *See Green v. Blazer Diamond Products, Inc.*, 1994 U.S. Dist. LEXIS 21346, * 24 (D.D.C. 1994). Plaintiff has already conducted extensive discovery in this case. He admits that the admissions were used as corroboration with his discovery materials. Consequently, plaintiff will not be burdened by a "sudden need to obtain evidence to prove" defendant's admissions. *Id.* Accordingly, the Court finds that plaintiff will not be prejudiced by the withdrawal and amendment of defendant's admissions.

Plaintiff also contends that defendant's motion fails to comply with Local Civil Rule 7(m), and should therefore be denied. Rule 7(m) provides that "[b]efore filing any

3

nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought, and if there is opposition, to narrow the areas of disagreement." LcvR 7(m). Defendant's certification states that he attempted in good-faith to contact plaintiff, but failed to reach him. Defendant was unable to wait for a response and had to file the motion because it is linked to plaintiff's motion [53] for summary judgment. Thus, defendant complied with Local Rule 7(m).

Defendant satisfies the requirement of Rule 36(b) to withdrawal and amend his admissions. "[A]llowing the admissions to stand would block any consideration of the merits" of this case. *Davis*, 142 F.R.D. at 259. In addition, plaintiff has not demonstrated that he would be prejudiced by the amendment. Accordingly, the Court GRANTS defendant's motion to withdrawal and/or amend his admissions.

2.  **Motion to Amend Answer to Complaint**

Pursuant to Fed. R. Civ. P. 15(a), defendant moves to amend his answer to plaintiff's complaint. Rule 15(a) provides that "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Amendment of one's pleading is within the discretion of the district court, and in ruling on such a motion, the court must consider any prejudice that the opposing party would suffer if the motion is granted. *Zenith Radio Corp. v. Hazelline Records*, 401 U.S. 321, 330-31 (1971). Absent any reason, such as futility of the amendment, the district court should grant the motion to amend the

pleading.[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues that defendant's amendment to add the affirmative defense of self-defense or defense of another should be denied because the record demonstrates that such a defense is futile. In support of this argument, plaintiff demonstrates that the record shows that defendant and Adeboyeku were aggressors. As a result, a claim of self-defense does not apply. The facts relied upon, however, are taken from plaintiff's request for admissions. (Pl.'s Opp'n to Mot. to Amend Answer at 8.) The Court has allowed defendant to withdraw and amend his response to plaintiff's request for admissions. Therefore, it is not conclusively established that defendant acted as an aggressor, and not in self-defense or the defense of another.

Furthermore, plaintiff asserts that defendant's affirmative defense is not sustainable as a matter of law. To assert a claim of defense of another, defendant, as the intervenor, must show that he reasonably and actually believed that Adeboyeku had a right to self-defense. *See Frost v. United States*, 618 A.2d 653, 661 (D.C. 1992). Defendant's amended admissions create the factual dispute of whether defendant reasonably and actually believed that Adeboyeku had a right to self-defense. (*See, e.g.*, Def.'s Am. Answers ¶¶ 29, 30.) Accordingly, defendant's affirmative defense is sustainable as a matter of law.

In sum, defendant's proposed amended answer would not prove futile. The record supports an inference that defendant came to the defense of another. Moreover, allowing defendant to amend his complaint would not prejudice defendant. Therefore, the Court

---

[1] Other reasons to deny a motion to amend a pleading include as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Foman*, 371 U.S. at 182.

GRANTS defendant's motion [62] to amend his answer to plaintiff's complaint.

### 3. Summary Judgment

Due to the fact that the Court granted defendant's motions [53] and [62], the Court DENIES plaintiff's motion [53] for summary judgment without prejudice. *See Davis,* 142 F.R.D. at 259 (denying a motion for summary judgment without prejudice after granting a motion to amend). If plaintiff chooses, he may re-file his motion for summary judgment based on defendant's amended admissions and answer.

## IV. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that defendant's Motion [56] to Withdraw and/or Amend Admissions is GRANTED; it is further

ORDERED that defendant's Objections and Responses to plaintiff's First Request for Admissions accompanying Motion [56] is defendant's full response to Plaintiff's First Request for Admissions; it is further

ORDERED that defendant's Motion [62] to Amend Answer is GRANTED; it is further

ORDERED that the Amended Answer accompanying the motion [62] is deemed filed; it is further

ORDERED that plaintiff's Motion [53] for Summary Judgment as to defendant Wood is DENIED without prejudice to re-file the motion at a later date.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 31, 2007.