# ATTACHMENT NO. 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OLAYINKA ADEBOYEKU, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:05-CV-01274 RCL<br>Judge Royce C. Lamberth |

## CONFIDENTIALITY AGREEMENT

This is a Confidentiality Agreement ("Agreement"), effective May 1, 2006, by and between Defendant Olayinka Adeboyeku and Plaintiff Jonathan W. Rude, together with their respective agents, successors, personal representatives, and assigns.

WHEREAS the undersigned parties to *Rude v. Adeboyeku, et al.*, Case No. 1:05-CV-01274 RCL, pending in the United States District Court for District of Columbia (the "Action"), desire to enter into an agreement to protect material entitled to be kept confidential throughout this Action and to facilitate the prompt resolution of disputes over confidentiality;

WHEREAS, the parties have conferred to discuss the coordination and management of discovery in this matter;

WHEREAS, discovery in this matter may entail the production of medical and financial information in which an individual has a legitimate expectation of privacy ("Confidential Information");

WHEREAS, in light of the privacy concerns outlined above, the breach of which could result in annoyance, embarrassment, or other harm for the parties, the parties find good cause to support entering into this Agreement;

NOW, THEREFORE, the parties have executed this Agreement that discovery in this Action, whether the information or documents are from parties or non-parties, shall be governed by the following terms:

1. This Agreement applies to all discovery responses, documents (including email and electronic data) produced by either plaintiff or defendant Olayinka Adeboyeku (whether in response to a document request or a subpoena issued in this Action), expert reports, deposition transcripts or tapes, and deposition exhibits (collectively, "Discovery Material") in this Action.

2. Discovery Material that contains Confidential Information, as defined above, may be designated by a party as "Confidential" either by a stamped legend if it is a document at the time the document is produced, by other means if the data is produced in electronic form, or by counsel's statement on the record if the information is elicited in oral form. Documents need not be designated as Confidential at the time of inspection by a receiving party.

3. Confidential Discovery Material shall be maintained in confidence by the receiving party and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) counsel representing or advising the parties in this action and their respective staff; (b) experts retained in good faith for the purposes of this action, including both consulting and testifying experts, who have first signed a "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A; (c) the Court and court personnel; (d) court reporters who record testimony taken in the course of this Action; and (e) the parties and any

agent whose assistance is reasonably necessary to assist counsel in this action, provided that each agent is first advised of, and agrees to be bound by, the terms of this Confidentiality Agreement by signing a "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A. The party or non-party producing the Confidential Material shall be deemed a person authorized to access the Confidential Discovery Material.

4. Deposition testimony (including any exhibits) containing Confidential Discovery Material shall be designated at the deposition, or by page number, within fourteen (14) days after receipt of the transcript of the deposition.

5. The parties may use any Confidential Discovery Material as an exhibit or attachment to any motion, as a deposition exhibit, or as a trial exhibit and may show the Discovery Material to a witness in this Action for these purposes. However, any Confidential Discovery Material filed with the Court shall be filed under seal. In this regard, the parties shall follow all applicable procedures established by the Court for safeguarding the confidentiality of information included in documents filed with the Court. Pleadings or attachments thereto that must be filed under seal shall not be filed electronically, but shall be submitted to the Clerk in a securely sealed envelope or container bearing the style of the case and title of the pleading or attachment, and both the pleading or attachment and the envelope shall bear a legend stating "Confidential Material Subject to the Confidentiality Agreement."

6. Motions, briefs, memoranda, or other papers may paraphrase or summarize Confidential Discovery Material without being filed under seal, so long as such paraphrasing is done in such a manner as to maintain the confidential nature of the Discovery Material.

7. Counsel for the parties shall serve a true and complete copy of this Confidentiality Agreement on any non-party on whom a discovery or trial subpoena is served, whose deposition has been set or who has been identified as a witness who will testify at any hearing in this Action, whose anticipated testimony will concern material designated as Confidential, or who has otherwise been shown or given access to material designated as Confidential Discovery Material. All such persons shall be advised of the obligation to honor the confidentiality designation and that he or she is prohibited from disclosing any such material to any other person.

8. Any party may object to a designation of Confidential Discovery Material at any time by giving written notice to counsel for the producing party. Such written notice shall identify the material to which the objection is directed and contain a short statement of the reasons for the objection. If the objecting party and producing party are unable to resolve their differences within five (5) days after the producing party's receipt of the notice, the objecting party may file an appropriate application with the Court requesting that the Confidential designation be re-classified. The party making the designation shall have the burden of proving that the Discovery Material should be treated as designated. During the pendency of any motion to reclassify materials that have been designated as Confidential Discovery Material, the parties shall adhere to the previously designated classification.

9. The inadvertent production of Discovery Material which has not been marked Confidential, shall not be a waiver of any confidentiality, provided that the producing party shall promptly make a specific request for the return of the inadvertently produced material or for the opportunity to designate its confidentiality.

10. Upon final termination of this Action, including all appeals, the parties shall assemble and return all Confidential Discovery Material, together with all copies and derivative materials thereof, to the producing party within thirty (30) days of termination of this Action, or, if directed to do so by the producing party, shall destroy that material.

11. Counsel for the parties will make all responsible efforts to safeguard all Discovery Materials designated as Confidential.

12. The entry of this Agreement by the parties in no way limits any non-party from seeking other or further relief from the Court, including additional protection with respect to the confidentiality of Discovery Material.

13. For good cause shown, any party may seek to modify, supplement, or terminate the terms of this Agreement by first attempting to obtain the consent of the other party. The parties agree that they will attempt to resolve the issue of any such modification, supplementation, or termination amongst themselves through good faith efforts before first seeking judicial intervention. If the parties are not able to reach agreement on any proposed modification, supplementation, or termination of the terms of this Confidentiality Agreement, the party seeking the modification, supplementation, or termination may file an appropriate motion with the Court upon notice to the other party.

14. Nothing in the foregoing provisions of this Confidentiality Agreement shall be deemed to preclude the parties from refusing to produce confidential documents on grounds other than the confidentiality of the information contained therein.

15. This Confidentiality Agreement shall remain in full force and effect during and after the termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals therefrom.

By: _____
Attorney for Plaintiff
Date: May 23, 2006

By: _____
Attorney for Defendant
Date: May 19, 06