UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

      Plaintiff,

v.                                                              Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU,
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.,

      Defendants.

### PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT ANTHONY B. WOOD

COMES NOW, Plaintiff, by and through his counsel, and submits the Renewed Motion For Summary Judgment. Plaintiff filed a motion for summary judgment on February 1, 2007.[1] Defendant Anthony B. Wood (hereinafter "Wood") opposed Plaintiff's motion as well as seeking Court authorization to file an Amended Answer and Amended Answers to Plaintiff's First Request For Admissions. Wood sought to add the affirmative defense of "self defense/defense of another"[2]. The Court, by Order entered August 31, 2007 granted Wood's motions.[3]

The subsequent deposition of Wood reflected that the newly asserted defense did not have a basis in fact and that Wood had withdrawn admissions that were correct as presented. Wood has admitted to the battery of plaintiff. Wood contends that his actions may be excused as defense of another. Wood now has admitted that he had knowledge of

---

[1] See Docket Entry No. 53.
[2] Wood did not claim 'self defense' but claimed 'defense of another'—this amounts to a 'Good Samiratan' defense.
[3] See Docket Entry No. 71. The Court extended discovery until December 31, 2007 and set a new schedule for the submission of motions.

1

co-defendant's intent to attack plaintiff. Wood has admitted that he saw Olayinka Adeboyeku chase after and attack plaintiff from behind. Wood has admitted that he blind sided plaintiff tackling him onto a cement sidewalk where plaintiff struck his head. Wood further acknowledged that he stood between the other witnesses to the attack and told them in no uncertain terms that he (Wood) was making sure the attack was going to be a 'fair fight'. Wood also made the determination as to when plaintiff had been beaten enough. These facts establish full participation in the felonious assault and battery of plaintiff and foreclose any 'Good Samaritan" defense.

The sole issue is the sustainability of Wood's affirmative defense—"defense of another". The propriety of an affirmative defense is a question of law. Plaintiff hereby incorporates herein his Memorandum of Points and Authorities and the attached Affidavits in support of this motion..

Plaintiff hereby respectfully requests that the Court enter a ruling on defendant's purported affirmative defense and further enter an Order granting plaintiff summary judgment for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: 15 January 2008

/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.
Counsel For Plaintiff