UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

      Plaintiff,

v.                                                 Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU,
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.

      Defendants.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, by and through his counsel, and submits this Statement of Material Facts in Support of Plaintiff's Renewed Motion For Summary Judgment. The Court, by Order entered August 31, 2007, permitted defendant Anthony B. Wood (hereinafter "Wood") to add the affirmative defense of self defense/defense of another. The Court further permitted Wood to withdraw and revise his answers to plaintiff's first request for admissions as well as reopened and extended the discovery period.

Plaintiff took the deposition of Anthony Wood on November 15, 2007. Defendant revealed that he was cognizant of a plan to attack and engage plaintiff in a street fight. Defendant knowingly participated in the assault and battery of plaintiff. Plaintiff herewith submits to this Statement of Facts in support of the renewed motion.[1] Plaintiff, in furtherance of this motion, hereinafter states:

---

[1] Plaintiff further submits 13 Attachments which are referenced as "Att" then by page or paragraph number. If reference is to a deposition transcript or exhibit as an attachment, the transcript page "Tr" is identified by name, page and deposition exhibit number.

1

1. The Dancing Crab at Washington Harbour, L.P. t/a Tony & Joe's Seafood Place conducts business as a restaurant, bar and dancing establishment at 3000-3050 K Street, N.W., known as the Washington Harbour Complex. (hereinafter referred to as "Tony & Joe's Seafood Place").

2. Anthony B. Wood was employed by Tony & Joe's Seafood Place as a doorman on June 27, 2004. (Att. 1, para. 1,2,5; Att. 3, Dep. Tr. Wood, pg. 92).

3. Olayinka Adeboyeku, a/k/a "Yinka" was employed by Tony & Joe's Seafood Place as a doorman on June 27, 2004. (Att. 1, para. 7,8).

4. Oluwatosin Adeboyeku, a/k/a "Tosin" was employed by Tony & Joe's Seafood Place on June 27, 2004. (Att. 1, para. 7, 10,11,12; Att. 3, Dep. Tr. Wood, pg. 69, 92).

5. Anthony B. Wood, Yinka and Tosin were working at Tony & Joe's Seafood Place on the evening and early morning hours of June 26-27, 2004. (Att. 1, para. 5, 6; Att. 3, Dep. Tr. Wood, pg. 64, 69, 92; Att. 4, Dep. Tr. Wood, pg. 47,77).

6. Tony & Joe's Seafood Place had established a strict employment policy that any employee that showed discourtesy or rudeness to patrons or engaged in fighting, threatening or abusive behavior toward other employees or patrons was to be immediately terminated. (Att. 13, pg. 2).

7. On Saturday evening June 19, 2004 plaintiff and Jonathan Cummings, another Georgetown University student, were patrons of Tony & Joe's Seafood Place. (Stmt. Gillman, para. 4-8; Stmt. Rude, para. 8).

8. Plaintiff observed Yinka acting in an aggressive and abusive manner and verbally baiting Jonathan Cummings into engaging a fight in the public area of the Washington Harbour Complex. (Stmt. Rude, para. 9).

9. A manager from Nick's Riverside Grill intervened between Yinka and Jonathan Cummings to end the confrontation. (Stmt. Rude, para. 11).

10. Plaintiff and Jonathan Cummings subsequently went to the garage of the Washington Harbour Complex where plaintiff had left his vehicle. (Stmt. Rude, para. 12).

11. Yinka abandoned his assigned post at Tony & Joe's Seafood Place and went to a location just outside the Washington Harbour garage entrance/exit apron. (Att. 4, Dep. Tr. Wood, pg. 43, 54; Stmt. Gillman, para. 9; Stmt. Rude para. 12,13).

12. Yinka stepped in front of Plaintiff's vehicle as the vehicle was exiting the garage blocking the exit and Yinka then walked to the passenger side of the vehicle and attempted to strike Jonathan Cummings in the head as Cummings was sitting in the car. (Stmt. Rude, para. 12,13,14).

13. Plaintiff immediately reported Yinka's attack on Jonathan Cummings to Tony & Joe's Seafood Place head of security, Robert Puzio. (Stmt. Rude, para. 15; Att. 11 and 12).

14. Robert Puzio told Plaintiff he would take care of Yinka as his actions were grounds for immediate termination. (Stmt. Rude, para. 15, 16; Att. 13).

15. During the week of June 20-27[th], 2004 Yinka made a number of public statements in from of the management and employees at Tony & Joe's Seafood Place threatening to injure Jonathan Cummings further stating that Yinka 'hated

3

Georgetown University football players'. (Stmt. Gillman, para. 10, 11, 12, 13; Att. 5, Dep. Tr. Sylvester, pg. 22, exhibit pg. 2).

16. On June 27, 2004, at approximately 1:45 A.M. to 2:00 A.M. Plaintiff was in the inside main bar area of Tony & Joe's Seafood Place waiting for Michael Gillman and give him a ride home. ( Att. 1, para. 9; Att. 5, Dep. Tr. Sylvester, pg. 17, Ex. 2, pg. 1; Gillman Stmt, para. 14,15).

17. Anthony Wood and Yinka observed plaintiff inside the main bar area as they stood outside the front entrance/exit to Tony & Joe's Seafood Place. (Att.1, para. 9, 10, 11, 12; Att. 3, Dep. Tr. Wood, pg. 64; Att. 4, Dep. Tr. Wood pg. 76).

18. Robert Puzio and James Sylvester were also inside the main bar area and Puzio told Sylvester to ask plaintiff to leave as "Yanka was angry with plaintiff". (Att. 5, Dep. Tr. Sylvester pg. 17-18, exhibit 2, pg. 1).

19. James Sylvester came over to plaintiff and Michael Gillman and told them that Yinka had a problem with the plaintiff, that Yinka intended to 'fight' the plaintiff and that it was better if they just left. (Stmt. Gillman, para. 18).

20. Plaintiff had a conversation with Officer Robert Owen in which Plaintiff indicated that "he did not have a problem with Yanka and would talk to him if he wanted to". (Att. 5, Dep. Tr. Sylvester, pg. 10-11, exhibit 2, pg. 1); Stmt Gillman, para. 19).

21. Plaintiff specifically stated he 'did not want to fight' with Yinka. (Att. 6, Owen, pg. 314-315).

22. Officers Robert Owen and Glenn Luckett provided off duty security to the Washington Harbour Complex and were present in the main bar area while Yinka,

4

Wood and Tosin stood at the main entrance/exit to Tony & Joe's Seafood Place. (Att., para. 10, 11, 12; Stmt. Gillman, para. 16)

23. Officer Robert Owen spoke with plaintiff and told him that it was better that plaintiff not even speak with Yinka and they should leave out the back exit. (Att. 5, Dep. Tr. Sylvester, pg. 19-20, exhibit 2, pg. 1).

24. Yinka was visibly upset and highly agitated as he paced back and forth and pounded on and pulled at the exterior doors to the main entrance/exit of Tony & Joe's proclaiming that he was going to fight plaintiff. (Stmt. Gillman, para. 16, 17; Att. 4, Dep. Tr. Wood, pg. 77; Att. 6 Owen Tr. pg 314-315, 318, 324-325).

25. Wood approached Officers Owen and Luckett and stated that there was a 'problem' involving Yinka and plaintiff and that Wood expected that Yinka would start a fist fight that would occur when plaintiff walked out the front entrance of Tony & Joe's Seafood Place. (Att. 3, Dep. Tr. Wood, pg. 64, Att. 4, Dep. Tr. Wood, pg. 32-34; Att. 6, Owen pg. 304).

26. Yinka went to the summer garden area of Tony & Joe's Seafood Place adjacent to the main entrance and began making loud noises, banging on and tipping over tables and chairs. (Att. 2, Wood Police Stmt. Pg. 4; Att. 3, Dep. Wood Tr. 44; Att. 4, Dep. Tr. Wood pg. 54, 77-78).

27. Officer Robert Owen took plaintiff, Michael Gillman and two other individuals out a side/back exit to Tony & Joe's to avoid an incident. (Att. 2, Wood Police Stmt. Pg. 4; Att. 3, Dep. Tr. Wood, pg. 69; Att. 4, Dep. Tr. Wood pg. 76).

28. Yinka and his brother Tosin followed Officer Owen, plaintiff and Gillman onto the Boardwalk behind Tony & Joe's Seafood Place where Yinka continued

5

tipping over tables and chairs threatening plaintiff and Officer Owen. (Att. 4, Dep. Tr. Wood pg. 77; Att. 5, Owen pg. 316-319, 324-325).

29. Yinka entered the restaurant and main bar area where Yinka told James Sylvester that he hated Georgetown kids and that he was going to "knock Jon Rude out" and then he was going to come back and knock out James Sylvester. (Att. 5, Dep. Tr. Sylvester, pg. 22-23, 29-30, Exhibit 2, pg. 2).

30. Anthony Wood was following Yinka through the restaurant and was present when Yinka stated his intention to attack plaintiff. (Att. 5, Dep. Tr. Sylvester, pg. 22-23, 29-30).

31. Anthony Wood and Yinka went to the garage area of the Washington Harbour Complex where Yinka had found plaintiff and Jonathan Cummings on June 19th. (Att. 1, para. 23; Att. 3, Dep. Tr. Wood pg. 70-71; Att. 4, Dep. Tr. Wood pg. 45, 54, 78).

32. As Anthony Wood and Yinka left the parking garage and were standing at the doors connecting the garage area to the fountain area of Washington Harbour, Wood specifically warned Yinka that if he went out the door Yinka "was going to get into trouble". (Att. 1, para. 25, 26 as corrected in Att. 4 Dep. Tr. Wood, pg. 43).

33. Anthony Wood knew what Yinka was going after plaintiff to engage plaintiff in a street fight and Wood believed that Yinka would "get arrested". (Att. 4, Dep. Tr. Wood pg. 43).

34. Anthony Wood followed Yinka through the Washington Harbour Complex to the front of the Complex where they saw plaintiff, Michael Gillman and two other

persons walking down K Street, N.W. away from the Harbour Complex. (Att. 2, Wood Police Stmt, pg. 14; Att. 3, Dep. Tr. Wood, pg. 71-72).

35. Yinka ran after and chased after plaintiff, Michael Gillman and the other persons as they walked away from the Complex. (Att. 3, Dep. Tr. Wood, pg. 72, 76; Att. 4, Dep. Tr. Wood, pg. 46, 48, 60-61, 79; Att 1, para. 27 corrected to 'admit' by Att. 4, Dep. Tr. Wood, pg. 79, lines 5-10).

36. Yinka came up behind and to the left of plaintiff as plaintiff was walking away and lunged at plaintiff striking plaintiff in the back of the head causing plaintiff to fall to the sidewalk. (Att. 3, Dep. Tr. Wood, pg. 106, Att. 4, Dep. Tr. Wood, pg. 61; Stmt. Gillman, para. 23, 24, 25, 26).

37. Plaintiff, from the moment he was attacked by Yinka, was 'trying to defend himself'. (Att. 4, Dep. Tr. Wood, pg. 61, lines 11-13; Att. 2, Wood Police Stmt. Pg. 6).

38. Michael Gillman grabbed Yinka pulling him away from plaintiff to try to stop any further attach when Anthony Wood intervened telling Gillman it was going to be a 'fair fight'. (Stmt. Gillman, para. 27, 28; Att. 2, Wood Police Stmt pg. 6, 8; Att. 1, para. 42; Att. 4, Dep. Tr. Wood, pg. 51).

39. Wood positioned himself between Michael Gillman and the attack thereby keeping Gillman from intervening to stop the battery of plaintiff. (Att. 1, para. 42).

40. Anthony Wood, before he intervened between Yinka and Gillman, had blindsided plaintiff by tackling him from the side on a cement sidewalk. (Att. 1, para. 31, 40;

Att. 8, Att. 2, Wood Police Stmt. pg 7, 8, 11, 12; Att. 3, Dep. Tr. pg 77; Att. 4, Dep. Tr. Wood, pg. 51, 56-59, 62, Ex. 12).

41. Anthony Wood in June 2004 was approximately 5'11" to 6'0" tall and weighed 240-260 pounds.

42. Plaintiff while being attacked by Yinka was kicked in the head several times the last time while plaintiff lay unconscious on the sidewalk. (Att. 2, pg 7, 10, 12; Att. 4, Dep. Tr. Wood, pg. 53; Stmt Gillman, para. 29).

43. Yinka struck plaintiff repeatedly in the head with his head bouncing off the sidewalk while plaintiff lay unconscious or unable to defend himself. (Att. 2, pg 7, 11-13; Stmt Gillman, para. 32; Att. 7, Kennedy pt. 236-238, 247).

44. Anthony Wood pulled Yinka off plaintiff as Wood believed the plaintiff has been sufficiently beaten and as Yinka stepped away from where plaintiff lay, Yinka kicked plaintiff in the face. (Att. 2, Wood Police Stmt. pg. 7, 10, 13; Att. 4 Dep. Tr. Wood pg. 63-64).

45. Anthony Wood and Yinka then returned to Tony & Joe's Seafood Place. (Att. 2, Wood Police Stmt, pg. 10).

46. On June 27, 2004 Wood was wearing an orange t-shirt at the time of the incident which resulted in the injury of plaintiff. (Att. 1, para. 37).

47. On June 27, 2004 Wood was identified as a participant in the assault on plaintiff. (Att. 1, para. 38).

48. On June 27, 2004 the Metropolitan Police arrested Wood and on June 28, 2004 Wood was charged with felony aggravated assault on plaintiff. (Att. 1, para. 39, 43).

49. Yinka was arrested by the Montgomery County, Maryland Police on July 8, 2004 as a fugitive from the District of Columbia. (Att. 9, pg. 1-4).

50. Yinka was returned to the District of Columbia and subsequently charged with aggravated assault on plaintiff. (Att. 1, para. 44).

51. Anthony B. Wood was called as a witness at the criminal trial of Yinka in the Superior Court at which time Wood demanded and was provided immunity from criminal prosecution in his participation in the June 27, 2004 attack on plaintiff. (Att. 1, para. 48, 50, exhibit 4; Att. 4, Dep. Tr. Wood, exhibit 13).

52. Plaintiff was seriously injured sustaining a concussion, multiple facial fractures, broken eye socket, cuts, abrasions and contusions and a separated shoulder as a direct result of the attack by Yinka and Wood. (Stmt. Rude, para. 21-34).

53. Plaintiff incurred permanent injury to his face as a direct result of the attack that occurred on June 27, 2004. (Stmt. Rude, para. 30).

54. Plaintiff incurred a total of Seventy Three Thousand Six Hundred Dollars and Twenty Nine Cents ($73,600.29) in medical and related expenses as a direct result of the attack that occurred on June 27, 2004. (Stmt. Rude, para. 32-34).

/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.
Counsel For Plaintiff