### UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF COLUMBIA

_____

**JONATHAN W, RUDE,**

    **Plaintiff,**

    **v.**

**OLAYINKA ADEBOYEKU**
    **and**
**ANTHONY B. WOOD,**

    **Defendants.**
_____

)
)
)
)
)
)

**CASE No. 1:05CV01274**
**Judge Royce C. Lambert**

### DEFENDANT ANTHONY WOOD'S OPPOSITION
### TO PLAINTIFF'S RENEWED  MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the defendant, Anthony B. Wood, by and through counsel, Barry

M. Tapp, Esq., and states the following in Opposition to the plaintiff's Renewed Motion

for Summary Judgment as to Defendant Anthony B. Wood:

1.  This action is before the Court on the plaintiff's complaint alleging that the

defendants engaged in an assault upon him, generally acted in concert and are thus

jointly and severally liable for injuries he sustained on June 27, 2004.  The record before

the court shows, as evidenced by the previous Motion For Summary Judgment filed by

plaintiff [53] and the Opposition filed by Wood [57] that the combatants involved in the

fight were the plaintiff and the now dismissed defendant, Adeboyeku.  The record also

shows that a factfinder could find that Wood intervened to stop the fight to make sure

that it was going to be "fair".  Because this Court denied summary judgment and later

permitted defendant Wood to raise the affirmative defense of "defense of another" (in his

efforts to intervene to make sure that the fight was fair) that the plaintiff now believes the

he is now entitled to partial summary judgment on defendant's Wood's affirmative

1

defense.  He bases his claim on a second deposition of Wood and affidavit or previously submitted exhibits.  The defendant submits that the submissions add little or nothing to the existing record and that the frivolous Motion for Partial Summary Judgment should be denied.

2.    The plaintiff previously filed motion for summary judgment against Wood [53] was denied by this Honorable Court on August 31, 2007 [71].  In reaching its ruling the Court stated at page 5:

> [d]efendant's amended admissions create a factual dispute
> of whether defendant reasonably and actually believed that Adeboyeku
> had a right to self-defense . . .  Accordingly, defendant's affirmative
> defense is sustainable as a matter of law.

The court further stated, at 6:

> If plaintiff chooses, he may re-file his motion for summary judgment
> based on defendant's amended admissions and answers.

The plaintiff's Renewed Motion for Summary Judgment is premised upon the claim that Wood does not, as a matter of law have a sustainable claim of "defense of another".[1]  Again, he has misread the record and fails to realize that the issue is one of fact and not of law.   His assertion that he is entitled to summary judgment as a matter of law is unavailing because on this record it cannot be said that there are no genuine issues of dispute as to material facts and he is  entitled to summary judgment.

**WHEREFORE**, for the reasons set forth above and as set forth in the accompanying and incorporated Memorandum of Point and Authorizes, defendant Wood respectfully requests that this Court enter an order denying the Renewed Motion

2

---

[1]    The plaintiff asserts in his Renewed Motion for Summary Judgment that Wood cannot as a matter of law raise defense of another but in his proposed order seeks summary judgment.  He conveniently fails to recognize that even if the defense was unavailing, Wood would still be entitled to an instruction on general denial, thus, summary judgment would not be appropriate.  His argument is a claim to deny the instruction, not summary judgment.

for Summary Judgment.

Respectfully submitted,


__/s/ Barry M. Tapp_____
Barry M. Tapp
14662 Cambridge Circle
Laurel, MD 20707
Bar #209395
301-725-6030
Suwon4@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have, this _11th___day of February 2008, I filed the instant pleading electronically on all parties in this litigation:

Rick A. Rude, Esq.
Suite 104
207 Park Avenue
Falls Church, VA 22046
Counsel for the Plaintiff

/s/ Barry M. Tapp
Barry M. Tapp

4

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

_____

**JONATHAN W, RUDE,**
                                            )
       **Plaintiff,**
                                            )        **CASE No. 1:05CV01274**
       **v.**                                          **Judge Royce C. Lambert.**
                                            )
**OLAYINKA ADEBOYEKU**
       **and**                                 )
**ANTHONY B. WOOD,**
                                            )
       **Defendants.**
_____

# ORDER DENYING MOTION FOR SUMMARY JUDGMENT

       **UPON CONSIDEATION** of the plaintiff's Renewed Motion For Summary

Judgment, defendant Anthony B. Wood's Opposition thereto, and the files herein,

it is this _____day of _____, 2008, by the United States

District Court for the District of Columbia**,**

       **ORDERED**, that the Motion be, and hereby is, **DENIED.**


                              _____
                              **UNITED STATES DISTRICT COURT JDUGE**

cc:

Barry M. Tapp, Esq.
14662 Cambridge Circle
Laurel, MD 20707

Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, VA 22046

THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

JONATHAN W, RUDE,

    **Plaintiff,**      )

                 )

    **v.**            )

                 )

OLAYINKA ADEBOYEKU
   and           )
ANTHONY B. WOOD,

                 )

    **Defendants.**

_____

**CASE No. 1:05CV01274**
**Judge Royce C. Lambert.**

<u>**MEMORANDUM IN OPPOSITION TO PLAINTIFF"S**
**MOTION FOR SUMMARY JUDGMENT**</u>

     Anthony Wood, by and through his attorney, Barry Tapp, offers this

Memorandum in Opposition to Plaintiff's Renewed Motion for Summary Judgment,

pursuant to Rule 56 of the Federal Rules of Civil Procedure , and in support thereof

states:

## I.  FACTUAL BACKGROUND

     Defendant Wood reiterates herein below his factual background in his previously

filed Opposition to Plaintiff's Motion for Summary Judgment [Doc. No. 55].

     1.  On the night of June 26 and the early morning of June 7th, 2004,  defendant

Wood was working at "Tony & Joe's" seafood restaurant  as a doorman/security along

with co-defendant Adeboyeku ("hereinafter referred to as "co-defendant Adeboyeku" or

"Yinka") and several others, on the Potomac Waterfront near the 3000 block of K St.,

NW.  *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6).

     2.  Between 1:00 am and 2:00 a.m., the plaintiff and several of his friends came

to the outdoor patio area of Tony & Joe's minutes before closing.  Because of an

incident that had occurred a week earlier with co-defendant Adeboydku and plaintiff (and plaintiff's friend Gillman), the plaintiff and his party of three were escorted out of the side door of the restaurant and onto the boardwalk leading to the 3000 block of K Street by officer Owens, a metropolitan police officer who worked part-time at Tony & Joe's. *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6).

3. Moments later Yinka left and was walking behind the plaintiff, Gillman, Michael Zarkhosh and Samir Zarkhosh when words were exchanged between the plaintiff and the Yinka that led to the two lunging toward one another and throwing punches. During the altercation, one of the plaintiff's friends, Michael Gillman, grabbed Yinka and held him as plaintiff continued punching. [Doc. No. 79-6, pps. 18-27]. Moments later defendant Wood arrived, grabbed Rude, fell to the ground with him and then released him. Defendant Wood stated to all present that the if the plaintiff and Yinka were going to fight, it had to be fair and one on one. See Statement of Material Facts, Exhibit's A-1 thru A-4; A-6);Affidavit of Michael Hillman [Doc. No. 78-4]; [Doc. No. 79-6, pps. 18-27]. .

4. The plaintiff and the co-defendant continued fighting and at some point during the altercation defendant Wood pulled Yinka up and stopped the fight. Thereafter, the plaintiff got up, walked away with his three companions and Adeboyeku and Wood returned to the restaurant. *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6; Affidavit of Michael Hillman [Doc. No. 78-4].

5. Defendant Wood was arrested and charged with assault that was later dismissed by the United States Attorney's Office.

## II. STANDARD OF REVIEW

Summary "judgment is appropriate where "there is no genuine issue as to any

material fact", and "the moving party is entitled to a judgment as a matter of law".  Fed. R. Civ. P 56(c).  "Upon such a motion, the function of the district court is to determine whether any pertinent factual controversy exists, and in reviewing the record before it, the district court *must give the party against whom the motion is made the most favorable view of the record if there is doubt as to the sufficient of a factual showing.*"  Exxon Corp. v. Federal Trade Comm., 663 F.2d, 120, 213 U.S. App. DC 356 (1990) (*emphasis supplied*).  A judgment may be rendered if the pleadings, depositions, answer to interrogatories and admissions as well as affidavits show that the is no genuine issue.  Fed. R. Civ. P 56(c).  Obviously, the district court must consider the entire record and not just an isolated submission.  Because summary judgment is a drastic remedy and should be used sparingly, it should not be granted unless it is *clear beyond controversy* that the moving party is entitled to judgment as a matter of law.  U.S. v. Porter, 581 F.2d 698 (1978).  In Ozark Milling Co., Inc. v. Allied Mills, Inc., 480 F.2d 1014 (1973) the court held that summary judgment is not to be entered unless the movant has established his right to judgment with such clarity as to leave no room for controversy and that that the other party is not entitled to recover under any discernable circumstances.  *See* Jacobson v. Maryland Cas. Co., 336 F.2d 72, *cert den*. 379 U.S. 964 (1964).

To survive a summary judgment motion, the opposing party need only show that there is sufficient evidence supporting a claimed factual dispute to require a judge or jury to resolve the parties' differing versions of the truth.  Nader v. de Toledano, 408 A.2d   31 (D.C. App 1979, *cert. denied*, 444 U.S. 1078 (1980).  Only when the moving party demonstrates the absence of any genuine dispute as to a material fact, does the burden shifts to the non-moving party to identify the existence of such a genuine factual

dispute.

Whether a factual dispute exists in a diversity matter is based upon an application of the substantive law of the forum state.  Anderson v. Liberty Lobby, Inc,. 477 U.S. 242 (1986);  Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc. 669 F.2d 1026 (1982).  In the instant case, the plaintiff alleges that the defendants jointly committed an assault and battery and intentionally inflicted emotion distress.  Under the substantive law of the District of Columbia, the plaintiff must prove:

> Assault:
> An assault occurs when one person *intentionally* [and unlawfully] *threatens or attempts to cause physical harm or offensive contact* with another person. An assault can also occur when one person intentionally causes an apprehension of imminent physical harm or offensive contact with another person. It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact. An assault can occur by words or acts, and actual physical contact is not necessary.
>
> Battery:
> A battery occurs when one person [unlawfully and] *intentionally* touches or uses force on another person in a *harmful, offensive, or insulting wa*y. The term "touching" includes direct contact. "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person.
> The defendant cannot be liable for battery if the plaintiff consented to be touched.[2]

Standardized Civil Jury Instructions, for the District of Columbia (1998), 19-1;19-3

> Intentional Infliction of Emotional Distress:
> Intentional infliction of emotional distress requires (1) *extreme and outrageous* conduct on the part of the defendant which (2)  intentionally or recklessly (3) causes the plaintiff extreme emotional distress.  (*emphasis added*).

D.C. v. Thompson, 570 A.2d 277, 289-90 (D.C. 1990), *vacated on other grounds*, 593 A.2d 621 (D.C.) *cert. denied*, 112 S. Ct. 380 (1991); s*ee* Brown v. Hamilton, 601

---

[2]    A reasonable inference in this case is that defendant Wood's tackling the plaintiff may be excused because he was entitled to use force in an amount reasonably necessary to carry out the lawful act of ending a fight.  *See*, Mattocks v. Bell, 194 A.2d 307, 308 (D.C. 1963); Johnson v. Jackson, 178 A.2d 327 (D.C. 1962).

A.2d 1074, 1079 (D.C.1992)(conduct must be so outrageous and extreme as to go beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a civilized community); Anderson, MD. v. Prease, 445 A.2d 612, 613 (D.C. 1982).

Because the plaintiff's submissions alone, as demonstrated below, fail to show such clarity of fact, the predicate for summary judgment is lacking. *See* Jacobson v. Maryland Cas. Co., *supra.*

### III.  ARGUMENT

The plaintiff's argument for summary judgment is premised on his own personal and biased view of the pleadings, deposition testimony, affidavits and admissions of records. Again, and as stated supra, to survive a summary judgment motion, the opposing party need only show that there is sufficient evidence supporting a claimed factual dispute to require a judge or jury to resolve the parties' differing versions of the truth. Nader v. de Toledano, 408 A.2d 31 (D.C. App 1979, *cert. denied*, 444 U.S. 1078 (1980).

Summary Judgment is not appropriate here with respect to plaintiff 's theory of joint and several liability because there are disputed material facts at bar that present a genuine issue of fact as to whether defendant Wood was engaged in an assault and battery or was attempting to intervene to defend Yinka whom he reasonably though was going to be attacked by plaintiff and his companions, one of whom was holding Yinka as the plaintiff attacked. [Doc. No. 79-6, pps. 18-27]. In order to prevail, the plaintiff must "clearly show" that under the substantive law (assault, battery and intentional infliction of emotional distress and defense of another) of the District of Columbia that he is entitled

5

to judgment based on his submissions, *i.e.*, deposition testimony, pleadings, affidavits, trial transcripts, interview of defendant Wood and purported admissions attached to his Statement of Material Facts for Summary Judgment.  <u>Exxon Corp. v. Federal Trade Comm</u>., *supra*.  This he has failed to do.

      The plaintiff cannot succeed on his motion because the trial transcripts, deposition testimony all support a reasonable conclusion that a material factual dispute exists as to whether or not a reasonable person could find that defendant Wood's involvement was in defense of another or not an assault and battery.  [Doc. No. 79-6, pps. 18-27]. A fair reading of the plaintiff's exhibits in support of his Statement of Material Facts are inconclusive of Wood's intent, a critical element of each of his theories of recovery.  *See* Statement of Material Facts, Exhibit's A-1 thru A-4; A-6,[Doc. No. 79-6, pps. 18-27].  His argument that Wood knew that Yinka was the aggressor are belied by the record evidence and do not contravene Wood's position of self-defense. [Doc. No. 79-6, pps. 18-27].  And even assuming it did raise a issue, that is a matter committed solely  to the province of the factfinder.  Wood has repeated throughout, in in his amended answer to the complaint, responses to request for admissions, and two depositions that he intervened to prevent what he reasonably believed to be a gang attack upon Yinka by plaintiff and his companions.  *See* [79-6, pps. 18-27]; Defendant's Opposition to Plaintiff's Motion for Summary Judgment and exhibits attached thereto.

      It is settled that in order to defeat the plaintiff's summary judgment motion, defendant Wood need only show that there is sufficient evidence supporting a claimed factual dispute to require a judge or jury to resolve the parties' differing versions of the truth.  <u>Nader v. de Toledano</u>, *supra*.  Not only does an objective reading of the plaintiff's own submissions support a reasonable inference of Wood's claim of intervention to stop

6

the fight or reasonable belief that Yinka was being attacked by the group, (defense of another) but an inference that he did not act intentionally as required under the substantive law of the District of Columbia. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). To draw the conclusion that the plaintiff seeks as the only legal conclusion, is legally naïve. The evidence at this posture is in equipoise as to whether the tackling of the plaintiff was unlawful and intentional or reasonably perceived as a defense of another. *See* Frost v. United States, 618 A.2d 653, 661 (D.C. 1992).

Defendant Wood is not liable for assault, battery or intentional infliction of emotional distress. In point of fact, the criminal trial transcripts support a reasonable inference that defendant Wood merely interceded to ensure that the fight was "fair" and not with the specific intent to commit an assault and battery. *See* Statement of Material Facts in Dispute exhibits, incorporated herein by reference. Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial Transcript.. of M. Gillman dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial Transcript. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71.

The evidence of record does not "clearly show" that plaintiff is entitled to such a drastic remedy as summary judgment because as has been held, it should be used sparingly, and should not be granted unless it is *clear beyond controversy* that the moving party is entitled to judgment as a matter of law. U.S. Porter, *supra*. Plaintiff claims that defendant Wood committed an assault and battery by 1) leaving the restaurant with Yinka, 2) tackling the plaintiff, and 3) admitted that Yinka kicked the

7

plaintiff. He ignores that fact that defendant Wood tackled the plaintiff when he realized that Gillman was holding Yinka while the plaintiff was striking him (Yinka) with his fists. *See* Defendant Wood's Statement of Material Facts, Exhibit A-1 & A-2, [79-6, pps. 18-27]. Plaintiff fails to realize that the district court must view all the evidence of record and not ignore reasonable inferences that can be drawn. *See* Plaintiff's Motion For Summary Judgment at 8. Plaintiff's misreading of the record and short-sighted view of the legal principles for enter of Summary Judgment are misplaced. Reasonable inferences based upon all the evidence of record support the conclusion that defendant Wood either acted to prevent a gang attack on Yinka or to stop the fight and was not acting in concert with Yinka. [Doc. No. 79-6, pps. 18-27]. Since, the evidence is wholly inconclusive of an assault or battery, the Plaintiff's Motion for Summary Judgment must be denied. *See* Defendant's Statements of Material Fact in Dispute, incorporated herein by reference.

A. *Plaintiff's Argument's that Wood and Yika Were Joint Aggressors*

Plaintiff again misconstrues the entire record. His argument is based solely upon the conclusions he draws from the depositions, admissions, affidavits and pleadings. He points to what he believes to be inconsistencies or variances in Wood's second deposition and Responses to Plaintiff's First Request for Admissions [53] and asserts that alone, if true, warrants summary judgment. At most, and we do concede inconsistencies, he would be entitled to an appropriate instruction and not, at this posture, summary judgment. Without repeating what is already in the record, it is abundantly clear that there is record evidence that would support a reasonable inference that Wood reasonably believed that he was acting to defend another or that grabbing

plaintiff was not an assault as defined by the substantive law of the District of Columbia. *See* Standardized Civil Jury Instructions, for the District of Columbia (1998), 19-1;19-3. At no place in Wood's Reponses To Plaintiff's First Request for Admissions is there an admission that knew Yinka was an aggressor or that he, Wood, acted jointly with him as plaintiff claims.  See Statement of Material Facts in Opposition to Plaintiff's Renewed Motion for Summary Judgment.   In fact, in response to Request for Admission #29, Wood stated "Defendant **ADMITS** that he saw Olayinka Adeboyeku and Plaintiff lunge at each other."  And, in response to Plaintiff's First Request for Admissions #30, he stated:

> Defendant **ADMITS** that he saw Michael Gillman holding
> Olayinka Adeboueku from behind as Plaintiff was punching him.

 *See also* Response #42 to Plaintiff's First Request for Admissions .

B. *Plaintiff's Claim that Wood Cannot Establish Necessary Elements of Good Samaritan Defense*

In each of the plaintiff's underlying arguments [78-5] under the theory that Wood cannot legally raise defense of another, plaintiff relies upon his personal conclusions drawn form the record.  If as he correctly points out, the law of the District of Columbia is that Wood had to *reasonably and actually believe* BOTH that the victim had a right to use self defense and that he had to intervene to protect the victim, then it is clearly a material factual issue that has to be decided by a judge or jury.

The plaintiff further assertion that Wood placed himself in a position where he had reason to believe his presence would provoke trouble is utterly without support and specious.  He has not pointed to anything or offered anything in the record to support his argument, except matters quoted wholly out of context.

Finally, there is no record evidence that Yinka chased plaintiff up K St. or that Wood had advance knowledge of Yinka's intent to fight the plaintiff. [Doc. No. 79-6, pps. 18-

27].   There is evidence, from which a reasonable jury could conclude that Yinka

followed plaintiff and that both the plaintiff and Yinka became engaged in a mutual

assault on each other.  *See* Defendant's Statement of Material Facts, *supra*; [Doc, No.

79-6, pps. 18-27]. .

## IV.  CONCLUSION

The plaintiff's Renewed Motion for Partial Summary Judgment regarding

defense of another is in essence an argument in which he seeks an advance ruling on

what might be inconsistent or impeaching testimony.  That surely must await a trial on

the merits and not a summary preclusion by the court to deny the deny the defense an

opportunity to raise self-defense.  If the evidence does not support the defendant's

theory, then he will denied an appropriate instruction--that is a marked difference from

summary judgment.

For the foregoing reasons, a grant of Summary Judgment is not warranted

because there are disputed material issues of fact.

**WHEREEFORE**, it is respectfully requested that the plaintiff's Motion For  Partial

,Summary Judgment be denied..


Respectfully submitted,

  __/s/ Barry M. Tapp____
Barry M. Tapp
14662 Cambridge Circle
Laurel, MD 20707
Bar 209395
301-725-6030

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have, this _11th___day of February 2008 electronically served all parties in this matter with a copy of the foregoing:


Rick A. Rude, Esq.
Suite 104
207 Park Avenue
Falls Church, VA 22046
Counsel for the Plaintiff


 /s/ Barry M.Tapp
Barry M. Tapp

11

THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

_____

JONATHAN W, RUDE,

    Plaintiff,

    v.

OLAYINKA ADEBOYEKU
   and
ANTHONY B. WOOD,

    Defendants.
_____

)
)
)
)
)
)

CASE No. 1:05CV01274
Judge Royce C. Lambert.

**DEFENDANT WOOD'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS A GENUINE ISSUE IN SUPPORT OF OPPOSITON TO
RENEWED MOTION FOR SUMMARY JUDGMENT**

    Defendant Wood, by and though his attorney, Barry M. Tapp, Esq., and pursuant

to Fed. R. Civ. Proc. 56, again offers this following Statement of Material Facts as to

which he contends there is a genuine dispute, *i.e.,* whether he was involved in an

assault and battery on the plaintiff, intentionally inflicted emotional distress when he

attempted to intervene to stop the fight or defend (defense of another) co-defendant

Adeboyeku (defense of another) to prevent what he reasonably believed was

progressing as a gang assault upon Adeboyeku.

    Defendant Wood again republishes and incorporates herein his previous

submissions in his original Statement of Material Facts as to which There is a Genuine

Dispute:

    1.   That on June 27, 2004, defendant Wood did not engaged in physical or verbal

acts with the plaintiff that would constitute an intentional assault and battery on the

plaintiff when he tackled the plaintiff to end the fight.   *See* attached Exhibit A-1,

1

Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial Transcript.. of M. Gillman dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial Transcript. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367;  *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71; see Exhibit B,  Depo. A. Wood at.72--84; *see* Exhibit C, Interview of Tony Wood, 2-11; *see* Exhibit D, defendant Wood's Answers to Interrogatories.

2.  On June 27, 2004, defendant Wood did not engaged in conduct which resulted in the intentional infliction of emotional distress on the plaintiff because he intervened to end the fight and assault on the co-defendant.  *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Zarhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zardkosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71; *see* Exhibit B Depo A. Wood at.72--84; Affidavit of Michael Hillman [78-4].

3. Defendant Wood did not encouraged, assist, aid or participate in the physical altercation between the plaintiff and co-defendant by following the co-defendant to 30th Street, tackling the plaintiff in an effort to end the fight and/or to defend co-defendant Adeboyeku from what appeared to be an unfair, group assault by plaintiff and his friends. *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Arches at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-

2

5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyedu, at 48-71; see Exhibit B Depo A. Wood at.72--84.

      4.   Defendant Wood is not responsible for any injuries sustained by the plaintiff during his fight with the co-defendant merely because Wood's attempted to prevent the fight by tackling the plaintiff.  *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367;  *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyeku, at 48-71; see Exhibit B Depo A. Wood at.72--84; see Affidavit of Michael Hillman [78-4].

      5.   The injuries sustained by the plaintiff were the consequences of mutual combat between the plaintiff and co-defendant Adeboyeku.  *See* attached Exhibit A-1, Superior Court Trial Transcript of Michael Gillman, Mar. 4, 2005 at 133-136, 141-147; *see* attached Exhibit A-2, Trial. of M. Gilliam dated March 7, 2005 at 45-50; *see* attached Exhibit A-3, Trial. of M. Zarkhosh at 141-154; *see* attached Exhibit A-4, Trial Transcript of S. Zarkhosh at 183-193; *see* attached Exhibit A-5, Trial Transcript of J. Rude at 367; *see* attached Exhibit A-6, Trial Transcript of Olayinka Adeboyeku, at 48-71; *see* Exhibit B Depo A. Wood at.72--84; Affidavit of Michael Hillman [78-4].

     .                      Respectfully submitted,

                       /s/ Barry M. Tapp
                      Barry M. Tapp
                      14662 Cambridge Circle
                      Laurel, MD 20707
                      301-725-6030
                      Suwon4@aol.com
                      Bar 209395

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have, this _11th___day of February 2008, I electronically served all parties in this matter with a copy of the foregoing:

Rick A. Rude, Esq.
Suite 104
207 Park Avenue
Falls Church, VA 22046
Counsel for the Plaintiff

_/s/  Barry M. Tapp_
Barry M. Tapp