UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                                    Case No. 05cv1274(RCL)

OLAYINKA ADEBOYEKU,
A/k/a "YINKA" and
ANTHONY B. WOOD,
A/k/a WILLIE JOYNER, JR.

    Defendants.

PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT
ANTHONY WOOD'S OPPOSITION TO PLAINTIFF'S RENEWED
MOTION FOR SUMMARY JUDGMENT AND
<u>NOTICE OF OBJECTION TO INADMISSIBLE EVIDENCE</u>

Preliminary Statement

COMES NOW, Plaintiff Jonathan W. Rude (hereinafter "Plaintiff") and submits this Reply Memorandum and Notice of Objection to Defendant Anthony B. Wood (hereinafter "Wood") submission and utilization of inadmissible evidence. Plaintiff's Objection is appropriate pursuant to Rule 56(e) and is stated at the conclusion of Plaintiff's Reply.

<u>Summary of Reply and Objection</u>

Defendant Wood undertakes to create the appearance of a dispute of material facts by (1) repudiating his admissions and (2) employing inadmissible transcript excerpts from the criminal trial of Olayinka Adeboyeku to contradict Wood's own deposition testimony. Wood cannot foreclose summary judgment by means of sham issues. Wood likewise cannot now contest his own Admissions responses.

1

Plaintiff objects to the utilization of uncertified trial transcripts which are hearsay in content. Secondly, Wood may not utilize such documents as Wood, in response to discovery requests, denied the existence of documents to support his affirmative defense.

## REPLY STATEMENT OF FACTS

Plaintiff submitted a detailed, documented and referenced Renewed Motion For Summary Judgment. Plaintiff provided a properly referenced Statement of Material Facts to which Wood did not provide any specific response[1]. The most significant aspect of this is Wood's Deposition on November 15, 2007 (See; Attachment No. 4, Doc. 79-5). The Court previously allowed Wood to withdraw and submit an Amended Response to Plaintiff's Request For Admissions. (See; Attachment No. 2, Doc. 79-2). Wood, in his November 15, 2007 deposition, acknowledged that several of Wood's denial responses Plaintiff's Fact Admission Requests were indeed true and Wood corrected his responses to "Admit". Mr. Wood in his November 15 deposition[2] stated:

"Q. Let's go to page 6. In your previous testimony you, in fact, testified that Yinka runs first at Jonathan Rude and hit him in the head. Do you recall that?

    A. He threw it towards the head area. I couldn't see them, because they went behind the beam on K Street.

Q. I would like to draw your attention down to lines 6 through 9. Do you see that?

A. Mm-hmm. Yes, I do.

Q. And you say Jon Rude Was trying to defend himself?

---

[1] Plaintiff further submitted his own Affidavit and the Affidavit of Michael A. Gillman. Mr. Gillman's Affidavit corroborates Wood's key Admission Responses as well as Wood's deposition testimony in that Olayinka Adeboyeku approached plaintiff from behind and attacked plaintiff. In fact, Wood submits no evidence that contradicts Mr. Gillman's observations as contained in Gillman's Affidavit.

[2] See Attachment No. 4, Dep. Tr. Wood, page 61. Wood was being questioned about the contents of the statement he provided to MPD on June 27, 2004 (See Attachment 2, Doc. 79-3, pg. 6) The attack on Plaintiff is well documented by fact points 35, 36 and 37 (Doc.78-5, page 7).

A. Yeah, because Yinka lunged at him first."

Wood's Opposition Memorandum contends that Plaintiff and Adeboyeku "lunged at each other" (Doc. 82-pg. 14). Wood failed to disclose to this Court that Wood subsequently clarified and CORRECTED this representation. Wood, in his June 11, 2006 deposition[3], was pressed on this point and Wood stated as follows:

"THE WITNESS: Well, they both lunged at each other, Mr. Rude.

BY MR. RUDE:

Q. Simultaneously?

A. I can't even say if Yinka went first or Jon Rude went first.

Q. You either saw it or you didn't see. Which is it?

A. I would say Yinka lunged first."

The above demonstrates only a few of the many fact errors engaged by Wood. Wood on November 15th, when questioned about some of his amended admission responses acknowledged that certain of the admission requests were actually correct. Wood admitted that Yinka chased plaintiff as plaintiff was walking down K Street away from the Washington Harbour Complex. (See Attachment No. 4, Wood Tr. page 79, Doc. 79-5).

The above facts are based upon Wood's deposition transcripts and his Admissions Responses. Wood's Memorandum states that Wood 'intervened to stop a fight or defend Adeboyeku to prevent ... a gang assault'. (Doc. 82- 17) Wood certainly did not 'stop' any fight and his 'gang assault' excuse is undercut by Wood's responses to discovery. Wood also states that the record supports Wood's contention that Wood thought Yinka

---

[3] See Attachment No. 3, Doc. 79-4, Wood Tr. page 106.

was going to be attacked by plaintiff and his companions (Doc. 82-10)[4]. Wood cites the court to "Doc. No. 79-6, pps. 18-27". Document No. 79-6 is the transcript of the deposition of James Sylvester (See; Attachment No. 5, Doc. 79-6). Mr. Sylvester's statements do not support Wood's contention. Mr. Sylvester's deposition involved what occurred inside Tony & Joe's Seafood Place around 2:00-2:20 AM on June 20th. This includes Defendant Adeboyeku's threats regarding Plaintiff and Sylvester (Doc. 79-6, Tr. Sylvester, pages 22-24, 29).

Wood likewise makes the same document reference when he argues that "Wood's intent" is inconclusive (Doc. 82-page 11). Again, the reference does not support Wood's representation.

Wood's third fact point contention is likewise incorrect and not supported by the record reference. Wood, at page 14-15 of his Opposition Memorandum (Doc. 82-14), states:

"... there is no record evidence that Yinka chased plaintiff up K Street or that Wood had advance knowledge of Yinka's intent to fight the plaintiff. [Doc. No. 79-6, pps. 18-27]."

Again, the fact representation is contrary to the contents of the record reference. As noted above, the deposition transcript excerpts of Mr. Sylvester have nothing to do with Yinka chasing plaintiff up K Street.

Wood's amended his answer to Plaintiff's Admission Request No. 27 which contains this "chasing" fact point. Mr. Wood, on November 15, 2007, admitted that Plaintiff's Admission Request was "correct" and Yinka, in fact, did chase plaintiff up K Street as

---

[4] Wood's own representation contradicts any contention that Yinka was "being attacked" and underscores the unjustified nature of the attack on plaintiff by Wood.

4

Plaintiff walked away from the Harbour Complex. (See; Attachment No. 4, Wood Tr. Page 79, Doc. 79-5, page 79). Wood's Admission makes this fact point "conclusive".

In summary, Yinka accompanied by Wood, threatened Plaintiff at Tony & Joe's Seafood Place, followed Plaintiff chasing Plaintiff up K Street as Plaintiff was walking away. Wood acknowledges seeing Yinka attack Plaintiff from behind. Wood contends he intervened to "make it a fair fight". Wood's intent as revealed/established by his own deposition statements, reflect that he knew what Yinka was going to do and that he (Wood) intervened to make sure that a fight did in fact occur. Wood's own statements dispel any alleged belief by Wood that Yinka "had a right to self defense".

## REPLY ARGUMENT

I. THIS PROCEEDING IS RIPE FOR DISPOSITION BY WAY OF SUMMARY JUDGMENT.

The proceeding arose out of the June 27, 2004 assault and battery of Plaintiff. Defendants accosted Plaintiff at the Washington Harbour Complex. They followed Plaintiff from the Complex. Plaintiff was attacked first by Olayinka Adeboyeku and then by Wood. Adeboyeku attacked Plaintiff from behind and Wood then likewise blindsided Plaintiff severely injuring him. Defendants then fled but were subsequently arrested and charged with aggravated assault. Plaintiff's complaint is based upon common law assault and battery as well as intentional infliction of emotional distress. Plaintiff is seeking summary judgment as to his claim of battery against Defendant Wood. The results of the criminal trial of Olayinka Adeboyeku are not relevant to the disposition of Plaintiff's claims herein.[5]

---

[5] United States v. Olayinka Adeboyeku, F-04-4460 and F-04-4485 (Sup.Ct.)

The stated purpose of the summary judgment procedure in Rule 56 (Fed.R.Civ.Proc. 56) is to isolate and dispose of factually unsupported claims and defenses. _Celotex Corporation v. Catrett_, 477 U.S. 317, 324 (1986). The United States Court of Appeals for the District of Columbia stated:

> "Accepting such conclusory allegations as true, therefore, would defeat the CENTRAL PURPOSE, WHICH IS TO WEED OUT THOSE CASES INSUFFICIENTLY MERITORIOUS TO WARRANT THE EXPENSE OF A JURY TRIAL."[6]

The party opposing summary judgment has the affirmative duty to provide enough ADMISSIBLE counter evidence that a reasonable jury could return a verdict in that party's favor. See; _Lyles v. Micenko_, 404 F.Supp.2d. 182, 187 (D.D.C. 2005); _National Telephone Co-op Ass'n v. Exxon Corporation_, 38 F.Supp.2d. 1, 5, (D.D.C. 1998); _Gleklen v. Democratic Congressional Campaign_, 199 F.3d. 1365, 1369 (D.C. Cir. 2000). The submission of legal argument alone or conclusory statements does not meet the minimum evidentiary requirements of Rule 56(e). Cf. _Celotex Corp. v. Catrett_, supra; _Anderson v. Liberty Lobby, Inc._ 477 U.S. 242, 249-252 (1986). The court has no duty to search the record for the facts. The non-moving party has the affirmative duty to direct the court's attention to specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. Cf. _Aetna Casualty and Surety Co. v. Neff_, 30 F.Supp.2d. 990, 993 (S.D. Ohio 1998).

### A. DEFENDANT WOOD HAS ADMITTED TO THE BATTERY OF PLAINTIFF BY TACKLING HIM ON A CEMENT SIDEWALK.

Plaintiff is seeking summary judgment on his claim of Battery as to Defendant Wood. Plaintiff's motion includes summary judgment as to Defendant's Sixth Affirmative Defense—"self-defense/defense of another". Plaintiff has admitted that on June 27, 2004

---

[6] Greene v. Dalton, 164 F.3d. 671, 675 (D.C. Cir. 1999) (emphasis added).

he tackled Plaintiff on a cement sidewalk were plaintiff struck his head. (See; Attachment No. 1, Admission No. 31, Doc. 79-2, page 8). Defendant's Admission is now "conclusive" and is not subject to dispute or repudiation by Wood.[7]

### B.  SUMMARY JUDGMENT IS PERMISSIBLE REGARDING THE QUESTION OF 'INTENT'.

Wood appears to rely upon the general proposition that any question of intent precludes summary judgment. (Doc. 82- page 11). Wood is not correct. The Court in *Langingham v. United States Navy*, 813 F.2d. 1236 (D.C. Cir. 1987) held that issues of intent may be disposed of by way of summary judgment. 813 F.2d. at 1241-1242. In that case the court noted that the underlying documents disclosed the involved element of intent. See also; *Pagano v. Frank*, 983 F.2d. 343, 347 (1st Cir. 1993) (Even when elusive concepts like motive and intent are in play, 'summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation').

The courts have stated that the substantive law will dictate the "material facts" elements. The intentional tort of battery involves the GENERAL INTENT to commit the battery—nothing more is required. (See the Discussion at page 13 of Plaintiff's Opening Memorandum of Points and Authorities, Doc. 78-4, page 13). Wood contention not only relies upon an overbroad general rule, but confuses question of 'specific intent' with the minimal requirement of the 'general intent' to commit the act. Wood has not at any time

---

[7] The American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.A., 930 F.2d. 1117, 1120 (5th Cir. 1999)(Rule 36(a) provides that matters admitted are 'conclusively established' and such matters may not be rebutted by contrary testimony or ignored by the court); Chicago District of Carpenters Pension Fund v. P.M.Q.T. et al., 169 F.R.D. 336, 341 (N.D. Ill. 1996)(Rule 36 admissions may form the basis of a summary judgment motion and admissions may NOT contested under Rule 56 without defeating the purpose of Rule 36).; Brooke Village North Association v. General Electric Company, 686 F.2d. 66, 73 (1st Cir. 1982) ( 'credibility issues' cannot be used to refute admissions); United States v. Kasuboski, 834 F.2d. 1345, 1350 (7th Cir. 1987) (affidavits and depositions may not be used to refute admissions); (Rainbolt v. Johnson, 669 F.2d. 767 (D.C. Cir. 1981) (admissions can form the basis for summary judgment).

denied nor disputed that HE INTENTIONALLY TACKLED plaintiff. This offensive touching meets the requirements of and the elements of a civil battery. Wood seriously injured plaintiff by tackling him on a cement sidewalk and Wood then made sure that Adeboyeku was able to continue his attack on plaintiff. Wood is as culpable and responsible for the involved injuries as Adeboyeku.

II. DEFENDANT WOOD CANNOT ESTABLISH A DISPUTE OF A MATERIAL FACT BY UTILIZING FACTUAL ISSUES BETWEEN WOOD AND ADEBOYEKU TO AVOID SUMMARY JUDGMENT BY PLAINTIFF AS TO WOOD.

Wood's evidentiary burden in opposing a motion for summary judgment is set out in Rules 56(c) and 56(e) (Fed.R.Civ.Proc. 56(c), 56(e)). The Courts in describing a non-movant's evidentiary burden has stated that he must set forth "specific facts showing that there is a genuine issue for trial" and that:

> "...the non-movant 'may not rest upon mere allegation or denials of his pleading' but must present 'affirmative evidence' showing a genuine issue for trial (citation omitted). A non-movant has met its burden of showing that a dispute about a material fact is 'genuine' ONLY 'if the evidence is such that a reasonable jury could return a verdict FOR THE NON-MOVING PARTY'"(emphasis added).[8]

Wood is the non-moving party in this case—not Olayinka Adeboyeku as he is no longer a party. Accordingly, Wood MUST establish a genuine dispute as to a material fact between Plaintiff and Wood. Any alleged factual issues between Wood and Adeboyeku are neither relevant nor material to this summary judgment motion. Even if a jury to believe Adeboyeku, that would not have any effect on the court's analysis here—Wood has admitted to the chasing and the resultant attack and Wood's own subsequent battery

---

[8] Langingham v. United States Navy, 813 F.2d. 136, 1241 (D.C. Cir. 1987), and more recently, International Center For Technology Assessment v. Johanns, D.D.C. Case No. 03-00020(HHK) Order on summary judgment, filed Febraury 5, 2007, page 21.

of Plaintiff. Wood cannot dispute his own deposition testimony and responses to Plaintiff's Admissions. A reasonable jury could not therefore return a verdict for Wood.

Wood's Opposition Memorandum (Doc. No. 82) makes general reference to Wood's prior Opposition identified as docket document number 55. Wood totally ignores his November 15th deposition testimony and corrected admissions responses. Wood's prior filing includes excerpts from the criminal trial of Adeboyeku in March 2005. A cursory review of one of those excerpts reflects that Adeboyeku denied chasing and attacking plaintiff. Adeboyeku, contrary to Wood's own Admissions and testimony in the present case, claims that he was the subject of a gang attack. This represents an immaterial dispute between Adeboyeku and Wood—not a dispute between Wood and Plaintiff. Wood's, by his own testimony, stated that he and Adeboyeku followed Plaintiff from the Washington Harbour Complex; that Adeboyeku then chased and attacked Plaintiff. While Wood tends to 'color' his own subsequent level of participation in this attack— but he is very clear about what Adeboyeku did and that Plaintiff was the victim. Wood in his deposition stated that from the moment Plaintiff was attacked by Yinka, plaintiff was "trying to defend himself". (See; Attachment No. 4, Wood Tr. page 61, lines 11-13; as well as Wood's police statement, Attachment No. 2, pg. 6, Doc. 79-3, page 6).

It is a long established judicial policy/rule that on summary judgment a non-movant may not create sham issues of fact in order to preclude summary judgment.[9] The policy is based upon the legal concept that a party may not impeach or discredit their discovery responses in order to avoid summary judgment. Wood, by this ploy, is attempting to

---

[9] See; Halperin v. Abacus Technology Corporation, 128 F.3d. 191, 198 (4th Cir. 1997)(genuine issues of fact are not created where the only issue of fact is which of two conflicting versions of a party's testimony. Such a situation, if permitted, would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact); Reetz v. Jackson, 176 F.R.D. 412, 414 (D.D.C. 1997) (a party's affidavit which contradict her own prior deposition testimony should be disregarded on summary judgment).

9

impeach his own deposition testimony and responses to requests for admission by way of an immaterial factual dispute between Wood and Adeboyeku.

The proper and accepted procedure, in such circumstances, is to exclude and disregard the alleged 'evidence'. See; *Patterson v. Chicago Association For Retarded Citizens*, 150 F.3d. 719, 723-724 (7th Cir. 1998); *Reetz v. Jackson* 176 F.R.D. at 414. The trial excerpts, even were they to contain admissible evidence, must be disregarded in disposition of Plaintiff's motion herein.

### III. WOOD HAS NOT DISPUTED THE EXTENT OF PLAINTIFF'S INJURIES AND THE AMOUNT OF THE DAMAGES SOUGHT.

Plaintiff submitted an Affidavit regarding the nature of his injuries and the amount of the associated medical bills incurred as a direct result of the involved attack. Judgment in the amount sought by Plaintiff is therefore appropriate and should include pre-judgment interest from February 28, 2005 to the date of judgment.

### NOTICE OF OBJECTION TO INADMISSIBLE EVIDENCE

Wood has submitted a Statement of Material Facts contained at Doc. No. 82, pages 17-19. A review of this material reflects that Wood makes reference to "Superior Court Trial Transcripts" of various individuals—including Olayinka Adeboyeku. The Court may not consider these transcripts for the following reasons: (1) they contain hearsay which is not admissible, (2) these documents are not properly authenticated, (3) these documents were not disclosed to Plaintiff in response to specific document discovery requests, and (4) the violate Plaintiff's fundamental rights under the Sixth Amendment. The Sixth Amendment provisions have been extended to civil proceedings in the District of Columbia.

10

The provisions of Rule 56(e) (Fed.R.Civ.Proc. 56(e)) require that a non-movant provide evidence which would be "admissible". See; *Gleklen v. Democratic Congressional Campaign Committee*, 199 F.3d. 1365, 1369 (D.C. Cir. 2000) (cited with approval by the Honorable Judge Royce C. Lamberth in *Monique Demar v. PA Consulting Group, inc. et al.*, Case No. 04-00826 (RCL), Memorandum Opinion on Summary Judgment, entered June 30, 2006 at page 6. The *Gleklen* opinion makes it clear that Hearsay may not be used preclude summary judgment. *Ibid.*

Plaintiff has objected to the reference and utilization of these trial transcripts as follows:

1. Federal Rule of Evidence 802 bars the use and admission of oral or written documents that contain hearsay, except as provided by the Federal Rules of Evidence. Prior trial testimony must conform the requirements of Rule 804(b)(1) in order to be admissible. Federal Rule of Evidence 804(b)(1) contains the requirement that the party against whom the testimony is now offered (in this case Plaintiff herein) have had the opportunity to examine the underlying witness. Plaintiff has had no such opportunity here. The use and references to Superior Court testimony are inadmissible hearsay as to Plaintiff.

2. Federal Rule of Civil Procedure 56(e) requires that documents submitted in opposition to a summary judgment motion be properly certified and authenticated. The involved transcripts are plainly incomplete and are not certified nor authenticated as required by the Rule. The court may not consider these documents. See; *Carmona v. Toledo*, 215 F.3d. 124, 131 (1st Cir. 2000).

11

3. Plaintiff has attached here and identified as Attachments Numbers 14 and 15 interrogatory and document production responses of Wood (No. 14) and Wood's counsel's representations regarding the document production request made at Wood's deposition of November 15, 2007. Wood was requested to identify and produce all documents which support his sixth affirmative defense—defense of another. Wood and his counsel, in response, represented that there were "NONE". See, Attachment No. 14, page 2, interrogatory number 2 and page 3, response to document request number 2. Wood confirmed this representation on November 15, 2007 when his counsel stated that they had no documents to support this affirmative defense. See Attachment No. 15, Wood Tr. page 8 line 6 to page 9, line 2. Wood now seeks to use the documents identified as Exhibits A-1 through A-6 in his Opposition even though Wood represented that he had no such documents. It is highly improper to engage in such evasive discovery tactics. The Court must disregard these documents in its consideration of Plaintiff's motion for summary judgment.

4. The Supreme Court has applied the principles of the Sixth Amendment—right of confrontation to include the barring of testimonial evidence offered against a party that did not have the opportunity to examine the underlying witness. See most recently, *Crawford v. Washington*, 541 U.S. 36, 57, 158 L.Ed.2d. 1777, 124 S.Ct. 1354 (2004). In *Crawford* the Supreme Court held that for testimonial evidence to be admissible, there had to be the (a) prior opportunity for cross-examination and (b) unavailability of the involved witness. 541 U.S. at 68. Wood had not shown that Olayinka Adeboyeku is unavailable and Plaintiff has most certainly been

deprived of his guaranteed right of examination of Adeboyeku. It would be plain error to use such testimonial evidence. See; *Epstein v. United States*, 359 A.2d. 274, 277 (AppD.C. 1976), and more recently, *Callaham v. United States*, App.D.C. Case No. 05-cm-1238, decided Dec. 13, 2007, 136 D.W.L.R. 65, 69 (January 10, 2008). The District of Columbia Court of Appeals has extended this Sixth Amendment right to civil litigants in the District of Columbia. *District of Columbia v. Faison*, 278 A.2d. 688 (App.D.C. 1971).

## CONCLUSION

Wherefore, in consideration of the above and foregoing, it is hereby respectfully requested that Plaintiff's Motion For Summary Judgment as to Defendant Anthony B. Wood be granted as filed and that the Court enter an Order for such other and further relief as the Court deems just and appropriate in the circumstances.

Respectfully submitted,

/S/
_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Dated: 18 February 2008